**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-11636 |
| SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS SAMSONITE LLC, SAMSONITE COMPANY STORES, LLC,**
**AND DIRECT MARKETING VENTURES, LLC'S ANSWER, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants") hereby file their Answer to Plaintiff Swissdigital USA Co., Ltd.'s ("Swissdigital" or "Plaintiff") Complaint (Dkt. 1) (the "Complaint").[1]  Except as expressly admitted below, Samsonite denies each and every allegation set forth in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Samsonite responds to the numbered paragraphs of the Complaint as follows:

**NATURE OF THE ACTION[2]**

1.      Defendants admit that Plaintiff's Complaint purports to state a cause of action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, but deny they have committed any acts of patent infringement.

---

[1]  Defendant Samsonite International S.A. has not been served with the Complaint to date, and therefore is not appearing and does not join in this Answer.

[2]  Defendants repeat the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Defendants make no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Defendants specifically deny all such allegations.

## PARTIES

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny the allegations.

3.      Defendants admit that Samsonite International S.A. is a Luxembourg limited liability company with a joint principal place of business at 575 West Street, Suite 110, Mansfield, MA 02048. Defendants deny any remaining allegations in Paragraph 3 of the Complaint.

4.      Admitted.

5.      Admitted.

6.      Admitted.

## JURISDICTION

7.      Defendants admit that the Court has subject matter jurisdiction over actions for alleged patent infringement arising under 35 U.S.C. § 271 *et seq*. pursuant to 28 U.S.C. §§ 1331 and 1338(a), and that Plaintiff's Complaint purports to allege causes of action under 35 U.S.C. §§ 1 *et seq*. Defendants deny that they have committed any acts of patent infringement.

8.      Defendants do not contest that the Court has personal jurisdiction over Defendants for the purposes of this particular action only, but do not waive their right to contest personal jurisdiction in any other case or action in this District. Defendants deny that they have committed acts of patent infringement, in this District, or elsewhere. Paragraph 8 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny these and any remaining allegations.

9.      Defendants do not contest that venue is proper in this District for the purposes of this particular action only, but do not waive their right to contest venue in any other case or action in this District. Paragraph 9 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny these and any remaining allegations.

## FACTUAL BACKGROUND

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations.

11.     Defendants admit that, on its face, U.S. Patent 10,574,071 ("the '071 patent") is titled "Bag or Luggage with USB Charging Connector" and reads "Date of Patent: Feb. 25, 2020." The remaining allegations of paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

12.     Defendants admit that, on its face, U.S. Patent 10,931,137 ("the '137 patent") is titled "Sheath for USB Charger" and reads "Date of Patent: *Feb. 23, 2021." The remaining allegations of paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

13.     Defendants admit that, on its face, U.S. Patent 10,931,138 ("the '138 patent") is titled "Sheath for USB Charger" and reads "Date of Patent: *Feb. 23, 2021." The remaining allegations of paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

14.     Defendants admit that, on its face, U.S. Patent 11,601,009 ("the '009 patent") is titled "Sheath for Convenient Charging" and reads "Date of Patent: Mar. 7, 2023." The remaining allegations of paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

15.     Defendants admit that Samsonite International S.A. is a group head holding company for companies including Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC. Defendants admit that Samsonite LLC designs certain luggage, bag, and clothing products.

Defendants admit that products under the Samsonite brand and other licensed brand names are sold throughout the world through a variety of distribution channels. Defendants deny that Samsonite International S.A. designs, sources, manufactures, distributes, or sells any products. Defendants deny any remaining allegations in paragraph 15 of the Complaint.

16.     Defendants admit that paragraph 16 accurately quotes publicly available literature. Defendants deny that Samsonite International S.A. owns any retail stores or manufacturing or distribution centers. Defendants deny any remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit that paragraph 17 accurately quotes publicly available literature. Defendants deny that Samsonite International S.A. is involved in any design, manufacture, sourcing, or distribution of particular products. Defendants deny any remaining allegations in paragraph 17 of the Complaint.

18.     Defendants admit that the board of directors of Samsonite International S.A. makes major strategic decisions that affect the Samsonite Group as a whole. Defendants deny that Samsonite International S.A. directs, controls, or coordinates Samsonite Group activities at a product level. Defendants deny any remaining allegations in paragraph 18 of the Complaint.

19.     Defendants admit that Mr. Kyle Francis Gendreau is the executive director and chief executive officer of Samsonite International S.A. Defendants deny any remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit that certain Samsonite International S.A. corporate functions are performed by personnel from Samsonite International S.A.'s affiliate companies, including Samsonite LLC in Massachusetts. Defendants deny any remaining allegations in paragraph 20 of the Complaint..

