# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., *Plaintiff*, v. SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, *Defendants*. | Civil No. 1:24-cv-11636-JEK **JURY TRIAL DEMANDED** |

## JOINT STATEMENT PURSUANT TO FEDERAL RULES 16(b) AND 26(f) AND LOCAL RULES 16.1 AND 16.6

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Rules 16.1(d) and 16.6 of the Local Civil Rules for the District of Massachusetts, and the Court's August 15, 2024 Notice of Scheduling Conference (ECF No. 18), Defendants Samsonite International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants"), and Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") file this joint statement.

Counsel for Plaintiff and for Defendants conferred via Zoom on September 11, 2024, pursuant to Rule 26(f) and Local Rule 16.1(b).  Rule 16.1(b).  Swissdigital previously filed a separate statement to comply with the Court's deadline.  *See* ECF No. 20 (Plaintiff's Statement Pursuant to Federal Rules 16(b) and 26(f) and Local Rules 16.1 and 16.6, Sept., 25, 2025).  The parties now submit this Joint Statement Pursuant to Federal Rules 16(b) and 26(f) and Local Rules 16.1 and 16.6 outlining the parties' proposed discovery plan and pretrial schedule, which incorporates relevant portions of Plaintiff's previous statement.

## I.  SUMMARY OF THE ACTION

### A.  Plaintiff's Position

This is an action for patent infringement of United States Patent Nos. 10,574,071, titled "Bag or luggage with USB charging connector" ("the '071 Patent"), 10,931,137, titled "Sheath for USB charger" ("the '137 Patent"), 10,931,138, titled "Sheath for USB charger" ("the '138 Patent"), and 11,601,009, title "Sheath for convenient charging" ("the '009 Patent") (collectively, the "Patents-in-Suit").  This action arises out of Defendants' efforts to make, import, use, offer to sell, and/or sell Samsonite Group bag and luggage products that include a sheath for a USB charger for convenient charging.

Swissdigital contends that: (1) Defendants have, in violation of 35 U.S.C. § 271(a), directly infringed the Patents-in-Suit by making, importing, using, offering to sell, and/or selling in the United States, including in this District, Samsonite Group bag and luggage products that include a sheath for a USB charger for convenient charging; (2) Defendants have, in violation of 35 U.S.C. § 271(b), indirectly infringed the Patents-in-Suit by knowingly and intentionally inducing, causing, urging, encouraging, aiding, and abetting the infringement of the Patents-in-Suit by third parties, including other Samsonite Group entities, retailers, wholesalers, and customers; and (3) Defendants have, in violation of 35 U.S.C. § 271(c), indirectly infringed the Patents-in-Suit by contributing to the infringement of the Patents-in-Suit. Further, Swissdigital contends that Defendants' infringement of the Patents-in-Suit has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the Patents-in-Suit.

The Patents-in-Suit are presumed valid under 35 U.S.C. § 282, and Defendants will be unable to prove their counterclaims of invalidity by clear and convincing evidence. Rather, the Patents-in-Suit are valid and enforceable in law, and Swissdigital is the owner of all right, title,

and interest in and to the Patents-in-Suit, together with all rights of recovery under such patents for past infringement thereof.

In this action, Swissdigital seeks a judgment that Defendants have infringed each of the Patents-in-Suit; an award of damages sufficient to compensate Swissdigital for its lost profits and no less than a reasonable royalty for Defendants' infringement pursuant to 35 U.S.C. § 284; a judgment that Defendants' infringement has been willful and that Swissdigital be awarded treble damages pursuant to 35 U.S.C. § 284; and a judgment that this is an exceptional case and that Swissdigital be awarded its costs, expenses, and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

### B. Defendants' Position

This is a suit for patent infringement. Plaintiff Swissdigital alleges that certain Samsonite luggage and bag products with USB sheaths infringe claims of U.S. Patent Nos. 10,574,071, 10,931,137, 10,931,138, and 11,601,009 (collectively, the "Asserted Patents"). Over a year ago Plaintiff filed a case against Samsonite's parent holding company, asserting the same patents against the same Samsonite products. *See Swissdigital USA Co., LTD. V. Samsonite International S.A.*, No. 6:23-cv-196, Dkt. 1 (W.D. TX. Mar. 14, 2023). The court dismissed that case for lack of personal jurisdiction. *Id.*, Dkt. 64 (Jun. 24, 2024 Order Adopting Report and Recommendations). The next day, Plaintiff filed this suit.

