# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC;<br><br>*Defendants*. | Case No. 1:24-cv-11636-JEK<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

KOBICK, J.

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

    Pursuant to Rule 16(B) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **October 16, 2024.**

2. **Automatic Patent-Related Disclosures**.

    a. The patentee's patent-related disclosures required under Local Rule 16.6(d)(1), including infringement claim charts, prosecution history, and ownership evidence, must be produced by **October 23, 2024.**

    b. The parties shall meet and confer by **November 13, 2024,** to discuss the sufficiency of the patentee's disclosures under Local Rule 16.6(d)(1) and a plan for the accused infringers' compliance with the disclosure requirements of Local Rule 16.6(d)(4).

    c. The accused infringers' patent-related disclosures required under Local Rule 16.6(d)(4), including technical documents, samples, noninfringement claim charts, and invalidity claim charts, must be produced by **December 4, 2024.**

3. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **July 18, 2025.**

4. **Claim-Construction Proceedings**.

   a. The parties shall simultaneously exchange a list of claim terms to be construed and their proposed constructions on **January 9, 2025.**

   b. The parties shall meet and confer by **January 16, 2025,** to see if agreement can be reached on the construction of claim terms and the number of terms to be considered.

   c. The parties shall prepare and file a joint statement of the number of claims and terms to be construed by **January 23, 2025.**

   d. The parties shall simultaneously exchange and file opening claim-construction briefs on **February 13, 2025.**

   e. A party's claim construction expert must be deposed by **March 6, 2025.**

   f. The parties shall simultaneously exchange and file responsive claim construction briefs on **March 27, 2025.**

   g. At the Court's request, the parties shall exchange and file tutorials on **June 16, 2025.**

5. **Claim-Construction Hearing**. A claim construction hearing shall be held **July 11, 2025 at 10:00 am** in Courtroom 3, on the 3rd floor.

6. **Deadline to Amend Patent-Related Contentions**. Upon obtaining leave of court, the parties may amend their patent-related contentions based on the Court's claim-construction ruling within 28 days of said ruling. If one party is allowed to amend its disclosures, the opposing party may serve responsive amended disclosures within 28 days after service of the amended disclosure. Any amendments must be related and responsive to the claim construction ruling, and likewise amended responsive disclosures must be responsive either to the claim construction ruling or to the other party's amended contentions.

7. **Reliance on Advice of Counsel**. Any party relying on advice of counsel as part of a patent-related claim or defense must produce the disclosures required under Local Rule 16.6(f) by **July 24, 2025.**

8. **Fact Discovery – Interim Deadlines**.

    a. All requests for production of documents and interrogatories must be served by **August 29, 2025.**

    b. All requests for admission must be served by **August 29, 2025.**

    c. All depositions, other than expert depositions, must be completed by **December 11, 2025.**

9. **Obligation to Supplement**. Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

10. **Final Fact Discovery**. All discovery, other than expert discovery, must be completed by **January 22, 2026,** or 60 days after entry of the Court's ruling on claim construction, whichever is later.

11. **Status Conference**. A status conference will be held **remotely on January 29, 2026 at 2:00 PM**. By January 27, 2026, the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

12. **Expert Discovery**.

    a. For issues on which parties bear the burden of proof, trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **February 19, 2026,** or 28 days after the close of fact discovery, whichever is later.

    b. For issues on which parties do not bear the burden of proof, experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **March 26, 2026**, or 63 days after the close of fact discovery, whichever is later.

    c. Experts must be deposed by **April 22, 2026,** or 90 days after the close of fact discovery, whichever is later.

13. **Final Expert Discovery**. Expert discovery shall close **April 22, 2026,** or 90 days after the close of fact discovery, whichever is later.

14. **Summary Judgment Motions**.

    a. Motions for summary judgment must be filed by **May 22, 2026,** or 30 days after the close of expert discovery, whichever is later.

    b. Oppositions to summary judgment motions must be filed within 21 days after service of the motion.

    c. Replies in support of summary judgment must be filed within 14 days after the service of the opposition.

15. **Initial and Pretrial Conferences**.  The initial pretrial conference will be scheduled at a later point in the proceedings.  The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3).  A final pretrial conference will be scheduled at the pretrial conference.  The court may also schedule interim pretrial conferences in appropriate cases.

16. **Trial**.  A trial shall begin at the Court's convenience after the Court has resolved all motions for summary judgment.

## Procedural Provisions

1. **Extension of Deadlines**.  All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent.  The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.  Motions to extend or modify deadlines will be granted only for good cause shown.

    Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**.  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda**.  Motions for summary judgment shall be governed by L.R. 56.1. For other motions, parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does

not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court.  When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**.  The Court has scheduled a status conference after (or close to) (the close of fact discovery for case management purposes.  Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences**.  Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.  Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues**.  The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference**.  Lead trial counsel are required to attend any pretrial conference.

Date: October 2, 2024

_____
United States District Judge