# Exhibit 1



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/836,104 | 08/26/2015 | Li Zhijian | Li-002 | 3320 |

161396     7590     05/31/2019
Jennifer Meredith
Meredith Attorneys, PLLC
125 Park Avenue
25th Floor
New York, NY 10017

| EXAMINER |
|---|
| MURALIDAR, RICHARD V |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2859 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/31/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jmeredith@meredithattorneys.com

PTOL-90A (Rev. 04/07)

SWISSDIGITAL000160

| Office Action Summary | Application No. 14/836,104 | Applicant(s) Zhijian, Li |
|---|---|---|
| | Examiner RICHARD V MURALIDAR | Art Unit 2859 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>4/8/2019 Claims</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.     2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-13 and 15-19</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>1-13 and 15-19</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All    b) ☐ Some**    c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)                    Office Action Summary                    Part of Paper No./Mail Date 20190528

SWISSDIGITAL000161

## DETAILED ACTION

## Notice of Pre-AIA or AIA Status

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 4/8/2019 has been entered.

### *Claim interpretation*

During a telephone call with applicant on or around 5/17/2019, applicant pointed to item 6 as the recited sheath, and item 2-2 as the recited USB (Fig. 6 of the drawings dated 8/26/2015). In accordance with this understanding, the sheath is understood to be a waterproof pocket which contains the USB, and will be interpreted as such going forward.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

**Claim(s) 1, 2, 6, 7, 11, 12, 16 is/are rejected under 35 U.S.C. 102(a)(1 as being anticipated by Ferber et al. U.S. 20120262117.**

Regarding independent <u>claims 1 and 11</u> [claim 11 is considered representative for purposes of itemization], Ferber discloses a bag or luggage body for convenient charging, comprising:

a bag or luggage body [Fig. 21, bag 200] having a placing space [Fig. 21, compartment 212] for placing a power storage device [Fig. 5, battery 52; pars. 0006, 0043] inside the bag or luggage body and a power cable outlet [Fig. 21, aperture 210; alternatively, female connector 64 extends through a hole in the bag (Fig. 2), par. 0044] on the outer surface of the bag or luggage body [Fig. 21, aperture 210 is shown on the outer surface of the luggage body, pars. 0063, 0064. Alternatively, female connector 64 extends through a hole on the outer surface of the bag (Fig. 2), par. 0044] and a cable laying channel [Fig. 21, channel in compartment 212, par. 0065] from the placing space to the power cable outlet for the penetration of a USB extension cable [Fig. 21, cords 214] having a male connector [Fig. 21, USB connector 216] and a female connector [Fig. 21, any of the other USB connectors 216 shown] on the bag or luggage body having <u>four sides and</u> an operative end [USB connectors have such as 216 have 4 sides and an operative end];

wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space [pars. 0065, 0066];

wherein the female connector is retained outside and adjacent to the power cable outlet [Fig. 21, all USB connectors 216 are shown retained outside the aperture 210,

next to (and therefore adjacent to) aperture 210] <u>with one of the four sides of the female connector in communication with the bag or luggage body</u> [as seen in Fig. 21, the USB connector 216 is retained inside of connector pocket 224, with the side facing to the inside in communication with the body of the bag], and the <u>other three sides of the female connector are covered by a waterproof sheath</u> [Fig. 21, connector pocket 224 is such a sheath, *iaw* applicant's sheath in drawing 6, item 6. The water-proofing of the connector pocket 224 is inherent, as evidenced by the use of clear PVC material or bag type material. See par. 0066] <u>that protects the female connector and provides it in a flat position</u> [as shown in Fig. 21],

wherein the sheath does not cover the operative end of the female connector [as shown in Fig. 21, connector pocket 224 covers the USB connector 216 on at least three sides, while leaving the top opening at the operative end accessible].

Regarding claims 2, 12, Ferber discloses the bag or luggage for convenient charging according to claims 1 and 11, wherein the sheath is further equipped with a dust cap for dust proofing, and the dust cap is movable to cover and uncover the operative end of the female connector [Fig. 21 shows a large side cover in the up position, that will be placed downwards to cover all of the connector pockets 224].

Regarding claims 6, 16, Ferber discloses wherein the power cable outlet [Fig. 21, aperture 210] is provided on either side of a fastener [Fig. 21, fastener 222],

Regarding claims 7, Ferber discloses wherein the luggage body [Fig. 21, 202] is provided with a cable laying channel [Fig. 21, 212] from the power storage device placing space to the power cable outlet [Fig. 21, aperture 210] for the penetration of the USB extension cable [Fig. 21, cords 214; pars. 0065, 0066].

# Claim Rejections - 35 USC §103

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

**Claims 10, 19 is/are rejected under 35 U.S.C. 103 as being unpatentable over Ferber et al. U.S. 20120262117 in view of McQuade U.S. 20050140331.**

Regarding claims 10, 19, Ferber discloses the bag or luggage for convenient charging according to claim 1, but is silent on: wherein the power cable outlet is on a shoulder strap of the bag or a side panel or a front part of the bag or luggage.

