# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC;<br><br>*Defendants*. | Case No. 1:24-cv-11636-JEK<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF SWISSDIGITAL USA CO., LTD.'S OPPOSITION TO DEFENDANTS' MOTION FOR A STATUS CONFERENCE

On March 7, 2025, Samsonite International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Defendants") filed a motion for a status conference, claiming it was "unopposed." Plaintiff opposes Defendants' request for a status conference on the issues in its motion because they were not raised with Plaintiff during the parties' March 5, 2025 meet and confer.

Specifically, at no time did Defendants discuss with Plaintiff an early dispositive motion relating to the priority date of Plaintiff's four asserted patents. It is well settled that the determination of the priority date of the subject matter of patents is a question of fact to be determined by a jury. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010) (where the parties disputed the priority date on the basis of lack of written description, "in a detailed and well-crafted special verdict form, the jury was asked to choose between the two possible dates"); *see also PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008).

1

Defendants' characterization of the issue of the priority date of Plaintiff's asserted patents in this case as "not dependent on facts to be gathered later in discovery" is unequivocally false. Indeed, these facts are in dispute. The determination of whether each asserted claim of a later patent can claim priority to the priority date of an earlier patent is an inherently fact sensitive inquiry based on the interpretation of the subject matter/written description of the earlier patent by a person of ordinary skill in the art (a POSITA) and a consideration of the claims issued in the later patent. *Yorkey v. Diab*, 605 F.3d 1297, 1303 (Fed. Cir. 2010) ("The test for sufficiency of support in a parent application is whether the disclosure of the application relied upon 'reasonably conveys *to the artisan* that the inventor had possession at that time of the later claimed subject matter.'" (emphasis added)). The evidence to support this interpretation would be the subject of expert discovery and testimony at trial, and the issue would ultimately be decided by a jury.

The Court has entered a scheduling order that includes a timeframe for expert discovery that appropriately occurs after fact discovery and the scheduled claim construction hearing. Defendants and Plaintiff jointly agreed to this schedule. The evidence relevant to the issue of the priority date of the patent claims asserted by Plaintiff is no different than evidence relevant to any other disputes of fact that could be addressed, if appropriate, at the dispositive motion stage, which is already set out in the agreed upon Scheduling Order entered by the Court. The priority date may also be informed by the Court's claim construction, which must be considered by the experts. Accordingly, Defendants' request for "an early dispositive motion on the issue of priority" is misplaced.

Further, the Court's instructions at the October 2, 2024 initial status and scheduling conference regarding the Court's proposed initial round of targeted discovery for settlement

purposes are clear as reflected in the transcript of the hearing, and no additional status conference on the subject is necessary.

Finally, Defendants' failure to meet and confer over the issues they raised in their motion is also in violation of Local Rule 7.1(a)(2) and for this additional reason should be denied. Accordingly, Plaintiff asks that the Court deny Defendants' motion for a status conference.

Date: March 9, 2025

                                                Respectfully submitted,

                                                /s/ *Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
Katherine W. Soule (BBO #703965)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,
SWISSDIGITAL USA CO., LTD.*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed with the Court through CM/ECF system on March 9, 2025, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF").

                                              */s/ Dariush Keyhani*
                                              Dariush Keyhani