**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.

    *Plaintiff*,

    v.

SAMSONITE INTERNATIONAL S.A.;
SAMSONITE LLC; SAMSONITE
COMPANY STORES, LLC; and
DIRECT MARKETING VENTURES,
LLC;

    *Defendants*.

Case No. 1:24-cv-11636-JEK

**JURY TRIAL DEMANDED**

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S MOTION TO COMPEL**
<u>**THE DESIGNATION OF DEFENDANTS' 30(b)(6) WITNESSES**</u>

**TABLE OF CONTENTS**

Page

INTRODUCTION........................................................................................................... 1

FACTUAL BACKGROUND.............................................................................................2

    I.      The Parties' Joint Discovery Plan..................................................................2

    II.     The Initial Scheduling Conference.................................................................3

    III.    Samsonite's Refusal to Designate 30(b)(6) Witnesses....................................4

    IV.    The Parties' Meet and Confer.......................................................................8

ARGUMENT.................................................................................................................9

CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res. Auth.*,
  93 F.R.D. 62 (D.P.R. 1981)..................................................................................10, 13

*New Eng. Carpenters Health Benefits Fund v. First DataBank, Inc.*,
  242 F.R.D. 164 (D. Mass. 2007)................................................................*passim*

**Rules**

Fed. R. Civ. P. 30(a)(1)..................................................................................9

Fed. R. Civ. P. 30(b)(1)..................................................................................11

Fed. R. Civ. P. 30(b)(6)............................................................................. *passim*

Fed. R. Civ. P. 37(a)(5)(A)..................................................................2, 10, 14

Fed. R. Civ. P. 37(a)(3)(B)............................................................................. 10

Fed. R. Civ. P. 37(d)(1)(A)..................................................................7, 11

Fed. R. Civ. P. 37(d)(3)..................................................................................11

L.R. 7.1(a)(2)..................................................................................13

L.R. 37.1(a)..................................................................................13

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff"), hereby submits this Memorandum of Law in Support of its Motion to compel Defendants Samsonite International S.A. ("Samsonite Int'l"), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Samsonite" or "Defendants"), to designate witnesses under Rule 30(b)(6) to appear for depositions.

## **INTRODUCTION**

On February 7, 2025, Swissdigital served Notices of Depositions Under Rule 30(b)(6) on Samsonite Int'l, Samsonite LLC, Samsonite Co. Stores, and DMV. Those notices provided that the depositions would take place on March 6 and 7, 2025.

Defendants refused to designate witnesses and failed to appear. For weeks, Samsonite maintained that it would not produce any witnesses for a 30(b)(6) deposition absent a court order. In an effort to resolve this issue—or to move the Court for an order compelling Defendants to designate witnesses—Swissdigital immediately requested that the parties meet and confer. Samsonite delayed such talks until the week of the noticed depositions.

On March 4, 2025, in a last-minute reversal, Samsonite indicated that it would produce witnesses provided that Swissdigital concede to several unreasonable demands, including that Swissdigital agree to refrain from seeking leave to take additional 30(b)(6) depositions and that Swissdigital depose the deponents in both their corporate and individual capacities. Swissdigital made clear in the parties' March, 5, 2025 meet and confer that it was not agreeable to Samsonite's demands. Swissdigital attempted to reach a reasonable agreement on conducting these early 30(b)(6) depositions for the purposes of effectuating a potential settlement or engaging in

mediation, but no agreement was reached. The March 6 and 7, 2025 deposition dates passed with Defendants failing to designate witnesses and appear.

