# EXHIBIT F

RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices ofDeposition

From: Joon Chung <chung@fr.com>
Sent: Fri, Mar 7, 2025 at 7:42 pm
To: sdraffin@keyhanillc.com
Cc: Bailey Benedict, Neil McNabnay, AdamKessel, FRService-Samsonite-24cv11636, Darius Keyhani, Frances Stephenson, Lisa M. Tittemore, Kevin R. Mosier, Katherine W. Soule

Scott,

As I informed you in my email yesterday, we have not been able to get in touch with our client. You have also had delayed responses due to inability to reach your client who is located overseas, so I am sure you understand we likewise cannot give you answers from our client at a moment's notice despite our best efforts. We expect the client will agree, but obviously need that client approval.

We are available to meet and confer on Monday before 12 noon ET, or after 3:30pm ET. Before that meet and confer, please let us know what it is Swissdigital is seeking to meet and confer on, as that is not clear from your email. If you want to meet and confer again regarding Samsonite's willingness to produce witnesses in response to Swissdigital's 30(b)(6) notices, and we have still not heard from our client, our answer will be the same—we expect we can agree, but need client approval. If you think that moots your request for a meet and confer, please let us know, and we can let you know as soon as we hear back from the client. Otherwise we will speak with you on Monday.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Friday, March 7, 2025 7:32 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

We have not heard from you confirming alternative dates for the depositions noticed for yesterday and today. As of now, the parties have yet to reach an agreement that Defendants will produce two witnesses, which will count as two of Swissdigital's ten depositions, to testify on behalf of Samsonite Int'l, Samsonite LLC, Samsonite Co. Stores, and DMV on the topics of examination as noticed.

Defendants are not relieved of their obligations to produce 30(b)(6) witnesses. Without confirmation of our proposed replacement dates (i.e., May 1 and 2) to take two depositions on the noticed topics, Swissdigital will treat Defendants' failure to confirm as a failure to appear for the originally noticed depositions and proceed accordingly.

If we do not receive Samsonite's confirmation tonight, please provide your availability to meet and confer next Monday, March 10.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Thursday, March 6, 2025 4:20pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition


Hi Scott,

Our client is in Europe and frequently traveling, and we unfortunately have not been able to get in touch with him to get the proposal approved. That said, we expect that we will be able to get client approval to put up designees for Swissdigital's noticed 30(b)(6) topics, given your clarification on the call yesterday that this first round of 30(b)(6) depositions would be limited to financial topics and are intended to promote early resolution. As explained yesterday, we will not provide a stipulation, but will likely not oppose Swissdigital's request for leave for another 30(b)(6) deposition later in the case if the topics are not unduly duplicative.

Thank you for letting us know March 19 and 20 will not work. We will release the witnesses for those dates. We will let you know if the May 1 and 2 dates work as soon as possible, or otherwise try to provide dates in May.

Separately, you requested that we provide the information we are seeking in response to our Interrogatory No. 2 in writing. We seek a description of any visibility or information (and/or documents) Swissdigital has into the sourcing and pricing of its components from the manufacturers of the bags it purchases. We believe such information is fairly covered by Interrogatory No. 2, which requests "cost information" for USB components that Swissdigital has in its possession. That said, we understand from yesterday's call that Swissdigital's manufacturers simply sell the bags to Swissdigital and do not give Swissdigital any information about sourcing or costs for specific components, and that Swissdigital is agreeable to supplementing its

interrogatory to state that it has no input, control, or visibility into sourcing or costs for components of the bags it purchases. That statement is all we are looking for at this time, but please let us know if we misunderstood this issue or if you have any further clarifications.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Wednesday, March 5, 2025 8:05 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

As discussed on the call today, we understand that you will confer with your clients about producing two witnesses, designated as 30(b)(6) representatives for Samsonite Int'l, Samsonite LLC, Samsonite Co. Stores, and DMV, to testify on the noticed deposition topics without further stipulations from Swissdigital (in contrast to your previous email). As the originally noticed depositions were scheduled for tomorrow, and because—until yesterday—Samsonite's position was that it would not produce any witnesses absent a court order, please advise us of your client's position by tomorrow, as you indicated that you would likely be able to do.

