# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

-------------------------------------------

Krummholz International, Inc. and          JURY TRIAL DEMANDED

Swissdigital USA Co., Ltd.,

    Plaintiffs,

v.                                                Case No.:

Wenger, S.A.

    Defendants

_____

## COMPLAINT FOR CANCELLATION OF TRADEMARK REGISTATIONS AND DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF TRADEMARKS AND COPYRIGHTS

For its complaint, Plaintiffs Krummholz International, Inc. and Swissdigital USA Co., Ltd. (collectively "Plaintiffs"), state as follows:

## NATURE OF THE ACTION

1. This is an action seeking cancellation of Defendant Wenger, S.A.'s federal trademark registrations, U.S. Reg. No. 3820133, 4301579, 4024369, 4109108, 3291272, 3291271, 3291266 and 3405840 (hereinafter collectively referred to as "Wenger Marks") pursuant to the Lanham Act, 15 U.S.C. §1119.

2. Plaintiffs are also seeking a declaratory judgment under 28 U.S.C. §§2201 et seq. that Plaintiffs' use of U.S. Reg. No. 4462487, U.S. Serial Nos. 86374172, 86374174, 86374175 and 86374177 does not constitute trademark infringement or unfair competition under Lanham Act, 15 U.S.C. §§1114 and 1125 and applicable New York Laws.

3. This also is an action seeking a declaratory judgment under 28 U.S.C. §§2201 et seq. that Plaintiffs' use of insignias, as described in U.S. Reg. No. 4462487, U.S. Serial Nos. 86374172, 86374174, 86374175, and 86374177, do not constitute copyright infringement.

4. Plaintiffs further seek a declaratory judgment that any alleged trademark or copyrights asserted by Defendant are invalid and/or unenforceable.

## THE PARTIES

5. Plaintiff Krummholz International, Inc., (hereinafter "Krummholz") is a company organized and existing under the laws of Canada with an address at 7 Cortina Crt., Richmond Hill, Ontario, Canada L4B3G8.

6. Plaintiff Swissdigital USA Co., Ltd., (hereinafter "Swissdigital") is a company organized and existing under the laws of Delaware with its principal place of business located in 7 Cortina Crt., Richmond Hill, Ontario, Canada L4B3G8. Plaintiff Swissdigital USA Co., Ltd. also has a mailing address of 1177 6th Avenue of the Americas, Floor 5, New York, New York 10036-2714. Krummholz International, Inc. is the parent company of Swissdigital USA Co., Ltd. Hereinafter Krummholz and Swissdigital is collectively referred to as "Plaintiffs."

7. Upon information and belief, Defendant Wenger, S.A. (hereinafter "Defendant" or "Wenger"), is a Switzerland societe anonyme with headquarters at Route de Bale 63, Delemont, Switzerland, CH-2800.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§1119 and 1121(a), in that this case arises under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. §1051 et seq. and the United States Copyright Act of 1976, 17 U.S.C. §101 et seq. and §501 et seq. (the "Copyright Act"). This Court

also has the power to issue the declarations sought pursuant to 28 U.S.C. §§2201 and 2202 (the Declaratory Judgment Act).

9. Defendant is subject to the personal jurisdiction of this Court because the Defendant regularly conducts business in the State of New York, within this District.

10. Venue of this action is proper in the Western District of New York under 28 U.S.C. 1391(b) and 1391 (c) in that Defendant conduct business in this District so as to be subject to personal jurisdiction.

**FACTUAL BACKGROUND**

11. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-10 inclusively as if fully set forth herein.

12. Plaintiffs sell, *inter alia*, bags, luggage and backpacks with wearable intelligence. One of Plaintiffs' products is called DigitalShield™. DigitalShield™ is an anti-loss backpack that utilizes Bluetooth and an app on a smart phone to locate the bag, luggage and/or backpack. Plaintiffs utilize a blue color scheme on their marks. Plaintiffs' goods are high tech products. See attached Exhibit A.

13. Over the past few years, Plaintiffs and their related companies have invested over one million dollars in global marketing and advertising of their trademarks and brands in connection with their products.

14. Plaintiff Krummholz International is the owner of U.S. Trademark Reg. No. 4462487. See attached Exhibit B.

15. Plaintiff Swissdigital USA Co., Ltd., is the owner of U.S. Trademark Serial Nos. 86374172, 86374174, 86374175, and 86374177. See attached Exhibit C.

16. Swissgear North America Co., Ltd. recently assigned U.S. Trademark Reg. No. 4462487 to Plaintiff Krummholz International.

17. Plaintiffs and its related companies first offered for sale products in connection with U.S. Trademark Reg. No. 4462487 at the TGA show in Las Vegas in March of 2011.

18. Defendant sells, *inter alia*, cutlery, knives, camera cases, flashlights, watches, bags, sleeping bags and tents. Defendant utilizes a red color scheme incorporating a Swiss Flag. Defendant's goods are low tech outdoor related goods. See attached Exhibit D.

19. An agent of a licensee, John Pullichino, of Defendant (Group III International, Ltd.) threatened to sue Plaintiffs at the TGA show in Las Vegas, March 2014 and further told Plaintiffs' agent that if he goes to the TGA show in March 2015 he will throw his products in the toilet.

20. On January 15, 2015 Defendant filed a cancellation proceeding (ESTTA650379) seeking to cancel Plaintiff's trademark Reg. No. 4462487 (the "Cancellation Proceeding"). See attached Exhibit E.

