# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>WENGER S.A.,<br><br>*Defendant*. | Civil Action No. 6:21-cv-453<br><br>Jury Trial Demanded |

**WENGER S.A.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page(s)**

I.  BACKGROUND ................................................................................................................ 1
II. LEGAL STANDARD ....................................................................................................... 3
III. ARGUMENT .................................................................................................................... 4
    A.   This Case Could Have Been Brought in the Southern District of Florida. ............. 4
    B.   The Private Interest Factors Favor Transfer. .......................................................... 4
        i.   Relative Ease of Access to Sources of Proof ............................................. 4
        ii.   Availability of Compulsory Process .......................................................... 6
        iii.   Cost of Attendance for Willing Witnesses ................................................ 8
        iv.   All Other Practical Problems ..................................................................... 9
    C.   The Public Interest Factors Favor Transfer. ........................................................... 9
        i.   Administrative Difficulties Flowing from Court Congestion .................... 9
        ii.   Local Interests ........................................................................................... 10
        iii.   Familiarity of the Forum with the Governing Law; Conflict of Laws ..... 11
IV. CONCLUSION ................................................................................................................. 11
CERTIFICATE OF CONFERENCE ........................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) ...................................................................................................10

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) ........................................................................................................3

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ..........................................................................................4, 5, 10

*In re Apple*,
  581 F. App'x 886 (Fed. Cir. 2014) ...............................................................................................8

*AudioEye, Inc. v. accessiBe Ltd.*,
  No.6:20-cv-997, Dkt. 51 (W.D. Tex. Oct. 18, 2021) ....................................................................4

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008) ......................................................................................................2

*Decapolis Sys., LLC v. eClinical Works, LLC*,
  No. 21-cv-00502-ADA, Dkt. 30 (W.D. Tex. Mar. 1, 2022) ............................................5, 7, 11

*EcoFactor, Inc. v. Google LLC*,
  No. 6:20-cv-75 (W.D.Tex.) (jury verdict delivered on Feb. 10, 2022) .......................................9

*Fintiv Inc. v. Apple Inc.*,
  No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) .......................................4, 6

*Gemalto S.A. v. CPI Card Grp. Inc.*,
  No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) .............................................6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ........................................................................................4, 8, 10

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ...................................................................................................11

*Identity Security LLC v. Apple Inc.*,
  No. 1:22-cv-00058, Dkt. 59 (W.D. Tex. Jan. 20, 2022) ..........................................................9, 10

*Kahn v. General Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ..................................................................................................10

*Metricolor LLC v. L'Oreal S.A.*,
  791 Fed. Appx. 183 (Fed. Cir. 2019)................................................................................2, 12

*NCS Multistage Inc. v. Nine Energy Serv., Inc.*,
  No. 6:20-cv-277 (W.D.Tex.) (jury verdict delivered on Jan. 21, 2022) ...................................9

*Neo Wireless, LLC v. Dell Techs. Inc., et al.*,
  No. 6:21-cv-24, Dkt. 60 (W.D. Tex. Jan. 20, 2022) ...............................................................10

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1982).................................................................................................................3

*In re Radmax*,
  720 F.3d 285 (5th Cir. 2013) ...................................................................................................6

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
  329 F.3d 823 (Fed. Cir. 2003)..................................................................................................3

*SwissDigital USA Co., Ltd. v. Avon Lifestyle Pvt. Ltd., et al.*,
  No. 1:20-cv-00870 (W.D.N.Y. 2020).......................................................................................6

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008).................................................................................................3

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ................................................................................................3, 8

*In re Volkswagen, Inc.*,
  545 F.3d 304 (5th Cir. 2008) .......................................................................................3, 6, 8, 9

*Word to Info, Inc. v. Facebook, Inc.*,
  No. 3:14-cv-04387-K, 2015 WL 13870507 (N.D. Tex. Jul. 23, 2015) ..................................10

**Federal Statutes**

28 U.S.C. §§ 1331, 1338.................................................................................................................4

28 U.S.C. § 1391(c) .......................................................................................................................4

28 U.S.C. §§ 1404, 1404(a) ...................................................................................................1, 3, 8

**Rules**

Fed. R. Civ. P. 12(b)(2)...................................................................................................................1

Fed. R. Civ. P. 45(c)(1)(A), (B)(ii) ..............................................................................................6, 7

Defendant Wenger S.A. ("Wenger") hereby files this Motion to Transfer to the Southern District of Florida Pursuant to 28 U.S.C. § 1404(a).[1]

## I. BACKGROUND

SwissDigital filed the present lawsuit on April 30, 2021, asserting claims of induced and contributory infringement of two patents against Wenger. Dkt. 1 (the "Complaint"). Wenger subsequently filed a motion to dismiss for failure to state a claim,[2] asking the Court to dismiss SwissDigital's Complaint because it recited only bare assertions of direct infringement, failed to state a legally cognizable theory of induced infringement, and failed to plead the statutorily required elements of contributory infringement. Dkt. 14 (the "First Motion to Dismiss"). SwissDigital filed a First Amended Complaint ("FAC"), raising claims of direct, induced, and contributory infringement of the same two patents, and mooting the First Motion to Dismiss (Dkt. 20), and Wenger filed its Answer. (Dkt. 23).

