# Exhibit 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSONITE INTERNATIONAL S.A., <br><br> *Defendant*. | Civil Action No. 6:23-cv-00196-ADA <br><br> **JURY TRIAL DEMANDED** |

**SAMSONITE INTERNATIONAL S.A.'S NOTICE OF
SUBPOENAS TO GROUP III INTERNATIONAL, INC.**

PLEASE TAKE NOTICE that pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, Defendant, Samsonite International S.A. ("Samsonite International"), by and through its attorneys, intends to immediately serve subpoenas to testify at a deposition in a civil action and to produce documents, information, or objects on Group III International, Inc. ("Group III").

Group III is ordered to appear for the taking of a deposition under oral examination at the time and place noticed in the subpoena, or at such other time and location mutually agreed upon in advance by Samsonite International and Group III, and will continue until completed. The deposition will take place before an officer authorized by law to administer oaths. In accordance with the provisions of Rule 30(b)(3) and 45 of the Federal Rules of Civil Procedure, the deposition will be recorded by stenographic means and may be videotaped.

Group III is also ordered to produce the documents and things identified in Schedule A to the subpoena to produce documents, information, or objects. The documents shall be produced or presented at the time and location specified in the subpoena, or alternatively at a mutually agreed upon time and location.

A true and correct copy of the subpoenas is served with this notice.

Date: September 25, 2023

Respectfully submitted,

*/s/ Bailey K. Benedict*
Bailey K. Benedict
benedict@fr.com
Texas State Bar No. 24083139
**FISH & RICHARDSON P.C.**
909 Fannin St., Ste 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

**ATTORNEYS FOR DEFENDANT
SAMSONITE INTERNATIONAL S.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail on September 25, 2023.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:23-CV-00196-ADA |
| SAMSONITE INTERNATIONAL S.A. ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: GROUP III INTERNATIONAL, INC., C/O TOM RUGGERI
2981 W. MCNAB, POMPANO BEACH, FL 33069

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Courtyard by Marriott Ford Lauderdale North/Cypress Creek 2440 W Cypress Creek Rd, Fort Lauderdale, FL 33309 | Date and Time: 10/16/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2023

*CLERK OF COURT*
                                              OR
_____                           /s/ Bailey Benedict
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Samsonite International S.A. , who issues or requests this subpoena, are:

Bailey Benedict, Fish & Richardson P.C., 909 Fannin St. Suite 2100, Houston, TX 77010 (713) 654-5300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:23-CV-00196-ADA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD. <br> *Plaintiff* <br> v. <br> SAMSONITE INTERNATIONAL S.A. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 6:23-CV-00196-ADA <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: GROUP III INTERNATIONAL, INC., C/O TOM RUGGERI
2981 W. MCNAB, POMPANO BEACH, FL 33069

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A

| Place: Courtyard by Marriott Ford Lauderdale North/Cypress Creek <br> 2440 W Cypress Creek Rd, Fort Lauderdale, FL 33309 | Date and Time: <br> 10/23/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2023

| *CLERK OF COURT* | |
|---|---|
| OR | |
| _____ | /s/ Bailey Benedict |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Samsonite International S.A. , who issues or requests this subpoena, are:

Bailey Benedict, Fish & Richardson P.C., 909 Fannin St. Suite 2100, Houston, TX 77010 (713) 654-5300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:23-CV-00196-ADA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A TO
# SAMSONITE INTERNATIONAL S.A.'S NOTICE OF SUBPOENA
# TO GROUP III INTERNATIONAL, INC.

The following definitions and instructions apply.

## DEFINITIONS

1. The terms "You," "Your," or "Group III" mean Group III International, Inc., its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

2. The terms "Plaintiff" or "Swissdigital" means Swissdigital USA Co., Ltd., its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

3. The term "Wenger" means Wenger S.A., its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

4. The term "Samsonite International" or Samsonite International S.A.

5. "Patent-in-Suit" or "Patents-in-Suit" means United States Patent Nos. 10,574,071; 10,931,137; 10,931,138; and 11,601,009.

6. "Related Patent" means (i) any patent or patent application in a patent family to which a Patent-in-Suit claims priority; (ii) any patent or patent application that claims priority through a patent family that includes a Patent-in-Suit; and (iii) any foreign counterpart of a Patent-in-Suit and/or Related patent.

7. "Art" means any document, publication, reference, apparatus, device, system, hardware, or software.

8. "Prior Art" means any patent, published patent application, publication, reference, apparatus, device, system, document, hardware, software, public knowledge, public use, sale, offer for sale, or invention relating to the subject matter of the claims of the Patents-in-Suit that is dated or may have occurred prior to August 26, 2015, as well as any materials that could reasonably lead to the discovery or identification of such materials.

9. "Wenger Litigation" means the litigation styled *Swissdigital USA Co., Ltd. v. Wenger S.A.*, No. 6:21-cv-00453 (W.D. Tex.), filed on April 30, 2021; *Swissdigital USA Co., Ltd. v. Wenger, S.A.*, No. 6:22-cv-01301 (W.D. Tex.), filed on December 27, 2022; and/or *Swissdigital USA Co., Ltd. v. Wenger, S.A.*, No. 0:22-mc-62358 (S.D. Fla.), filed on December 15, 2022, collectively and individually.

