### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC,<br><br>Defendants. | Civil No. 1:24-cv-11636<br><br>**JURY TRIAL DEMANDED**<br><br>**Expedited Consideration Requested** |

### DEFENDANTS' EXPEDITED MOTION FOR EXTENSION OF TIME

Pursuant to Paragraph 1 of the Procedural Provisions in the Court's Scheduling Order (Dkt. No. 25), Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Defendants" or "Samsonite") respectfully request that the Court reset the deadline for Defendants to make any disclosures related to reliance on advice of counsel to a date one month (or 28 days) after of the issuance of the Court's claim construction order. Defendants submit there is good cause to make this adjustment to the schedule to conform with local practice and the local patent rules and because Plaintiff will not be unfairly prejudiced.

The current schedule sets the deadline for "[a]ny party relying on advice of counsel as part of a patent-related claim or defense must produce the disclosures required under Local Rule 16.6(f) by **July 24, 2025**." Dkt. No. 25 (Scheduling Order) at 2. However, because any advice of counsel related to the Asserted Patents is dependent on the Court's forthcoming rulings regarding claim construction, Defendants are currently unable to make a properly informed decision regarding what advice of counsel it would need to rely on in this litigation, or even whether it needs to rely

on advice of counsel at all.  There have been no previous requests for adjournment or extension of this deadline, or any other deadline in the Court's Scheduling Order, to date.

Defendants have conferred with Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff"), and Plaintiff opposes this Motion. Plaintiff lists its reasons for opposition as follows: 1) Samsonite's motion is untimely because "Samsonite failed to move the Court at least 48 hours prior to the deadline;" 2) Plaintiff believes claim construction rulings "have no impact on Samsonite's ability to comply with the Scheduling Order and Local Rules;" and 3) Defendants' request would "necessitate further modifications to the Scheduling Order and needlessly prolong fact discovery." Ex. A (July 23, 2025 Email fr Draffin) at 2. Defendants respectfully submit that the Motion should be granted.

## I.      There is Good Cause for an Extension Because Claim Construction Defines the Scope of the Asserted Claims and Patents.

"The purpose of claim construction is to 'determin[e] the meaning and scope of the patent claims asserted to be infringed.'" *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (modification in original) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *affirmed*, 517 U.S. 370 (1996)). "It is also well understood that '[c]laim construction serves to define the scope of the patented invention and the patentee's right to exclude.'" *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1055 (Fed. Cir. 2024) (modification in original) (quoting *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1367 (Fed. Cir. 2017)). Claim construction is an essential part of any infringement analysis, and is the ***first step*** in "[a]djudicating a claim of infringement" in any case. *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 993 (Fed. Cir. 2024). Claim construction is also essential to invalidity determinations. *E.g.*, *Promptu Sys. Corp. v. Comcast Corp.*, 92 F.4th 1372, 1380 (Fed. Cir. 2024) ("The purpose of claim construction is to resolve disputed meanings and

technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement or invalidity." (cleaned up)).

One need look no further than this litigation to see the effects claim construction can have on the scope of the claims and patents in a patent litigation, and on the case as a whole. Depending on how the Court rules on the disputed terms at issue in the parties' claim construction briefing, the universe of accused products could be substantially narrowed or the entire dispute could be fully resolved. The parties will undoubtedly litigate the remainder of the case differently depending on this result. If, for example, the Court's ruling results in the majority of the accused products clearly falling outside the asserted claims, this will obviously impact the resources the Court and the parties should have to expend on any remaining issues.

These issues are intricately tied with the upcoming deadline for disclosures of advice of counsel. Local Rule 16.6(f) requires "any party relying on advice of counsel as part of a patent-related claim or defense" to produce any "opinion(s) and any other documentation relating to the opinion as to which that party agrees the attorney-client or work-product protection has been waived," as well as a "privilege log identifying any other documents . . . relating to the subject matter of the opinion(s) that the party is withholding." L.R. 16.6(f). But Defendants cannot determine which, if any, opinions of counsel are even relevant to this litigation—let alone which ones Defendants should be relying on—until they know the scope of the asserted claims, patents, and the universe of Accused Products at issue. Depending on the patents and claims at issue and their scope, certain opinions of counsel may or may not bear on any relevant issues in the case. As another court in this District has noted, "the scope of the subject matter" to which a waiver arising from reliance on advice of counsel applies is "narrow." *E.g.*, *Saint-Gobain/Norton Indus. Ceramics Corp. v. Gen. Elec. Co.*, 884 F. Supp. 31, 34 (D. Mass. Apr. 19, 1995). Defendants should not be

forced to disclose opinions of counsel or be forced to expend resources litigating whether such disclosure would waive the attorney-client privilege over other documents relating to those opinions, when the issues to which those opinions and documents pertain may ultimately have no relevance to any claims or defenses in the case. Indeed, Local Rule 16.6(f), which the Court's Scheduling Order references specifically for this deadline, already provides by default that the disclosures should be made within 28 days "after entry of the court's claim-construction ruling." L.R.16.6(f).

