UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.<br><br>      Plaintiff,<br><br>      v.<br><br>SAMSONITE GROUP S.A.;<br>SAMSONITE LLC; SAMSONITE<br>COMPANY STORES, LLC; and<br>DIRECT MARKETING VENTURES,<br>LLC;<br><br>      Defendants. | Case No. 1:24-cv-11636-JEK<br><br>JURY TRIAL DEMANDED |

PLAINTIFF SWISSDIGITAL USA CO., LTD.'S MEMORANDUM IN SUPPORT
OF ITS UNOPPOSED MOTION FOR LEAVE TO SERVE
AMENDED INFRINGEMENT CONTENTIONS

INTRODUCTION

Pursuant to Local Rule 16.6(d)(5) and the Scheduling Order, ECF No. 25, Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff" or "Swissdigital"), respectfully requests that the Court grant it leave to amend its Preliminary Infringement Contentions to include additional accused products identified through internal product information produced during discovery by Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC ("Defendants" or "Samsonite").

Swissdigital served its Preliminary Infringement Contentions pursuant to Local Rule 16.6(d)(1) with "as much specificity as reasonably possible from publicly available information or other information then within the patentee's possession, custody, or control."  Thereafter, Swissdigital served an interrogatory on Defendants seeking an "identification [of] all Samsonite Group bag or luggage products that have a USB sheath."[1]  See Defs.' 3d Suppl. Resps. Interrogs. (Ex. A) at 10.  In response, Samsonite indicated that "[it] does not track, and thus has no way of identifying[,] 'bag or luggage products that have a USB Sheath' other than a manual examination of each product."  Id. at 12.  Relying on Federal Rule of Civil Procedure 33(d), Samsonite produced nine voluminous spreadsheets and approximately 148,000 images relating to every product sold by Samsonite from 2020 to the present.

Swissdigital now seeks to supplement its contentions to include additional products that it identified only after an extensive, time-consuming review of Samsonite's production.  Swissdigital could not have identified these additional products prior to service of its original infringement

---

[1] Swissdigital's Initial Interrogatory No. 1 reads as follows: "Identify by product name, SKU, and any other internally used methods of identification all Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products listed above) and have been made, used, offered for sale, or sold in the United States or imported into the United States by a Samsonite Group company or any other entity from February 2020 to the present."  See Defs.' 3d Suppl. Resps. Interrogs. (Ex. A) at 10.

contentions as it lacked Samsonite's internal product documents now produced in this case. Such circumstance supports a finding of good cause for Swissdigital to supplement its infringement contentions. See L.R. 16.6(d)(5)(C).

Further, Samsonite will suffer no prejudice from granting this motion, as no new claims or patents are being asserted and the additional products do not change Swissdigital's infringement analysis. Rather, the amended infringement contentions seek to merely add additional accused products identified based on Samsonite's production. Swissdigital has shared its list of additional accused products with Samsonite, and Samsonite does not oppose this motion. Accordingly, the Court should grant Swissdigital's motion for leave.

## LEGAL STANDARD

Under Local Rule 16.6(d)(5), a party's infringement contentions may be amended by order of the Court upon a timely showing of good cause. The Local Rules set forth a "non-exhaustive" list of examples that may, absent undue prejudice to the non-moving party, support a finding of good cause, including "discovery of nonpublic information about the asserted infringement that was not discovered or located, despite diligent efforts, before the service of the infringement claim charts." L.R. 16.6(d)(5)(C).

Generally, the good cause inquiry considers the movant's diligence in amending its contentions and potential prejudice to the non-moving party or to the efficient resolution of this litigation if the motion to amend is granted. See Abiomed, Inc. v. Maquet Cardiovascular LLC, 2020 WL 3868803, at *3 (D. Mass. 2020) (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)).

## ARGUMENT

I.      Good Cause Exists Because Swissdigital Needed Samsonite's Internal Documents to Identify the Additional Accused Products.

Swissdigital's proposed amendments are based on Samsonite's production of numerous expansive, nonpublic spreadsheets and accompanying image files relating to every product sold by Samsonite from 2020 to the present.  As Samsonite explained, it does not track products by feature, such as a USB sheath, so Swissdigital undertook a time-consuming review of the produced materials to determine which of the thousands of listed products include a USB sheath feature. Based on this review, Swissdigital identified additional accused products that it now seeks to include in its infringement contentions.

