# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES TO**
**SWISSDIGITAL USA CO., LTD.'S INITIAL INTERROGATORIES (Nos. 1-5)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsonite International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants") hereby serve their Third Supplemental Objections and Responses to Plaintiff Swissdigital USA Co., Ltd.'s ("Swissdigital" or "Plaintiff") Initial Interrogatories (Nos. 1-5).

**RESERVATION OF RIGHTS**

Samsonite's supplemental responses to Swissdigital's Initial Interrogatories ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based on information currently available to Samsonite.  Investigation and discovery are ongoing in this case.  Samsonite responds to Swissdigital's Interrogatories without prejudice to Samsonite's right to supplement its Responses.  Samsonite also reserves the right to produce or use any information or documents that are discovered after service of these Responses in support of or in opposition to any motion, in depositions, or at trial.  In responding to Swissdigital's Interrogatories, Samsonite does not waive

1

any objections on the grounds of privilege, competency, relevance, materiality, or authenticity of the information contained in these Responses.

## GENERAL OBJECTIONS

Samsonite makes the following General Objections, whether or not separately set forth in each Response below.

1.      Samsonite objects to these Interrogatories, Definitions, and/or Instructions to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties.  In responding to Swissdigital's Interrogatories, Samsonite will only comply with the obligations imposed on it by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and any stipulation or agreement between the parties.

2.      By identifying a document or information in response to an Interrogatory, Samsonite does not admit that the document is relevant or admissible at a hearing or trial of this action (e.g., as coming within an exception to the hearsay rule, Fed. R. Evid. 802).

3.      By identifying a person as knowledgeable with respect to certain subject matter, Samsonite does not represent that the person has complete or sole knowledge with respect to said subject matter, that such person's testimony on said subject matter would be relevant or admissible, or that Samsonite will call such person at any hearing or trial.

4.      Samsonite objects to the Interrogatories, Definitions, and/or Instructions to the extent that they seek information not in Samsonite's possession, custody, or control.

5.      Samsonite objects to these Interrogatories, Definitions, and/or Instructions to the extent that they are overly broad and unduly burdensome and to the extent that they seek

2

documents or information not relevant to any claim or defense in this litigation or not proportional to the needs of the case.

6.      Samsonite objects to these Interrogatories, Definitions, and/or Instructions to the extent they seek information that is already in Swissdigital's possession, custody, or control, a matter of public record, or otherwise equally available to Swissdigital because such information is obtainable from more convenient, less burdensome, or less expensive sources.

7.      Samsonite objects to these Interrogatories, Definitions, and/or Instructions to the extent they call for documents containing confidential or proprietary information of a third party or documents that are covered by a confidentiality agreement between Samsonite and a third party under which Samsonite has an obligation and duty to a third party not to disclose.  Samsonite will not disclose such information without the third party's consent, unless required by court order or law.

8.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions to the extent that they call for information, documents, or things protected by the attorney-client privilege, attorney work product protection, community of interest of protection, joint defense protection, or that is otherwise immune from discovery.  For convenience, Samsonite uses the terms "privilege" or "privileged" herein to refer to information, documents, or things subject to the attorney-client privilege, attorney work product protection, community of interest of protection, joint defense protection, or that is otherwise immune from discovery.  Any documents or materials requested that are excludable from discovery as constituting such privileged information shall not be produced.  Inadvertent disclosure of such information, documents, or things shall not constitute a waiver of privilege or other immunity from discovery, nor shall it

3

constitute a waiver of the right of Samsonite to object to the use of—and/or seek the return of—any such information, documents, or things that may be inadvertently disclosed.

9.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions to the extent they seek information regarding products not accused in Swissdigital's Complaint or Infringement Contentions.

10.      To the extent Swissdigital's Interrogatories, Definitions, and/or Instructions seek duplicative or cumulative information, Samsonite objects to them on the grounds that they are overly broad, unduly burdensome, and/or seek information that is not relevant to either party's claims or defenses and is not proportional to the needs of the case.

