UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures LLC (collectively, "Samsonite") and Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital") met and conferred on January 15, 2026, and submit this Joint Status Report pursuant to the Scheduling Order.

The parties have jointly moved to extend fact discovery pending the Court's order regarding Claim Construction and the Defendant's Motion for Summary Judgment. Dkt. No. 85. The parties do not believe that Mediation or other channels of Alternative Dispute Resolution would be beneficial prior to resolution of the pending disputes.

The parties provide their respective positions on the current status of the case below.

**Swissdigital's Positions**

Discovery is ongoing, and Swissdigital believes that more information regarding Samsonite's products/accused products and financials is necessary to prosecute its case. Throughout discovery, Samsonite has repeatedly represented that its production is complete, but even as late as October 24, 2025, Swissdigital has identified approximately 35 new accused

1

products, which Swissdigital included in its amended infringement contentions. Swissdigital reserves the right to identify further deficiencies with Samsonite's production, which Swissdigital has understood, based on Samsonite's representations, to be ongoing. Swissdigital also intends to take additional depositions and serve third-party subpoenas relating to Samsonite's sales of its products.

Regarding financial information, Swissdigital believes that Samsonite's produced financials are inconsistent with its publicly disclosed information. Samsonite most recently produced a financial spreadsheet on December 17, 2025, that shows sales of the accused products from roughly 2020 to 2025 in the millions of dollars. In contrast, Samsonite's publicly available annual reports show U.S. sales revenue from 2020 to 2024 totaling approximately $4.8 billion. Accordingly, Swissdigital believes, based on its investigation thus far, including the depositions of Samsonite's 30(b)(6) witnesses, that the produced financial data is incomplete.

Finally, Swissdigital rejects Samsonite's characterization of the parties' settlement discussions and the amount of damages at stake in this case. Samsonite's statement below that "Swissdigital has declined to engage" is plainly false; Samsonite recently presented Swissdigital with a very low settlement offer that Swissdigital declined to accept. Indeed, Swissdigital invited Samsonite to discuss the matter further, but Samsonite declined.

Samsonite's view of Swissdigital's damages is inconsistent with the facts of the case and Swissdigital's claims. Swissdigital asserts that at least 82 different Samsonite products infringe 37 claims of Swissdigital's four patents. Infringing sales have occurred for the past six years, and the patents will not expire for roughly nine more years. Further, Swissdigital seeks lost profits and enhanced damages for Samsonite's willful infringement, including treble damages. To date, Samsonite has not refuted or produced any evidence to the contrary that it was fully aware of

Swissdigital's patents yet continued to infringe for years. Because of the disconnect between the parties' view of the amount in controversy, settlement discussions appear to be at an impasse.

**Samsonite's Positions**

The record is clear: discovery is substantially complete. As discussed at the last status conference, two Samsonite witnesses testified under oath pursuant to Rule 30(b)(6) as to Samsonite's collection, maintenance, and production of sales and financial information in April and May of 2025. Samsonite—having discovered upon investigation that it did not maintain separate records of which products included the USB port feature implicated by Plaintiff's Asserted Patents in this case—instead provided Plaintiff with a full catalog of Samsonite's ***entire U.S. product inventory*** to give Plaintiff the opportunity to examine and identify for itself which products it intends to accuse of infringement.

Once Plaintiff's review of that catalog information was complete, it represented to Samsonite that its review of the catalog information was complete, and provided a list of Accused Products and potential Accused Products for which it requested additional information. Relying on Plaintiff's representation that its review was complete, and the list of Accused Products provided was its full and final list, Samsonite agreed to Plaintiff's amendment of its infringement contentions. Plaintiff moved to amend its infringement contentions, and that motion was granted. The amended infringement contentions incorporating the full list of Accused Products to date were served on October 24, 2025.

