# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SWISSDIGITAL USA CO., LTD. | |
| *Plaintiff*, | |
| v. | Case No. 1:24-cv-11636-JEK |
| SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC; | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## PLAINTIFF SWISSDIGITAL USA CO., LTD.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff" or "Swissdigital") for its second supplemental response to Defendants Samsonite International S.A. ("Samsonite Int'l"), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Defendants") Interrogatories herein, alleges upon information and/or knowledge and/or belief:

## RESERVATION OF RIGHTS

Plaintiff reserves all objections to the admissibility of any information produced in response to the Interrogatories. Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-product protection, or any other exemption.

## OBJECTIONS TO DEFENDANTS' DEFINITIONS/INSTRUCTIONS

Plaintiff objects to Defendants' instructions on how to produce and/or identify documents and/or respond to interrogatories to the extent that they are unduly burdensome and oppressive and/or attempt to impose an obligation upon Plaintiff not required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## GENERAL OBJECTIONS

The following General Objections apply to all of the requests contained in the Interrogatories, irrespective of whether the General Objections are expressly referred to in the specific responses.

The specific objections are intended to amplify the General Objections and neither limit the applicability of any of the General Objections nor waive any objections which may be applicable to each request.

1.      Plaintiff objects to the Interrogatories because they seek information outside the scope of discovery permitted under the Court's Local Rules and the Federal Rules of Civil Procedure and seek to impose obligations in excess of those required by the FRCP, Local Rules, and/or applicable case law.

2.      Plaintiff objects to the Interrogatories because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules, or laws.

3.      Plaintiff objects to the Interrogatories to the extent they seek information that is protected under confidentiality obligations or agreements with third parties.

4.      Plaintiff objects to the Interrogatories because they are vague and use undefined and ambiguous terms.

2

5.      Plaintiff objects to the Interrogatories because they lack specificity and fail to describe each requested item and category with reasonable particularity.

6.      Plaintiff objects to the Interrogatories because they seek information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.

7.      Plaintiff objects to the Interrogatories to the extent that they seek information already in Defendant's possession, information available in the public domain, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

8.      Plaintiff objects to the Interrogatories to the extent they are premature and inconsistent with the scheduling for expert disclosures under the Court's Case Management Plan, Local Rules, and the stipulation of the parties.

9.      Plaintiff objects to the Interrogatories to the extent they contain multiple sub-parts. Plaintiff will count each of these sub-parts as separate Interrogatories for purposes of determining the limit of Interrogatories allowed by Defendants.

10.      By responding to the Interrogatories, Plaintiff does not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections whatsoever as to the documents, responses, or information contained in or accompanying these responses. In addition, Plaintiff specifically reserves its rights to challenge the competency, relevancy, materiality, and admissibility of such information in any proceeding, hearing, motion, or trial in this or any other action.

11.     Plaintiff's responses are based upon information and writings presently available to and located by Plaintiff and its attorney. Plaintiff reserves its right to supplement or modify its responses to the Interrogatories at any time up to and including the time of trial.

12.     The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Related Product, identify: (1) the product, associated components, and accessories by model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier, (2) the dates the product was sold, (3) from 2018-06-25 through 2024-06-25 the sales and cost information for the product, including the sales price, units sold, gross revenue, profits, and cost to Swissdigital of the product itself, exclusive of any overhead or shipping, whether the product is purchased by Swissdigital from a manufacturer (in which case this would be Swissdigital's purchase price per unit) or manufactured by Swissdigital (in which case this would be the cost-per-unit to manufacture). Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

**OBJECTIONS/RESPONSE (*served 12/2/24*):** Plaintiff objects to this interrogatory to the extent that it is vague and non-specific. Plaintiff also objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendant. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

Notwithstanding and subject to the General Objections and foregoing specific objections, Zhijian "Hunter" Li is the Person most knowledgeable of the topics contained in this interrogatory. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001887. Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**SUPPLEMENTAL RESPONSE (*served 2/21/25*):** Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital supplements its response to this interrogatory as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001888.

SWISSDIGITAL001888 shows sales through D&H Distributing Co. as "DH" in column B. D&H Distributing Co. distributes Swissdigital's products through the following sales channels: Best Buy Purchasing LLC; Fred Meyer Inc.; Office Depot.com; Staples Advantage; B & H Photo and Electronics Corp.; Inmotion Entertainment Group L.; Nebraska Furniture Mart; Lenovo

