# EXHIBIT 3

**UNITED STATES DISTRICT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., | ) |
|     Plaintiff, | ) |
|     vs | )  No. 1:24-CV-11636 |
| SAMSONITE INTERNATIONAL S.A., ET AL,) | |
|     Defendant. | ) |

BEFORE THE HONORABLE JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE
SCHEDULING CONFERENCE

John Joseph Moakley United States Courthouse
Via Zoom Conference
One Courthouse Way
Boston, Massachusetts  02210

WEDNESDAY, OCTOBER 2, 2024
3:00 P.M.

Catherine L. Zelinski, RPR, CRC
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3-205
Boston, Massachusetts  02210
Email: CAL.Zelinski.Steno@gmail.com

Mechanical Steno - Computer-Aided Transcript

perspective, respectfully, the claims -- the patents are directed to a bag, not a piece of the bag.  A bag that has various components.  So there's a disconnect in terms of -- this is very early introduction about this case.

THE COURT:  Sure.

ATTORNEY KEYHANI:  There's a disconnect on what the accused product is, not clearly.  And also then the language of the claim and other issues.  And with that disconnect, the issue is also what products fall in the universe that should be the subject of damages.  So I think that's why discovery, obviously from our perspective, would be necessary so that we are comfortable that at least our -- based on our theory and our understanding that we have sufficient information that I can advise the client, hey, this is the time to make an offer, settlement, reasonable.

THE COURT:  Okay.

ATTORNEY KESSEL:  Your Honor, we did produce all of that data.  We didn't limit -- this was in informal discussions.  We didn't limit what we provided them to just this one piece.  We gave them revenue for everything.  So maybe we're talking past each other, but this shouldn't get stuck for lack of disclosure.

Also, I apologize, I neglected to introduce my colleague, Bailey Benedict who's lead also out of our Houston office.  I think that she joined just as we were starting.

THE COURT:  Good afternoon, Ms. Benedict.

So, you know, I can't force the parties to sit down and, you know, and talk about settlement.  And, Mr. Kessel, I think what I'm hearing is that Swissdigital is interested in more information before they feel like sitting down and talking about settlement's appropriate.  So what I'd propose is, Mr. Keyhani, that you serve an initial round of document requests and a small amount of Interrogatories that gets at the information that you're interested in, that you think would be fruitful for settlement.

Mr. Kessel, you can respond to that and, you know, I don't know if the parties each want 30 days.  I think you can work this out.  I'm happy to order some time frame if you'd like, but it seems to me that you've already been talking, you can probably work this out.  I don't think that needs to delay the initial scheduling order, but let me know otherwise.  But my intention is largely to enter the scheduling order that you've proposed today.  And if this initial round of exchange of information can happen parallel to those other actions, I think that would be best.  And then, you know, if the Swissdigital takes a look at what's produced and thinks it's a good time to sit down, then reach out to Ms. Currie, both sides, and we'll put in a referral to the court's mediation program if you'd like to work through that program.  Or, you know, of course, you can privately do it yourselves, that's

perfectly fine.  But I'm not going to order the parties to go to mediation until both sides feel like they have what they need to make that a productive use of time.

ATTORNEY KESSEL:  Understood, your Honor.  I think it would be helpful to both parties if your Honor ordered a timeline for this exchange to happen.  I think you mentioned 30 days.

THE COURT:  Okay.

ATTORNEY KESSEL:  We're fine with that.  But I think it just would help things move if we had some guidance from the Court.

THE COURT:  Sure, okay.

So, Mr. Keyhani, how long do you think you'd need to get an initial round of -- you know, I'm not talking huge document requests, just narrowly targeted to what you need for a potential mediation, and, you know, you mentioned a few Interrogatories.

ATTORNEY KEYHANI:  I think maybe the -- I do have some other matters on my schedule.  So maybe if we get 40 days if, your Honor, if that's okay with you?

ATTORNEY KESSEL:  Your Honor --

THE COURT:  Okay.

ATTORNEY KESSEL:  -- we've been litigating for well over a year.  40 days, okay.  But, like, we should be able to move a little faster I think.

THE COURT:  Yes, why don't we say 30 days on those requests.  30 days to respond, and then -- from today.  That will take it into December in any event.  And I guess in parallel, you'll have already made some disclosures at that point, too.

Okay, so we'll say 30 days aside.  And then, you know, if you'd like a status conference after that happens, I'm happy to, you know, scheduled one sometime in December or early January if that's of interest.

Okay, all right.  So turning to the discovery event invitations.  I'm interested in hearing from Swissdigital on why you think you need additional requests for admission, requests for production, Interrogatories, and depositions beyond the standard ones.

ATTORNEY KEYHANI:  Thank you, your Honor.

This case, the claims in this case involve four patents and numerous claims from the various patents.  The reason why just the identical step of one set, if it was one party in this case, of course 25 Interrogatories, request for production of documents, is perfectly fine.  If the parties were all similarly situated, we would agree it's fine.  But what we have here is parent subsidiaries and we have, for example, Derick Marketing Ventures is only online sales.  Samsonite Company Stores is brick and mortar stores.  Samsonite International, they claimed in the prior case was a holding