# EXHIBIT 4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.

    *Plaintiff*,

    v.

SAMSONITE GROUP S.A.;
SAMSONITE LLC; SAMSONITE
COMPANY STORES, LLC; and
DIRECT MARKETING VENTURES,
LLC;

    *Defendants*.

Case No. 1:24-cv-11636-JEK

**JURY TRIAL DEMANDED**

**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Swissdigital

USA Co., Ltd. ("Plaintiff" or "Swissdigital") hereby provides the following responses to the First

Set of Requests for Admission of Defendants Samsonite Group S.A. ("Samsonite S.A."),

Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"),

and Direct Marketing Ventures, LLC ("DMV") (collectively, "Defendants").

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Plaintiff has not completed discovery, investigation, and preparation for trial in this matter

as of the date of this response to Defendants' Requests for Admission (the "Requests"). The

responses and objections contained herein are based only upon such information and documents

as are currently available and specifically known to Plaintiff or upon information of which Plaintiff

is aware upon information and belief and are provided without prejudice to Plaintiff's right to

what specifically Defendants contend is not in Swissdigital's custody.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, Plaintiff admits this request and avers that Swissdigital and HK New Hunter are separate, distinct business entities.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You do not have control over HK New Hunter.

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification."  *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "control" or to clarify what specifically Defendants contend Swissdigital does not control.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, Plaintiff admits this request and avers that Swissdigital and HK New Hunter are separate, distinct business entities.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Zhijian "Hunter" Li has possession over HK New Hunter.

9

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification."  *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "possession" or to clarify what specifically Defendants contend Mr. Li possesses.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, Plaintiff admits that Mr. Li is the sole shareholder and owner of HK New Hunter.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Zhijian "Hunter" Li has custody over HK New Hunter.

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification."  *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "custody" or to clarify what specifically Defendants contend is in Mr. Li's custody.  Thus, Plaintiff is unable to simply

admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, Plaintiff admits that Mr. Li is the sole shareholder and owner of HK New Hunter.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Zhijian "Hunter" Li has control over HK New Hunter.

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification."  *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "control" or to clarify what specifically Defendants contend Mr. Li controls.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, Plaintiff admits that Mr. Li is the sole shareholder and owner of HK New Hunter.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Zhijian "Hunter" Li does not have possession over HK New Hunter.

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to

compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "possession" or to clarify what specifically Defendants contend Mr. Li does not possess.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, denied, as Mr. Li is the sole shareholder and owner of HK New Hunter.

## REQUEST FOR ADMISSION NO. 11:

Admit that Zhijian "Hunter" Li does not have custody over HK New Hunter.

## RESPONSE:

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this request seeks to compel the admission of conclusions of law.  Plaintiff objects to the extent that this request is not phrased "in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *See, e.g.*, *Papadakis*, 2005 WL 8176416, at *1 (quoting *United Coal Cos.*, 839 F.R.D. at 967–68).  Defendants fail to define the term "custody" or to clarify what specifically Defendants contend is not in Mr. Li's custody.  Thus, Plaintiff is unable to simply admit or deny the request without explanation, as the request is vague, lacks specificity, and uses undefined and ambiguous terms.  Notwithstanding the foregoing objections, denied, as Mr. Li is the sole shareholder and owner of HK New Hunter.