# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE INTERNATIONAL S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

<u>**DEFENDANTS' FIRST SET OF INTERROGATORIES TO**</u>
<u>**SWISSDIGITAL USA CO., LTD. (NOS. 1‑4)**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Samsonite International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants") hereby requests that Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") answer each interrogatory set forth below, in writing and under oath, within thirty days of service hereof, in accordance with the definitions and instructions below.

<u>**DEFINITIONS**</u>

1.      Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure.  The Requests and terms used herein shall be construed to require the fullest and most complete disclosures permitted by law.

2.      "Samsonite" or "Defendants" means Samsonite International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC.

1

2.      Answer each Interrogatory fully in writing and under oath in accordance with Fed. R. Civ. P. 33(b)(1).

3.      Answer each Interrogatory separately and as completely as possible.  The omission of any name, fact, or other item of information from Your answers shall be deemed a representation that such information is not known to You or Your agents, counselors, other representatives, or otherwise within Your possession, custody, or control, at the time of the service of Your responses or thereafter.

4.      If You claim that an Interrogatory is in any way objectionable, respond to the portion of the Interrogatory believed to be unobjectionable, specifically explain which aspect of the Interrogatory is objectionable and why, and state whether You are withholding documents based on Your objection for each objection.

5.      If You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the language You consider vague and/or ambiguous and state the interpretation You are using in answering the Interrogatory.

6.      Should You deem any information requested by any of the following Interrogatories to be privileged and/or subject to the work product doctrine, list and identify each such piece of information, and state all grounds and facts upon which the privilege and/or work product claim rests, as to allow a determination of whether such information is, in fact, privileged and/or subject to the work product doctrine.

7.      If any information requested by these Interrogatories is withheld by reason of the attorney-client privilege, specifically identify the attorney, the client, the nature of the confidential communication, all entities or Persons who know or knew of the information, and the date the information was exchanged.

8. If an attorney work product claim is asserted, specifically identify the Person or attorney who prepared the work product, each Person to whom the information was disclosed, the date when the work product was prepared, and the litigation for which the work product was prepared.

9. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the following Interrogatories are deemed to be continuing.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each Related Product, identify: (1) the product, associated components, and accessories by model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier, (2) the dates the product was sold, (3) from 2018-06-25 through 2024-06-25 the sales and cost information for the product, including the sales price, units sold, gross revenue, profits, and cost to Swissdigital of the product itself, exclusive of any overhead or shipping, whether the product is purchased by Swissdigital from a manufacturer (in which case this would be Swissdigital's purchase price per unit) or manufactured by Swissdigital (in which case this would be the cost-per-unit to manufacture). Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

### INTERROGATORY NO. 2:

For each USB component in any Swissdigital product, identify: (1) the Entity from which the component was purchased, (2) the model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier, (3) the

5

dates the component was used, and (4) the cost information for the component, including the purchase price, list price, quantity purchased, shipping costs, rebates, and discounts. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

**INTERROGATORY NO. 3:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to recover from Defendants, including but not limited to the amount and type of such damages and the specific methodology used to arrive at such amounts. To the extent Plaintiff contends it is entitled to a reasonable royalty, Your response shall include: (1) the appropriate royalty base; (2) the appropriate royalty rate; (3) the availability and acceptability of any non-infringing alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any applicable *Georgia-Pacific* factors. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your contentions, including those that rebut Your contentions, and shall identify the Persons most knowledgeable regarding the factual bases for each of Your contentions, and a description of each such Person's knowledge.

**INTERROGATORY NO. 4:**

Describe in complete detail the circumstances surrounding, substance of, and outcome of all license or settlement communications and/or discussions between Plaintiff and any Third Party (e.g., the identity of the participating parties, the terms offered by each party, any discussions regarding terms, the final terms, and whether or not a license/settlement agreement was executed) relating to the Asserted Patents, any Related Patent, or any product or prototype embodying any claim of the same, including Related Products. Your answer should include, for each Third Party,

(a) the name of the Third Party; (b) the identity of the product or prototype; and (c) the date that the Third Party first licensed, settled, or purchased the product or prototype.  Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.