# EXHIBIT 10

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSONITE GROUP S.A.;<br>SAMSONITE LLC; SAMSONITE<br>COMPANY STORES, LLC; and<br>DIRECT MARKETING VENTURES,<br>LLC;<br><br>*Defendants*. | Case No. 1:24-cv-11636-JEK<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF SWISSDIGITAL USA CO., LTD.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff" or "Swissdigital") hereby provides the following responses to the August 29, 2025 Interrogatories[1] of Defendants Samsonite Group S.A. ("Samsonite S.A."), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Defendants").

---

[1] Defendants incorrectly designate their August 29, 2025 Interrogatories as the "Second Set" after previously serving their First Set on November 1, 2024, and their second set, incorrectly designated as the "First Set," on July 29, 2025. Not accounting for interrogatories containing multiple interrogatories, Defendants have served twenty-nine (29) interrogatories, exceeding the discovery event limitations. Notwithstanding the responses and objections provided below, Swissdigital reserves its right to seek a protective order on the grounds that Defendants have exceeded the discovery event limitations.

**RESERVATION OF RIGHTS**

Plaintiff reserves all objections to the admissibility of any information produced in response to the Interrogatories.  Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-product protection, or any other exemption.

**OBJECTIONS TO DEFENDANTS' DEFINITIONS/INSTRUCTIONS**

Plaintiff objects to Defendants' definition of "Swissdigital," "Plaintiff," "You," and "Your" as vague, ambiguous, overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Plaintiff's possession, custody, or control.  Plaintiff further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case.  Plaintiff further objects to the inclusion of "all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, parents, affiliates, contractors, and any other Person or entity acting on behalf of any of the foregoing, including but not limited to the Related Entities and Zhijian 'Hunter' Li" as overly broad and unduly burdensome.  For these objections and responses, Plaintiff assumes that these terms refer to the named plaintiff and limits its response accordingly.  Plaintiff does not respond on behalf of any agents or representatives referenced in the definition.

Plaintiff objects to Defendants' definition of "Related Entities" as vague, ambiguous, overly broad, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to include information out of Plaintiff's possession, custody, or control.  Plaintiff further objects to this definition as overly broad, unduly burdensome, irrelevant to the present litigation, and not proportional to the needs of the case.  Plaintiff further objects to this definition to the extent it misrepresents that an entity is "related to Swissdigital" or a "parent[], subsidiar[y], [or] entit[y] sharing ownership."

2

Plaintiff objects to Defendants' instructions on how to produce and/or identify documents and/or respond to interrogatories to the extent that they are unduly burdensome and oppressive and/or attempt to impose an obligation upon Plaintiff not require by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## GENERAL OBJECTIONS

The following General Objections apply to all of the requests contained in the Interrogatories, irrespective of whether the General Objections are expressly referred to in the specific responses. The specific objections are intended to amplify the General Objections and neither limit the applicability of any of the General Objections nor waive any objections which may be applicable to each request.

1. Plaintiff objects to the Interrogatories because they seek information outside the scope of discovery permitted under the Court's Local Rules and the Federal Rules of Civil Procedure and seek to impose obligations in excess of those required by the FRCP, Local Rules, and/or applicable case law.

2. Plaintiff objects to the Interrogatories because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules, or laws.

3. Plaintiff objects to the Interrogatories to the extent that they seek information that is protected under confidentiality obligations or agreements with third parties.

4. Plaintiff objects to the Interrogatories because they are vague and use undefined and ambiguous terms.

5. Plaintiff objects to the Interrogatories because they lack specificity and fail to describe each requested item and category with reasonable particularity.

3

6.      Plaintiff objects to the Interrogatories because they seek information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.

7.      Plaintiff objects to the Interrogatories to the extent that they seek information already in Defendants' possession, information available in the public domain, or information that has been filed of record in this action.  Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

8.      Plaintiff objects to the Interrogatories to the extent they are premature and inconsistent with the scheduling for expert disclosures under the Court's Case Management Plan, Local Rules, and the stipulation of the parties.

9.      Plaintiff objects to the Interrogatories to the extent they contain multiple subparts. Plaintiff will count each of these subparts as separate Interrogatories for purposes of determining the limit of Interrogatories allowed by Defendants.

