# EXHIBIT 11

# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

——————

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

November 14, 2025

**VIA EMAIL DELIVERY ONLY**
Ethan Kovar
Fish & Richardson P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
kovar@fr.com

>      RE:    Defendants' November 3, 2025 Letter
>             *Swissdigital USA Co., Ltd. v. Samsonite Group S.A., et al.*,
>             D. Mass No. 1:24-cv-11636-JEK

Dear Mr. Kovar:

On behalf of Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff" or "Swissdigital"), we write in response to Defendants Samsonite Group S.A. ("Samsonite S.A."), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Defendants" or "Samsonite")'s November 3, 2025 letter (the "Letter") regarding Swissdigital's discovery responses and initial disclosures.

**Samsonite's Issues with Documents and Information Relating to Conception, Diligence, and Reduction to Practice**

Swissdigital has produced what has been located after a reasonable search. No documents have been withheld. We will take this issue back to the client, and if any further documentation is uncovered, Swissdigital will produce it.

Regarding the exchange of metadata, Swissdigital addressed this issue over a year ago in an October 24, 2024 email, where we noted that the parties had not exchanged metadata as the standing order in the Western District of Texas did not require it absent a showing of good cause. As stated then, if the parties are to exchange metadata, we will need to agree upon and adopt an ESI protocol. We do not believe that metadata is particularly relevant to these documents, but we are happy to revisit this issue if the parties adopt an ESI protocol.

Regarding Samsonite's Interrogatory No. 3, Swissdigital notes that the interrogatory is quite broad and not limited to prototypes. Swissdigital's response therefore includes products that are not prototypes. We will confirm whether the client has additional relevant information related specifically to prototypes and will supplement Swissdigital's response if necessary.

**Samsonite's Issues with Documents and Information Regarding Past Litigation Involving the Asserted Patents**

Samsonite's Letter makes clear that Samsonite has failed to review the public dockets for the cases identified by Swissdigital in response to Interrogatory No. 2. The litigation with Avon Lifestyle has no connection to the produced license agreement with Spray Moret. We believe that this is clear based on a review of the public dockets, and we urge you to make such a review.

Regarding nonpublic documents from the identified litigations, we were under the impression that Samsonite already has Wenger's and Targus's invalidity contentions from our prior case with Samsonite in the Western District of Texas. If this is not correct, we will produce those invalidity contentions. Regardless, we believe that Samsonite is aware of any relevant alleged prior art. We do not believe that Swissdigital's infringement contentions and discovery responses from these cases are relevant, as they relate to different accused products unconnected to Samsonite's infringing products.

**Samsonite's Issues with Documents and Information Regarding Swissdigital's Corporate Structure**

Samsonite's accusation that Swissdigital is improperly stonewalling and refusing to provide component cost information is plainly false. Swissdigital has repeatedly informed Samsonite that component cost information is not in Swissdigital's possession, custody, or control. Samsonite appears unwilling to accept this unwavering position. Swissdigital alone is party to this case, and all relevant information regarding Swissdigital has been produced.

**Samsonite's Issues with Documents and Information Regarding Secondary Indicia of Non-Obviousness**

Swissdigital maintains its objections to Samsonite's Interrogatory No. 10. Nevertheless, Swissdigital will supplement with a high-level response and fully address this topic during expert discovery. Samsonite's threatened motion to strike would certainly be frivolous, further evidencing that this is an exceptional case warranting an award of attorney fees.

**Samsonite's Issues with Documents and Information Regarding Swissdigital's Product Sales**

Samsonite further accuses Swissdigital of withholding information "simply because it is bad for Swissdigital's case." Again, this is plainly false. Swissdigital provided Samsonite with sales information from 2018 to the present because that is what Samsonite specifically asked for. Samsonite's request that sales information from 2010 through 2019 now be produced, as well as the exact date of each sale of each product, is overly broad and unduly burdensome.

**Samsonite's Issues with Its Own Misnumbered Interrogatories**

It is clear that Samsonite's August 29, 2025 Interrogatories were hastily prepared and served to comply with the Court's interim deadlines for fact discovery. Several of these interrogatories were

misnumbered, unintelligible, and/or duplicative. It is not Swissdigital's responsibility to divine the "clear intent" of Samsonite's error-ridden requests. Now that Samsonite has served revised interrogatories, Swissdigital will supplement its responses as soon as possible, although we note that conducting discovery in this way is an inefficient use of our client's time and resources.

**Samsonite's Issues with Swissdigital's Responses to the Requests for Admission**

As stated in Swissdigital's objections, Samsonite's Requests for Admission Nos. 26–36 exceed the discovery event limitations of Local Rule 26.1(c), which provides that, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest to . . . 25 requests for admissions." Swissdigital's additional objections to Samsonite's Requests for Admission Nos. 26–36 were included simply to preserve those objections. Swissdigital has responded to the first twenty-five requests for admission propounded by Samsonite.

**Samsonite's Issues with Swissdigital's Initial Disclosures**

Samsonite seems to suggest that Swissdigital's Initial Disclosures are deficient purely because component cost information is not in Swissdigital's possession, custody, or control. As previously stated, Swissdigital buys the bag and luggage products it sells manufactured as a whole. It therefore has no input, control, or visibility into sourcing or costs for components of the bags it purchases. Swissdigital maintains that its Initial Disclosures are sufficient.

Very Truly Yours,

Darius Keyhani

Darius Keyhani

3