# EXHIBIT 13

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD. | |
| *Plaintiff*, | Case No. 1:24-cv-11636-JEK |
| v. | |
| SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC; | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUEST FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Swissdigital USA Co., Ltd. ("Plaintiff" or "Swissdigital") hereby provides the following responses to the July 29, 2025 Requests for Production[1] of Defendants Samsonite Group S.A. ("Samsonite S.A."), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Defendants").

**RESERVATION OF RIGHTS**

Plaintiff reserves all objections to the admissibility of any information produced in response to the Requests for Production (the "Requests"). Inadvertent disclosure of any

---

[1] Defendants incorrectly designate their July 29, 2025 Requests for Production as the "First Set" after previously serving their First Set on November 1, 2024. Further, Defendants incorrectly assert that their First Set "is separate from, and does not count toward, Local Rule 16.6(c)'s discovery event limitations." Swissdigital disagrees, as Swissdigital alone was granted leave to serve an initial round of discovery requests. Swissdigital will count all of Defendants' Requests for the purpose of calculating whether Defendants exceed the discovery event limitations. Defendants have served sixty-nine (69) of 100 requests thus far.

relationship between Swissdigital USA Co., Ltd. (and Zhijian "Hunter" Li) and each Related Entity," is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this request seeks information that is protected under confidentiality obligations or agreements with third parties. Plaintiff objects to the extent that this request seeks information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules, or laws. Plaintiff objects to the extent that this request seeks information available in the public domain and/or already in Defendant's possession, as providing such information would be duplicative and unduly burdensome. Plaintiff objects to Defendants' definitions of "Swissdigital" and "Related Entities" for the reasons detailed in Plaintiff's Objections to Defendants' Definitions/Instructions, *supra*, and limits its response to the named plaintiff and information in its possession, custody, or control.

Notwithstanding and without waiver of the foregoing specific objections and the General Objections set forth above, and subject to them, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Things relating the organization of Swissdigital USA Co., Ltd. and Related Entities, including organizational charts.

72

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to this request because it lacks specificity and fails to describe each requested item and/or category with reasonable particularity. Plaintiff objects to the extent that this request is vague, ambiguous, or unintelligible. Plaintiff objects to the extent that this request, in seeking "[a]ll Documents and Things relating the organization of Swissdigital USA Co., Ltd. and Related Entities," is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this request seeks information that is protected under confidentiality obligations or agreements with third parties. Plaintiff objects to the extent that this request seeks information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules, or laws. Plaintiff objects to the extent that this request seeks information available in the public domain and/or already in Defendant's possession, as providing such information would be duplicative and unduly burdensome. Plaintiff objects to Defendants' definitions of "Swissdigital" and "Related Entities" for the reasons detailed in Plaintiff's Objections to Defendants' Definitions/Instructions, *supra*, and limits its response to the named plaintiff and information in its possession, custody, or control.

Notwithstanding and without waiver of the foregoing specific objections and the General Objections set forth above, and subject to them, Plaintiff is in the process of searching for

73

documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 60:**

Samples of each product Plaintiff contends embodies the Asserted Patents.

**RESPONSE:**

Plaintiff objects to the extent that this request seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this request is vague, ambiguous, or unintelligible. Plaintiff objects to the extent that this request, in seeking "[s]amples of each product Plaintiff contends embodies the Asserted Patents," is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this request seeks information available in the public domain and/or already in Defendant's possession, as providing such information would be duplicative and unduly burdensome.

Notwithstanding and without waiver of the foregoing specific objections and the General Objections set forth above, and subject to them, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

Date: September 5, 2025

Respectfully submitted,

/s/ *Dariush Keyhani*

74