# EXHIBIT 18

| | |
|---|---|
| **From:** | Joon Chung |
| **To:** | fstephenson@keyhanillc.com |
| **Cc:** | Darius Keyhani; Scott Draffin; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 |
| **Subject:** | RE: Swissdigital v. Samsonite - Swissdigital"s Deficient Discovery Responses and Production |
| **Date:** | Friday, April 3, 2026 5:10:55 PM |

Counsel,

Among other things, your November 14 letter indicated that Swissdigital would investigate and produce additional documents and/or supplement its interrogatory responses. Swissdigital has produced no documents or provided any supplemental responses since that date. While the parties agreed to push back the fact discovery deadlines pending the Court's order, that agreement did not absolve Swissdigital of its discovery obligations, or negate its promises to investigate its discovery deficiencies and provide additional responses.  Now, nearly five months after that responsive letter, your statement that you just now intend to confer with your client is insufficient with less than two months remaining before the parties must finish fact witness depositions.

Again, we reiterate our request that you provide your availability to meet and confer next week on the issues in Samsonite's November 3 letter.  If Swissdigital's position regarding its failure to produce design documentation for Swissdigital's sales of its own prior art products is anything other than an intent to promptly produce all relevant documentation sufficient for Samsonite to determine when Swissdigital's prior art products were sold and the designs of those products, please also be prepared to explain Swissdigital's position on that meet and confer, as well. Samsonite will seek assistance from the court if needed.

We look forward to receiving your responses and objections to Samsonite's 30(b)(6) notice.

Best,
Joon

---

**From:** fstephenson@keyhanillc.com <fstephenson@keyhanillc.com>
**Sent:** Friday, April 3, 2026 4:00 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Darius Keyhani <dkeyhani@keyhanillc.com>; Scott Draffin <sdraffin@keyhanillc.com>; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

[This email originated outside of F&R.]

Hi Joon,

Your email is the first indication that our November 14, 2025 letter did not resolve Samsonite's discovery issues raised in your November 3, 2025 letter.  We will need to confer with our client regarding the issues you have now raised and get back to you next week.

With respect to Samsonite's 30(b)(6) notice of deposition, Swissdigital will provide responses and objections but we note that there was no date on the notice and we will need to confer with our client as to his availability.

Kind regards,

Frances

-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Wednesday, April 1, 2026 2:44pm
To: "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Scott Draffin" <sdraffin@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Cc: "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>
Subject: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

I write regarding Swissdigital's ongoing failure to produce complete materials and information responsive to Samsonite's discovery requests.  Now that the Court has resolved the parties' claim construction disputes and Samsonite's motion for summary judgment, the parties' deadline to complete fact depositions is May 26, 2026, with close of fact discovery on June 25, 2026.

Samsonite has been and continues to be severely prejudiced by Swissdigital's failure to produce and provide information in response to Samsonite's discovery, including the items

raised in Samsonite's November 3, 2025 letter, which must be addressed now given the looming discovery deadlines.

Swissdigital's production and discovery responses are additionally deficient with respect to at least Samsonite's RFP Nos. 18 and 19 (relating to documents regarding design activities on behalf of Swissdigital) and Interrogatory Nos. 1 (directed to Swissdigital's first public use and sale of its alleged invention), 17 (directed to each Swissdigital product that practices or embodies any Asserted Claim), 18 (directed to sales channels for Swissdigital's sales of practicing products), and 22 (description of manufacturing process for Swissdigital's process and all entities involved). Swissdigital has not produced the complete design information for the products it sold, nor has it provided explanations identifying which design files correspond to which product.

The relevance of these design documents is clear—now that the Court has found that Swissdigital's '137, '138, and '009 patents ("CIP Patents") are only entitled to an April 2019 priority date, Swissdigital's sales of products prior to that date constitute invalidating sales under 35 U.S.C. § 102.  Information regarding the specific design of Swissdigital's practicing products sold before the corrected priority date for the CIP Patents, including, *inter alia*, details enabling Samsonite to determine whether the products invalidate the claims of the patents, are indisputably relevant and critical to Samsonite's defenses.

Indeed, Samsonite has already been severely prejudiced by Swissdigital's refusal to provide relevant discovery on this subject, as Swissdigital unfairly used the deficiencies in its own production to argue the Samsonite lacked evidence regarding the design of products sold before the critical date of the CIP Patents.  The Court partially denied Samsonite's summary judgment motion for that sole reason.  *See* Dkt. No. 93 (MSJ Order) at 35-36.

To cure these deficiencies, Swissdigital *must* produce:

- All design documents for the products Swissdigital sold prior to the April 19, 2019, priority date.
- An updated version of SWISSDIGITAL001889 identifying *at least* the *month and year* of each sale of Swissdigital's products, as well as sales information for products sold by Swissdigital as far back as at least 2010.
- A mapping in response to Samsonite's interrogatories, explaining *at least*:
    - Which design files correspond to which specific product, model, or SKU in SWISSDIGITAL001889 or any other document produced in the future identifying sales of Swissdigital's products;
    - Any revision numbers, version history, and date ranges applicable to each file;
    - Whether each file represents the as-sold version of the product, and, if not, identification of the as-sold versions;
    - Identification and explanation of any missing or unavailable design files for products identified in SWISSDIGITAL001889 or any other document produced in the future identifying sales of Swissdigital's products.

Swissdigital's production to date remains incomplete and prejudicial to Samsonite's case without the above correlation and explanatory information, and any further delay is unjustified.

Additionally, Swissdigital has to date not provided any response to Samsonite's 30(b)(6) notice to Swissdigital, served December 16, 2025.  Please immediately provide Swissdigital's written responses and objections (if any) so that Samsonite may determine if it requires the assistance of the Court. Please also advise when Swissdigital intends to put up its corporate representative witness(es) for deposition so we may plan.

Please confirm, no later than **this Friday, April 3**, that Swissdigital will address the above-described deficiencies, or indicate whether Swissdigital refuses to provide any of the requested information, so that Samsonite may seek assistance from the Court.

Separately, please also provide your availability next week to meet and confer regarding the issues raised in our November 3, 2025 letter—including at least (1) information regarding Swissdigital's corporate structure and the relationships between Swissdigital's related entities; (2) information regarding Swissdigital's conception and reduction to practice of the alleged inventions, including any prototypes; (3) component cost information, or the identity of individuals or entities with component cost information in their possession; and (4) pre-2018 sales information for Swissdigital's products.  Samsonite intends to seek assistance from the Court on these issues in light of Swissdigital's November 14, 2025 response, which did not resolve any of Samsonite's concerns.

Best,
Joon

## Joon Chung

Associate ■ Fish & Richardson P.C.

**T:** 404 724 2805 | chung@fr.com

```
*************************************************************************************
****************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message.
*************************************************************************************
****************************************
```