# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.,

      Plaintiff,

    v.

SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

**DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION**
**OF PLAINTIFF SWISSDIGITAL USA CO., LTD.**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants") will take the deposition upon oral examination of Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff"). The deposition will commence at such date, time and place as may be agreed upon by the parties. Swissdigital shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to the topics set forth below. No later than five days prior to the deposition, Swissdigital shall serve on Samsonite its designation of the witness or witnesses and the topic(s) for which each witness is designated.

The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will be taken before a notary public or other officer authorized to administer oaths, who will swear in the witness(es) and administer the oath remotely. If the deposition is not completed on the scheduled date, it will be continued from day to day, excluding weekends and holidays, until completed. The deposition will be recorded by videotape, stenographic means, or both.

1

Defendants reserve the right to serve one or more subsequent 30(b)(6) deposition notices, as well as 30(b)(1) notices for any individual(s) designated for this notice.

## DEFINITIONS

Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure.  The Requests and terms used herein shall be construed to require the fullest and most complete disclosures permitted by law.

1.    "Samsonite" or "Defendants" means Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC.

2.    "Swissdigital," "Plaintiff," "You," or "Your" means all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, parents, affiliates, contractors, and any other Person or entity acting on behalf of any of the foregoing.

3.    "Asserted Patents" means United States Patents 10,574,071 ("the '071 patent"); 10,931,137 (the "'137 patent"); 10,931,138 (the "'138 patent"); and 11,601,009 (the "'009 patent"), together with any patents Swissdigital later asserts in this action.

4.    "Related Patent" means:

    a.    Any patent or patent application in the genealogical chain through which an Asserted Patent claims priority;

    b.    Any patent or patent application which claims priority through a genealogical chain that includes an Asserted Patent; and/or

    c.    Any foreign counterpart of an Asserted Patent or otherwise Related Patent.

5.    "Asserted Claims" means each and every claim of the Asserted Patents that Swissdigital contends is infringed by Samsonite.  "Asserted Claim" refers to any one of the Asserted Claims.

2

6.     "Accused Products" means the Samsonite products identified in Swissdigital's Local Rule 16.6(d) Automatic Patent-Related Disclosure or any amendments or supplements thereto.

7.     "Related Products" means the products Swissdigital sold or sells that it contends embody or practice one or more claims of the Asserted Patents.

8.     "Prior Art" means anything that constitutes prior art under any subsection of 35 U.S.C. §§ 102 or 103, including without limitation any publication, patent, use, sale, offer for sale, prior invention, knowledge, or other activity.

9.     "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence, including Communications.  If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

10.     "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

11.     "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

12.     "Third Party" means any Person or Entity other than Swissdigital or Samsonite.

13.     "Communication" means any transmission of information, including drafts, whether oral or written, whether stored in hard copy, on tape, or electronically, including conversations; correspondence; electronic mails; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

3

14.     "Relating to," "related to," "relate to," and "regarding" are used in its broadest sense to include any connection, relation, or relevance.

15.     "Include" and "including" shall mean including without limitation.

16.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

17.     "Any" and "all" mean and include the other and shall be construed to include the term "each," and "each" shall be construed to include "all."

18.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

19.     The disjunctive includes the conjunctive and vice versa as necessary to bring within the scope of these Topics all responses that might otherwise be construed to be outside of its scope.

20.     "Marking" means all actions undertaken to comply with 35 U.S.C. § 287.

21.     "Related Entities" means entities related to Swissdigital, including parents, subsidiaries, entities sharing ownership, or any of the following entities:

- HK New Hunter Int'l Investment Group Co., Limited

- Hong Kong New Hunter Investment Ltd.

- Fuzhou Hunter Product Imp. & Exp. Co, Ltd.

- Quanzhou New Hunter Bags and Luggages Co., Ltd.

- Krummholz International, Inc.

- Quanzhou New Hunter Bags & Luggages Co., Ltd.

- ShangHai DingXin Luggage Co., Ltd.

- QuanZhou FangYuan Tourism Products Co., Ltd.

- ShangHai DingXin Luggage Co., Ltd.

4

- Shanghai DingXin Trunk Co., Ltd.

- Cambodian New Hunter Bags & Luggages Co.

- Quanzhou Xinhart Luggage Light Industry Limited Company

- Quanzhou Xinhante Luggage Light Industry Co., Ltd.

- Swissgear North America

- Swissdigital USA Co., Ltd.;

- Swissgear USA Co., Ltd.

