# EXHIBIT 21

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' CORRECTED SECOND SET OF INTERROGATORIES TO**
**SWISSDIGITAL USA CO., LTD. (NOS. 8–25)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively, "Samsonite" or "Defendants") hereby request that Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") answer each interrogatory set forth below, in writing and under oath, within thirty days of service hereof, in accordance with the definitions and instructions below.

**DEFINITIONS**

1.      Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure.  The Requests and terms used herein shall be construed to require the fullest and most complete disclosures permitted by law.

2.      "Samsonite" or "Defendants" means Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures, LLC.

3.      "Swissdigital," "Plaintiff," "You," or "Your" means all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, parents, affiliates,

1

contractors, and any other Person or entity acting on behalf of any of the foregoing, including but not limited to Related Entities and Zhijian "Hunter" Li.

4. This "Litigation" means Swissdigital USA Co., Ltd. v. Samsonite Group S.A., No. 1:24-cv-11636 pending in the United States District Court for the District of Massachusetts.

5. "Asserted Patents" means United States Patents 10,574,071 ("the '071 patent"); 10,931,137 (the "'137 patent"); 10,931,138 (the "'138 patent"); and 11,601,009 (the "'009 patent"), together with any patents Swissdigital later asserts in this action.

6. "Related Patent" means:

    a. Any patent or patent application in the genealogical chain through which an Asserted Patent claims priority;

    b. Any patent or patent application which claims priority through a genealogical chain that includes an Asserted Patent; and/or

    c. Any foreign counterpart of an Asserted Patent or otherwise Related Patent.

7. "Asserted Claims" means each and every claim of the Asserted Patents that Swissdigital contends is infringed by Samsonite. "Asserted Claim" refers to any one of the Asserted Claims.

8. "Accused Products" means the Samsonite products identified in Swissdigital's Local Rule 16.6(d) Automatic Patent-Related Disclosure or any amendments or supplements thereto.

9. "Prior Art" means anything that constitutes prior art under any subsection of 35 U.S.C. §§ 102 or 103, including without limitation any publication, patent, use, sale, offer for sale, prior invention, knowledge, or other activity.

10. "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if

the original identical copies are no longer identical due to subsequent notation, each non-identical

Document is a separate Document.

11. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

12. "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

13. "Third Party" means any Person or Entity other than Swissdigital or Samsonite.

14. "Communication" means any transmission of information, including drafts, whether oral or written, whether stored in hard copy, on tape, or electronically, including conversations; correspondence; electronic mails; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

15. "Relating to," "related to," "relate to," and "regarding" are used in its broadest sense to include any connection, relation, or relevance.

16. "Include" and "including" shall mean including without limitation.

17. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

18. "Marking" means all actions undertaken to comply with 35 U.S.C. § 287.

19. "Related Entities" means entities related to Swissdigital, including parents, subsidiaries, entities sharing ownership, or any of the following entities:

- HK New Hunter Int'l Investment Group Co., Limited
- Hong Kong New Hunter Investment Ltd.
- Fuzhou Hunter Product Imp. & Exp. Co, Ltd.
- Quanzhou New Hunter Bags and Luggages Co., Ltd.
- Krummholz International, Inc.
- Quanzhou New Hunter Bags & Luggages Co., Ltd.

3

- ShangHai DingXin Luggage Co., Ltd.
- QuanZhou FangYuan Tourism Products Co., Ltd.
- ShangHai DingXin Luggage Co., Ltd.
- Shanghai DingXin Trunk Co., Ltd.
- Cambodian New Hunter Bags & Luggages Co.
- Quanzhou Xinhart Luggage Light Industry Limited Company
- Quanzhou Xinhante Luggage Light Industry Co., Ltd.
- Swissgear North America
- Swissdigital USA Co., Ltd.;
- Swissgear USA Co., Ltd.
- Swissgear Sarl
- Swissdigital Design EMEA B.V. (Netherlands)
- Swissdigital Wearable AG (Switzerland)
- Swissdigital Branding Sarl. (Switzerland)
- Swissdigital Europe GmbH (Germany)
- Swissdigital Asia (Hong Kong)
- Swissdigital China (Fuzhou, Fujian, China)

20.     When reference is made in these Interrogatories to any term defined herein, the singular shall include the plural, and the plural shall include the singular.

## **INSTRUCTIONS**

1.     As used herein, the phrase "describe in complete detail" shall mean to recite all facts that You have obtained, have access to, and/or are aware of, that refer or relate to the subject matter of the inquiry or request, and those phrases specifically shall mean to: (a) identify the source or sources of each stated fact; (b) identify all Persons with knowledge of each stated fact; (c) identify all Communications referring to or relating to each stated fact; and (d) identify all Documents referring or relating to each stated fact.

2.     Answer each Interrogatory fully in writing and under oath in accordance with Fed. R. Civ. P. 33(b)(1).

3.     Answer each Interrogatory separately and as completely as possible. The omission of any name, fact, or other item of information from Your answers shall be deemed a representation that such information is not known to You or Your agents, counselors, other representatives, or

4

otherwise within Your possession, custody, or control, at the time of the service of Your responses or thereafter.