21.     Defendants admit that Samsonite LLC is responsible for part of the Samsonite Group's U.S. operations. Any remaining allegations in paragraph 21 of the Complaint are vague, and are therefore denied.

22.     Defendants admit that Samsonite Company Stores, LLC is a wholly-owned subsidiary of Samsonite LLC. Defendants admit that Samsonite Company Stores, LLC operates retail and outlet stores

in the United States, including in Massachusetts. Defendants deny that Samsonite Company Stores, LLC operates company-owned retail and outlet stores. Defendants deny any remaining allegations in paragraph 22 of the Complaint.

23.     Defendants admit that Direct Marketing Ventures, LLC operates the website shop.samsonite.com. Defendants admit that the Samsonite, American Tourister, High Sierra, and Hartmann brands are sold on the listed websites. Defendants deny any remaining allegations in paragraph 23 of the Complaint.

24.     Defendants admit that Samsonite IP Holdings S.A.R.L. is a wholly owned subsidiary of Samsonite International S.A. Defendants admit that Samsonite IP Holdings S.A.R.L owns the "Samsonite," "American Tourister," "High Sierra," and "Hartmann" U.S. trademarks. The remaining allegations of paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations are vague, and therefore denied.

25.     Defendants deny that Samsonite International S.A. sells or sold products, including the Quadrion products. Defendants admit that Samsonite LLC, in conjunction with its affiliates Direct Marketing Ventures, LLC and Samsonite Company Stores, LLC, was responsible for selling Quadrion products in the United States. Defendants deny any remaining allegations in paragraph 25 of the Complaint.

26.     Defendants admit that Samsonite LLC designed certain Quadrion products. Defendants admit that Samsonite LLC has imported certain Quadrion products. Defendants deny that Samsonite LLC currently imports Quadrion products. Defendants deny that the Quadrion products or any other products sold by Defendants infringe the Patents-in-Suit. Defendants deny any remaining allegations in paragraph 26 of the Complaint.

27.     Defendants admit that Samsonite International S.A. is listed on the Hong Kong stock exchange. Defendants deny that Samsonite International S.A. directs, controls, or coordinates the importation or sale of any products. Defendants deny any remaining allegations in paragraph 27 of the Complaint.

28.     Denied.

29.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 29 of the Complaint.

30.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 30 of the Complaint.

31.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 31 of the Complaint.

32.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 32 of the Complaint.

33.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 33 of the Complaint.

34.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants deny any remaining allegations in paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff filed a complaint on March 14, 2023, against Samsonite International S.A. in the United States District Court for the Western District of Texas, Waco Division. Defendants deny that any products other than certain Quadrion products were identified in the complaint in that case. Defendants admit that the Court dismissed all claims in the case without prejudice for lack of personal jurisdiction on June 24, 2024. Defendants deny any remaining allegations in paragraph 35 of the Complaint.

36.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants admit that they had knowledge of the

Patents-in-Suit in March 2023.  Defendants admit that Mr. John Livingston provided a declaration in support of Samsonite International S.A.'s motion to dismiss the litigation in the Western District of Texas. Any remaining allegations in paragraph 36 of the Complaint are vague and therefore denied..

    37.    Denied.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 10,574,071**

    38.    Defendants incorporate by reference paragraphs 1–37 as if fully set forth herein.

    39.    Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    40.    Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    41.    Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    42.    Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    43.    Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    44.    Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants admit that they had knowledge of the '071 patent in March 2023. The remaining allegations in Paragraph 44 of the Complaint are vague and/or contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    45.    Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    46.    Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 10,931,137

57.     Defendants incorporate by reference paragraphs 1–56 as if fully set forth herein.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

63.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants admit that they had knowledge of the '137 patent in March 2023. The remaining allegations in Paragraph 44 of the Complaint are vague and/or contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

66.     Paragraph 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

68.     Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

69.     Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

72.     Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

76.     Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

<u>**COUNT THREE**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 10,931,138**</u>

77.     Defendants incorporate by reference paragraphs 1–76 as if fully set forth herein.

78.     Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

79.     Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

81.     Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants admit that they had knowledge of the '138 patent in March 2023. The remaining allegations in Paragraph 44 of the Complaint are vague and/or contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

84.     Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

85.     Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

87.     Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT FOUR**
**INFRINGEMENT OF U.S. PATENT NO. 11,601,009**

95.     Defendants incorporate by reference paragraphs 1–94 as if fully set forth herein.

96.     Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

97.     Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

100.    Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

101.    Defendants deny that they have committed any acts of patent infringement or that they have induced or contributed to any acts of infringement. Defendants admit that they had knowledge of the '009 patent in March 2023. The remaining allegations in Paragraph 44 of the Complaint are vague and/or contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

104.     Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

105.     Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

106.     Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

107.     Paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

108.     Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

109.     Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

110.     Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111.     Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

112.     Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

113.     Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

114.     Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in its Complaint or any relief whatsoever.