Samsonite denies that it directly or indirectly infringes or has infringed, under any theory of infringement, any valid and enforceable claim of the Asserted Patents, including any acts in violation of 35 U.S.C. § 271. The claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions or requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, and/or 132, and the rules, regulations, and laws pertaining thereto, and/or pursuant to the doctrines barring double-

patenting. Dkt. 16 ("Answer") at 16. Samsonite also asserts defenses of unenforceability, license, no damages, marking, estoppel, standing, and ensnarement, among others (s*ee id.* at 16-20) and denies that the alleged infringement, if any, was willful, or that Plaintiff is entitled to enhanced damages under 25 U.S.C. § 284.

Samsonite seeks a declaratory judgment that the accused Samsonite products do not infringe any valid and enforceable claim of the Asserted Patents and that the claims of the Asserted Patents are invalid. Answer at 21-26. Samsonite also seeks its costs and attorney's fees under 35 U.S.C. § 285 or Rule 11 because Swissdigital has asserted invalid patents against products that clearly do not infringe. *See id.* at 27.

## II.     GENERAL PROVISIONS

### A.     Agenda for Scheduling Conference

Subject to the Court's approval, the parties have agreed to the following agenda for the scheduling conference:

1. Overview of the case and major issues.
2. The parties' proposed discovery plan.
3. The parties' proposed case schedule.
4. Status of settlement discussions.

### B.     Obligation of Counsel to Confer

Counsel for the parties conferred via Zoom on September 11, 2024, pursuant to Rule 26(f) and Local Rule 16.1(b). This Joint Statement reports the results of that conference and proposes a pretrial schedule and discovery plan as set forth below.

### C.     Trial by Magistrate Judge

The parties do not consent to trial by magistrate judge.

### D. Alternative Dispute Resolution

#### 1. Plaintiff's Position

Swissdigital believes that alternative dispute resolution before a magistrate judge would not be beneficial at this time because the parties' interpretation of the scope of the claims and damages are too far apart. Swissdigital remains open to considering the use of alternative dispute resolution as the case develops.

#### 2. Defendants' Position

Samsonite requests early mediation before a magistrate judge or mediator in this case. As Samsonite makes clear in is its detailed settlement offer to Swissdigital, the sales of the accused products (which Samsonite has provided to Swissdigital) do not justify the expense of this litigation, especially considering the low cost of the accused USB component, and Samsonite's non-infringement positions based on, at least, the asserted claims' express requirement that the component be on the outermost surface of the luggage or bag which further limits available damages. Samsonite similarly provided Swissdigital with detailed sales information and an offer for settlement in the parties' previous W.D. Tex. case but received no substantive response. Continuing this litigation without good-faith settlement discussions and mediation is a waste of the Court's and the parties' time and effort.

### E. Settlement Proposal

Pursuant to Local Rule 16.1(c), Swissdigital presented a written settlement proposal to Defendants on September 18, 2024. Samsonite presented a written response and counteroffer to Swissdigital's settlement proposal on September 26, 2024.

### F. Certifications Pursuant to Local Rule 16.1(d)(3)

The parties are in the process of conferring with counsel and will file their respective Local Rule 16.1(d)(3) certifications under separate cover.

## III. DISCOVERY PLAN

### A. Initial Disclosures

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on October 16, 2024.

### B. Phased Discovery

The parties agree to proceed with discovery on all asserted patents.

### C. Protective Order

The parties agree that a protective order is warranted in this case because they expect that discovery will entail production of documents and/or testimony containing confidential, proprietary, personal, and/or commercially sensitive information. Moreover, the parties agree that a protective order is necessary to balance the parties' need for information to conduct the litigation against their need to maintain the confidentiality of certain information. The parties will cooperate to draft such an order and submit said order to the Court for approval on October 17, 2024.

### D. Discovery Limitations

#### 1. Plaintiff's Position

Swissdigital's position is that, in light of the multiple defendant entities and the complexity of the claims, the discovery limitations should be increased as follows: 35 requests for admissions, 125 requests for production, 35 interrogatories, and 12 fact witness depositions. Swissdigital further asks that, where specifically requested by Plaintiff, Defendants provide separate, individualized responses to particular requests.

**2.    Defendants' Position**

Plaintiff and Defendants (considered as single party for the purposes of discovery) may each serve a total of:

1. Requests for Admissions: 25[1]

2. Requests for Production: 100[2]

3. Interrogatories: 25

4. Fact Witness Depositions (including depositions of third parties): 10

Defendants should be treated as a single party.  They are related companies and have identical defenses and counterclaims on the merits.  Allowing a Plaintiff to exceed the standard discovery limitations because it unnecessarily sued multiple related entities would reward gamesmanship.  This is particularly true here; Swissdigital was clearly informed in the Western District of Texas case that Samsonite, LLC is the only necessary defendant given it can only seek redress for activities that occur in the United States.  Yet, it elected to sue the parent holding company (again) as well as certain subsidiaries.  Moreover, this case is not "complex" as Swissdigital argues; the relevant technology—a USB charging sheath for a suitcase—is simple, the asserted patents all share the same specification and closely related claims, and the operation of the Accused Products can be ascertained with a visual examination.