McQuade discloses: wherein the power cable outlet [equivalently aperture 80, Fig. 2] is on a shoulder strap [Fig. 2, shoulder strap 82] of the bag [par. 0045] or a side panel or a front part of the bag or luggage.

Ferber and McQuade are analogous means with USB connectors for carrying and charging electronic devices. It would have been obvious to one of ordinary skill in the art at the time of the filing to incorporate the teachings of McQuade into the combination of Ferber and Blackwell's Charging Bag, for the benefit of giving the bag shoulder-carrying convenience and easy hand-access to the charging connector when needed.

**Claims 5, 15 is/are rejected under 35 U.S.C. 103 as being unpatentable over Ferber et al. U.S. 20120262117.**

Regarding claims 5, 15, Ferber discloses the bag or luggage for convenient charging, but is silent on: wherein the power cable outlet is provided on any edge of a nameplate.

However, placement of the cable outlet on a nameplate (logo) in this manner is well-known in the art. It would have been obvious to one of ordinary skill in the art at the time of the filing to utilize such a placement in order to minimize having to have an additional aperture in the side of the bag to allow the cable to pass through (many logos require a punch-through the material for installation).

**Claims 3, 4, 13 is/are rejected under 35 U.S.C. 103 as being unpatentable over Ferber et al. U.S. 20120262117 in view of Blackwell U.S. 20050140331.**

Regarding claims 3, 4, 13, Ferber discloses: wherein the power cable outlet [Fig. 21, all USB connectors 216 are shown extending outside the aperture 210] is provided on the surface of the luggage body [as shown in Fig. 21], the female connector is exposed outside the power cable outlet, but is silent on: the dust cap [Blackwell, as shown in Fig. 8] is attached on the side of the female connector [Blackwell, as shown in Fig. 8, col. 3 lines 14-15]; and the dust cap is at the opening of a groove and connected to the groove.

Blackwell discloses the dust cap [as shown in Fig. 8] is attached on the side of the female connector [as shown in Fig. 8 the dust cap is connected to a groove, col. 3 lines 14-15].

It would have been obvious to one of ordinary skill in the art at the time of the filing to incorporate a dust cap, as taught by Blackwell, for the benefit of protecting the USB connector from dust, dirt, etc. whenever it is removed from the pocket.

**Claims 8, 9, 17, 18 is/are rejected under 35 U.S.C. 103 as being unpatentable over Ferber et al. U.S. 20120262117 as applied to claims 1 and 11 above respectively, in view of Bartholomew U.S. 20090276089.**

Regarding claims 8, 9, 17, 18, Ferber discloses the bag or luggage for convenient charging, but is silent on: wherein the male connector of the USB extension cable is further equipped with a wireless technology standard for exchanging data over short distances as an anti-loss alarm, which is used to connect to the device on the product to be charged; and wherein the male connector of the USB extension cable is further equipped with a GPS device for positioning.

Bartholomew discloses wherein the male connector [Fig. 8, USB 70] of the USB extension cable is further equipped with a wireless technology standard [Fig. 8, transponder 30] for exchanging data over short distances as an anti-loss alarm, which is used to connect to the device on the product to be charged [par. 0064]; and wherein the male connector of the USB extension cable is further equipped with a GPS device for positioning [pars. 0070, 0072],

Ferber and Bartholomew are analogous means with USB connectors for charging electronic devices. It would have been obvious to one of ordinary skill in the art at the time of the filing to incorporate the teachings of Bartholomew into Ferber's Charging Bag, for the benefit of tracking lost or stolen devices or carry bags.

### Response to Arguments

Applicant's arguments filed 4/8/2018 with respect to amended limitations have been fully considered but they are not persuasive.

Applicant argues: "The prior art does not teach or suggest the female connector (1) retained outside and adjacent to the power cable outlet; (2) with one side of the four sides of the female connector in communication the bag or luggage body, (3) and the other three sides of the female connector covered by a water proof sheath that protects the female connector and provides it in a flat position."

Examiner respectfully disagrees and notes that applicant has changed the scope of the claims with the current amendment. To that effect, the claims have been re-itemized using the existing references already of record. Note that claims 1 and 11 are now rejected under Ferber alone, as opposed to the previous 103 of record. Ferber et al. U.S. 20120262117 discloses in Fig. 21 a connector pocket 224 (which can be equated to the recited "sheath") for holding and storing in a flat position a USB connector 216. Note that connector pocket 224 covers the USB connector 216 on at least three sides, while leaving the top opening accessible. The water-proofing of the connector pocket 224 is inherent to Ferber as evidenced by the clear PVC material or bag type material used, as disclosed in par. 0066.

### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to RICHARD V MURALIDAR whose telephone number is (571)272-8933. The examiner can normally be reached on M - F 9:30 am to 5:30 PM.

SWISSDIGITAL000168

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ricardo Isla can be reached on 571-272-5056. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

RICHARD V. MURALIDAR
Primary Examiner
Art Unit 2859

/RICHARD V MURALIDAR/
Primary Examiner, Art Unit 2859