For the reasons detailed below, Swissdigital respectfully requests that the Court (1) order Defendants to designate 30(b)(6) representatives to appear on dates specified by Swissdigital and provide testimony on the noticed topics of examination that relate to the subject matter of Swissdigital's initial discovery requests ordered by the Court; (2) order that Plaintiff's taking of these early 30(b)(6) depositions for the purposes of effectuating a potential settlement or engaging in mediation does not preclude Plaintiff from taking further 30(b)(6) depositions relating to non-duplicative topics or documents and information produced later in discovery for the purpose of obtaining evidence to support Plaintiff's claim in this action; and (3) order Defendants to pay Swissdigital's reasonable expenses incurred in making the instant Motion, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

**I.      The Parties' Joint Discovery Plan**

On September 26, 2024, the parties filed their Joint Statement Pursuant to Federal Rules 16(b) and 26(f) and Local Rules 16.1 and 16.6 (ECF No. 21), proposing a discovery plan and pretrial schedule. The parties agreed that phasing or limiting discovery was unnecessary and further agreed "to proceed with discovery on all asserted patents." Joint Statement 6, ECF No. 21. The parties also agreed to and jointly proposed a case schedule where, among other things, an initial scheduling conference would be held on October 2, 2024, the deadline to depose fact witnesses would be December 11, 2025, and the close of fact discovery would be January 22, 2026, or sixty days after entry of the Court's ruling on claim construction, whichever is later. *Id.* at 8–9.

2

The parties disagreed about the discovery event limitations. *See id.* at 6–7. Swissdigital proposed that, "in light of the multiple defendant entities and the complexity of the claims, the discovery limitations should be increased" to allow for, among other things, twelve fact witness depositions. *Id.* at 6. Defendants argued that, among other things, each side should be limited to ten fact witness depositions. *Id.* at 7.

## II. The Initial Scheduling Conference

The Court held an initial scheduling conference on October 2, 2024. *See* Scheduling Conference Tr. (**Ex. A**). The Court inquired about "the parties' position on settlement and mediation" and asked Swissdigital when in the life of the case did it think that settlement negotiations or mediation made sense. *Id.* 5:4–9, 5:17–22. In response, Swissdigital indicated that it would first need Samsonite's "financial records" and **testimony from "the 30(b)(6) representatives" regarding Samsonite's financial records** so that Swissdigital felt comfortable with representations being made by Samsonite about the scope of Swissdigital's claims. *Id.* 5:24– 6:7 ("[W]e'd like to get some discovery on some financials and some testimony on the financials . . . .") (emphasis added).

To encourage the possibility of an earlier resolution to the case, the Court proposed that Swissdigital "serve an initial round of document requests and a small amount of [i]nterrogatories" directed towards Samsonite's financial information that would be "fruitful for settlement." *Id.* 9:6–10. The Court instructed Swissdigital to serve within thirty days an initial round of five interrogatories and ten requests for production "narrowly targeted to what [Swissdigital] need[s] for a potential mediation." *Id.* at 10:13–17, 11:1–2, 15:5–8. Samsonite would have thirty days to respond. *Id.* at 11:1–2. The Court further instructed that, following this exchange, "if . . . Swissdigital takes a look at what's produced and thinks it's a good time to sit down," both sides

should notify the Court for a referral to the mediation program. *Id.* 9:20–24. Importantly, the Court made clear that it would not "order the parties to go to mediation until both sides feel like they have what they need to make that a productive use of time." *Id.* at 10:1–3; *see also id.* at 9:2–3 ("I can't force the parties to sit down and . . . talk about settlement.").

After ordering this initial round of discovery requests, the Court then addressed the parties' dispute regarding the discovery event limitations. *Id.* at 11:10–14. Ultimately, the Court decided to maintain the standard discovery event limitations (i.e., ten depositions, among other things) but noted that the initial round of requests would be "on top of the standard discovery event limitations." *Id.* at 15:1–8. The Court further instructed that, should Swissdigital later have good cause for requesting additional discovery, including depositions, beyond the standard discovery event limitations, Swissdigital may then file a motion for the Court's consideration. *Id.* at 15:9–13.

Finally, the Court adopted the parties' jointly proposed case schedule, although the Court altered the date of the claim construction hearing. *Id.* at 15:24–16:4. The Court entered its Scheduling Order (ECF No. 25) shortly after the initial scheduling conference concluded.