To proceed, we will need your confirmation that we are in agreement that, since two individuals are being produced, two of our ten total depositions will be used. At this stage in the case, where Swissdigital seeks testimony of a limited scope relating to the initial round of discovery, Swissdigital has no interest taking the designated individuals' personal depositions on these same dates. Moreover, Samsonite has yet to reveal the identities of these individuals.

If the parties are in agreement, please be advised that we are unavailable for your proposed dates (March 19 and 20). We will notice these two depositions for the afternoon of Thursday, May 1, and the morning of Friday, May 2. Please confirm those dates.

Finally, it is Swissdigital's position that, consistent with its representations to the Court at the October 2, 2024 Scheduling Conference, these depositions are necessary for Swissdigital to engage in any potential settlement negotiations or mediation. Accordingly, the topics for examination noticed for these depositions relate to the subject matter of Swissdigital's initial discovery requests ordered by the Court. These depositions are intended to promote the potential for an early, cost-effective resolution to this case, and it is our understanding that Samsonite desires such a resolution.

To that end, Swissdigital is pursuing these early, limited depositions with the intention that should the case continue to move forward, Swissdigital will in no way be precluded from taking further 30(b)(6) depositions relating to non-duplicative topics or documents and information produced by Samsonite at a later date, hopefully by Samsonite's stipulation, as you suggested, or otherwise with leave of the Court. Likewise, Swissdigital will not be precluded from seeking leave of the Court (or a stipulation from Samsonite) to later depose the designated individuals, whomever they may be, in their personal capacity.

Again, please confirm the above points and proposed dates as soon as possible.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Tuesday, March 4, 2025 1:19pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition


Counsel,

In the interest of compromise, Defendants agree to designate representatives for Swissdigital's 30(b)(6) notices (subject to Defendants' responses and objections, which will be forthcoming). Defendants expect to designate two witnesses who will be available on March 19 and March 20.

Defendants expect that Swissdigital will take these individuals' personal depositions on these dates as well, as is the norm. Defendants will not provide the designated witnesses for a deposition for a second time without a court order. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Defendants also understand that this will be Swissdigital's one and only 30(b)(6) deposition of Defendants, and that Swissdigital will not be serving another 30(b)(6) notice later in the case. *See id.* Please confirm that 1) Swissdigital accepts the March 19 and 20 deposition dates; 2) Swissdigital will take the designated individuals' personal depositions on those dates; and 3) that these will be Swissdigital's sole 30(b)(6) notices to Defendants in this case.

Despite this offer, Defendants maintain that Swissdigital's 30(b)(6) notices are premature, and reiterate that Defendants will produce sales data for the full universe of Accused Products if Swissdigital amends its contentions to add any additional Accused Products based on Samsonite's production. Any testimony on many of the topics Swissdigital has served (including, e.g., on "all sales") is unlikely to be complete until Swissdigital has identified the full scope of accused products. As explained above, Samsonite will oppose any attempt by Swissdigital to later remedy this by attempting to take additional corporate depositions of Defendants.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Friday, February 28, 2025 5:26 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

As we noted, we think that the Court's instructions given during the Scheduling Conference—as well as the resulting Scheduling Order—are clear. Swissdigital therefore believes that a status conference with the Court would be a waste of the Court's time and the parties' resources. However, we will not file an opposition to Samsonite's request for a status conference, should Samsonite choose to make such a request.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Friday, February 28, 2025 2:46pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition


Scott,

Thank you for clarifying your position. We now understand Swissdigital's position to be that it will not join the request for a status conference, but does not oppose Samsonite's request for one. Please let us know if that is incorrect. We will talk to you on Wednesday.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Friday, February 28, 2025 10:51 AM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

Please do not mischaracterize our client's position. Swissdigital does not oppose Samsonite's request for a status conference; rather, as stated in my previous email, Swissdigital deems a status conference unnecessary because the Court's instructions are clear. Samsonite may request a status conference, and Swissdigital does not object to such a request.

Whether Samsonite requests a status conference or not, Defendants are not relieved of their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order to produce 30(b)(6) witnesses. Samsonite's potential request for a status conference has no bearing on these obligations, and leveraging a status conference to obstruct or delay noticed depositions is clear gamesmanship.