21. Defendant alleges registration of a design (copyright VA-1935912) in the Cancellation Proceeding.

22. Upon information and belief, Group III International, Ltd. Is listed as the author, as an employee for hire, of a graphic design that is the subject of the alleged copyright registration and Wenger S.A. received right by transfer via a written agreement. See attached Exhibit F.

23. Upon information and belief, Defendant has also filed cancellation proceedings and/or objection proceedings against companies related to Plaintiffs in Germany, Serbia and Hong Kong.

24. There presently exists a justiciable controversy regarding the Plaintiffs' right to use any and all forms of the marks as described in U.S. Reg. No. 4462487, and U.S. Serial Nos. 86374172, 86374174, 86374175 and 86374177 free of any allegation by Wenger that such conduct constitutes an infringement of trademark and copyrights rights allegedly owned by Defendant.

# FIRST CLAIM FOR RELIEF
## (CANCELLATION OF TRADEMARK REGISTRATIONS)

25. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-24 inclusively as if fully set forth herein.

26. Plaintiffs seeks cancellation of U.S. Reg. No. 3820133, 4301579, 4024369, 4109108, 3291272, 3291271, 3291266, and 3405840 (the "Wenger Marks").

27. The Wenger Marks do not qualify for registration under Lanham Act, 15 U.S.C. §1052.

28. Defendant uses a Swiss Flag in their marks. 15 U.S.C. §1052(b) bars the registration on either the Principal Register or the Supplemental Register of marks that consist of or comprise (whether consisting solely of, or having incorporated in them) the flag, coat of arms, or other insignia of the United States, of any state or municipality of the United States, or of any foreign nation.

29. Registration of the Wenger Marks was improvidently allowed and should be cancelled.

# SECOND CLAIM FOR RELIEF
## (INVALIDITY/UNENFORCEABILITY OF TRADEMARK)

30. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-29 inclusively as if fully set forth herein.

31. This is a declaratory judgment action under the Trademark Laws of the Untied States, 15 U.S.C. §§1051 et seq. (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiffs seek relief from the Court.

32. Plaintiffs request an order declaring that the Defendant's alleged Wenger Marks, which were asserted by Defendant in a U.S. Cancellation proceeding against Swissgear North America Co., Ltd, lack the requisite legal requirements to be protectable on the Principal register and to be enforceable.

**THIRD CLAIM FOR RELIEF**
**(NON-INFRINGEMENT OF TRADEMARKS)**

33. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-32 inclusively as if fully set forth herein.

34. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq., the Lanham Act, 15 U.S.C. §1125 et seq., and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiffs seek relief from the Court.

35. Plaintiffs are entitled to declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any allegedly enforceable trademark rights owned by Wenger relating to the sale of goods described in Plaintiffs' trademarks U.S. Reg. No. 4462487, U.S. Serial Nos. 86374172, 86374174, 86374175, and 86374177.

**FOURTH CLAIM FOR RELIEF**
**(COPYRIGHT INVALIDITY/UNENFORCEABILITY)**

36. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-35 inclusively as if fully set forth herein.

37. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. §101 et seq. and §501 et seq. As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiffs seek relief from the Court.

37. U.S. Copyright Registration No. VA-1935912 allegedly covering a design

6

incorporating Wenger Emblem is a component of a bag that is a "useful article" under the Copyright Act and is not subject to copyright protection.

38. Plaintiffs request an order declaring that the Defendant's alleged Wenger Copyright, which was asserted by Defendant in a U.S. Cancellation proceeding against Swissgear North America Co., Ltd, is invalid and lacks the requisite legal requirements to be protectable and to be enforceable.

## FIFTH CLAIM FOR RELIEF
### (NON-INFRINGEMENT OF COPYRIGHTS)

39. Plaintiffs re-aver and re-state the foregoing Paragraphs 1-38 inclusively as if fully set forth herein.

40. This is a declaratory judgment action under the Untied States Copyright Act of 1976, 17 U.S.C. §501 et seq. As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiffs seek relief from the Court.

41. Defendant was aware of Plaintiffs' trademarks at least as early as 2005, as Plaintiffs and their related companies have filed registrations for these marks in jurisdictions throughout the world, including New Zealand and Australia, since at least 2005.

42. Under 17 U.S.C. § 507(b) Defendant failed to commence action against Plaintiffs within three years after the claim accrued.

43. Plaintiffs are entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable copyrights owned by Wenger.

44. Defendant's claim of infringement is barred by laches and estoppel.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment awarding the following relief:

(a) An order declaring that the Wenger Trademarks lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

(b) An order declaring that the Wenger Trademarks are invalid and unenforceable;

(c) An order cancelling the Wenger Trademarks;

(d) An order declaring that Plaintiffs do not infringe any valid trademark owned by Defendant relating to the Wenger Trademarks;

(e) An order declaring that the Wenger Copyright is invalid and unenforceable;

(f) An order declaring that Plaintiffs do not infringe any valid copyright owned by Defendant;

(g) An order awarding attorneys' fees, costs and expenses incurred in connection with this action to Plaintiffs; and

(h) An order awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Dariush Keyhani
Dariush Keyhani
Jennifer Meredith
Meredith & Keyhani, PLLC
205 Main Street
East Aurora, New York 14052
dkeyhani@meredithkeyhani.com
Telephone: (716) 89-8938
Facsimile: (716) 299-2499
***ATTORNEYS FOR PLAINTIFFS***