SwissDigital is a Delaware limited liability company. Compl. ¶ 2. Its headquarters are in New York. *Id.* Wenger is a Swiss corporation organized under the laws of Switzerland. Bussard Decl.[3] (Dkt. 14-1) ¶ 3. Its headquarters are in Delemont, Switzerland. *Id.* It is a subsidiary of Victorinox AG, which is also incorporated and headquartered in Switzerland. *Id.* Wenger does not design, manufacture, sell, offer for sale, import, market, advertise, or offer services related to

---

[1] This case was filed on April 30, 2021, and therefore the filing of this Motion to Transfer is governed by the Second Amended Standing Order Regarding Motions for Inter-District Transfer (Aug. 18, 2021). In the spirit of the requirements set forth in Section V of the Standing Order Governing Proceedings (OGP) 4.0—Patent Cases, entered on March 7, 2022, Wenger files the present Motion at this time. The *Markman* hearing in this case is scheduled for May 19, 2022. *See* Dkt. 22.

[2] That motion also requested dismissal under Fed. R. Civ. P. 12(b)(2).

[3] Mr. Bussard is the CFO of Wenger, S.A. and submitted a sworn declaration in support of Wenger's First Motion to Dismiss, now mooted. *See* Dkt. 14-1. All citations to Mr. Bussard's sworn testimony are to that declaration, found at Dkt. 14-1.

1

the accused products in Texas.[4]  Bussard Decl. (Dkt. 14-1) ¶ 4, 5, 14.[5]  Wenger also does not have any contacts with Texas—it does not have a telephone number, mailing address, or any real property, leased or owned, in Texas.  Bussard Decl. (Dkt. 14-1) ¶¶ 6, 7, 9.  Wenger is not registered to do business in Texas, does not pay taxes in Texas, and does not maintain an agent for service of process in Texas.  Bussard Decl. (Dkt. 14-1) ¶¶ 10-12.

Beyond the named parties, there is a significant third party to this litigation. Group III International ("Group III"), an entity known to SwissDigital since at least 2014, makes and sells the accused products.  Pulichino Decl. (Exh. A) ¶¶ 3-6, 17-18.  SwissDigital also knows of Group III's role concerning the accused products (Pulichino Decl. (Exh. A) ¶ 18).  SwissDigital appears to have omitted naming Group III as a Defendant in a blatant forum shopping attempt. Group III is a corporation organized under, existing under, and headquartered in Florida.  Pulichino Decl. (Exh. A) ¶ 7.  Group III does not have a telephone number, mailing address, or place of business in Texas.  Pulichino Decl. (Exh. A)  ¶¶ 12, 14.  Group III does not have any employees in Texas.  Pulichino Decl. (Exh. A) ¶ 13.  Group III is headquartered in Florida, with a principal place of business in Pompano Beach, Florida.  Pulichino Decl. (Exh. A) ¶ 7.  Group III's employees are in Florida.  Pulichino Decl. (Exh. A) ¶ 8.  Group III maintains all of its documents, records, inventory, sample products, and other materials in its home state of Florida.   Pulichino

---

[4] SwissDigital's Complaint alleges that Wenger has "marketed and promoted its products within Texas, and has committed acts of patent infringement in Texas." (Complaint ¶ 20.)  However, because Mr. Bussard's declaration "directly contravene[s]" SwissDigital's allegations, the Court need not accept the truth of those allegations. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 888-89 (Fed. Cir. 2008) (where opposing party "d[oes] not controvert the truth of [the] assertions," the court "assume[s] the truth of [the] allegations").

[5] Sworn affidavit testimony may controvert conclusory allegations in a complaint on a 12(b) posture.  *Metricolor LLC v. L'Oreal S.A.*, 791 Fed. Appx. 183, 190 (Fed. Cir. 2019) (finding plaintiff "failed to meet its burden" against a 12(b)(2) motion accepting all facts in favor of the plaintiff, where defendant provided "uncontroverted sworn testimony refut[ing] that allegation").