10. The term "USB sheath," "USB port," "USB component," "integrated USB socket," means a "USB Port: USB power connectivity (integrated USB socket) to keep you charged and stress-free" as described at https://shop.samsonite.com/bags/laptop-backpacks/quadrion-standard-backpack/131703XXXX.html and/or any substantially similar feature.

11. The terms "Communication" or "Communications" mean every manner or method of the disclosure, transfer, transmission, or exchange of information, in whatever form, by whatever means, including, but not limited to, oral, written, face-to-face, telephone, facsimile,

network transfer, electronic mail, smartphone messages, voice-mail, text messages, postal mail, personal delivery, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal. This definition also includes all transcripts, summaries, electronic recordings, audio tapes and audio files constituting, reflecting or transcribing such communications.

12. "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

13. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

14. "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

15. "Concern" or "concerning" shall be construed in the broadest sense to require information, documents, or things, which include construe, comprise, concern, relate to, pertain

to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon, or summarize the subject of the request for documents.

16. "Relating to" or "relate(s) to" means in whole or in part: constituting, containing, referring to, concerning, embodying, reflecting, describing, analyzing, identifying, stating, dealing with, or in any way pertaining to.

17. "And" shall be treated as a synonym for "or" and vice versa. "Any" and "each" shall be understood to include one another and "all" whenever necessary to expand the scope of the request. The words "all," "every," "any," and "each" shall include each other whenever possible to expand the scope of the request.

18. In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of each topic all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

**INSTRUCTIONS**

1. Accompanying any document production, you shall provide a written declaration from the custodian or other qualified person certifying that the respective document production identified by Bates range, was: (A) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) kept in the course of the regularly conducted activity; and (C) made by the regularly conducted activity as a regular practice.

2. These requests shall apply to all items (e.g., documents or things) in your possession, custody, or control and/or the possession, custody, or control of any of your employees, agents, corporations, parent or subsidiary corporations, and/or divisions or affiliates.

3. All documents within the possession of your experts, consultants, and/or contractors should be consulted and provided if responsive.

4. If you know of the existence, past or present, of any items requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall provide a written statement setting forth:

    (a) The identity of the item;

    (b) The nature of the item (e.g., letter, memorandum, or chart);

    (c) The identity of the person(s) who created (e.g., authored) the item;

    (d) The identity of any person who received a copy of the item;

    (e) The date of the item;

    (f) A brief description of the subject matter of the item; and

    (g) The identity of any person who has possession, custody, or control of the item.

5. If no documents are responsive to a particular request, state that no responsive documents exist.

6. For any responsive items (e.g., documents or things) that have been lost, destroyed, withheld from production, or redacted, based on any ground, you shall provide a written statement setting forth:

    (a) The identity of the item;

    (b) The nature of the item (e.g., letter, memorandum, or chart);

    (c) The identity of the person(s) who created (e.g., authored) the item;

(d) The identity of any person who received a copy of the item;

(e) The date of the item;

(f) A brief description of the subject matter of the item; and

(g) The circumstances of the loss or destruction of the item or any fact, statute, rule, or decision upon which you rely in withholding or redacting the item.

7. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

(a) To disclose the facts upon which you rely in asserting your claim;

(b) To permit the grounds and reasons for withholding the information to be identified unambiguously; and

(c) To permit the information withheld to be identified unambiguously.

8. If You claim that a Request for Production is over-broad or unduly burdensome, please respond to that portion of the Request for Production to which You do not object and specifically state why You claim the Request for Production is over-broad or unduly burdensome.

9. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.

10. A copy of the Stipulated Protective Order entered in this case is included herewith. Thus, pursuant to the Protective Order adopted by the Court in this case, if You deem any document or information produced to be confidential, designate the document pursuant to the Protective Order.

11. This subpoena is continuing in nature. You must correct or supplement its responses if You learn that any response was incomplete or inaccurate when made or, although complete and accurate when made, is no longer complete and accurate.

**REQUESTS FOR PRODUCTION**

1. All Documents and Things that constitute or may constitute Prior Art to the Patents-in-Suit or Related Patents, including but not limited to any Prior Art made part of any allegation of invalidity of any Patent-in-Suit or Related Patent in the Wenger Litigation, or any product incorporating a "USB sheath."

2. Documents sufficient to show the structure and operation of any bag or luggage of which You are aware that comprises (1) a power source, (2) a USB cable or connector, and (3) a sheath over the USB connector, that you marketed or sold prior to August 26, 2015.

3. Documents sufficient to show the structure and operation of any bag or luggage of which You are aware that comprises (1) a power source, (2) a USB cable or connector, and (3) a sheath over the USB connector, that you marketed or sold prior to December 22, 2021.

**TOPICS FOR DEPOSITION**

1. The structure and operation of any Prior Art product identified in response to Samsonite International's Requests for Production.