Defendants recognize that they are presenting this request less than two days prior to the deadline in the Scheduling Order, which is tomorrow, July 24, 2025. However, given the link between claim construction and advice of counsel, the potential efficiencies to be gained, and the default provisions in the Local Rules, Defendants request that the Court extend this single deadline in the schedule to conform with the timing set forth in the Local Rules.

Accordingly, Defendants submit that there is good cause to tie the deadline for the parties' Local Rule 16.6(f) disclosures until a set period of time (Defendants propose one month, or 28 days, in accordance with Local Rule 16.6(f)) after the issuance of the Court's claim construction order.

## II. The Extension Will Not Require Modifications to Any Other Deadlines in the Scheduling Order or Unfairly Prejudice Plaintiff.

Plaintiff contends that the Defendants' request would "necessitate further modifications to the Scheduling Order and needlessly prolong fact discovery." Ex. A (July 23, 2025 Email fr Draffin) at 2. Not so. No deadline in the Scheduling Order is keyed off of the current date for disclosures related to reliance on advice of counsel. *See generally* Dkt. No. 25 (Scheduling Order). Extending this single deadline, which is not tied to any other deadlines in the current schedule,

will have no effect on any other deadlines in the Scheduling Order, and will not require any further modifications.

The extension will also not prolong fact discovery. There is ample time remaining in discovery—the current close of fact discovery is set for approximately six months from now, on January 22, 2026. Dkt. No. 25 (Scheduling Order) at 3. There is no reason to believe that Plaintiff will not have sufficient time to complete opinion-related discovery (if any) within that time period after issuance of the Court's claim construction order. In any case, while any advice and opinions of counsel themselves are tied to issues such as infringement or invalidity, any ***discovery*** Plaintiff would take related to such advice or opinions of counsel is distinct from discovery on other issues in the case. To the extent Defendants rely on any advice or opinions of counsel, Defendants would also produce any related documents on the same date they disclose those opinions. *See* Local Rule 16.6(f). Any discovery Plaintiff takes on those opinions or documents would be limited to the scope of any resulting waiver, and would have no relation to, for example, the design of accused products, whether the claims read on those products, or whether a prior art reference may invalidate those claims.

In short, the requested extension does not affect any other date in the Scheduling Order, including any filings due to the Court, and would not prolong discovery nor harm Plaintiff in any way.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the deadline for disclosures required under local Rule 16.6(f) be reset from July 24, 2025 to a date that is one month (or 28 days) from the issuance of the Court's claim construction order in this case.

Dated:  July 23, 2025                          Respectfully submitted,

                                               By:  */s/ Adam J. Kessel*
                                               Adam J. Kessel
                                               Massachusetts Bar No. 661,211
                                               kessel@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               One Marina Park Drive
                                               Boston, MA 02210
                                               Tel:  (617) 542-5070
                                               Fax: (617) 542-8906

                                               Neil J. McNabnay (*Pro Hac Vice*)
                                               Texas Bar No. 24002583
                                               mcnabnay@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               1717 Main Street, Suite 5000
                                               Dallas, TX 75201
                                               Tel: (214) 747-5070
                                               Fax: (214) 747-2091

                                               Bailey K. Benedict (*Pro Hac Vice* )
                                               Texas Bar No. 24083139
                                               benedict@fr.com
                                               Ethan K. Kovar (*Pro Hac Vice* )
                                               Texas Bar No. 24138134
                                               kovar@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               909 Fannin Street, Suite 2100
                                               Houston, TX 77010
                                               Tel: (713) 654-5300
                                               Fax: (713) 652-0109

                                               Wonjoon Chung (*Pro Hac Vice* )
                                               Georgia Bar No. 396468
                                               chung@fr.com
                                               **FISH & RICHARDSON P.C.**
                                               1180 Peachtree Street NE
                                               21st Floor
                                               Atlanta, GA 30309
                                               Tel: (404) 892-5005
                                               Fax: (404) 892-5002

                                               ***Attorneys for Defendants***
                                               ***SAMSONITE GROUP S.A.; SAMSONITE***
                                               ***LLC; SAMSONITE COMPANY STORES,***
                                               ***LLC; and DIRECT MARKETING***
                                               ***VENTURES, LLC***

## **LOCAL RULE 5.1(c) REQUEST FOR EMERGENCY CONSIDERATION**

Pursuant to Local Rule 5.1(c), Defendants respectfully request that this motion be given expedited consideration, as it pertains to a deadline that is currently set for tomorrow, July 24, 2025.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Counsel for Defendants hereby certify that they have complied with the requirements of Local Rule 7.1 by attempting in good faith to resolve the issues presented in this motion. Swissdigital has indicated it opposes this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, I caused the foregoing document to be served upon all counsel of record via electronic mail.

*/s/ Adam J. Kessel*_____
Adam J. Kessel