Many of the newly identified products are no longer publicly listed on Defendants' websites, and Swissdigital was unable to discover these products before the service of its infringement contentions.  Some of the additional accused products are unique variations, each with a different internal SKU number, that are part of a previously identified product line (e.g., the newly identified Hartmann Ratio 2 Domestic CO EXP Spinner and the previously identified Hartmann Ratio 2 Global CO EXP Spinner).  Despite a diligent preliminary search, Swissdigital was able to identify these additional products only after receiving and reviewing Samsonite's internal, nonpublic product information.  Accordingly, there is good cause to amend Swissdigital's infringement contentions to include the additional accused products.  See L.R. 16.6(d)(5)(C).

II.     Swissdigital Has Diligently Reviewed Samsonite's Production and Prepared Its Amended Infringement Contentions.

Since Samsonite was unable to identify its products that have a USB sheath, on December 12, 2024, Defendants produced an Excel spreadsheet Bates numbered SAMSONIT00012216,[2]

---

[2] This spreadsheet consists of over 13.4 million cells of information.

which "includes a list of all products Samsonite has sold in the United States since 2020." Defs.'
3d Suppl. Resps. Interrogs. (Ex. A) at 12. Although this spreadsheet identified all products sold
and their corresponding internal SKU numbers, it did not contain information regarding any USB
sheath features. On February 3, 2025, Defendants' supplemented their production with eight
additional Excel spreadsheets Bates numbered SAMSONITE00012217–12224[3] and
approximately 148,000 images. These spreadsheets "include catalog information for all of
Samsonite's products . . . including links to images of products where available." Id.

Swissdigital began reviewing these document promptly upon receipt and has diligently
worked to identify the additional accused products. This process has necessarily included both the
identification of products that have a USB port through the use of the produced spreadsheets and
images and a further analysis of whether the specific USB port is in fact an infringing USB sheath.
Given the time-consuming nature of this task, Swissdigital has discovered additional accused
products as recently as July 29, 2025. Since then, the parties have communicated with each other
regarding the appropriate timing of the present motion, ultimately agreeing that the present motion,
filed now, would be unopposed. Thus, Swissdigital's motion for leave to amend reflects
appropriate diligence. See Abiomed, 2020 WL 3868803 (finding a party diligent when moving to
supplement contentions to add new product within three months of learning of that product).

III.    Samsonite Will Not Be Prejudiced by Allowing Swissdigital Leave to Serve Its
        Amended Infringement Contentions.

Courts generally find there is no prejudice in allowing supplemental contentions if the
supplement does not substantially change the asserted infringement theory or unfairly broaden the
scope of the case. See Abiomed, 2020 WL 3868803, at *4. Prejudice is typically found only if the

---

[3] These spreadsheets collectively consist of over 19.1 million cells of information.

supplemental contentions seek to add new theories of infringement, particularly late in the litigation without reasonable justification.  See id.

Swissdigital's proposed supplement only expands the list of accused products to its existing infringement contentions, and Samsonite has been aware of this expanded list since August 12, 2025.  The proposed supplement does not add new claims or introduce more theories of infringement.  Fact discovery remains open until at least January 22, 2026, and expert discovery does not close until April 22, 2026, at the earliest.  Allowing Swissdigital to serve supplemental infringement contentions now will not affect the case schedule or cause any undue delay in resolving this case.  In short, there is no prejudice to Samsonite in allowing Swissdigital to add the newly identified accused products to its infringement contentions.  See Abiomed, 2020 WL 3868803, at *4.

CONCLUSION

As Swissdigital demonstrated good cause exists to amend its infringement contentions, the Court should grant leave.

Dated: September 19, 2025

Respectfully submitted,

/s/ Dariush Keyhani

Dariush Keyhani (pro hac vice)
Frances H. Stephenson (pro hac vice)
Scott M. Draffin (pro hac vice)
KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

5

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

ATTORNEYS FOR PLAINTIFF,
SWISSDIGITAL USA CO., LTD.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on August 20, 2025, counsel for Swissdigital conferred with counsel for Defendant Samsonite. In a follow-up email on September 2, 2025, counsel for Samsonite advised that they do not oppose this motion.

/s/ Dariush Keyhani
Dariush Keyhani

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system.

/s/ Dariush Keyhani
Dariush Keyhani

7