11.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions on the grounds and to the extent that they are vague and ambiguous.  Samsonite will construe these Interrogatories, Definitions, and/or Instructions in good faith, consistent with its obligations under the Federal Rules of Civil Procedure and/or any applicable Local Rules.

12.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions to the extent they call for a legal conclusion.  Samsonite's Responses should not be construed as admissions of any particular legal characterization made by these Interrogatories.

13.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions to the extent they call for expert opinion or testimony as impermissibly premature.  Expert discovery has not yet started in this case.

14.      Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions as overly broad to the extent they fail to specify a relevant geographic area for which information is requested, and to the extent a specified geographic area is irrelevant and not proportional to the needs of the case.

15.     Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions as overly broad to the extent they fail to specify a reasonable timeframe for which information is requested, and to the extent a specified timeframe is irrelevant and not proportional to the needs of the case.

16.     Samsonite objects to the extent that the Interrogatories contain discrete subparts that should be counted as multiple Interrogatories.  Samsonite reserves the right to count each subpart as a separate interrogatory against Swissdigital's total interrogatory limit.

17.     Samsonite objects to Swissdigital's Interrogatories, Definitions, and/or Instructions that seek "all" information potentially responsive to the Interrogatories.  The production of "all" information is generally not proportional to the needs of the case.  Samsonite will perform a good faith and reasonable search for information responsive to such Interrogatories, and will produce what it finds that is proportional to the needs of the case.

18.     Samsonite incorporates by reference the foregoing General Objections in its Specific Response to each Interrogatory.  Samsonite may repeat a General Objection for emphasis or some other reason.  The failure to repeat any such objection with respect to a particular request does not waive that objection.  Moreover, Samsonite does not waive its right to amend or supplement its objections.  Any specific objections to the following Interrogatories are in addition to, and not in lieu of, the foregoing objections.

<div align="center"><strong><u>SPECIFIC OBJECTIONS TO DEFINITIONS</u></strong></div>

1.     Samsonite objects to Swissdigital's definition of "You," "Your," and "Defendants" as vague, ambiguous, and overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Samsonite's possession, custody, or control Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case.  Samsonite further objects to the

<div align="center">5</div>

inclusion of "parents, affiliates and related entities, subsidiaries, divisions, branches, predecessors, successors-in-interest, past or present, and all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Defendants" as overly broad and unduly burdensome. For the purpose of these objections and responses, Samsonite assumes that these terms refer to named Defendants and limit their responses accordingly. Samsonite does not respond on behalf of any agents or representatives referenced in the definition.

2.     Samsonite objects to Swissdigital's definition of "Samsonite Int'l" as vague, ambiguous, and overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Samsonite's possession, custody, or control Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case. Samsonite further objects to the inclusion of "all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Samsonite Int'l" as vague, ambiguous, overly broad, and unduly burdensome. For the purpose of these objections and responses, Samsonite assumes that these terms refer to Samsonite International, S.A. and limit their responses accordingly. Samsonite does not respond on behalf of any agents or representatives referenced in the definition. Samsonite further objects to this definition of duplicative of other definitions in Swissdigital's Interrogatories.

3.     Samsonite objects to Swissdigital's definition of "Samsonite LLC" as vague, ambiguous, and overly broad, and inconsistent with the Federal Rules of Civil Procedure to the

6

extent it purports to include information out of Samsonite's possession, custody, or control Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case. Samsonite further objects to the inclusion of "all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Samsonite LLC" as vague, ambiguous, overly broad, and unduly burdensome. For the purpose of these objections and responses, Samsonite assumes that these terms refer to Samsonite LLC and limit their responses accordingly. Samsonite does not respond on behalf of any agents or representatives referenced in the definition. Samsonite further objects to this definition of duplicative of other definitions in Swissdigital's Interrogatories.