Samsonite investigated the potential Accused Products identified by Plaintiff, and produced design and financial information for all of those products. Samsonite also collected detailed and complete financial information for all of the Accused Products and potential Accused Products in parallel. As of today, Samsonite has fully completed its production of design

documents and sales information for all of the Accused Products and potential Accused Products from the list Plaintiff represented was its full and complete list of Accused Products to which no additional products would be added. Due to Plaintiff's representation that it wanted a corporate deposition on Samsonite's financials, Samsonite provided two financial witnesses who explained in detail Samsonite's sales production and public documentation. Samsonite also served supplemental interrogatory responses relating to its production of financial information at Plaintiff's request after those 30(b)(6) depositions concluded. Since the April and May 2025 depositions, Plaintiff has identified no alleged deficiency in Samsonite's interrogatory responses or production.

At the January 15 meet-and-confer, counsel for Plaintiff indicated that it believed additional third-party discovery and depositions of Samsonite's witnesses were necessary because it believed there were discrepancies between Samsonite's public documents and the sales information produced in this case. Samsonite disagrees. Samsonite has already produced two financial witnesses who testified at length about Samsonite's public financial reports, and explained its sales production in this litigation in both those depositions and in Samsonite's interrogatory responses. Plaintiff's refusal to recognize this fact appears to be based on a baseless accusation that Samsonite—a major publicly traded company—is lying under oath about its audited sales numbers in its deposition testimony and interrogatory responses. But Plaintiff's unfounded suspicions are no basis for additional, repetitive discovery, and no amount of depositions or third-party discovery will alter the sales and other information Samsonite has provided.

Furthermore, while Samsonite has sought to advance settlement discussions given the low amount at stake, Swissdigital has declined to engage—again rejecting Samsonites numbers outright—leaving the case ripe for resolution.

Accordingly, Samsonite believes that relevant discovery is substantially complete at this time. Samsonite additionally notes that the Court's orders on the pending claim construction and summary judgment issues may substantially impact the universe of accused products, but believes that discovery relating to that full universe is substantially complete, and the Court's rulings will not expand the scope of that universe or otherwise result in a need for additional discovery.

Dated: January 27, 2026

By: */s/ Adam J. Kessel*
    Adam J. Kessel
    Massachusetts Bar No. 661,211
    kessel@fr.com
    **FISH & RICHARDSON P.C.**
    One Marina Park Drive
    Boston, MA 02210
    Tel: (617) 542-5070
    Fax: (617) 542-8906

    Neil J. McNabnay (*Pro Hac Vice*)
    Texas Bar No. 24002583
    mcnabnay@fr.com
    **FISH & RICHARDSON P.C.**
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Tel: (214) 747-5070
    Fax: (214) 747-2091

    Bailey K. Benedict (*Pro Hac Vice*)
    Texas Bar No. 24083139
    benedict@fr.com
    Ethan K. Kovar (*Pro Hac Vice*)
    Texas Bar No. 24138134
    kovar@fr.com
    **FISH & RICHARDSON P.C.**
    909 Fannin Street, Suite 2100
    Houston, TX 77010
    Tel: (713) 654-5300
    Fax: (713) 652-0109

    Wonjoon Chung (*Pro Hac Vice*)
    Georgia Bar No. 396468
    chung@fr.com
    **FISH & RICHARDSON P.C.**
    1180 Peachtree Street NE
    21st Floor
    Atlanta, GA 30309
    Tel: (404) 892-5005
    Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE GROUP S.A.;*
*SAMSONITE LLC; SAMSONITE*
*COMPANY STORES, LLC; and DIRECT*
*MARKETING VENTURES, LLC*

Respectfully submitted,

By: */s/ Dariush Keyhani*
    Dariush Keyhani (*pro hac vice*)
    Frances H. Stephenson (*pro hac vice*)
    Scott M. Draffin (*pro hac vice*)
    **KEYHANI LLC**
    1050 30th Street NW
    Washington, DC 20007
    Phone: (202) 748-8950
    dkeyhani@keyhanillc.com
    fstephenson@keyhanillc.com
    sdraffin@keyhanillc.com

    Lisa M. Tittemore (BBO # 567941)
    Kevin R. Mosier (BBO # 703739)
    **SUNSTEIN LLP**
    100 High Street
    Boston, MA 02110
    Phone: (617) 443-9292
    ltittemore@sunsteinlaw.com
    kmosier@sunsteinlaw.com

*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 27, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

                                                    */s/ Scott M. Draffin*
                                                    Scott M. Draffin