(United States) Inc.; Best Buy.com; Veyer LLC; Electronic Express Inc.; CDW Logistics; Staples.com; Quill Corporation; Smart Deduct Inc.; Barnes & Noble College Booksel.; Columbus State CC Bookstore; Walmart.com; Datavision Computer Video Inc.; Beach Trading Co., Inc.; Insight; Magnell Associate Inc.; Provantage LLC; D&H Promo Account; Schoeneckers Inc.; IQVC; Carltonone Engagement Corp.; College of Southern Maryland; Northpoint - Mainmicro Technol.; Abt Electronics Inc.; The PC Place II Inc.; Newegg Inc.; Amazon.com Services LLC; Nitouch Business Services Stap; De Lage Landen - GHA Technol.; Caldwell Community College; Beach Trading Co., Inc.; Tiger Tech; UCSD Bookstore; PC Connection Inc.; Pacific Northwest Business Pro; Southeast Tech Bookstore; Associated Students UCLA; Beach Audio; Stratus Inc.; Utah Valley University; The University Store of Fifth; Amazon.com Inc.; Larry's Lock & Safe Service In.; Fayetteville Technical CC Book; Unbeatablesale Inc.; Rams Bookstore; IT1source LLC; Antonline.com; Computer Corner Inc.; Cyberstorm LLC; Hied Inc.; Discount Office Items Inc.; Southern Cresent Technical Co.; Digital Den at Rit.; Vantage Point Corp.; Wesleyan University; ASI Networks Inc.; College of Lake County Booksto.; Skyline College Bookstore; Discover Group Inc.; SHI International Corp.; Univ. of CA/Merced; Johnson County Cmty. Coll.; Howard Industries; College of San Mateo Bkst.;  University of San Diego Bookst.; Can-Am Wireless LLC; Southeast Community College; Pittsburgh Technical Institute; Best Buy for Business; Teleasy Corporation; Thinkedu LLC; University of Minnesota-Duluth; USC Computer Store; LSU School of Medicine Books.; Tecisoft Corp.; Cavalier Computers; Lenovo (United States) In.; Marketnation Inc.; Alcala's Accessories; Canada College Bookstore; Orangeburg-Calhoun Tech Coll.; Amarillo College Bookstore; GE Capital - HCGI Hartford Inc.; Spacebound Inc.; Wired at Home LLC; Discount Dynamics LLC; DLL - Clutch Solutions LLC; Novatech Inc.; UR Tech Store University of Ro.; Compsource, Inc.; Tasco Auto Color Corp.; FIU Panther Tech;

6

Rochester Institute of Technol.; Jet Micro Corporation; B&N.com; A-hi Computers & Electronics; Pacific Northwest Busines.; Educ Show Account; Northeast Texas Comm. Coll.; Silicon Valley Commerce LLC; Linear Supplies LLC; Nobletec LLC; Employee Sales - Corporate; Barnes & Noble College Bo.; Paragon Micro Inc.; The Bookstore - Boise State; Follett Heg-Retail Svcs.com; Black Diamond Technologies Inc.; Frederick Community College Bo.; Jojo's Island Imports LLC; Texas Book Co.; Compuworld Inc.; Webclimber Services; Gaston College Bookstore; and Univ. of Dayton Computer Store.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**SUPPLEMENTAL RESPONSE:** Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital supplements its response to this interrogatory as follows. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001889.

**INTERROGATORY NO. 2:**

For each USB component in any Swissdigital product, identify: (1) the Entity from which the component was purchased, (2) the model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier, (3) the dates the component was used, and (4) the cost information for the component, including the purchase price, list price, quantity purchased, shipping costs, rebates, and discounts. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the

7

Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

**OBJECTIONS/RESPONSE (*served 12/2/24*):** Plaintiffs object to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this interrogatory because it contains multiple interrogatories.  Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendant.  Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: The bag and luggage products sold by Plaintiff are manufactured as a whole for the Plaintiff and Swissdigital USA Co., Ltd. does not have the requested information.

**SUPPLEMENTAL RESPONSE:**  Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital supplements its response to this interrogatory as follows.  Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001889.

Plaintiff buys the bag and luggage products it sells from HK New Hunter Int'l Investment Group Co., Limited ("HK New Hunter"), which sells the products to Plaintiff manufactured as a whole. Plaintiff has no input, control, or visibility into sourcing or costs for components of the bags it purchases. SWISSDIGITAL001889 shows the cost associated with purchasing the bag and luggage products manufactured as a whole for the Plaintiff from HK New Hunter under the "Product Cost" column.

**INTERROGATORY NO. 3:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to recover from Defendants, including but not limited to the amount and type of such damages and the specific methodology used to arrive at such amounts. To the extent Plaintiff contends it is entitled to a reasonable royalty, Your response shall include: (1) the appropriate royalty base; (2) the appropriate royalty rate; (3) the availability and acceptability of any non-infringing alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any applicable *Georgia-Pacific* factors. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your contentions, including those that rebut Your contentions, and shall identify the Persons most knowledgeable regarding the factual bases for each of Your contentions, and a description of each such Person's knowledge.