10.     By responding to the Interrogatories, Plaintiff does not waive any objections based upon lack of authenticity, hearsay, or otherwise and does not waive any evidentiary objections whatsoever as to the documents, response, or information contained in or accompanying these responses.  In addition, Plaintiff specifically reserves its rights to challenge the competency, relevancy, materiality, and admissibility of such information in any proceeding, hearing, motion, or trial in this or any other action.

11.     Plaintiff's responses are based upon information and writings presently available to and located by Plaintiff and its attorney.  Plaintiff reserves its right to supplement or modify its responses to the Interrogatories at any time up to and including the time of trial.

12. The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

## INTERROGATORIES

### INTERROGATORY NO. 8:

For each Asserted Claim of each Asserted Patent that Plaintiff alleges Defendant willfully infringed, set forth all legal and factual bases for such allegation including, without limitation, by identifying the bases, if any, for alleging Defendant had actual knowledge of any of the claims of the Patent-in-Suit, by identifying the date upon which you contend that Defendant had actual knowledge of its alleged infringement, and by identifying the bases, if any, for alleging that any of Defendant's actions constitute an egregious case of misconduct.

### RESPONSE:

Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Plaintiff objects to this interrogatory to the extent that it is vague and non-specific. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal interpretation and/or legal conclusion to respond. Plaintiff objects to the extent that this

interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and the foregoing specific objections, Swissdigital states the following: Swissdigital contends that Defendants have willfully infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). At the latest, Defendants had knowledge of the '071 Patent and '138 Patent on or around November 2, 2021, had knowledge of the '137 Patent on or around September 27, 2022, and had knowledge of the '009 patent on or around March 30, 2023, when Swissdigital filed its Amended Complaint in the Western District of Texas and then express mailed with tracking and emailed the Amended Complaint to Samsonite S.A. With full knowledge of the Patents-in-Suit and knowledge that Samsonite Group bag and luggage products that include a sheath for USB charging infringe the Patents-in-Suit, Defendants have infringed and continue to infringe the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 9:**

Describe in detail the level of ordinary skill in the art you contend is applicable for the Asserted Patents, including such person's educational and work experience qualifications. Your response shall further identify all documents, things, and witnesses on which you rely or which otherwise relates to your contentions, including those that rebut your contentions.

6

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal interpretation and/or legal conclusion to respond. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and the foregoing specific objections, Swissdigital states the following: Swissdigital may rely on at least the opinion of expert witness Joel Delman. It is Mr. Delman's opinion that, in view of his personal and professional education, skill, training, experience and expertise, a person of ordinary skill in the art relevant to the Asserted Patents as of the priority date of the Asserted Patents would have the equivalent of a four-year degree from an accredited institution (usually denoted as a B.S. degree) in industrial design or the equivalent, and approximately two years of professional experience. Additional graduate education could substitute for professional experience, while significant experience in the field might substitute for formal education. Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 10:**

Separately for each of the Asserted Claims, identify and describe every objective indicia of non-obviousness (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, failed attempts by others, or simultaneous development) and each item of evidence of non-obviousness, if any, and for each indicium or item of evidence, separately and fully state the factual and legal bases concerning how it supports the patentability of each such claim and describe each fact that you contend shows a nexus between such alleged objective indicia and the Asserted Claims.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal interpretation and/or legal conclusion to respond. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature with regard to disclosures

8

required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 2[2]:**

For each claim of the Asserted Patents that Plaintiff alleges to be valid and enforceable, state all legal and factual bases for Plaintiff's allegation that such claim is valid and enforceable, including all factual and legal bases for Your contention, if any, that any of the Prior Art identified by Defendant does not render the Asserted Claims invalid, including: whether or not you contend that each identified publication, product, or item constituted prior art under each of 35 U.S.C. §§ 102(a), 102(b), or 102(e); for each individual limitation of each of the Asserted Claims, a detailed explanation of why each separately identified item of prior art does not disclose that limitation, or an admission that each identified item of prior art does disclose that limitation.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this interrogatory because it contains multiple interrogatories.  Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by

---

[2] Defendants mistakenly designated this interrogatory as "Interrogatory No. 2." Plaintiff maintains that numbering here.

9

Defendants.  Plaintiff objects to this interrogatory to the extent that it is vague and non-specific.

Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to

Plaintiff's response remains undisclosed and/or in Defendants' sole possession.  Plaintiff objects

to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal

interpretation and/or legal conclusion to respond.  Plaintiff objects to the extent that this

interrogatory seeks information protected by the attorney-client privilege or work product

privilege.  Plaintiff objects to the extent that this request is premature with regard to disclosures

required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling

Order (ECF No. 25).

Discovery in the case is ongoing, and Swissdigital continues to investigate and will

supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 32[3]:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to

recover from Defendant, including but not limited to the amount and type of such damages and

the specific methodology used to arrive at such amounts. To the extent Plaintiff contends it is

entitled to a reasonable royalty, your response shall include: (1) the appropriate royalty base; (2)

the appropriate royalty rate; (3) the availability and acceptability of any non-infringing

alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any

applicable Georgia-Pacific factors. To the extent Plaintiff contends it is entitled to lost profits, your

response shall include all contentions related to any applicable *Panduit* factors. Your response

shall further identify all documents, things, and witnesses on which you rely or which otherwise

---

[3] Defendants mistakenly designated this interrogatory as "Interrogatory No. 32."  Plaintiff maintains that numbering here.

relate to your contentions, including those that rebut your contentions, and shall identify the Person(s) most knowledgeable regarding the factual bases for each of your contentions, and a description of each such person's knowledge.

**<u>RESPONSE:</u>**

Plaintiff objects to the extent that this interrogatory is duplicative of Defendants' Interrogatory No. 3 served November 1, 2024. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25). Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

11

Notwithstanding and subject to the General Objections and foregoing specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001861-1889.

Swissdigital contends that Defendants have infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). Swissdigital seeks an award of damages sufficient to compensate Swissdigital for its lost profits and no less than a reasonable royalty for Defendants' infringement pursuant to 35 U.S.C. § 284. Swissdigital also seeks a judgment that Defendants' infringement has been willful and that Swissdigital be awarded treble damages pursuant to 35 U.S.C. § 284. At the latest, Defendants had knowledge of the '071 Patent and '138 Patent on or around November 2, 2021, had knowledge of the '137 Patent on or around September 27, 2022, and had knowledge of the '009 patent on or around March 30, 2023, when Swissdigital filed its Amended Complaint in the Western District of Texas and then express mailed with tracking and emailed the Amended Complaint to Samsonite S.A. With full knowledge of the Patents-in-Suit and knowledge that Samsonite Group bag and luggage products that include a sheath for a USB charger infringe the Patents-in-Suit, Defendants have infringed and continue to infringe the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). At least because of Defendants' ongoing willful infringement, Swissdigital seeks a judgment that this is an exceptional case and that Swissdigital be awarded its costs, expenses, and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary. Swissdigital will provide full and complete evidence of damages at a time consistent with the requirements regarding disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order (Dkt. No. 25).

**INTERROGATORY NO. 43[4]:**

Identify all Prior Art considered by Plaintiff or its attorneys or other representatives in connection with any Asserted Patent or Related Patent, including any Thing claimed or considered by any Person (including examiners, potential or actual licensees, accused infringers, or Your attorneys, employees, or agents) to be Prior Art or potential Prior Art to any Asserted Patent or Related Patent.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and foregoing specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL000001-1834.

---

[4] Defendants mistakenly designated this interrogatory as "Interrogatory No. 43."  Plaintiff maintains that numbering here.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 54[5]:**

Describe in complete detail all ownership and other financial interests in any Asserted Patent or this action.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

Notwithstanding and subject to the General Objections and foregoing specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001859-1860.

---

[5] Defendants mistakenly designated this interrogatory as "Interrogatory No. 54." Plaintiff maintains that numbering here.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 15:**

Describe in detail all facts relied upon in determining whether each Accused Product did or did not infringe any claim of the Asserted Patents, including, but not limited to: (a) a description of the products or services that were examined, (b) the date(s) upon which the products or services were examined, (c) a description of Your investigation, including any tests or analyses, and Your findings, and (d) the Persons who examined the products or services and, if different, who determined that the products or services did or did not infringe any claim of the Patents-in-Suit.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

**INTERROGATORY NO. 16:**

Regarding Your allegation that Defendants have induced infringement of each of the Asserted Patents, for each Asserted Claim, identify all facts and evidence supporting Your contention, including: (a) the earliest date on which You contend such infringement occurred, (b) how and when You contend Defendants first learned of the existence of the Asserted Claim and/or the Patents-in-Suit, (c) an identification of each and every accused direct infringer, (d) how and when You contend the alleged direct infringement occurred, (e) the basis for Your assertions that Defendants have been "knowingly and actively soliciting" business for providing infringing products" (*E.g.*, Dkt. No. 1, Complaint, at ¶ 32) and (f) how and when you contend Defendants first knew the Accused Products were specially made or specially adapted for use in direct infringement of the Asserted Claims.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond. Plaintiff objects to the extent that this interrogatory seeks

16

information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25).