- Swissgear Sarl

- Swissdigital Design EMEA B.V. (Netherlands)

- Swissdigital Wearable AG (Switzerland)

- Swissdigital Branding Sarl. (Switzerland)

- Swissdigital Europe GmbH (Germany)

- Swissdigital Asia (Hong Kong)

- Swissdigital China (Fuzhou, Fujian, China)

22.     When reference is made in these Topics to any term defined herein, the singular shall include the plural, and the plural shall include the singular.

## INSTRUCTIONS

1.     To the extent not otherwise defined or specifically limited herein, all words used shall be given their most expansive and inclusive definition consistent with the context of the sentence in which they are used, and each request is to be construed independently and not by reference to any other request for purposes of limiting the scope of the request.

2.      For each topic listed below, You should designate one or more witnesses who are knowledgeable (or who have been educated to be knowledgeable) and are prepared to testify concerning Plaintiffs' knowledge within the scope of the topic.

3.      For each topic, the designated witness should be prepared to provide testimony concerning, and to explain the meaning of documents produced by You that relate to the topic.

4.      In the event You refuse to designate a witness to a topic because it is overly broad, You shall at least designate a witness to that portion of the request that is unobjectionable and specifically identify that portion of the topic that is allegedly overly broad.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Any facts concerning, supporting, and/or contradicting any facts alleged in Your Complaint.

**TOPIC NO. 2:**

The identity of all custodians or persons with knowledge of the facts underlying the allegations in the Complaint, and the location, organization, and custodianship of documents, including electronically stored information (ESI), on which You rely for each allegation set forth in the Complaint.

**TOPIC NO. 3:**

Your understanding of the Accused Products, including the factual bases for Your contentions that any of the Accused Products infringe the Asserted Patents, including but not any contentions that any of the Defendants has actively induced and/or contributed to any infringement of the Asserted Patents, and any contention that any of the Defendants have willfully or deliberately infringed the Asserted Patents.

6

**TOPIC NO. 4:**

Your investigation regarding Defendants and the Accused Products prior to or since filing the Complaint in this litigation, including when and how You first learned of Defendants' alleged infringement.

**TOPIC NO. 5:**

The scope and content of the subject matter described and claimed in the Asserted Patents, including but not limited to the scope of the Asserted Claims.

**TOPIC NO. 6:**

The conception and reduction to practice of the alleged inventions in the Asserted Claims of the Asserted Patents, including any prototypes.

**TOPIC NO. 7:**

Identification of, along with any supporting facts and explanation for, the innovation, the alleged inventive concept, value, and/or usefulness of the Asserted Patents over the Prior Art, including documents evidencing, memorializing, concerning, or documenting any such innovation, value, or usefulness.

**TOPIC NO. 8:**

The decision to seek patent protection for the alleged invention(s) claimed in the Asserted Patents.

**TOPIC NO. 9:**

All facts and documents relating to the chain of title for the Asserted Patents, including assignments, transfers, or changes in ownership or licensing rights.

**TOPIC NO. 10:**

All facts and documents relating to any actual or threatened litigation, arbitration, or settlement involving the Asserted Patents, Related Patents, or related patent applications, including

but not limited to (i) the nature and parties of each proceeding, (ii) any allegations of infringement or validity, (iii) the resolution or settlement terms, and (iv) the scope and effect of any releases and licensing rights arising therefrom.

**TOPIC NO. 11:**

All facts and documents relating to any efforts by You or Your affiliates to enforce or otherwise assert rights in the Asserted Patents or Related Patents, including (i) any offers, demands, or agreements to license or settle potential claims, and (ii) the identity of all persons or entities involved in or knowledgeable about such activities.

**TOPIC NO. 12:**

The existence and terms of any license, assignment, covenant not to sue, release, settlement agreement, sale, or any other agreement or transfer of rights encompassing or relating to any of the Asserted Patents or Related Patents.

**TOPIC NO. 13:**

Any effort by You to commercialize products embodying the Asserted Patents or Related Patents.

**TOPIC NO. 14:**

Facts and circumstances relating to any offers to license or sell the Asserted Patents, Related Patents, or any other patents purportedly owned by You (whether accepted or unaccepted offers), including infringement allegations or notice letters sent to third parties, responses from third parties, communications and documents regarding efforts to license, communications and documents regarding efforts to sell such patents, and the identification of all persons and entities involved.

**TOPIC NO. 15:**

All facts and documents relating to any litigation funding, financing, insurance, or indemnification agreements relating to this action or to the Asserted Patents, including but not limited to: (i) the identity of any person or entity that has provided or agreed to provide financial support for Your legal fees and expenses; (ii) the nature and terms of any such funding or reimbursement arrangements; and (iii) any communications or understandings concerning the funder's ability to control, influence, or direct Your litigation strategy or decision-making.