4.     If You claim that an Interrogatory is in any way objectionable, respond to the portion of the Interrogatory believed to be unobjectionable, specifically explain which aspect of the Interrogatory is objectionable and why, and state whether You are withholding documents based on Your objection for each objection.

5.     If You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the language You consider vague and/or ambiguous and state the interpretation You are using in answering the Interrogatory.

6.     Should You deem any information requested by any of the following Interrogatories to be privileged and/or subject to the work product doctrine, list and identify each such piece of information, and state all grounds and facts upon which the privilege and/or work product claim rests, as to allow a determination of whether such information is, in fact, privileged and/or subject to the work product doctrine.

7.     If any information requested by these Interrogatories is withheld by reason of the attorney-client privilege, specifically identify the attorney, the client, the nature of the confidential communication, all entities or Persons who know or knew of the information, and the date the information was exchanged.

8.     If an attorney work product claim is asserted, specifically identify the Person or attorney who prepared the work product, each Person to whom the information was disclosed, the date when the work product was prepared, and the litigation for which the work product was prepared.

5

9.      Pursuant to Fed. R. Civ. P. 26(e)(1)(A), the following Interrogatories are deemed to be continuing.

## INTERROGATORIES

**INTERROGATORY NO. 8:**

For each Asserted Claim of each Asserted Patent that Plaintiff alleges Defendant willfully infringed, set forth all legal and factual bases for such allegation including, without limitation, by identifying the bases, if any, for alleging Defendant had actual knowledge of any of the claims of the Patent-in-Suit, by identifying the date upon which you contend that Defendant had actual knowledge of its alleged infringement, and by identifying the bases, if any, for alleging that any of Defendant's actions constitute an egregious case of misconduct.

**INTERROGATORY NO. 9:**

Describe in detail the level of ordinary skill in the art you contend is applicable for the Asserted Patents, including such person's educational and work experience qualifications.  Your response shall further identify all documents, things, and witnesses on which you rely or which otherwise relates to your contentions, including those that rebut your contentions.

**INTERROGATORY NO. 10:**

Separately for each of the Asserted Claims, identify and describe every objective indicia of non-obviousness (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, failed attempts by others, or simultaneous development) and each item of evidence of non-obviousness, if any, and for each indicium or item of evidence, separately and fully state the factual and legal bases concerning how it supports the patentability of each such claim and describe each fact that you contend shows a nexus between such alleged objective indicia and the Asserted Claims.

6

**INTERROGATORY NO. 11:**

For each claim of the Asserted Patents that Plaintiff alleges to be valid and enforceable, state all legal and factual bases for Plaintiff's allegation that such claim is valid and enforceable, including all factual and legal bases for Your contention, if any, that any of the Prior Art identified by Defendant does not render the Asserted Claims invalid, including: whether or not you contend that each identified publication, product, or item constituted prior art under each of 35 U.S.C. §§ 102(a), 102(b), or 102(e); for each individual limitation of each of the Asserted Claims, a detailed explanation of why each separately identified item of prior art does not disclose that limitation, or an admission that each identified item of prior art does disclose that limitation.

**INTERROGATORY NO. 12:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to recover from Defendant, including but not limited to the amount and type of such damages and the specific methodology used to arrive at such amounts.  To the extent Plaintiff contends it is entitled to a reasonable royalty, your response shall include: (1) the appropriate royalty base; (2) the appropriate royalty rate; (3) the availability and acceptability of any non-infringing alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any applicable Georgia-Pacific factors.  To the extent Plaintiff contends it is entitled to lost profits, your response shall include all contentions related to any applicable *Panduit* factors. Your response shall further identify all documents, things, and witnesses on which you rely or which otherwise relate to your contentions, including those that rebut your contentions, and shall identify the Person(s) most knowledgeable regarding the factual bases for each of your contentions, and a description of each such person's knowledge.

**INTERROGATORY NO. 13:**

Identify all Prior Art considered by Plaintiff or its attorneys or other representatives in connection with any Asserted Patent or Related Patent, including any Thing claimed or considered by any Person (including examiners, potential or actual licensees, accused infringers, or Your attorneys, employees, or agents) to be Prior Art or potential Prior Art to any Asserted Patent or Related Patent.

**INTERROGATORY NO. 14:**

Describe in complete detail all ownership and other financial interests in any Asserted Patent or this action.

**INTERROGATORY NO. 15:**

Describe in detail all facts relied upon in determining whether each Accused Product did or did not infringe any claim of the Asserted Patents, including, but not limited to: (a) a description of the products or services that were examined, (b) the date(s) upon which the products or services were examined, (c) a description of Your investigation, including any tests or analyses, and Your findings, and (d) the Persons who examined the products or services and, if different, who determined that the products or services did or did not infringe any claim of the Patents-in-Suit.