## [PLAINTIFF'S] DEMAND FOR A JURY TRIAL

No response to Plaintiff's demand for a jury trial is required.

\*\*\*

To the extent that any allegations in the Complaint have not been previously specifically admitted or denied, Defendants deny them.

## ADDITIONAL DEFENSES

Defendants assert the following additional defenses in response to Plaintiff's Complaint and Plaintiff's assertion of infringement of U.S. Patents 10,574,071; 10,931,137; 10,931,138; 11,601,009 (individually and collectively, the "Asserted Patents"). Defendants reserve the right to amend their Answer to add additional defenses, including allegations of inequitable conduct and/or any other defenses currently unknown to Defendants, as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Defendants have the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
### (No Infringement)

Defendants do not infringe and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
### (Invalidity)

The claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions or requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, and/or 132, and the rules, regulations, and laws pertaining thereto, and/or pursuant to the doctrines barring double-patenting.

## THIRD ADDITIONAL DEFENSE
### (Unenforceability)

Plaintiff's claims are barred, in whole or in part, by reason of estoppel, waiver, implied waiver, acquiescence, prosecution laches, patent misuse, unclean hands, inequitable conduct, and/or other equitable doctrines.

## FOURTH ADDITIONAL DEFENSE
### (License, Covenant Not to Sue, and Exhaustion)

Plaintiff's claims are barred, in whole or in part, to the extent any of the claims of the Asserted Patents are subject to a license and/or covenant not to sue, whether express or implied, and/or the doctrine of patent exhaustion.

## FIFTH ADDITIONAL DEFENSE
### (No Damages)

Plaintiff has not suffered, and will not suffer, any injury or damages as a result of the alleged conduct by Defendants in the Complaint, and Plaintiff is not entitled to any damages under 35 U.S.C. § 284.

## SIXTH ADDITIONAL DEFENSE
### (Marking and Other Limitations of Remedies)

Plaintiff's claims for relief are statutorily limited, in whole or in part, by Title 35 of the United States Code including, without limitation, 35 U.S.C. §§ 286 and 287. By way of example, Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of a complaint, pursuant to § 286. By way of further example, to the extent that Plaintiff and/or any predecessors in interest, or any licensees to the Asserted Patents, failed to properly mark any of their relevant products or materials as required by § 287, or otherwise failed to give proper notice that Defendants' actions allegedly infringe the Asserted Patents, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that the accused products were allegedly infringing the Asserted Patents.

Plaintiff's recovery for alleged infringement of the asserted claims of the Asserted Patents, if any, is also limited by the issuance and/or expiration dates of the Asserted Patents. Plaintiff cannot recover

damages for the time period before an Asserted Patent issued and/or for the time period after an Asserted Patent expired.

Further, to the extent that Plaintiff's claims relate to the use or manufacture by or for the United States of the accused devices, Plaintiff's claims are limited by 28 U.S.C. § 1498, and Plaintiff's sole remedy is an action for damages filed with the United States Court of Federal Claims pursuant to § 1498.

## SEVENTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel and Disclaimer)

Plaintiff's claims are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents and/or during the prosecution of related patent applications.

## EIGHTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Plaintiff failed to state a claim for which relief can be granted and/or plead the required allegations with sufficient particularity.

## NINTH ADDITIONAL DEFENSE
### (No Costs)

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

## TENTH ADDITIONAL DEFENSE
### (No Exceptional Case or Attorneys' Fees)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

## ELEVENTH ADDITIONAL DEFENSE
### (Lack of Standing)

To the extent that Plaintiff is not, or was not as of the filing date of the Complaint, the sole and total owner of all substantial rights in any of the Asserted Patents, or to the extent the purported assignments of the asserted patents are defective for any reason, Plaintiff lacks standing to bring and/or maintain one or more claims in this action.

## TWELFTH ADDITIONAL DEFENSE
### (Ensnarement)

Plaintiff's claims are barred, in whole or in part, by the doctrine of ensnarement.