**E.    Other Orders**

The parties agree that, at this time, the Court need not enter other orders under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c).

---

[1] This limit does not apply to requests for admission for authentication of documents and things.
[2] Not limited to serving Request for Production in no more than two sets.

## IV. PROPOSED SCHEDULE

The parties have agreed to and jointly propose the following case schedule:

| Event | Proposed Date |
|---|---|
| Initial Scheduling Conference | October 2, 2024 |
| Parties Exchange Rule 26(a)(1) Initial Disclosures | October 16, 2024 |
| Parties Submit Proposed Protective Order | October 17, 2024 |
| Swissdigital's Preliminary Patent-Related Disclosures (L.R. 16.6(d)(1)) | October 23, 2024 |
| Parties Confer re: Swissdigital's Preliminary Patent-Related Disclosures (L.R. 16.6(d)(2)) | November 13, 2024 |
| Samsonite's Preliminary Patent-Related Disclosures (L.R. 16.6(d)(4)) | December 4, 2024 |
| Parties Exchange Proposed Claim Terms for Construction and Proposed Constructions (L.R. 16.6(e)(1)(A)) | January 9, 2025 |
| Parties Meet and Confer re: Claim Terms for Construction (L.R. 16.6(e)(1)(B)) | January 16, 2025 |
| Parties File Joint Statement re: Claim Terms for Construction (L.R. 16.6(e)(1)(D)) | January 23, 2025 |
| Parties File Opening Claim Construction Briefs (L.R. 16.6(e)(2)) | February 13, 2025 |
| Deadline for Expert Claim Construction Depositions (if needed) (L.R. 16.6(e)(3)) | March 6, 2025 |
| Parties File Responsive Claim Construction Briefs (L.R. 16.6(e)(4)) | March 27, 2025 |
| Claim Construction Hearing | June 30, 2025 |

| Event | Proposed Date |
|---|---|
| Deadline for Amendment of Pleadings and Joinder of Additional Parties | July 18, 2025 |
| Deadline to Serve Requests for Production of Documents and Interrogatories | August 29, 2025 |
| Deadline to Serve Requests for Admission | August 29, 2025 |
| Deadline to Depose Fact Witnesses | December 11, 2025 |
| Fact Discovery Closes | January 22, 2026, or 60 days after entry of the Court's ruling on claim construction, whichever is later |
| Parties File a Status Report Indicating the Current Status of the Case | January 27, 2026 |
| Status Conference | January 29, 2026 |
| Deadline to Designate Experts and Disclose Expert Testimony for Issues on Which the Parties Bear the Burden of Proof | February 19, 2026, or 28 days after the close of fact discovery, whichever is later |
| Deadline to Designate Experts and Disclose Expert Testimony for Issues on Which the Parties Do Not Bear the Burden of Proof | March 26, 2026, or 63 days after the close of fact discovery, whichever is later |
| Deadline to Depose Experts | April 22, 2026, or 90 days after the close of fact discovery, whichever is later |
| Expert Discovery Closes | April 22, 2026, or 90 days after the close of fact discovery, whichever is later |
| Deadline to File Summary Judgment Motions | May 22, 2026, or 30 days after the close of expert discovery, whichever is later |
| Deadline to File Oppositions to Summary Judgment Motions | 21 days after service of the motions |

| Event | Proposed Date |
|---|---|
| Deadline to File Replies in Support of Summary Judgment Motions | 14 days after service of the oppositions |
| Submission of Joint Pretrial Memorandum | To be scheduled at a later point in the proceedings |
| Pretrial Conference | To be scheduled at a later point in the proceedings |
| Trial | At the Court's convenience after the Court has resolved all motions for summary judgment |

Date:   September 26, 2024

/s/ *Dariush Keyhani*
Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,*
*SWISSDIGITAL USA CO., LTD.*

Dated:  September 26, 2024

By: */s/ Adam J. Kessel*
Adam J. Kessel
Massachusetts Bar No. 663726
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel:  (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*pro hac vice forthcoming*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*pro hac vice forthcoming*)
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*pro hac vice forthcoming*)
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*pro hac vice forthcoming*)
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE INTERNATIONAL S.A.;*
*SAMSONITE LLC; SAMSONITE COMPANY*
*STORES, LLC; and DIRECT MARKETING*
*VENTURES, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 26, 2024, I caused the foregoing document to be served upon all counsel of record who have consented to electronic service through the Court's CM/ECF system and by electronic mail.

*/s/ Adam J. Kessel*
Adam J. Kessel