III.     **Samsonite's Refusal to Designate 30(b)(6) Witnesses**

Pursuant to the Court's instructions, Swissdigital served its Initial Interrogatories and Initial Requests for Production on November 1, 2024. *See* Pl.'s Initial Interrogs. (**Ex. B**); Pl.'s Initial Reqs. Prod. (**Ex. C**). Samsonite served its responses and objections to Swissdigital's initial discovery requests on December 12, 2024, and made a production of documents. On December 12, 2024, Samsonite supplemented its document production, which included two spreadsheets of product and sales information. Samsonite then served its First Supplemental Responses to Swissdigital's Initial Interrogatories on December 30, 2024, clarifying some of the details found

in the two supplemental spreadsheets. On February 3, 2025, Samsonite again supplemented its document production, producing additional spreadsheets containing product information and images of all its products.

On February 4, 2025, Swissdigital expressed its intent to take depositions of each defendant entity and asked Defendants to designate 30(b)(6) witnesses to provide testimony on March 6 and March 7, 2025. E-mail from Draffin to Chung (Feb. 4, 2025, 2:17 PM EST) (**Ex. D**). On February 7, 2025, Swissdigital served Notices of Depositions Under Rule 30(b)(6) on Samsonite Int'l, Samsonite LLC, Samsonite Co. Stores, and DMV. *See* Notices of Deps. (**Ex. E**). The topics for examination noticed for these depositions relate to the subject matter of Swissdigital's initial discovery requests ordered by the Court. *Compare* Notices of Deps. (Ex. E) at PDF pages 13–15, 28–30, 43–45, 58–60, *with* Pl.'s Initial Interrogs. (Ex. B) 12–13, *and* Pl.'s Initial Reqs. Prod. (Ex. C) 13–14.

Almost two weeks later, on February 19, 2025, Defendants responded, stating that "**Samsonite will not produce any witnesses for a 30(b)(6) deposition on the noticed topics absent a court order**." E-mail from Chung to Draffin (Feb. 19, 2025, 3:33 PM EST) (**Ex. F**) (emphasis added). Samsonite claimed that "[Swissdigital's] 30(b)(6) notices are improper and go beyond the scope of the discovery the Court ordered at the October 2, 2024 Hearing." *Id.* Samsonite further claimed that "this case is low-value and not worth the cost of litigation" and "[n]o deposition will change that fact." *Id.* Citing to the transcript of the initial scheduling conference, Samsonite incorrectly asserted that "the Court instructed Swissdigital to file a motion for the Court's consideration if it believes depositions are necessary." *Id.* (emphasis omitted).

Swissdigital immediately informed Samsonite that it had "grossly misconstrued the Court's instructions" and that the cited section of the transcript provides instructions for seeking additional

depositions in excess of the standard discovery event limitations.  E-mail from Draffin to Chung (Feb. 19, 2025, 8:15 PM EST) (Ex. F).  Swissdigital explained that "the Court did not order phased or limited discovery[,] . . . fact discovery is open, and the standard discovery event limitations apply."  *Id.* ("Local Rule 26.1(c) provides for ten depositions per side.").  Swissdigital reminded Defendants "of their obligation under the Federal Rules of Civil Procedure, the Local Rules and the Court's Scheduling Order to produce 30(b)(6) witnesses."  *Id.*  Swissdigital also requested that the parties meet and confer given Samsonite's substantial misinterpretation of the Court's instruction.  *Id.*

Samsonite delayed the parties' meet and confer until the week of March 3, 2025—the same week that the noticed depositions were scheduled to occur.  *See* E-mail from Chung to Draffin (Feb. 24, 2025, 5:44 PM EST) (Ex. F); E-mail from Chung to Draffin (Feb. 27, 2025, 3:43 PM EST) (Ex. F) ("Apologies for the delay . . . .  We are available to meet and confer next week . . . .").  In its February 27, 2025 e-mail, Samsonite indicated that it intended to "[r]equest a status conference with the Court to discuss the current status of discovery" and that "[i]f Swissdigital would like to discuss the propriety of a 30(b)(6) deposition at [that] time," Samsonite would be willing to discuss such matters then.  E-mail from Chung to Draffin (Feb. 27, 2025, 3:43 PM EST) (Ex. F).