Further, any representation to the Court that Swissdigital has "refused to confer" is patently false. On February 19, Swissdigital—not Samsonite—requested a meet and confer. Swissdigital provided its availability for Tuesday, Wednesday, Thursday, and Friday this week. Samsonite delayed until next week. Now the parties are scheduled to meet and confer next Wednesday at noon. I will circulate a Zoom link in a separate email.

Again, please be prepared at next week's meet and confer to discuss Samsonite's refusal to produce 30(b)(6) witnesses in accordance with its obligations under the federal and local rules, as we will immediately move to compel if necessary. We are happy to further discuss the issues raised in your January 15 letter in an effort to resolve them.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Friday, February 28, 2025 8:31am
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition


Hi Scott,

The parties clearly have a disagreement about these issues. We will request a status conference and indicate to the Court that Swissdigital opposes the request and refused to confer.

We are available to meet and confer at 12:00pm ET on Wednesday. Please circulate a calendar invite. When we discuss Swissdigital's discovery deficiencies raised in my January 15 letter, please be prepared to give affirmative answers regarding whether Swissdigital intends to supplement its responses/production, or will stand on the positions in its responsive letter. Samsonite also intends to move to compel responses that comply with the Federal Rules and will consider refusal to supplement on this call an impasse on those issues.

Best,
Joon

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Thursday, February 27, 2025 7:29 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

Again, as detailed in my previous email, Samsonite has grossly misconstrued the Court's instructions. The fragments of the transcript that you cite do not change the facts. Swissdigital alone was granted additional initial discovery requests. Fact discovery is open, and Samsonite has served its First Set of Requests for Production and Interrogatories. No phased or limited discovery was ordered. The standard discovery event limitations apply.

Further, Swissdigital's current position is in accordance with all representations Swissdigital made to the Court at the October hearing. Indeed, Swissdigital made clear "that discovery, especially in the area of the financial records **and some depositions of maybe the 30(b)(6) representatives**" would be necessary. Tr. at 5:24–6:1 (emphasis added). Swissdigital told the Court that "[it] would like to get some discovery on some financials **and some testimony on the financials** so that our client is comfortable with representations being made about financials and about the scope of the products that are . . . being accused here." Tr. at 6:3–7.

The "propriety" of 30(b)(6) depositions requires no discussion; Defendants are obliged to produce witnesses under the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order. Defendants' 30(b)(6) witnesses were noticed for depositions next

3/9/25, 2:04 PM
RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition
Case 1:24-cv-11636-JEK    Document 41-6    Filed 03/09/25    Page 7 of 11

week, and Defendants have refused to produce witnesses, intentionally obstructing discovery. This obstruction cuts against your narrative that Samsonite seeks an early, cost-effective resolution to this case. If Defendants continue their refusal, Swissdigital will move to compel.

Swissdigital is entitled to take discovery, and taking discovery in no way makes this an exceptional case under Section 285. Rather, Defendants' efforts to obstruct Swissdigitial form deposing Samsonite's representatives is sanctionable. *See* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition . . . .").

Finally, Swissdigital's position is that an additional status conference is entirely unnecessary. The Court's instructions are absolutely clear.

We are available to meet and confer next Wednesday at 12:00 p.m. ET. Please be prepared to discuss Samsonite's refusal to produce 30(b)(6) witnesses in accordance with its obligations under the federal and local rules, as we will immediately move to compel if necessary. We are happy to further discuss the issues raised in your January 15 letter in an effort to resolve them.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Thursday, February 27, 2025 3:43pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition


Counsel,

Apologies for the delay – we were able to get in touch with our client. Realizing it is already past the times you offered for today, we are unfortunately also not available at 1pm ET tomorrow. We are available to meet and confer next week at the following times:

- Monday at 3:30pm ET or 5pm ET
- Tuesday at 1:30pm ET or 2-3:30 pm ET
- Wednesday at 12-1 ET, or 1:30 ET onwards