Decl. (Exh. A) ¶ 9. Group III has no known contacts to Texas. Pulichino Decl. (Exh. A) ¶¶ 10-15.

## II. LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Motions to transfer venue for convenience under 28 U.S.C. § 1404 are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter, "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.

**III.   ARGUMENT**

    **A.   This Case Could Have Been Brought in the Southern District of Florida.**

"[A] defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c).  The Southern District of Florida has subject matter jurisdiction over the present case pursuant to 28 U.S.C. §§ 1331, 1338, and has personal jurisdiction over Wenger under Rule 4(k)(2). Fed. R. Civ. P. 4(k)(2) ("For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."); *see also AudioEye, Inc. v. accessiBe Ltd.*, No.6:20-cv-997, Dkt. 51 (W.D. Tex. Oct. 18, 2021).  Accordingly, the present case could have been brought in the Southern District of Florida.

    **B.   The Private Interest Factors Favor Transfer.**

        ***i.   Relative Ease of Access to Sources of Proof***

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

The relevant documents and sources of proof in this case are all located in Florida, in the possession of the third party responsible for the design, manufacture, and sale of the accused products.  As a threshold issue, Wenger has—at most—a handful of documents relevant to the issues in this case.  Wenger does not design, manufacture, sell, use, or offer for sale the accused

products. Bussard Decl. (Dkt. 14-1) ¶ 4. Instead, SwissDigital's theory of liability is that Wenger is liable for infringement by the accused products because the products are branded with the "SWISSGEAR" trademark that is registered to Wenger. *See, e.g.*, FAC ¶ 9-11. But Wenger licenses the "SWISSGEAR" mark to Group III International, Inc. for use on the accused products. *See* Pulichino Decl. (Exh. A) ¶ 5. Accordingly, at most, Wenger has a handful of documents relevant to the issues in this case, such as a license agreement and trademark registration – none of which actually bear on the issue of patent infringement.[6]

The bulk of the documents relevant in this case will be in the hands of the entity responsible for the design, manufacture, and sales of the accused products, Group III. *See, e.g., In re Apple*, 979 F.3d at 1340;[7] *see also Decapolis Sys., LLC v. eClinical Works, LLC*, No. 21-cv-00502-ADA, Dkt. 30 at 4 (W.D. Tex. Mar. 1, 2022) (finding this factor favors transfer where all proof, including "[d]ocuments relevant to acts of infringement" and "managers and executives who control marketing and sales documents" were located in the headquarters of the allege infringer in the transferee forum). Group III's documents, records, inventory, sample products, and other materials are stored in Florida. Pulichino Decl. (Exh. A) ¶ 9. Group III does not have any sources of proof in Texas. *See* Pulichino Decl. (Exh. A) ¶¶ 9-15.

---

[6] Such a handful of documents will, at most, be minimally relevant to the analysis of this factor, as the primary sources of proof will be much more voluminous, and located in Florida, as mentioned *infra*. As a Swiss corporation not at home in this forum, Wenger's documents are located in Switzerland. None of these documents would be located in Texas. Accordingly, to the extent these documents affect this factor, they are neutral.

[7] *In re Apple* holds that "the place where the *defendant's* documents are kept weighs in favor of transfer to that location." 979 F.3d at 1340. That case analyzes the paradigm patent case where the defendant is the accused infringer. However, as explained in Wenger's previous 12(b)(2) motion (Dkt. 14), Wenger does not make, use, sell, or offer for sale the accused products; rather, its trademark licensee, Group III International, Inc., does. Accordingly, it makes sense to look to the location of Group III's documents, as Group III is the party that designs and sells the accused products. *See, e.g.,* Pulichino Decl. (Exh. A) ¶ 4.

Upon information and belief, and to the extent it affects the analysis, SwissDigital also does not have any sources of proof in Texas.  SwissDigital is a Delaware company with a principal place of business in New York.  FAC ¶ 2; *see also* Exh. B (SwissDigital website "About Us" page)[8].  SwissDigital does not have any places of business or employees in Texas.  *Id*.  In fact, when it has asserted claims of patent infringement against a foreign company before, it has chosen to file in New York.   *See, e.g., SwissDigital USA Co., Ltd. v. Avon Lifestyle Pvt. Ltd., et al.*, No. 1:20-cv-00870 (W.D.N.Y. 2020).  What's more, any SwissDigital sources of proof located in Texas would be insufficient to outweigh the sources of proof of Group III in Florida.  *See In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) ("[T]he question is *relative* ease of access, not *absolute* ease of access.") (emphasis in original).