4.      Samsonite objects to Swissdigital's definition of "Samsonite Co. Stores" as vague, ambiguous, and overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Samsonite's possession, custody, or control Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case. Samsonite further objects to the inclusion of "all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of Samsonite Co. Stores" as vague, ambiguous, overly broad, and unduly burdensome. For the purpose of these objections and responses, Samsonite assumes that these terms refer to Samsonite Company Stores, LLC and limit their responses accordingly. Samsonite

7

does not respond on behalf of any agents or representatives referenced in the definition. Samsonite further objects to this definition of duplicative of other definitions in Swissdigital's Interrogatories.

5.    Samsonite objects to Swissdigital's definition of "DMV" as vague, ambiguous, and overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Samsonite's possession, custody, or control.  Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case.  Samsonite further objects to the inclusion of "all past or present agents, employees, officers, members, managers, directors, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing or purporting to act on behalf of the foregoing who are subject to the direction and/or control of DMV" as vague, ambiguous, overly broad, and unduly burdensome.  For the purpose of these objections and responses, Samsonite assumes that these terms refer to Direct Marketing Ventures, LLC and limit their responses accordingly.  Samsonite does not respond on behalf of any agents or representatives referenced in the definition. Samsonite further objects to this definition of duplicative of other definitions in Swissdigital's Interrogatories.

6.    Samsonite objects to Swissdigital's definition of "Samsonite Group" as vague, ambiguous, overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Samsonite's possession, custody, or control.  Samsonite further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case.  Samsonite further objects to this definition of duplicative of other definitions in Swissdigital's Interrogatories.

7.    Samsonite objects to Swissdigital's definition of "Accused Product(s)" as vague ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the

8

extent it purports to include products that Swissdigital has not identified as accused products in its Complaint and/or Preliminary Infringement Contentions.  For the purpose of these objections and responses, Samsonite assumes that this term refers solely to products specifically identified in Swissdigital's Preliminary Infringement Contentions, Ex. B, containing a purported "Infringement Matrix."  *See* Nov. 6, 2024 Email fr Draffin to Chung (confirming Exhibit B to Swissdigital's Contentions discloses Swissdigital's Asserted Claims and Accused Products).

8.      Samsonite objects to the definition of "infringe" as premature to the extent that it seeks disclosure of information, expert opinions, and legal conclusions in advance of the time required by the scheduling order and other applicable rules in this litigation.

9.      Samsonite objects to the definition of "person" to the extent it is inconsistent with Local Rule 26.5.  Samsonite will abide by the definition provided in the Local Rules.

10.      Samsonite objects to the definition of "document(s)" to the extent it is inconsistent with Local Rule 26.5.  Samsonite will abide by the definition provided in the Local Rules.

11.      Samsonite objects to the definition of "concerning," "relate to," "related to," and "relating to" to the extent it is inconsistent with Local Rule 26.5.  Samsonite will abide by the definition provided in the Local Rules.

12.      Samsonite objects to the definition of "communication" to the extent it is inconsistent with Local Rule 26.5.  Samsonite will abide by the definition provided in the Local Rules.

13.      Samsonite objects to the definition of "USB Sheath," "USB Port," "USB Component," and "Integrated USB Socket" as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case to the extent it purports to include products not at issue in this litigation.  Samsonite assumes that any reference to a product using

9

this term refers solely to products specifically identified in Swissdigital's Preliminary Infringement Contentions, Ex. B, containing a purported "Infringement Matrix." See Nov. 6, 2024 Email fr Draffin to Chung (confirming Exhibit B to Swissdigital's Contentions lays out specific Asserted Claims and Accused Products).

14.    Samsonite objects to the definition of "Sales Channels" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this litigation. Samsonite also objects to this definition as seeking information not within Samsonite's possession, custody, or control.

15.    Samsonite objects to the definition of "MSRP" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this litigation. Samsonite also objects to this definition as seeking information not within Samsonite's possession, custody, or control.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify by product name, SKU, and any other internally used methods of identification all Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products listed above) and have been made, used, offered for sale, or sold in the United States or imported into the United States by a Samsonite Group company or any other entity from February 2020 to the present.