**OBJECTIONS/RESPONSE (*served 12/2/24*):** Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information

9

protected by the attorney-client privilege or work product privilege.  Plaintiff objects to this interrogatory because it contains multiple interrogatories.  Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendant.  Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25).  Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

Notwithstanding and subject to the General Objections and foregoing specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001861-1887. Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**SUPPLEMENTAL RESPONSE:**  Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital supplements its response to this interrogatory as follows.  Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001888-1889.

Swissdigital contends that Defendants have infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c).  Swissdigital seeks an award of damages sufficient to compensate

10

Swissdigital for its lost profits and no less than a reasonable royalty for Defendants' infringement pursuant to 35 U.S.C. § 284. Swissdigital also seeks a judgment that Defendants' infringement has been willful and that Swissdigital be awarded treble damages pursuant to 35 U.S.C. § 284. At the latest, Defendants had knowledge of the Patents-in-Suit in March 2023, when Swissdigital filed a complaint in the U.S. District Court for the Western District of Texas against Samsonite Int'l. With full knowledge of the Patents-in-Suit and knowledge that Samsonite Group bag and luggage products that include a sheath for a USB charger infringe the Patents-in-Suit, Defendants continue to infringe the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). At least because of Defendants' ongoing willful infringement, Swissdigital seeks a judgment that this is an exceptional case and that Swissdigital be awarded its costs, expenses, and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary. Swissdigital will provide full and complete evidence of damages at a time consistent with the requirements regarding disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order (Dkt. No. 25).

**INTERROGATORY NO. 4:**

Describe in complete detail the circumstances surrounding, substance of, and outcome of all license or settlement communications and/or discussions between Plaintiff and any Third Party (e.g., the identity of the participating parties, the terms offered by each party, any discussions regarding terms, the final terms, and whether or not a license/settlement agreement was executed) relating to the Asserted Patents, any Related Patent, or any product or prototype embodying any claim of the same, including Related Products. Your answer should include, for each Third Party,

11

(a) the name of the Third Party; (b) the identity of the product or prototype; and (c) the date that the Third Party first licensed, settled, or purchased the product or prototype. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

**OBJECTIONS/RESPONSE (*served 12/2/24*):** Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to this interrogatory because it contains multiple interrogatories.  Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendant.  Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25).  Plaintiff objects to the extent that this interrogatory places the burden of fact-finding disproportionately on Plaintiff in contravention of Federal Rule of Civil Procedure 26 and 33, and the response to this interrogatory may be more appropriately obtained through other means, such as document production or depositions.

Notwithstanding and subject to the General Objections and foregoing specific objections, Zhijian "Hunter" Li is the Person most knowledgeable of the topics contained in this interrogatory. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001861-1886. Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**SUPPLEMENTAL RESPONSE:** Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital supplements its response to this interrogatory as follows. SWISSDIGITAL001861 is a Confidential Settlement and License Agreement between Swissdigital and Wenger S.A. ("Wenger"). Swissdigital filed a complaint against Wenger in the U.S. District Court for the Western District of Texas on April 30, 2021, alleging infringement of U.S. Patent Nos. 10,574,071 ("the '071 Patent") and 10,931,138 ("the '138 Patent"). The parties litigated for approximately two years before reaching a settlement where, in an effort to avoid additional legal fees and costs, including the millions of dollars that would have been required to go to trial and through the appeals process, Swissdigital was willing to reach a compromise with Wenger, agreeing to the terms of the Confidential Settlement and License Agreement.

SWISSDIGITAL001869 is a Confidential Settlement Agreement between Swissdigital and Targus International LLC ("Targus"). Targus filed a complaint against Swissdigital in the U.S. District Court for the Central District of California on April 22, 2020, alleging infringement of U.S. Patent No. 8,567,578. Swissdigital countersued, alleging infringement of the '071 Patent. The parties litigated for approximately seven months before reaching a settlement where, in an effort to avoid additional legal fees and costs, including the millions of dollars that would have

13

been required to go to trial and through the appeals process, Swissdigital was willing to reach a compromise with Targus, agreeing to the terms of the Confidential Settlement Agreement.

SWISSDIGITAL001882 is a Non-Exclusive Limited Patent License between Swissdigital and Spray Moret, LLC ("Spray Moret"). Spray Moret desired that bag and luggage products manufactured for Spray Moret incorporated Swissdigital's patented technology. On or around June 11, 2024, the parties agreed to the terms of the Non-Exclusive Limited Patent License.

Date: March 14, 2025

Respectfully submitted,

/s/ *Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
Katherine W. Soule (BBO #703965)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,*
*SWISSDIGITAL USA CO., LTD.*

14

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was served upon

Defendants' counsel of record via electronic mail on March 14, 2025.

*/s/ Scott M. Draffin*

Scott M. Draffin