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: Defendants induce infringement of the Patents-in-Suit by U.S. retailers and wholesalers by at least knowingly and actively soliciting their business and providing them with infringing products to offer to sell and sell.  Defendants expend significant time and resources on the design, manufacture, and quality control of their infringing products (which they promote as "premium-quality," "iconic designs," and "the latest design technology" on the Samsonite.com Website), place their trademarks on such products, and maintain goodwill in their marks such that retailers and wholesalers benefit from the sales and popularity of Samsonite Group products.  The goodwill in the products, brands, and marks, including *Samsonite*, *ebags*, *American Tourister*, *High Sierra*, and *Hartmann*, entices retailers and wholesalers to offer to sell and sell infringing products to customers, who purchase the products and infringe.  Defendants knowingly and actively encourage customers to use the infringing products to infringe the Patents-in-Suit by advertising the infringing capabilities of the products and providing instructions and technical support to their customers.  The Samsonite.com Website instructs customers that the "[b]uilt in USB port lets you power devices on the go" "to keep you charged and stress-free" and that the "[i]ntegrated charging port allows for easy access to personal portable chargers."  At the latest, Defendants had knowledge of the '071 Patent and '138 Patent on or around November 2, 2021, had knowledge of the '137 Patent on or around September 27, 2022, and had knowledge of the '009 patent on or around March 30, 2023, when Swissdigital filed its Amended Complaint in the Western District of Texas and then express mailed with tracking and emailed the Amended

17

Complaint to Samsonite S.A.  With full knowledge of the Patents-in-Suit, Defendants continue to induce others to buy, use, and sell these infringing products.  Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 17:**

For each and every product that You contend practices or embodies any Asserted Claim of any Asserted Patent, (1) identify by product name, SKU, and any other internally used method of identification each such .product that has been made, used, offered for sale, sold, or imported into the United states from 2014 to the present; (2) the dates the product was sold; (3) financial information for the products, including but not limited to the sales price, MSRP, cost information, units sold, and profits; and (4) the most knowledgeable individual(s) regarding the same.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is vague and non-specific.  Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories.  Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants.  Plaintiff objects to the extent that this interrogatory seeks information that would

18

require Plaintiff to draw a legal interpretation and/or legal conclusion to respond. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this interrogatory places the burden of fact-finding disproportionately on Plaintiff in contravention of Federal Rule of Civil Procedure 26 and 33, and information responsive to this interrogatory may be more appropriately obtained through other means, such as document production or deposition testimony. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: Zhijian "Hunter" Li is the Person most knowledgeable of Swissdigital's products, including products that embody the Patents-in-Suit. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital will produce and identify business records responsive to this interrogatory, and Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001887–1889. Swissdigital also identifies at least the following Samsonite products as practicing or embodying one or more claims of the Patents-in-Suit:

- American Tourister R2D2 Underseater Underseater [sic] 2 Wheeled (Material Key 123017)
- ebags Kalya Underseat Carry-On (Material Key 117854)
- ebags Mother Lode USB Travel BP (Material Key 139289)
- ebags Pro Slim USB Laptop BP (Material Key 139290)

19

- Hartmann Evolution Set Spinner 56/20 (Material Key 120693)

- Hartmann Herringbone Deluxe CO Underseat Spinner (Material Key 123122)

- Hartmann Herringbone Deluxe Domestic CO EXP Spinner (Material Key 123119)

- Hartmann Intensity Classic SS Carry On EXP Spinner (Material Key 127369)

- Hartmann Metropolitan 2 Domestic CO EXP Spinner (Material Key 111250)

- Hartmann Metropolitan 2 Global CO EXP Spinner (Material Key 111249)

- Hartmann Metropolitan 2 Travel Duffel (Material Key 111254)

- Hartmann Metropolitan 2 Underseat Carry On SPR (Material Key 111253)