**TOPIC NO. 16:**

Your Policies and preferences relating to licensing, litigating, or otherwise enforcing intellectual property rights, including Your policies and preferences regarding the form of such licenses.

**TOPIC NO. 17:**

The valuation of any Asserted Patent, and the methodology used to provide any such valuation.

**TOPIC NO. 18:**

The prosecution of the Asserted Patents and Related Patents, as well as all facts and circumstances relating to the (i) amendment or supplementation of a specification, claims, and/or drawings in the Asserted Patents and/or Related Patents while the application for any of such patent was pending; (ii) delay of the filing, amendment, publication (including in published patent applications), or issuance of any claims (whether in draft, final, or any other form) in the Asserted Patents and/or Related Patents; and/or (iii) filing, and subsequent amendment, of any claims during the prosecution of the Asserted Patents and/or Related Patents.

**TOPIC NO. 19:**

All Prior Art relating to the Asserted Patents or Related Patents, including Your first awareness of the same, any alleged differences between that Prior Art and the subject matter claimed in the Asserted Patents or Related Patents, Your knowledge of the any Prior Art identified in Defendants' invalidity contentions, and any alleged lack of motivation to combine any Prior Art or alleged lack of reasonable expectation of success in any exemplary combinations.

**TOPIC NO. 20:**

The value You assign to features allegedly covered by the Asserted Patents in each of the Accused Products relative to other features of the Accused Products.

**TOPIC NO. 21:**

The complete factual basis for Your contention that the Asserted Patents are not invalid and are enforceable, including but not limited to Your responses to Defendants' invalidity contentions.

**TOPIC NO. 22:**

The factual basis pertaining to any assertion by You that the subject matter claimed in the Asserted Patents, Related Products, or any other products allegedly covered by the Asserted Patents enjoy secondary indicia of nonobviousness (e.g., commercial success, long-felt but unmet need, failed attempts by others, professional approval, copying by others, teaching away, or simultaneous development) and for each such indicia or item of evidence, the factual and legal bases concerning how it supports the patentability of each such claim.

**TOPIC NO. 23:**

The state of the art relative to the subject matter shown, described, and/or recited in the Asserted Patents on or before the filing date of the Asserted Patents.

10

**TOPIC NO. 24:**

The level of knowledge, schooling, experience, expertise or relevant technical skill of a person having ordinary skill in the art relating to the subject matter disclosed, described, or claimed in the Asserted Patents.

**TOPIC NO. 25:**

All facts and circumstances upon which You rely to establish the alleged priority date(s) for the Asserted Patents for purposes of 35 U.S.C. §§ 102 or 103.

**TOPIC NO. 26:**

The date of first disclosure, offer for sale, or sale of any alleged invention claimed in the Asserted Patents to any third party, including the nature of such disclosure (e.g., public use, offer for sale, sale, publication, etc.), to whom the disclosure, offer for sale or sale was made, all Person(s) with knowledge of such disclosure, sale or offer for sale, any Document(s) relating or referring to such disclosure, sale or offer for sale, and any confidentiality obligations to which the receiving party was subject at the time of such disclosure, sale, or offer for sale.

**TOPIC NO. 27:**

The design, development, marketing and public disclosure of any of Related Products, prototypes, or design concepts embodying the Asserted Patents prior to 2019, including, but not limited to (i) Your attendance at or participation in any trade shows, exhibitions, or similar events prior to 2019, (ii) any offers for sale, sales, demonstrations, or marketing activities relating to such Related Products, and (iii) the existence and contents of any design, engineering, or marketing documents reflecting those Related Products or disclosures.

**TOPIC NO. 28:**

The relationships, contractual or otherwise, between you and related entities, including HK New Hunter International Investment Group Co., Limited, and any other entity from which You

11

purchase, source, or otherwise acquire Related Products that You sell or distribute; the nature of any such relationships or agreements; and the roles or responsibilities of each such entity in the design, manufacture, assembly, marketing, sale, or distribution of Your Related Products.

**TOPIC NO. 29:**

The complete chain of custody and flow of Your Related Products through the manufacturing and assembly process, including identification of each corporate entity or facility that designs, manufactures, assembles, packages, tests, or otherwise handles Your Related Products at any stage; the sequence in which custody, ownership, or control of the Related Products transfers among such entities; and any documents or records reflecting that chain of custody or product flow from inception through final sale.