**INTERROGATORY NO. 16:**

Regarding Your allegation that Defendants have induced infringement of each of the Asserted Patents, for each Asserted Claim, identify all facts and evidence supporting Your contention, including: (a) the earliest date on which You contend such infringement occurred, (b) how and when You contend Defendants first learned of the existence of the Asserted Claim and/or the Patents-in-Suit, (c) an identification of each and every accused direct infringer, (d) how and when You contend the alleged direct infringement occurred, (e) the basis for Your assertions that Defendants have been "knowingly and actively soliciting" business for providing infringing

8

products" (*E.g.*, Dkt. No. 1, Complaint, at ¶ 32) and (f) how and when you contend Defendants first knew the Accused Products were specially made or specially adapted for use in direct infringement of the Asserted Claims.

**INTERROGATORY NO. 17:**

For each and every product that You contend practices or embodies any Asserted Claim of any Asserted Patent, (1) identify by product name, SKU, and any other internally used method of identification each such .product that has been made, used, offered for sale, sold, or imported into the United states from 2014 to the present; (2) the dates the product was sold; (3) financial information for the products, including but not limited to the sales price, MSRP, cost information, units sold, and profits; and (4) the most knowledgeable individual(s) regarding the same.

**INTERROGATORY NO. 18:**

For each and every product identified in response to Interrogatory No. 17, identify each of the sales channels by which You sell or have sold each of the products from 2014 to the present and the most knowledgeable individual(s) regarding the same.

**INTERROGATORY NO. 19:**

Describe in detail the methods by which You collect, record, maintain, and use sales information throughout the ordinary course of Your business, including as part of that description an identification of the most knowledgeable individual(s) regarding Your maintenance of sales information and financial records.

**INTERROGATORY NO. 20:**

For each and every product identified in response to Interrogatory No. 17, identify each of the sales channels by which You sell or have sold each of the products from 2014 to the present. Your response shall include the sales revenue, cost, and profit associated with each such product obtained from each different channel.

9

**INTERROGATORY NO. 21:**

For each and every product identified in response to Interrogatory No. 17, identify the location(s) and custodian(s) of all documents relating to the sourcing and manufacture of each such product, including but not limited to specific components (e.g., the USB sheath feature). Your response shall include, for each component (including the USB component) in each such product, (1) the Entity from which the component was purchased; (2) the model number, SKU, trade name, part number, serial number, internal code name, project name, and any other known designation or identifier for such components; (3) the dates the component was used; and (4) the cost information for the components, including the purchase price, list price, quantity purchased, shipping costs, rebates, and discounts; and (5) an identify the most knowledgeable person(s) regarding the same.

**INTERROGATORY NO. 22:**

For each and every product identified in response to Interrogatory No. 17, describe in detail how each such product is manufactured, from sourcing of materials and components to creation of the completed product, including an identification of any third parties involved, and an identification of the most knowledgeable person(s) regarding the same.

**INTERROGATORY NO. 23:**

If You contend that Defendants receive any benefit or value from their alleged use of the Asserted Patents, describe in complete detail that benefit or value and describe how that benefit or value is related to both the Asserted Patents and the Accused Products, including citation to any evidence that You contend supports Your position.

**INTERROGATORY NO. 24:**

Identify all legal and factual bases for any damages Plaintiff contends it is entitled to recover from Defendants, including but not limited to the amount and type of such damages and

10

the specific methodology used to arrive at such amounts.  To the extent Plaintiff contends it is entitled to a reasonable royalty, Your response shall include: (1) the appropriate royalty base; (2) the appropriate royalty rate; (3) the availability and acceptability of any non-infringing alternatives; (4) any contentions related to the hypothetical negotiation, including its date and any applicable *Georgia-Pacific* factors.  Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your contentions, including those that rebut Your contentions, and shall identify the Persons most knowledgeable regarding the factual bases for each of Your contentions, and a description of each such Person's knowledge.

**INTERROGATORY NO. 25:**

Describe in complete detail the circumstances surrounding, substance of, and outcome of all license or settlement communications and/or discussions between Plaintiff and any Third Party (e.g., the identity of the participating parties, the terms offered by each party, any discussions regarding terms, the final terms, and whether or not a license/settlement agreement was executed) relating to the Asserted Patents, any Related Patent, or any product or prototype embodying any claim of the same, including Related Products.  Your answer should include, for each Third Party, (a) the name of the Third Party; (b) the identity of the product or prototype; and (c) the date that the Third Party first licensed, settled, or purchased the product or prototype.  Your response shall further identify all Documents, Things, and witnesses on which You rely or which otherwise relate to Your response, including those that rebut Your response, and shall identify the Persons most knowledgeable regarding the factual bases for Your response, and a description of each such Person's knowledge.

11

Dated:  August 29, 2025

Respectfully submitted,

By:  */s/ Wonjoon Chung*
Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel:  (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice* )
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice* )
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice* )
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE GROUP S.A.; SAMSONITE*
*LLC; SAMSONITE COMPANY STORES,*
*LLC; and DIRECT MARKETING*
*VENTURES, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served

on counsel of record for Plaintiff via electronic mail on August 29, 2025.

*/s/ Wonjoon Chung*
Wonjoon Chung

13