## THIRTEENTH ADDITIONAL DEFENSE
### (No Willful Infringement or Enhanced Damages)

To the extent Plaintiff alleges that Defendants willfully infringe the Asserted Patents, its claims are barred, in whole or in part, for any time periods during which Defendants did not know of the Asserted Patents and/or did not otherwise have the knowledge and/or specific intent required for willful infringement. Further, Plaintiff is not entitled to any enhanced damages under 35 U.S.C. § 284 for any time period because Defendants have not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or acted with egregious conduct.

## FOURTEENTH ADDITIONAL DEFENSE
### (Knowledge, Intent, and Substantial Non-Infringing Use)

Plaintiff's claims that Defendants indirectly infringe the Asserted Patents, either contributorily or by inducement, are barred, in whole or in part, because Defendants are not liable to Plaintiff for the allegedly infringing acts for any time periods during which Defendants did not know of the Asserted Patents, and/or did not have the specific intent to cause infringement of the Asserted Patents, and/or otherwise did not know that their actions would constitute indirect infringement, and/or did not know that the actions of third parties would constitute direct infringement. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to any infringement of the claims of the Asserted Patents.

## DEFENDANTS' COUNTERCLAIMS

For their counterclaims against Counterclaim-Defendant Swissdigital USA Co., Ltd. ("Swissdigital" or "Counterclaim-Defendant"), Counterclaim-Plaintiffs Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Counterclaim-Plaintiffs") allege as follows:

**THE PARTIES**

1.      Counterclaim-Plaintiff Samsonite LLC is a Delaware limited liability company with a principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts 02048.

2.      Counterclaim-Plaintiff Samsonite Company Stores is an Indiana limited liability company with a joint principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts 02048.

3.      Counterclaim-Plaintiff Direct Marketing Ventures, LLC is a Colorado limited liability company with a principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts 02048.

4.      Upon information and belief based solely on paragraph 2 of the Complaint as pled by Counterclaim-Defendant, Counterclaim-Defendant is a Delaware limited liability company with an address of 50 Fountain Plaza, Suite 1700, Buffalo, New York 14202-2216.

**JURISDICTION**

5.      Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

6.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. §§ 271 *et seq*., and 28 U.S.C. §§ 1331, 1338, and 1367.

7.      Based on Counterclaim-Defendant's filing of this action, Counterclaim-Defendant has consented to the personal jurisdiction of this Court.

8.      Based on Counterclaim-Defendant's filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**FIRST CLAIM FOR RELIEF**
**Declaration Regarding Non-Infringement of U.S. Patent 10,574,071**

9.      Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

10.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' First Additional Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim-Plaintiffs infringe the claims of U.S. Patent 10,574,071 ("'071 patent").

11.     Counterclaim-Plaintiffs do not infringe at least claim 1 of the '071 patent because, *inter alia*, the accused products do not include "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged." For similar reasons, Counterclaim-Plaintiffs do not infringe any claim of this patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim-Plaintiffs request a declaration by the Court that Counterclaim-Plaintiffs have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '071 patent.

**SECOND CLAIM FOR RELIEF**
**<u>Declaration Regarding Non-Infringement of U.S. Patent 10,931,137</u>**

13.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

14.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' First Additional Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim-Plaintiffs infringe the claims of U.S. Patent 10,931,137 ("'137 patent").

15.     Counterclaim-Plaintiffs do not infringe at least claim 1 of the '137 patent because, *inter alia*, the accused products do not include "a sheath having a left side, top side and right side, a first tapered closed end, a second open end and a surrounding bottom portion surrounding the left side and the right side, the first tapered closed end and the second open end of the sheath." For similar reasons, Counterclaim-Plaintiffs do not infringe any claim of this patent.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that Counterclaim-Plaintiffs have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '137 patent.

**THIRD CLAIM FOR RELIEF**
**Declaration Regarding Non-Infringement of U.S. Patent 10,931,138**

17.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

18.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' First Additional Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim-Plaintiffs infringe the claims of U.S. Patent 10,931,138 ("'138 patent").

19.     Counterclaim-Plaintiffs do not infringe at least claim 1 of the '138 patent because, *inter alia*, the accused products do not include "a sheath having a left side, a right side and a top side, a first closed end, a second open end and a surrounding bottom portion surrounding at least a portion of one of the left side, the right side, the top side, the first closed end and the second open end of the sheath." For similar reasons, Counterclaim-Plaintiffs do not infringe any claim of this patent.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that Counterclaim-Plaintiffs have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '138 patent.

**FOURTH CLAIM FOR RELIEF**
**Declaration Regarding Non-Infringement of U.S. Patent 11,601,009**

21.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

22.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' First Additional Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim-Plaintiffs infringe the claims of U.S. Patent 11,601,009 ("'009 patent").