Swissdigital reiterated that "Defendants are obliged to produce witnesses" under the federal local rules and noted that "[t]he 'propriety' of 30(b)(6) depositions requires no discussion."  E-mail from Draffin to Chung (Feb. 27, 2025, 7:29 PM EST) (Ex. F).  Swissdigital noted that Defendants' refusal to produce witnesses has "intentionally obstruct[ed] discovery" and made clear that, "[i]f Defendants continue their refusal, Swissdigital will move to compel."  *Id.*  Further, Swissdigital warned Defendants that their refusal to produce witnesses is sanctionable under Rule

37(d)(1)(A). *Id.*; *see* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if . . . a party . . . or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."). Finally, Swissdigital stated its belief "that an additional status conference is entirely unnecessary" because "[t]he Court's instructions are absolutely clear." E-mail from Draffin to Chung (Feb. 27, 2025, 7:29 PM EST) (Ex. F).

In response, Samsonite indicated that it would request a status conference and falsely assert that Swissdigital "opposes the request and refused to confer." E-mail from Chung to Draffin (Feb. 28, 2025, 8:31 AM EST) (Ex. F). Swissdigital replied, noting that "any representation to the Court that Swissdigital has 'refused to confer' is patently false." E-mail from Draffin to Chung (Feb. 28, 2025, 10:51 AM EST) (Ex. F). Swissdigital—not Samsonite—requested that the parties meet and confer, *see* E-mail from Draffin to Chung (Feb. 19, 2025, 8:15 PM EST) (Ex. F), and Samsonite had continuously delayed such talks, *see, e.g.*, E-mail from Chung to Draffin (Feb. 24, 2025, 5:44 PM EST) (Ex. F).

Swissdigital informed Samsonite that, "[w]hether Samsonite requests a status conference or not, Defendants are not relieved of their obligations . . . to produce 30(b)(6) witnesses" and that "leveraging a status conference to obstruct or delay noticed depositions is clear gamesmanship." E-mail from Draffin to Chung (Feb. 28, 2025, 10:51 AM EST) (Ex. F). Swissdigital also indicated that it would "immediately move to compel if necessary" following the parties' March 5, 2025 meet and confer. *Id.*

On March 4, 2025, the day before the parties' meet and confer and two days before the noticed depositions, Samsonite offered to designate two 30(b)(6) witnesses—provided that Swissdigital concede to several stipulations. E-mail from Chung to Draffin (Mar. 4, 2025, 1:19

PM EST) (Ex. F). Samsonite demanded that Swissdigital agree to the following: (1) that Swissdigital will not take any additional 30(b)(6) depositions later in the case; (2) that Swissdigital will take the personal depositions of the designated 30(b)(6) representatives on the same dates (despite the fact that Samsonite never revealed these individuals' identities); and (3) that Swissdigital take the depositions on March 19 and 20—dates Samsonite unilaterally selected— roughly two weeks after the noticed deposition dates. *Id.* Notably, throughout the parties' correspondence regarding the noticed March 6 and 7 deposition dates, Defendants never indicated that they had a scheduling conflict or were otherwise unavailable to appear. *See* Ex. F.