Respectfully, it is Swissdigital that is misconstruing the Court's instructions at the October hearing. The Court noted, for example, that the parties "**each** [get] 30 days" to respond to the initial round of discovery requests. Tr. at 9:11-12; *see also id.* at 9:18-20 (referring to an "initial round of **exchange of information**."), 15:1-5 (noting "plaintiff's request for an **initial round** of discovery" is granted). Regardless, the limitations on discovery are beside the point. The Court ordered Swissdigital to serve a "narrowly targeted" set of document requests and interrogatories, "targeted to what [Swissdigital] need[s] for a potential mediation." *Id.* at 10:13-17. That order was based on Swissdigital's representation to the Court that Swissdigital needed that information to enter mediation, and you still have identified no deficiencies in Samsonite's responses and production or identified any additional information you need for mediation. We answered Swissdigital's discovery in the hope that those answers would facilitate early resolution of this case in a "cost-effective and sufficient way," as Swissdigital stated at the hearing. *Id.* at 6:7-10. It now appears that Swissdigital is reneging on these representations to the Court.

We understand that we cannot force an unwilling party to mediate. However, if our reasonable proposals for an early, cost-effective resolution are being ignored, then we have no choice but to vigorously defend a case where the burden clearly exceeds the amount at stake, a fact we note can establish an exceptional case for Section 285 fee-shifting purposes. To that end, we intend to:

1. Move to compel Swissdigital's insufficient discovery responses and document production.
    a. Specifically, your 2/19 letter response to our letter regarding your discovery deficiencies is unacceptable, and Swissdigital's production and responses (including the 2/21 supplement) remain deficient for the same reasons outlined in my 1/15 letter. On the parties' meet and confer, please be prepared to discuss these deficiencies in good faith, pursuant to requirements in Local Rule 7.1.
1. Request a status conference with the Court to discuss the current status of discovery, per the Court's invitation to do so at the hearing. Our proposed agenda for the status conference at this time is:
    a. Samsonite's motion to compel
    b. Request early dispositive motions from the Court on issues that do not require fact discovery, to be heard at the already-scheduled claim construction hearing.
    c. If Swissdigital would like to discuss the propriety of a 30(b)(6) deposition at this time, or the discovery limits for each party, we are willing to discuss this at the status conference as well.

Best,

Joon

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Tuesday, February 25, 2025 4:44 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Hi Joon,

We are available to meet and confer this Thursday, February 27, at 12 p.m. or 1 p.m. Eastern or Friday, February 28, at 1 p.m. Eastern.

Best,

Scott

-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Monday, February 24, 2025 5:44pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Counsel,

Our client has been traveling all last week and we have not been able to bottom out on this issue with the client yet. A meet and confer before we have a chance to do that will not be productive, and we thus suggest a time to meet and confer later this week or early next week. Please provide some times you are available to meet and confer at the end of this week or early next week, instead.

Best,
Joon

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Wednesday, February 19, 2025 8:15 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <ksoule@sunsteinlaw.com>
**Subject:** RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

[This email originated outside of F&R.]

Hi Joon,

Please find attached Swissdigital's response to your January 15 letter. As we indicated during the January 16 meet and confer and in our February 4 email, we have been coordinating with our client as it conducted an investigation into the issues you raised. We will supplement Swissdigital's interrogatory response and production in accordance with the attached letter by the end of the week.

Please advise us of your availability to meet and confer either next Tuesday, February 25, or Wednesday, February 26, at 12 p.m. or 1 p.m. Eastern Time. It is evident from your email that Samsonite has grossly misconstrued the Court's instructions given at the October 2, 2024 Scheduling Conference. We suggest that you review the transcript in its entirety.

In the Scheduling Conference, the Court granted "**[P]laintiff's request**" for an initial round of discovery—"**on top of the standard discovery event limitations and local Rule [26.1(c)]**." Tr. at 15:1–5 (emphasis added). The Court proposed that "Mr. Keyhani, . . . **you** serve an initial round of document requests and a small amount of Interrogatories" and "Mr. Kessel, **you** can respond to that." Tr. at 9:6–12 (emphasis added). The Court granted Swissdigital—not Samsonite—these additional discovery requests.

Further, the Court did not order phased or limited discovery. Pursuant to the Scheduling Order, fact discovery is open, and the standard discovery event limitations apply. Indeed, Samsonite—which was not granted additional initial discovery requests—has already served its

First Set of Requests for Production and Interrogatories. It is Swissdigital's position that Samsonite's discovery requests count towards the discovery event limitations detailed in the Scheduling Order and the Local Rules.