Accordingly, because none of the relevant sources of proof are located in Texas, and the bulk of the materials are located in Florida, this factor heavily favors transfer.

### ii.     *Availability of Compulsory Process*

Similarly, the availability of compulsory process heavily weighs in favor of transfer.  Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv, Inc. v. Apple Inc.*, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316).

---

[8] Available at https://www.swissdigital.us/about-us (last accessed Mar. 11, 2022).

Group III, the entity responsible for the design, manufacture, and sale of the accused products, is a third-party to this lawsuit.[9] Group III's employees possess highly relevant information and knowledge about how the accused products are designed and how they work, as well as the sales and other financial information associated with the accused products – critical information for a patent infringement lawsuit. All of Group III's employees work in Pompano Beach, Florida; none work or reside in Texas. Pulichino Decl. (Exh. A) ¶¶ 8, 13. Travel to the Western District of Texas would be inconvenient and expensive for any Group III witnesses, including almost a day of travel each way and therefore several days out of the office/business. Pulichino Decl. (Exh. A) ¶ 16. Group III potential witnesses are within the subpoena power of the Southern District of Florida, but not the Western District of Texas. *See* Fed. R. Civ. P. 45(c)(1)(A).

Wenger is not aware of any third-party witnesses within the subpoena power of this Court. The sole listed inventor on both asserted patents is in China. *See* Dkt. 20-1 ('071 Patent); Dkt. 20-2 ('138 Patent). The prosecuting attorney is located in New York. *See* Dkt. 20-1 ('071 Patent listing Jennifer Meredith as prosecuting attorney); Dkt. 20-2 ('138 Patent listing Jennifer Meredith as prosecuting attorney); Exh. C (professional webpage of Ms. Meredith, listing her office as in New York City)[10].

---

[9] It is unclear at this juncture whether witnesses from Group III are willing or unwilling witnesses; accordingly, Group III witnesses are analyzed under both the compulsory process and cost of willing witnesses factors. To the extent that Group III is analyzed as a party, the compulsory process factor will be neutral for the Group III witnesses. *See Decapolis*, No. 21-cv-00502-ADA, Dkt. 30 at 5 (finding factor neutral where "[t]he parties agree that at this moment, there are no non-party witnesses that may require compulsory process"). Even if the Group III witnesses are not analyzed under this factor, however, the Court may look to the other third-party witnesses laid out below on page 7.

To be clear, even if all Group III witnesses are analyzed as non-party witnesses, this would not affect the analysis for the other non-party witnesses, and therefore this factor favors transfer even still.

[10] Available at https://www.lippes.com/team/jennifer-meredith-94 (last accessed Mar. 9, 2022).

Keeping this litigation in Texas, where the parties will be unable to use the subpoena power of the court to obtain the crucial information from the only entity with personal information regarding the design, manufacture, and sale of the accused products, will result in not only inconvenience, but also prejudice to Wenger in being able to defend itself.[11] Therefore, this factor "weigh[s] heavily in favor of transfer [because] more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

### iii. Cost of Attendance for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203).

Texas is not the most convenient forum for party witnesses. As explained *supra*, neither party has any contacts to this forum; Plaintiff's contacts are to New York, and Wenger's contacts are to Switzerland. Therefore, the convenience of party witnesses is, at best, neutral.

To the extent Group III has any witnesses willing to attend trial, they are located in the Southern District of Florida, which is therefore a more convenient forum for them than the Western District of Texas. Pulichino Decl. (Exh. A) ¶ 16.

Accordingly, because the cost of attendance for willing witnesses is neutral for party witnesses and heavily weighs in favor of transfer to the extent that Group III has witnesses willing to attend trial, this factor favors transfer.

---

[11] Nor will resolving this case in Texas resolve any real dispute. Group III, the entity making and selling the accused products, is not a party.

### iv.    All Other Practical Problems

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314.  Here, there is the significant practical problem that the information relevant to accused products is not within the possession, custody and control of the only named defendant, Wenger. Group III, located in Florida, has the information.

Wenger is not aware of any additional practical problems with transferring the case to the Southern District of Florida.  Both districts have been able to maintain open court and jury trials during the pandemic, making any practical problems due to closures due to the COVID-19 pandemic neutral.[12]  *See, e.g., Identity Security LLC v. Apple Inc.,* No. 1:22-cv-00058, Dkt. 59 at 9-10 (W.D. Tex. Jan. 20, 2022) (analyzing "closures due to the COVID-19 pandemic" under the "practical problems" factor).

This factor also favors transfer.