### RESPONSE TO INTERROGATORY NO. 1 *(served 12/2/24)*:

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification "by product name,

10

SKU, and any other internally used methods of identification," "all Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products listed above)." Samsonite objects to this Interrogatory to the extent it seeks information or documents that is a matter of public record, that is equally available to Swissdigital, and/or equally obtainable from more convenient sources. Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite's reasonable investigation has not identified any method of identifying the "bag or luggage products that have a USB Sheath" other than manually looking at each individual bag or luggage product sold. The burden for performing that analysis is substantially the same for Swissdigital as for Samsonite.

Pursuant to Fed. R. Civ P. 33(d), Samsonite has performed a reasonable investigation and, to the extent the information sought by this Interrogatory is not subject to objections, Samsonite has produced or will produce documents from which the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for Swissdigital as for Samsonite.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

11

**1ST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1** *(served 12/30/24)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Samsonite identifies at least SAMSONITE00012216.

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**2ND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1** *(served 2/3/25)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Samsonite identifies at least SAMSONITE00012217, SAMSONITE00012218, SAMSONITE00012219, SAMSONITE00012220, SAMSONITE00012221, SAMSONITE 00012222, SAMSONITE00012223, SAMSONITE00012224, and SAMSONITE00012225-00160300.

SAMSONITE00012216 includes a list of all products Samsonite has sold in the United States since 2020, discovered after a reasonable investigation.  SAMSONITE00012217-12224 include catalog information for all of Samsonite's products discovered after a reasonable investigation, including links to images of products where available.

As previously explained, Samsonite does not track, and thus has no way of identifying "bag or luggage products that have a USB Sheath" other than a manual examination of each product. Each individual product sold by Samsonite can be identified by its SKU or "Material" number, located in column I of SAMSONITE00012216 and Columns A and G of SAMSONITE00012217-12224.  Matching the products in SAMSONITE00012216 to those in SAMSONITE00012217-

12

12224 allows viewing images of Samsonite's products sold in the United States since 2020 to determine whether a product is a "bag or luggage product" with a "USB sheath."

Samsonite has also produced all of the image files found after a reasonable investigation corresponding to the images in SAMSONITE00012217-12224 at SAMSONITE00012225-00160300.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**INTERROGATORY NO. 2:**

Identify each of the various Sales Channels by which each Defendant sells or has sold any of the products identified in response to Interrogatory No. 1 from February 2020 to the present, including as part of that identification the Sales Revenue obtained from each different channel to account for all total sales of said products from February 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 2** *(served 12/2/24)***:**

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification of "each of the various Sales Channels by which each Defendant sells or has sold any of the products" and an identification of "the Sales Revenue obtained from each different channel to account for all total sales of said products." Samsonite further objects to the use of the terms "Sales Channels" and "account for all total sales" in this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.

13

Samsonite will produce information obtained from a reasonable investigation sufficient to identify the sales of the products identified in Swissdigital's Preliminary Infringement Contentions, or in any subsequent Infringement Contentions Swissdigital is permitted to serve.  Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Samsonite objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about "the products identified in response to Interrogatory No. 1," particularly because it improperly seeks to shift the burden to Samsonite.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

The sales channels through which Samsonite sells products correspond to the entities that are mainly responsible for those channels.  Samsonite LLC is responsible for wholesale sales. Samsonite Company Stores, LLC is responsible for retail store sales.  Direct Marketing Ventures, LLC is responsible for online sales.

Pursuant to Fed. R. Civ P. 33(d), Samsonite has produced or will produce documents from which the burden of deriving or ascertaining the Sales Revenue obtained from each different channel for the Accused Products will be substantially the same for Swissdigital as for Samsonite.

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**1ST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2** *(served 12/30/24)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows: Pursuant to Fed. R. Civ. P. 33(d) Samsonite identifies at least SAMSONITE00012215.