- Hartmann Ratio 2 Domestic CO EXP Spinner (Material Key 120936)

- Hartmann Ratio 2 Global CO EXP Spinner (Material Key 120935)

- Hartmann Ratio Classic DLX 2 Domestic CO EXP Spinner (Material Key 120931)

- Hartmann Ratio Classic DLX 2 Global CO EXP Spinner (Material Key 120930)

- Hartmann Ratio Classic DLX 2 Weekend Duffel (Material Key 120929)

- Hartmann Tweed Legend CO Underseat Spinner (Material Key 105174)

- Hartmann Tweed Legend Travel Duffle (Material Key 105168)

- High Sierra BIZ Slim Packs Business ProSlim USB Pack (Material Key 123066)

- High Sierra Endeavor Elite 2.0 Backpack (Material Key 131934)

- Samsonite Agilis 21 Expandable Spinner (Material Key 110254)

- Samsonite Agilis Travel Duffel (Material Key 110259)

- Samsonite Agilis Underseat CO Spinner (Material Key 110257)

- Samsonite Armage 19 Spinner (Material Key 106131)

- Samsonite Armage 21 Expandable Spinner (Material Key 106132)

- Samsonite Armage 21 Expandable Upright (Material Key 106140)

20

- Samsonite Carrier Collection Tucker Backpack (Material Key 126272)

- Samsonite Carrier Collection Underseater (Material Key 130778)

- Samsonite Drive DLX 2PC Set (CO/MED SPNR) (Material Key 127261)

- Samsonite Eco Advance 2-WHLD Underseater (Material Key 136486)

- Samsonite Eco Advance 22x14x9 Carry-On Spinner (Material Key 136482)

- Samsonite Eco Advance Carry-On Spinner (Material Key 136483)

- Samsonite Flexis 19 Expandable Spinner (Material Key 110238)

- Samsonite Flexis 21 Expandable Spinner (Material Key 110239)

- Samsonite Flexis Travel Duffel (Material Key 110245)

- Samsonite Flexis Underseat CO Spinner (Material Key 110243)

- Samsonite Insignis Carry On EXP Spinner (Material Key 126988)

- Samsonite Insignis Underseater Wheeled Carry-On (Material Key 126994)

- Samsonite Just Right Carryall (Material Key 137318)

- Samsonite Just Right Standard Backpack (Material Key 137311)

- Samsonite Just Right Weekend WHLD Duffel (Material Key 137310)

- Samsonite Laser Pro USB Laptop BP (Material Key 139926)

- Samsonite Lineate EXP Spinner Carry On (Material Key 121632)

- Samsonite Lineate Underseat Spinner CO (Material Key 121635)

- Samsonite Mobile Solution Classic Duffel (Material 131873)

- Samsonite Mobile Solution Deluxe Backpack LTD (Material Key 131871)

- Samsonite Mobile Solution Deluxe Carryall LTD (Material Key 131872)

- Samsonite Mobile Solution Everyday Exp. Spinner (Material Key 140707)

- Samsonite Mobile Solution Exp. Spinner 19 (Material Key 128168)

21

- Samsonite Mobile Solution Spinner Mobile Office (Material Key 128167)

- Samsonite Pro 15.6 Slim Messenger (Material Key 126361)

- Samsonite Pro Double Compartment Brief (Material Key 126357)

- Samsonite Pro Slim Backpack (Material Key 126358)

- Samsonite Pro Standard Backpack (Material Key 126364)

- Samsonite Pro Travel Carry-On EXP Spinner (Material Key 127373)

- Samsonite Pro Upright Mobile Office (Material Key 126363)

- Samsonite Pro Vert. Spnr. Mobile Office (Material Key 126362)

- Samsonite Quadrion 2 Messenger Bag (Material Key 131702)

- Samsonite Quadrion 2 Slim Backpack (Material Key 131700)

- Samsonite Quadrion 2 Standard Backpack (Material Key 131703)

- Samsonite Silhouette 16 EXP Carry On Spinner (Material Key 120402)

- Samsonite Silhouette 16 EXP Wheeled Carry On (Material Key 120407)

- Samsonite Silhouette 16 Underseat CO Spinner (Material Key 120405)

- Samsonite Silhouette 16 Underseat WHLD Carry On (Material Key 120408)