**TOPIC NO. 30:**

The corporate organization and structure of Swissdigital, including but not limited to (i) the identity of any parent companies, subsidiaries, affiliates, and any entities under common ownership or control; (b) the roles and responsibilities of Your officers, directors, or principal owners; (c) the nature of any relationships or agreements between You and related entities involved in the design, manufacture, assembly, marketing, or sale of Your products; and (d) any intercompany transfers, financial arrangements, or shared resources among You and such related entities.

**TOPIC NO. 31:**

Financial information related to any revenue received by You from the sale of any product or service covered by any of the Asserted Patents or Related Patents, including the identity of the product or service sold, the patent practiced, the revenue received, units sold, costs, net and gross profits, profit margin, and pricing on a quarterly basis

**TOPIC NO. 32:**

The marking of (or failure to mark) any products or services that You contend practice the Asserted Patents, including products made or sold by any licensees of the Asserted Patents.

**TOPIC NO. 33:**

The factual bases for Your contention that You are entitled to damages, costs, expenses, enhanced damages, supplemental damages, ongoing royalties, and/or any other compensation or renumeration from any of the Defendants, including the measure and proper apportionment of a reasonable royalty, royalty base, royalty rate, lost profits, and price erosion.

**TOPIC NO. 34:**

The facts and circumstances relating to any market demand for or acceptance of any alleged invention described or claimed in the Asserted Patents and/or Related Patents, including but not limited to studies, reports, and articles that describe or pertain in any way to the market for the categories of products and products that You claim practice any Asserted Claim of any Asserted Patent, including but not limited to market segments; size of actual and potential markets; growth rates; potential customer base; competitors; their product offerings and pricing; actual and anticipated market shares; and products sales and profitability.

**TOPIC NO. 35:**

The existence or absence of non-infringing alternatives to the Asserted Patents and/or Related Products.

**TOPIC NO. 36:**

Your manufacturing and marketing capacity to meet the alleged demand in the market for the Related Products.

**TOPIC NO. 37:**

The identification of any established royalty rate for the use of the subject matter disclosed and claimed in any of the Asserted Patents and all facts and circumstances supporting such established royalty rate, including for example details regarding any license, assignment, covenant not to sue, release, settlement agreement, sale, or any other agreement or transfer of rights encompassing or relating to the subject matter of the Asserted Patents.

**TOPIC NO. 38:**

The factual bases for Your contention that the You are entitled to an injunction against any of the Defendants.

**TOPIC NO. 39:**

The factual bases for Your contentions that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that You are entitled to attorney's fees from any of the Defendants.

**TOPIC NO. 40:**

The facts and circumstances relating to any financial interest Zhijian "Hunter" Li had or has relating to the Asserted Patents, Swissdigital, or this litigation.

**TOPIC NO. 41:**

The factual bases for Your responses to Defendants' discovery requests.

**TOPIC NO. 42:**

Your preservation, collection, and/or destruction of documents relevant to or related to this litigation, including your document retention policies and procedures.

Dated:  December 16, 2025                Respectfully submitted,

By:  */s/ Wonjoon Chung*
      Adam J. Kessel
      Massachusetts Bar No. 661,211
      kessel@fr.com
      **FISH & RICHARDSON P.C.**
      One Marina Park Drive
      Boston, MA 02210
      Tel:  (617) 542-5070
      Fax: (617) 542-8906

      Neil J. McNabnay (*Pro Hac Vice*)
      Texas Bar No. 24002583
      mcnabnay@fr.com
      **FISH & RICHARDSON P.C.**
      1717 Main Street, Suite 5000
      Dallas, TX 75201
      Tel: (214) 747-5070
      Fax: (214) 747-2091

      Bailey K. Benedict (*Pro Hac Vice* )
      Texas Bar No. 24083139
      benedict@fr.com
      Ethan K. Kovar (*Pro Hac Vice* )
      Texas Bar No. 24138134
      kovar@fr.com
      **FISH & RICHARDSON P.C.**
      909 Fannin Street, Suite 2100
      Houston, TX 77010
      Tel: (713) 654-5300
      Fax: (713) 652-0109

      Wonjoon Chung (*Pro Hac Vice* )
      Georgia Bar No. 396468
      chung@fr.com
      **FISH & RICHARDSON P.C.**
      1180 Peachtree Street NE
      21st Floor
      Atlanta, GA 30309
      Tel: (404) 892-5005
      Fax: (404) 892-5002

***Attorneys for Defendants***
***SAMSONITE GROUP S.A.; SAMSONITE***
***LLC; SAMSONITE COMPANY STORES,***
***LLC; and DIRECT MARKETING***
***VENTURES, LLC***

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I caused the foregoing document to be served upon all counsel of record via electronic mail.


*/s/ Wonjoon Chung*
Wonjoon Chung

16