23.     Counterclaim-Plaintiffs do not infringe at least claim 1 of the '009 patent because, *inter alia*, the accused products do not include "a sheath having a left side, a right side and a top side, a first

closed end, a second open end and a surrounding bottom portion surrounding at least a portion of one of the left side, the right side, the top side, the first closed end and the second open end of the sheath." For similar reasons, Counterclaim-Plaintiffs do not infringe any claim of this patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that Counterclaim-Plaintiffs have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '009 patent.

**FIFTH CLAIM FOR RELIEF**
**Declaration Regarding Invalidity of U.S. Patent 10,574,071**

25.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

26.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '071 patent.

27.     The '071 patent claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Application Publication No. 2009/0224722 to Causey ("Causey").

28.     The '071 patent claims lack enablement/written description under § 112.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that the claims of the '071 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**SIXTH CLAIM FOR RELIEF**
**Declaration Regarding Invalidity of U.S. Patent 10,931,137**

30.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

31.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '137 patent.

32.     The '137 patent claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Application Publication No. 2009/0224722 to Causey ("Causey").

33.     The '137 patent claims lack enablement/written description under § 112.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that the claims of the '137 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**SEVENTH CLAIM FOR RELIEF**
**Declaration Regarding Invalidity of U.S. Patent 10,931,138**

35.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

36.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '138 patent.

37.     The '138 patent claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Application Publication No. 2009/0224722 to Causey ("Causey").

38.     The '138 patent claims lack enablement/written description under § 112.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that the claims of the '138 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**EIGHTH CLAIM FOR RELIEF**
**Declaration Regarding Invalidity of U.S. Patent 11,601,009**

40.     Counterclaim-Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

41.     Based on Counterclaim-Defendant's filing of this action and at least Counterclaim-Plaintiffs' Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '009 patent.

42.     The '009 patent claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Application Publication No. 2009/0224722 to Causey ("Causey").

43.     The '009 patent claims lack enablement/written description under § 112.

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Counterclaim-Plaintiffs request a declaration by the Court that the claims of the '009 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs request that this Court enter judgment in their favor and against Counterclaim-Defendant by granting the following relief:

a.     a declaration that Counterclaim-Plaintiffs do not infringe, under any theory, any valid claim of the '071, '137, '138, '009 patents that may be enforceable;

b.     a declaration that the claims of the '071, '137, '138, and '009 patents are invalid;

c.     a judgment and declaration that Counterclaim-Defendant take nothing by its Complaint;

d.     judgment against Counterclaim-Defendant and in favor of Counterclaim-Plaintiffs;

e.     dismissal of Counterclaim-Defendant's Complaint with prejudice;

f.     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim-Plaintiffs of costs and attorneys' fees incurred in this action; and

g.     further relief as the Court may deem just and proper.

## JURY TRIAL

Counterclaim-Plaintiffs request a jury trial on all issues so triable.

Dated:  July 30, 2024                    Respectfully submitted,

By:  */s/ Adam J. Kessel*   _____
        Adam J. Kessel
        Massachusetts Bar No. 663726
        kessel@fr.com
        **FISH & RICHARDSON P.C.**
        One Marina Park Drive
        Boston, MA 02210
        Tel:  (617) 542-5070
        Fax: (617) 542-8906

        Neil J. McNabnay (*pro hac vice forthcoming*)
        Texas Bar No. 24002583
        mcnabnay@fr.com
        **FISH & RICHARDSON P.C.**
        1717 Main Street, Suite 5000
        Dallas, TX 75201
        Tel: (214) 747-5070
        Fax: (214) 747-2091

        Bailey K. Benedict (*pro hac vice forthcoming*)
        Texas Bar No. 24083139
        benedict@fr.com
        Ethan K. Kovar (*pro hac vice forthcoming*)
        Texas Bar No. 24138134
        kovar@fr.com
        **FISH & RICHARDSON P.C.**
        909 Fannin Street, Suite 2100
        Houston, TX 77010
        Tel: (713) 654-5300
        Fax: (713) 652-0109

        Wonjoon Chung (*pro hac vice forthcoming*)
        Georgia Bar No. 396468
        chung@fr.com
        **FISH & RICHARDSON P.C.**
        1180 Peachtree Street NE
        21st Floor
        Atlanta, GA 30309
        Tel: (404) 892-5005
        Fax: (404) 892-5002

        ***Attorneys for Defendants***
        ***SAMSONITE LLC; SAMSONITE COMPANY***
        ***STORES, LLC; and DIRECT MARKETING***
        ***VENTURES, LLC***