## IV. The Parties' Meet and Confer

On March 5, 2025, the day before the noticed depositions, the parties finally met and conferred. Draffin Decl. (**Ex. G**) ¶ 10. On that call, Swissdigital made clear that it did not agree to Samsonite's last-minute demands and that Swissdigital would move to compel absent an agreement with Samsonite to produce 30(b)(6) representatives to provide testimony on the noticed deposition topics without further stipulations from Swissdigital. *Id.* at ¶ 11. Samsonite took the position that a motion to compel was unnecessary because Samsonite had unilaterally offered alternative dates contingent upon Swissdigital stipulating to Samsonite's demands. *Id.* In response, Swissdigital noted that, until the day prior, Samsonite's position had been that they will not produce any witnesses for a 30(b)(6) deposition on the noticed topics absent a court order. *Id.*

Swissdigital attempted to reach a reasonable agreement on conducting these early 30(b)(6) depositions for the purposes of effectuating a potential settlement or engaging in mediation, but no agreement was reached. *Id.* at ¶ 12 In a further attempt to reach a reasonable agreement, Swissdigital circulated an e-mail following the meet and confer requesting Samsonite's confirmation regarding several outstanding issues and urging Samsonite to quickly respond in light

of the depositions scheduled for the following days. *See* E-mail from Draffin to Chung (Mar. 5, 2025, 8:05 PM EST) (Ex. F) ("As the originally noticed depositions were scheduled for tomorrow, and because—until yesterday—Samsonite's position was that it would not produce any witnesses absent a court order, please advise us of your client's position by tomorrow, as you indicated that you would likely be able to do.").

On March 6, 2025, the first day of the noticed depositions, Samsonite informed Swissdigital that it had been unable to reach its client, and no agreement was reached. E-mail from Chung to Draffin (Mar. 6, 2025, 4:20 PM EST) (Ex. F). On March 7, 2025, the final day of the noticed depositions, Swissdigital reached out to Samsonite, noting that no agreement had been reached and that, without an agreement, Swissdigital would "proceed accordingly" following Defendants' failure to appear. *See* E-mail from Draffin to Chung (Mar. 7, 2025, 7:32 PM EST) (Ex. F). Samsonite responded, but still no agreement was reached. *See* E-mail from Chung to Draffin (Mar. 7, 2025, 7:42 PM EST) (Ex. F). Samsonite never moved the Court for a protective order nor did Samsonite serve any objections to Swissdigital's noticed topics for examination.

## **ARGUMENT**

"With respect to depositions, there is no question but that one party may take a 30(b)(6) deposition of a corporation or other entity which is the opposing party in a case." *New Eng. Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165 (D. Mass. 2007); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court . . . ."). Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Then, "[t]he named organization must designate one or more officers, directors, or

managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.*

"If the party receiving the notice believes that the notice is improper for some reason, that party **does not have the right to refuse to obey the deposition notice on any ground**." *New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 165 (emphasis added). "**[I]n the absence of an agreement**, a party cannot decide on its own to ignore the notice." *Id.* at 166 (emphasis added). Rather, if a noticed party believes that a 30(b)(6) deposition is improper or defective, it is the noticed party's burden to seek a protective order pursuant to Rule 26(c), and "**[t]he order must be obtained before the date set for the discovery**." *Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981); *see also New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("Put simply and clearly, **absent agreement**, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." (emphasis added)). The failure of a noticed part to move for a protective order "will be held to preclude objection later." *Mitsui & Co. (U.S.A.), Inc.*, 93 F.R.D. at 67.

A party seeking discovery may move for an order compelling the designation of 30(b)(6) witnesses if "a corporation or other entity fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B). Rule 37(a)(5)(A) provides that "[i]f the motion is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Further, Rule 37(d)(1)(A) provides that a court may order sanctions if "a party . . . or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's

deposition." Fed. R. Civ. P. 37(d)(1)(A). Pursuant to this rule, a court may award a variety of sanctions but "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3).