Defendants are on notice of their obligation under the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order to produce 30(b)(6) witnesses. Local Rule 26.1(c) provides for ten depositions per side. We note that the section of the transcript you cited provides instruction for seeking **more** than ten depositions.

Finally, the Court made it absolutely clear that it "can't force the parties to sit down and . . . talk about settlement." Tr. at 9:2–3. The Court reiterated, "I'm not going to order the parties to go to mediation until both sides feel like they have what they need to make that a productive use of time." Accordingly, Swissdigital will not be coerced into premature settlement discussions or mediation. We will advise you when Swissdigital is prepared for such talks.

Again, please advise us of your availability to meet and confer either next Tuesday, February 25, or Wednesday, February 26, at 12 p.m. or 1 p.m. Eastern Time.

Best,

Scott

-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Wednesday, February 19, 2025 3:33pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>
Cc: "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "Kevin R. Mosier" <kmosier@sunsteinlaw.com>, "Katherine W. Soule" <Ksoule@sunsteinlaw.com>
Subject: RE: Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

Counsel,

These 30(b)(6) notices are improper and go beyond the scope of the discovery the Court ordered at the October 2, 2024 Hearing. Swissdigital propounded a limited set of interrogatories and RFPs pursuant to the Court's instructions at that hearing, and Samsonite has fully responded to that discovery, including providing Swissdigital with all of the information it has requested. It has been weeks since we informed you that Samsonite's production is complete, and Swissdigital has identified no additional deficiencies in Samsonite's responses or production.

Swissdigital represented to the Court that that limited discovery was what it needed to be able to make a reasonable settlement offer, and it is now in a position to do so, particularly given its retention of a damages expert who should be able to confirm for Swissdigital, as Samsonite has been telling you all along, that this case is low-value and not worth the cost of litigation. No deposition will change that fact. Further, the Court instructed Swissdigital to *file a motion* for the Court's consideration if it believes depositions are necessary. Oct. 2, 2024 Scheduling Hearing Tr. at 15:9-14. It has not filed such a motion, and Samsonite will oppose any attempt by Swissdigital to prolong this litigation and further waste the parties' and the Court's resources with unnecessary depositions. Samsonite will not produce any witnesses for a 30(b)(6) deposition on the noticed topics absent a court order.

In stark contrast to Samsonite's production and forthcoming discovery responses, Swissdigital has, once again, refused to cooperate in this litigation that it itself has filed. It has now been more than a month since we identified Swissdigital's discovery deficiencies via letter, and Swissdigital has responded with nothing but silence. Your last correspondence indicated the Chinese New Year was delaying your response, but the letter was sent well in advance of that holiday, and the holiday has now long passed. Please confirm by COB tomorrow, February 20, that Swissdigital will correct the deficiencies identified in my January 15 letter by the end of the month, or confirm in writing that Swissdigital does not intend to provide supplements correcting its deficiencies. If you refuse, or if our request is again met with silence, we will file a notice to inform the Court that Samsonite has completed its phase 1 production of documents and responses to discovery requests per the Court's order, and Swissdigital has not, and we will request Court intervention in compelling responses from Swissdigital and imposing deadlines for production and mediation.

Best,
Joon

## Joon Chung
Associate ∎ Fish & Richardson P.C.

**T:** 404 724 2805 | chung@fr.com

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Friday, February 7, 2025 2:17 PM

**To:** Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Joon Chung <chung@fr.com>; Adam Kessel <Kessel@fr.com>; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Cc:** Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; Kevin R. Mosier <kmosier@sunsteinlaw.com>; Katherine W. Soule <Ksoule@sunsteinlaw.com>
**Subject:** Swissdigital v. Samsonite, 1:24-cv-11636-KEK, Notices of Deposition

[This email originated outside of F&R.]


Counsel,

Please find attached for service the Notices of Deposition under Rule 30(b)(6) for Defendants Samsonite Int'l, Samsonite LLC, Samsonite Co. Stores, and DMV.

Best,

Scott Draffin
Keyhani LLC

********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************


********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
********************************************************************************

*********************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
*********************************************************************************************************