### C.    The Public Interest Factors Favor Transfer.

#### i.    Administrative Difficulties Flowing from Court Congestion

This Court's median time to trial in patent cases is 22.9 months, while the Southern District of Florida's median time to jury trial in patent cases is 24.27 months.  *See* Exh. D (Docket Navigator, Florida Southern District, Time to Milestones);[13] *see also Identity Security,* No. 1:22-cv-00058, Dkt. 59 at 10-11 (collecting cases and finding an average time to trial for patent cases

---

[12]  *Compare* Southern District of Florida, "Recent Jury Verdicts," available at https://www.flsd.uscourts.gov/recent-jury-verdicts (last accessed Feb. 19, 2022) (showing twelve jury verdicts in the District "As of 02/18/2022 – Last 30 Days"); *with NCS Multistage Inc. v. Nine Energy Serv., Inc.*, No. 6:20-cv-277 (W.D. Tex.) (jury verdict delivered on Jan. 21, 2022); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-75 (W.D. Tex.) (jury verdict delivered on Feb. 10, 2022).

[13] Available at https://search.docketnavigator.com/patent/court/16/1 (last accessed Mar. 11, 2022).

in this Court to be "approximately two years after the filing of the complaint"); *Neo Wireless, LLC v. Dell Techs. Inc., et al.*, No. 6:21-cv-24, Dkt. 60, at 10-11 (W.D. Tex. Jan. 20, 2022) (same). Court congestion is "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Therefore, this factor is neutral but nevertheless, "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989).

### ii. Local Interests

Local interests heavily favor transfer. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). Here, there are substantial factual connections to the Southern District of Florida, and none to this District.

The accused products in this case are designed and sold from the Southern District of Florida. Pulichino Decl. (Exh. A) ¶¶ 3-4, 6-8. All of the 70 employees working for Group III, who designs and sells the accused products, work in the Southern District of Florida. Pulichino Decl. (Exh. A) ¶¶ 3-4, 6-8. These connections of the accused products to the Southern District of Florida are significant. *See In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) ("This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'") (emphasis in original). Further, because these connections to the Southern District of Florida—including the design and sale of the accused products—are tied to the infringement claims asserted in the present case, that forum has a heightened local interest in the claims at issue here. *See Decapolis*, No. 6:21-cv-00502-ADA, at

10

12-13 (finding "a higher local interest" in the transferee forum where the defendant's headquarters was there, and "the alleged infringing products were likely developed" there, the case would "call into question the work and reputation of . . . employees" there).

By contrast, as explained above, neither the Plaintiff nor Wenger have any connections to this Court.[14]  Accordingly, this factor heavily favors transfer.

### iii. Familiarity of the Forum with the Governing Law; Conflict of Laws

Because both fora are federal district courts with extensive experience and expertise applying patent law, these factors are neutral.

## IV. CONCLUSION

The conclusions for each of the public and private factors are summarized in the following table.

| Factor | Weight |
| --- | --- |
| Private: Relative ease of access to sources of proof | Heavily favors transfer |
| Private: Availability of compulsory process to secure the attendance of witnesses | Heavily favors transfer |
| Private: Cost of attendance for willing witnesses | Favors transfer |
| Private: All other practical problems that make trial of a case easy, expeditious, and inexpensive | Favors transfer |
| Public: Administrative difficulties flowing from court congestion | Neutral |
| Public: Local interest | Heavily favors transfer |

---

[14] To the extent any of the accused products are sold in this District, it is because the products are sold nationwide. As the Federal Circuit has explained, this does not tilt the venue analysis. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue.").

| | |
|---|---|
| Public: Familiarity of the forum with law that will govern the case | Neutral |
| Public: Conflict of laws | Neutral |

For the foregoing reasons, Wenger respectfully submits that the Southern District of Florida is a clearly more convenient venue, and respectfully requests that the Court grant its Motion and transfer this action to the Southern District of Florida.

Dated: March 12, 2022
　　　　　　　　　　　　　　　　　　/s/ Taylor N. Mauze
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 250
Austin, Texas 78735
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1710 Rhode Island Avenue, NW, 12th Floor
Washington, DC 20036
Tel: (202) 894-7311

*Attorneys for Defendant Wenger, S.A.*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on March 12, 2022.

*/s/ Taylor N. Mauze*

**CERTIFICATE OF CONFERENCE**

    I hereby certify that, pursuant to Local Rule CV-7(i), on March 9, March 10, and March 11, 2022, I contacted opposing counsel regarding the present Motion for the purpose of determining whether the Motion was opposed.  Opposing counsel responded on March 10, 2022, but was unable to provide a position on the present Motion.  Accordingly, the present Motion is filed as opposed.

*/s/ Taylor N. Mauze*