SAMSONITE00012215 denotes Direct Marketing Ventures, LLC in column D as "Direct Marketing Ventures." SAMSONITE00012215 denotes Samsonite LLC in column D as "US Wholesale." SAMSONITE00012215 denotes Samsonite Company Stores, LLC in column D as "RCS."

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**2ND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d) Samsonite identifies at least SAMSONITE00160342.

Samsonite additionally incorporates by reference the May 1, 2025 deposition testimony of Guillermo Gomez and Aaron Holzinger as if fully set forth herein. Samsonite also incorporates by reference Attachment A as if fully set forth herein.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

15

**INTERROGATORY NO. 3:**

Separately for each Defendant, identify the Sales Revenue associated with each product identified in response to Interrogatory No. 1 from February 2020 to the present, including as part of that identification, separately for each identified product, the number of units sold, the MSRP, and the average price at which each unit was sold.

**RESPONSE TO INTERROGATORY NO. 3** *(served 12/2/24)***:**

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification "[s]eparately for each Defendant," "Sales Revenue Associated with each product," and "separately for each identified product, the number of units sold, the MSRP, and the average price at which each unit was sold." Samsonite will produce information obtained from a reasonable investigation sufficient to identify the sales of the products identified in Swissdigital's Preliminary Infringement Contentions, or in any subsequent Infringement Contentions Swissdigital is permitted to serve. Samsonite further objects to the use of the term "associated with each product"" in this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Samsonite objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about "the products identified in response to Interrogatory No. 1," particularly

16

because it improperly seeks to shift the burden to Samsonite. Samsonite objects to this Interrogatory as duplicative of at least Swissdigital's Interrogatory No. 2.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Pursuant to Fed. R. Civ P. 33(d), Samsonite has produced or will produce documents from which the burden of deriving or ascertaining the answer to this Interrogatory as to the Accused Products will be substantially the same for Swissdigital as for Samsonite.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**1ST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3** *(served 12/30/24)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows: Samsonite incorporates by reference its supplemental response to Interrogatory No. 2 as if fully set forth herein.

**2ND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows: Samsonite incorporates by reference its response to Interrogatory No. 2, including any amendments or supplements thereto, as if fully set forth herein.

**INTERROGATORY NO. 4:**

Separately for each Defendant, describe in detail the methods by which sales information is collected, recorded, maintained, and used throughout the ordinary course of each Defendant's business, including as part of that description an identification of the person or persons primarily

17

responsible for maintaining sales information and financial records and the person or persons most knowledgeable about the sales information and financial records relating to the Accused Products.

**RESPONSE TO INTERROGATORY NO. 4** *(served 12/2/24)*:

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification of all "methods by which sales information is collected, recorded, maintained, and used throughout the ordinary course of each Defendant's business," and "an identification of the person or person or persons primarily responsible for maintaining sales information and financial records" and "the person or persons most knowledgeable about the sales information and financial records relating to the Accused Products." Samsonite further objects to the use of the term "relating to the Accused Products" in this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Samsonite objects to the use of the term "most knowledgeable" in this Interrogatory as vague, ambiguous, and inherently arbitrary. Samsonite objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about "Accused Products," particularly because it improperly seeks to shift the burden to Samsonite. Samsonite objects to this Interrogatory as not reasonably limited in time. Samsonite objects to this Interrogatory as not reasonably limited geographically.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite utilizes the SAP Electronic Records Repository to store its transactional data, tracked daily. From SAP, sales and margin information is loaded into Business Intelligence ("BI"). Samsonite uses the Aptos system for its retail stores, from which data is transferred to SAP ad BI. Prior to the implementation of Aptos in August 2023, Samsonite utilized the MI-9 system.