- Samsonite SXK Collection Exp. Carry-On Sppinner [sic] (Material Key 119310)

- Samsonite SXK Collection Prime EXP Backpack (Material Key 108242)

- Samsonite SXK Collection Slim Backpack (Material Key 108243)

- Samsonite SXK Collection Spinner Underseater (Material Key 130445)

- Samsonite Tectonic Sweetwater BPK (Material Key 117358)

- Samsonite Theorym 22x14x9 Carry-On Spinner (Material Key 131293)

- Samsonite Theorym Underseater Spinner (Material Key 131297)

- Samsonite Wheeled Underseater Small Spinner Underseater (Material Key 90506)

Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

## INTERROGATORY NO. 18:

For each and every product identified in response to Interrogatory No. 18, identify each of the sales channels by which You sell or have sold each of the products from 2014 to the present and the most knowledgeable individual(s) regarding the same.

## RESPONSE:

Plaintiff objects to the extent that this interrogatory is unintelligible. This interrogatory references "each and every product identified in response to Interrogatory No. 18," but Interrogatory No. 18 only directs Plaintiff to identify "sales channels" and "the most knowledgeable individual(s)." Interrogatory No. 18 provides no identifying characteristics or criteria for the products that Defendants seek information regarding, and Plaintiff is thus unable to respond. Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## INTERROGATORY NO. 19:

Describe in detail the methods by which You collect, record, maintain, and use sales information throughout the ordinary course of Your business, including as part of that description

23

an identification of the most knowledgeable individual(s) regarding Your maintenance of sales information and financial records.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: Zhijian "Hunter" Li is the Person most knowledgeable of the topics contained in this interrogatory. Swissdigital's business and finance departments synchronize and cross-verify online and offline data, including business documents such as sales orders, invoices, and payment records and online transaction data exported from various e-commerce platforms. Sales vouchers are archived by invoice number, and retention periods are no less than seven years. Monthly revenue reconciliations are conducted with Swissdigital's business departments, and discrepancies require immediate tracing and closed-loop resolution. Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

24

**INTERROGATORY NO. 20:**

For each and every product identified in response to Interrogatory No. 18, identify each of the sales channels by which You sell or have sold each of the products from 2014 to the present. Your response shall include the sales revenue, cost, and profit associated with each such product obtained from each different channel.

**RESPONSE:**

Plaintiff objects to the extent this interrogatory is duplicative of Interrogatory No. 18 served August 29, 2025.  Plaintiff objects to the extent that this interrogatory is unintelligible.  This interrogatory references "each and every product identified in response to Interrogatory No. 18," but Interrogatory No. 18 only directs Plaintiff to identify "sales channels" and "the most knowledgeable individual(s)."  Interrogatory No. 18 provides no identifying characteristics or criteria for the products that Defendants seek information regarding, and Plaintiff is thus unable to respond.  Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants.

25

**INTERROGATORY NO. 21:**

For each and every product identified in response to Interrogatory No. 18, identify the location(s) and custodian(s) of all documents relating to the sourcing and manufacture of each such product, including but not limited to specific components (e.g., the USB sheath feature). Your response shall include, for each component (including the USB component) in each such product, (1) the Entity from which the component was purchased; (2) the model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier for such components; (3) the dates the component was used; and (4) the cost information for the components, including the purchase price, list price, quantity purchased, shipping costs, rebates, and discounts; and (5) an identify the most knowledgeable person(s) regarding the same.

**RESPONSE:**

Plaintiff objects to the extent that this interrogatory is duplicative of Interrogatory No. 2 served November 1, 2024.  Plaintiff objects to the extent that this interrogatory is unintelligible. This interrogatory references "each and every product identified in response to Interrogatory No. 18," but Interrogatory No. 18 only directs Plaintiff to identify "sales channels" and "the most knowledgeable individual(s)."  Interrogatory No. 18 provides no identifying characteristics or criteria for the products that Defendants seek information regarding, and Plaintiff is thus unable to respond.  Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

26

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants.

**INTERROGATORY NO. 22:**

For each and every product identified in response to Interrogatory No. 18, describe in detail how each such product is manufactured, from sourcing of materials and components to creation of the completed product, including an identification of any third parties involved, and an identification of the most knowledgeable person(s) regarding the same.