Defendants failed to appear for properly noticed 30(b)(6) depositions. In accordance with Rule 30(b)(1), Swissdigital's Notices of Depositions Under Rule 30(b)(6), served on Defendants on February 7, 2025, provided that the depositions would take place on March 6 and 7, 2025, at Defendants' principal place of business in Mansfield, Massachusetts. *See* Notices of Deps. (Ex. E); Fed. R. Civ. P 30(b)(1) ("The notice must state the time and place of the deposition . . . ."). In accordance with Rule 30(b)(6), Swissdigital's notices provided topics for examination. *See* Notices of Deps. (Ex. E); Fed. R. Civ. P 30(b)(6) ("In its notice, a party . . . must describe with reasonable particularity the matters for examination."). The noticed topics for examination relate to the subject matter of Swissdigital's initial discovery requests ordered by the Court. *Compare* Notices of Deps. (Ex. E) at PDF pages 13–15, 28–30, 43–45, 58–60, *with* Pl.'s Initial Interrogs. (Ex. B) 12–13, *and* Pl.'s Initial Reqs. Prod. (Ex. C) 13–14.

Defendants simply refused to appear, arguing that Swissdigital's notices were "improper and go beyond the scope of the discovery the Court ordered at the October 2, 2024 hearing." E-mail from Chung to Draffin (Feb. 19, 2025, 3:33 PM EST) (Ex. F). Samsonite unequivocally asserted that it "will not produce witnesses for a 30(b)(6) deposition on the noticed topics absent a court order"—a position that Samsonite maintained until the eleventh hour. *Id.*

Following service of the deposition notices, Defendants never filed a motion for a protective order. *See New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("[A] party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."). Moreover, Defendants never sought a meet and confer such that they could

move for a protective order; rather, Samsonite delayed Swissdigital's attempts to meet and confer until the week of the noticed depositions. *See generally* Ex. F. Notably, Samsonite never expressed any scheduling conflict with the noticed March 6 and 7, 2025 deposition dates or other logistical issues on behalf of Defendants. *See generally id.* **Defendants simply refused.** *See New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("[A] party cannot decide on its own to ignore the notice.").

Two days before the noticed depositions, Samsonite abruptly altered its position, demanding that Swissdigital make several unreasonable concessions, including that Swissdigital agree to refrain from seeking leave to take additional 30(b)(6) depositions and that Swissdigital depose the deponents in both their corporate and individual capacities. E-mail form Chung to Draffin (Mar. 4, 2025, 1:19 PM EST) (Ex. F). Swissdigital was not agreeable to Samsonite's demands, as it made clear in the parties' March, 5, 2025 meet and confer. Draffin Decl. (Ex. G) ¶ 11. Swissdigital attempted to reach a reasonable agreement on conducting these early 30(b)(6) depositions for the purposes of effectuating a potential settlement or engaging in mediation, **but no agreement was reached.** *See New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."); *Mitsui & Co. (U.S.A.), Inc.*, 93 F.R.D. at 67 ("The order must be obtained before the date set for the discovery.").

Defendants are responsible for failing to seek earlier agreement between the parties or otherwise filing for a protective order. Defendants are likewise responsible for delaying the meet and confer that Swissdigital requested until the week of the noticed depositions. It was foreseeable that Samsonite would need to seek client input regarding the issues discussed during the parties March 5, 2025 meet and confer, and Defendants—who were obliged under the Federal Rules of

Civil Procedure, the Local Rules, and the Court's Scheduling Order to appear for depositions on May 6 and 7, 2025—should have planned to be available to provide such input. Even with Samsonite's delay, Samsonite had more than two days to obtain client input. Defendants are at fault for failing to appear. *See New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("[I]n the absence of an agreement, a party cannot decide on its own to ignore the notice.").