Samsonite identifies the following individuals as having knowledge responsive to this Interrogatory: Guillermo Gomez.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite incorporates by reference the May 1, 2025 deposition testimony of Guillermo Gomez and Aaron Holzinger as if fully set forth herein. Samsonite also incorporates by reference Attachment A as if fully set forth herein.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

19

**INTERROGATORY NO. 5:**

To the extent any Samsonite Group entities other than Defendants offer to sell or sell Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products) in the United States or otherwise generate Sales Revenue from sales of such products in the United States, identify each such Samsonite entity, including as part of that identification the various Sales Channels by which each entity sells or has sold any Samsonite bag or luggage products that have a USB Sheath and the Sales Revenue generated.

**RESPONSE TO INTERROGATORY NO. 5** *(served 12/2/24)***:**

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information regarding "any Samsonite Group entities other than Defendants," "otherwise generate Sales Revenue," and an identification of "the various Sales Channels by which each entity sells or has sold any Samsonite bag or luggage products that have a USB Sheath and the Sales Revenue generated." Samsonite objects to this Interrogatory as compound in that it incorporates multiple, impermissible subparts. Samsonite objects to this Interrogatory to the extent it seeks information or documents that is a matter of public record, that is equally available to Swissdigital, and/or equally obtainable from more convenient sources. Samsonite objects to the use of the terms "Sales Channels," "Samsonite Group entities other than Defendants," and "bag or luggage products that have a USB Sheath (including but not limited to the Accused Products)" Interrogatory as vague and ambiguous. Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that

20

is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Samsonite objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about "products that have a USB Sheath," particularly because it improperly seeks to shift the burden to Samsonite. Samsonite objects to this Interrogatory as duplicative of at least Swissdigital's Interrogatory Nos. 2 and 3.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite incorporates by reference its response to Interrogatory Nos. 1 and 2. All sales of Samsonite bag or luggage products in the United States are made through either Samsonite LLC, Samsonite Company Stores, LLC, or Direct Marketing Ventures, LLC.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite incorporates by reference its response to Interrogatory Nos. 1 and 2, including all amendments and supplements thereto.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

21

Dated:  May 20, 2025

Respectfully submitted,

By:  */s/ Bailey K. Benedict*
Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel:  (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice* )
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice* )
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice* )
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE GROUP S.A.; SAMSONITE*
*LLC; SAMSONITE COMPANY STORES,*
*LLC; and DIRECT MARKETING*
*VENTURES, LLC*

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2025, I caused the foregoing document to be served upon

all counsel of record via electronic mail.


<div align="center" style="margin-left:50%">

*/s/ Bailey K. Benedict*

Bailey K. Benedict

</div>

# ATTACHMENT A

## Declaration of
## Guillermo Gomez de la Madrid

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.,

      Plaintiff,

    v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

**DECLARATION OF GUILLERMO GOMEZ DE LA MADRID**

I, Guillermo Gomez de la Madrid, hereby declare as follows:

1.    I am over 18 years of age and competent to make this declaration.

2.    I am the Senior Director of Finance for the Americas and the Head of Finance for the U.S. Wholesale Division at Samsonite LLC. I have been an employee of Samsonite LLC for more than 17 years.

3.    As the Senior Director of Finance for Americas and Head of Finance for the U.S. Wholesale Division at Samsonite LLC, I am generally responsible for financial planning and analysis for the Americas for the Samsonite Group, and for accounting, financial planning, analysis, and internal controls for the United States wholesale division of the Samsonite Group.

4.    Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge and work, and my review of corporate records maintained by Samsonite LLC in the ordinary course of business.

1

5.    I understand that the Plaintiff in the above-captioned litigation, Swissdigital USA Co., Ltd. ("Swissdigital"), has identified certain products that it accuses of infringing patents at issue in the litigation.

6.    The spreadsheet produced by Defendants in the above-captioned litigation with the Bates number SAMSONITE00160342 reflects the sales numbers for the products I understand that Swissdigital has identified as alleged infringing products from March 2020 to March 2025.

7.    I have verified to the best of my ability that the sales figures in SAMSONITE00160342 are accurate.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 20, 2025.

Guillermo Gomez

2