**RESPONSE:**

Plaintiff objects to this interrogatory as it exceeds the discovery event limitations of Local Rule 26.1. Local Rule 26.1(c) provides that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to . . . 25 interrogatories." Defendants have already propounded twenty-five (25) interrogatories, and Plaintiff has responded to those requests. Plaintiff further objects to the extent that this interrogatory is unintelligible. This interrogatory references "each and every product identified in response to Interrogatory No. 18," but Interrogatory No. 18 only directs Plaintiff to identify "sales channels" and "the most knowledgeable individual(s)." Interrogatory No. 18 provides no identifying characteristics or criteria for the products that Defendants seek information regarding, and Plaintiff is thus unable to respond. Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff

objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**INTERROGATORY NO. 23:**

If You contend that Defendants receive any benefit or value from their alleged use of the Asserted Patents, describe in complete detail that benefit or value and describe how that benefit or value is related to both the Asserted Patents and the Accused Products, including citation to any evidence that You contend supports Your position.

**RESPONSE:**

Plaintiff objects to this interrogatory as it exceeds the discovery event limitations of Local Rule 26.1. Local Rule 26.1(c) provides that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to . . . 25 interrogatories." Defendants have already propounded twenty-five (25) interrogatories, and Plaintiff has responded to those requests. Plaintiff further objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information protected by

the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: Defendants receive benefit and value at least from their collective sale of the Accused Products, which incorporate Plaintiff's patented technology.  Under the direction, control, and coordination of Samsonite S.A., Samsonite LLC, Samsonite Co. Stores, and DMV import, offer to sell, and sell the infringing Samsonite Group products in the United States. Samsonite S.A., which is listed on the Honk Kong Stock Exchange, benefits significantly from the Samsonite Group's involvement in the U.S. market, deriving substantial profits and soliciting investments based on the U.S. sales of Samsonite Group products, including the Accused Products. Defendants market and advertise the infringing capabilities of the Accused Products, for example, instructing customers that the "[b]uilt in USB port lets you power devices on the go" "to keep you charged and stress-free" and that the "[i]ntegrated charging port allows for easy access to personal portable chargers."

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.  Swissdigital will provide full and complete evidence of damages at a time consistent with the requirements regarding disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order (Dkt. No. 25).

**INTERROGATORY NO. 24:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to recover from Defendants, including but not limited to the amount and type of such damages and

the specific methodology used to arrive at such amounts. To the extent Plaintiff contends it is entitled to a reasonable royalty, Your response shall include: (1) the appropriate royalty base; (2) the appropriate royalty rate; (3) the availability and acceptability of any non-infringing alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any applicable *Georgia-Pacific* factors. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your contentions, including those that rebut Your contentions, and shall identify the Persons most knowledgeable regarding the factual bases for each of Your contentions, and a description of each such Person's knowledge.

**RESPONSE:**

Plaintiff objects to this interrogatory as it exceeds the discovery event limitations of Local Rule 26.1. Local Rule 26.1(c) provides that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to . . . 25 interrogatories." Defendants have already propounded twenty-five (25) interrogatories, and Plaintiff has responded to those requests. Plaintiff further objects to the extent that this interrogatory is duplicative of Defendants' Interrogatory No. 3 served November 1, 2024, and Interrogatory No. 32 served August 29, 2025. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate

30

interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Discovery in this case is ongoing, and Plaintiff objects to the extent that information relevant to Plaintiff's response remains undisclosed and/or in Defendants' sole possession. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond. Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25). Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained through other means, such as deposition testimony.

Notwithstanding and subject to the General Objections and foregoing specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001861-1889. Swissdigital contends that Defendants have infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). Swissdigital seeks an award of damages sufficient to compensate Swissdigital for its lost profits and no less than a reasonable royalty for Defendants' infringement pursuant to 35 U.S.C. § 284. Swissdigital also seeks a judgment that Defendants' infringement has been willful and that Swissdigital be awarded treble damages pursuant to 35 U.S.C. § 284. At the latest, Defendants had knowledge of the '071 Patent and '138 Patent on or around November 2, 2021, had knowledge of the '137 Patent on or around September 27, 2022, and had knowledge of the '009 patent on or around March 30, 2023, when Swissdigital filed its Amended Complaint in the Western District of Texas and then express mailed with tracking and emailed the Amended Complaint to Samsonite S.A. With full knowledge of the Patents-in-Suit and knowledge that Samsonite Group bag and luggage products that include a sheath for a USB charger infringe the

31

Patents-in-Suit, Defendants have infringed and continue to infringe the Patents-in-Suit in violation of 35 U.S.C. § 271(a)–(c). At least because of Defendants' ongoing willful infringement, Swissdigital seeks a judgment that this is an exceptional case and that Swissdigital be awarded its costs, expenses, and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary. Swissdigital will provide full and complete evidence of damages at a time consistent with the requirements regarding disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order (Dkt. No. 25).