Samsonite's ongoing delay, its failure to move for a protective order, and its last-minute reversal of position evidences gamesmanship that will likely continue absent the Court's intervention. For weeks, Samsonite's position was that it would not produce any witnesses for a 30(b)(6) deposition without an order from this Court. E-mail from Chung to Draffin (**Feb. 19, 2025**, 3:33 PM EST) (Ex. F). Swissdigital immediately requested a meet and confer, as Local Rules 7.1(a)(2) and 37.1(a) require that the parties meet and confer before filing a discovery motion. *See* E-mail from Draffin to Chung (**Feb. 19, 2025**, 8:15 PM EST) (Ex. F); *see also* L.R. 7.1(a)(2), 37.1(a). Samsonite delayed this meet and confer until the week of the noticed depositions. *See* E-mail from Chung to Draffin (Feb. 27, 2025, 3:43 PM EST) (Ex. F) ("Apologies for the delay . . . . We are available to meet and confer next week . . . ."). Only after such delay and after Swissdigital made clear that it intended to file a motion to compel did Samsonite change its position—demanding several unnecessary concessions from Swissdigital less than forty-eight hours before the noticed depositions. *See* E-mail from Chung to Draffin (Mar. 4, 2025, 1:19 PM EST) (Ex. F); *see also* E-mail from Draffin to Chung (Feb. 27, 2025, 7:29 PM EST) (Ex. F) ("If Defendants continue their refusal, Swissdigital will move to compel."); E-mail from Draffin to Chung (Feb. 28, 2025, 10:51 AM EST) (Ex. F) ("[Swissdigital] will immediately move to compel if necessary.").

Further, Samsonite's initial position refusing to produce any witnesses without a court order was premised on an obvious misreading of the Court's instructions from the October 2, 2024 initial scheduling conference transcript. *Compare* E-mail from Chung to Draffin (Feb. 19, 2025, 3:33 PM EST) (Ex. F) ("[T]he Court instructed Swissdigital to file a motion for the Court's consideration if it believes depositions are necessary." (emphasis omitted)), *with* Scheduling Conference Tr. (Ex. A) 15:9–13 (providing instructions for seeking additional depositions beyond the standard discovery event limitations). Swissdigital pointed out Samsonite's plain misunderstanding. *See* E-mail from Draffin to Chung (Feb. 19, 2025, 8:15 PM EST) (Ex. F). Nevertheless, Samsonite doubled down on its refusal, ultimately resulting in Defendants' failure to appear. *Cf. New Eng. Carpenters Health Benefits Fund*, 242 F.R.D. at 166 ("What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, **and then seek to justify non-compliance** . . . .").

Finally, Defendants' failure to appear has necessitated the filing of the instant Motion. Swissdigital has incurred attorneys' fees that, but for Defendants' refusal to designate and produce 30(b)(6) witnesses, it would otherwise not have incurred. Pursuant to Rule 37(a)(5)(A), Swissdigital respectfully requests that Defendants pay Swissdigital's reasonable expenses incurred in making the instant Motion if it is granted or if Defendants' later produce the 30(b)(6) witnesses as originally requested. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

**CONCLUSION**

For the foregoing reasons, Swissdigital respectfully requests that the Court (1) order Defendants to designate 30(b)(6) representatives to appear on dates specified by Swissdigital and provide testimony on the noticed topics of examination that relate to the subject matter of Swissdigital's initial discovery requests ordered by the Court; (2) order that Plaintiff's taking of these early 30(b)(6) depositions for the purposes of effectuating a potential settlement or engaging in mediation does not preclude Plaintiff from taking further 30(b)(6) depositions relating to non-duplicative topics or documents and information produced later in discovery for the purpose of obtaining evidence to support Plaintiff's claim in this action; and (3) order Defendants to pay Swissdigital's reasonable expenses incurred in making the instant Motion, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

Date: March 9, 2025

Respectfully submitted,

/s/ *Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
Katherine W. Soule (BBO #703965)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110

Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,*
*SWISSDIGITAL USA CO., LTD.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 9, 2025, I caused a true and correct copy of the foregoing instrument, with all exhibits, to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all registered CM/ECF participants.

Date: March 9, 2025

/s/ *Dariush Keyhani*
Dariush Keyhani