**INTERROGATORY NO. 25:**

Describe in complete detail the circumstances surrounding, substance of, and outcome of all license or settlement communications and/or discussions between Plaintiff and any Third Party (e.g., the identity of the participating parties, the terms offered by each party, any discussions regarding terms, the final terms, and whether or not a license/settlement agreement was executed) relating to the Asserted Patents, any Related Patent, or any product or prototype embodying any claim of the same, including Related Products. Your answer should include, for each Third Party, (a) the name of the Third Party; (b) the identity of the product or prototype; and (c) the date that the Third Party first licensed, settled, or purchased the product or prototype. Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

32

**RESPONSE:**

Plaintiff objects to this interrogatory as it exceeds the discovery event limitations of Local Rule 26.1.  Local Rule 26.1(c) provides that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to . . . 25 interrogatories."  Defendants have already propounded twenty-five (25) interrogatories, and Plaintiff has responded to those requests.  Plaintiff further objects to the extent that this interrogatory is duplicative of Defendants' Interrogatory No. 4 served November 1, 2024. Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this interrogatory seeks information that is protected under confidentiality obligations or agreements with third parties, including protective orders entered in other cases.  Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to this interrogatory because it contains multiple interrogatories. Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendants. Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal conclusion to respond.  Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (Dkt. No. 25). Plaintiff objects to the extent that this interrogatory places the burden of fact-finding disproportionately on Plaintiff in contravention of Federal Rule of Civil Procedure 26 and

33

33, and the response to this interrogatory may be more appropriately obtained through other means, such as document production or depositions.

Notwithstanding and subject to the General Objections and foregoing specific objections, Zhijian "Hunter" Li is the Person most knowledgeable of the topics contained in this interrogatory. Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital identifies at least the following Bates numbered documents as responsive to this interrogatory: SWISSDIGITAL001861-1886.

SWISSDIGITAL001861 is a Confidential Settlement and License Agreement between Swissdigital and Wenger S.A. ("Wenger"). Swissdigital filed a complaint against Wenger in the U.S. District Court for the Western District of Texas on April 30, 2021, alleging infringement of U.S. Patent Nos. 10,574,071 ("the '071 Patent") and 10,931,138 ("the '138 Patent").  The parties litigated for approximately two years before reaching a settlement where, in an effort to avoid additional legal fees and costs, including the millions of dollars that would have been required to go to trial and through the appeals process, Swissdigital was willing to reach a compromise with Wenger, agreeing to the terms of the Confidential Settlement and License Agreement.

SWISSDIGITAL001869 is a Confidential Settlement Agreement between Swissdigital and Targus International LLC ("Targus"). Targus filed a complaint against Swissdigital in the U.S. District Court for the Central District of California on April 22, 2020, alleging infringement of U.S. Patent No. 8,567,578. Swissdigital countersued, alleging infringement of the '071 Patent. The parties litigated for approximately seven months before reaching a settlement where, in an effort to avoid additional legal fees and costs, including the millions of dollars that would have been required to go to trial and through the appeals process, Swissdigital was willing to reach a compromise with Targus, agreeing to the terms of the Confidential Settlement Agreement.

SWISSDIGITAL001882 is a Non-Exclusive Limited Patent License between Swissdigital and Spray Moret, LLC ("Spray Moret"). Spray Moret desired that bag and luggage products manufactured for Spray Moret incorporated Swissdigital's patented technology. On or around June 11, 2024, the parties agreed to the terms of the Non-Exclusive Limited Patent License.

Discovery in the case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

Date: September 29, 2025

Respectfully submitted,

/s/ *Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,*
*SWISSDIGITAL USA CO., LTD.*

35

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon Defendants' counsel of record via electronic mail on September 29, 2025.

_/s/ Scott M. Draffin_
Scott M. Draffin