## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SWISSDIGITAL USA CO., LTD.,

       Plaintiff,

      v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

## DEFENDANTS' MOTION FOR LEAVE TO SERVE
## AMENDED PATENT-RELATED DISCLOSURES

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................ 1

II. BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD...................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 3

      A.     Local Rule 16.6 Permits Amendment After a Claim Construction
             Ruling.................................................................................................................... 3

      B.     Samsonite Acted with Reasonable Diligence in Moving to Amend....................... 4

      C.     There Is No Prejudice Because Fact Discovery Is Open, and the
             Court's Order Triggered Samsonites Amendment ................................................. 4

V. CONCLUSION................................................................................................................ 5

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
    No. CV 16-10914-FDS, 2020 WL 3868803 (D. Mass. July 9, 2020) ...................................2, 4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    2012 WL 2427160 (N.D. Cal. June 26, 2012) ................................................................3, 4, 5

*Peters v. Active Mfg. Co.*,
    129 U.S. 530 (1889)................................................................................................................3

*Philips N. Am. LLC v. Fitbit LLC*,
    No. CV 19-11586-FDS, 2021 WL 5417103 (D. Mass. Nov. 19, 2021)........................2, 3, 4, 5

**Other Authorities**

L.R. 16.6(d)(5) ...............................................................................................................1, 2, 3, 4

## I.      INTRODUCTION

Samsonite moves to amend its preliminary patent-related disclosures within 28 days of the Court's ruling as permitted under Local Rule 16.6(d)(5). The Court's recent order reset the priority date of several patents and construed several claims. In response, Samsonite seeks to amend its patent disclosures to include several prior art references now available based on the new dates and constructions. There is no prejudice because discovery deadlines automatically reset when the Court issued its order, and Swissdigital has not yet taken a Samsonite deposition relating to these topics. Swissdigital has also been aware of the references Samsonite seeks to add for months because it previously accused them of infringing.

## II.     BACKGROUND

Samsonite moves to amend its patent-related disclosures because the Court's recent claim construction and priority rulings changed the scope of this case.

Defendant Samsonite filed a motion for summary judgment challenging the validity and priority dates of Plaintiff Swissdigital's asserted patents on April 11, 2025. Dkt. 56. The parties simultaneously briefed claim construction of several terms. Dkts. 36–37, 49–50. Understanding that the Court's rulings on these issues would "affect the scope of the case and discovery," the parties jointly moved to extend discovery deadlines until "90 days after entry of the Court's ruling" on the parties' motions. Dkt. 85 (November 14, 2025 Joint Motion to Amend). The Court granted the extension. Dkt. 86.

The Court's March 27, 2026 ruling on claim construction and priority changed the scope of the case. Dkt. 93. In the order, the Court first construed several claims more broadly than Samsonite did. *See* Dkt. 93 at 11–13 (nonlimiting preamble), 16–19 (an outer surface includes pockets), 20–22 (fixedly attached), 23–27 (surrounding bottom portion). Second, in view of its

1

constructions, the Court reset the priority date of three (of four) asserted patents from 2014 to 2019. This reset opens up an additional five years of prior art references.

Applying the new priority dates and constructions, the Court immediately invalidated several claims of the asserted patents. Dkt. 93 at 35–39. Samsonite seeks to amend its patent-related disclosures to include now-relevant invalidating prior art based on the new priority dates.

This amendment is timely. Fact discovery is open for another 60 days and expert discovery has not begun. The Court's order at the end of March triggered new (and extended) discovery and deposition deadlines. Under these deadlines the parties, as of April 24, still have two more months to complete fact discovery and a month for depositions. Swissdigital has yet to take a non-financial deposition, just served six additional deposition notices, and neither party has served an expert report or deposed an expert. In any case, the only prior art Samsonite seeks to add was previously accused of infringement by Swissdigital.

## III.    LEGAL STANDARD

Local Rule 16.6(d)(5) permits amendment and supplementation of invalidity disclosures for good cause. A request within "28 days of [an adverse] claim construction ruling" satisfies good cause absent undue prejudice. L.R. 16.6(d)(5).

Courts may also find good cause after considering "the moving party's diligence and any prejudice to the non-moving party." *Philips N. Am. LLC v. Fitbit LLC*, No. CV 19-11586-FDS, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021).

To determine reasonable diligence "the length of delay [is] the most important factor." *Id*. Courts in this circuit have found amendments within several months "sufficient to show reasonable diligence." *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 3868803, at *4 (D. Mass. July 9, 2020) (amending "three months after learning of a new product and less than one month after the Court's ruling on its previous supplemental contentions" was

reasonably diligent); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding of diligence amending within a "few months").

To determine prejudice, courts consider whether the amendment "would unfairly broaden the scope of the case." *Philips N. Am.*, 2021 WL 5417103, at *5. For example, "a party may move to add a new … [reference] without prejudicing the non-moving party if that addition would not substantially change the asserted [invalidity] theory." *Cf. Philips N. Am.*, 2021 WL 5417103, at *5. Courts also consider whether the amendment would require extending the "case management schedule," "additional claim construction," or "further discovery." *See Nuance Commc'ns*, 2012 WL 2427160, at *2.

## IV. ARGUMENT

### A. Local Rule 16.6 Permits Amendment After a Claim Construction Ruling

Samsonite timely moves to amend after a claim construction ruling. Local Rule 16.6(d)(5) permits amendment and supplementation of invalidity disclosures for good cause, including a request within "28 days of [an adverse] claim construction ruling." L.R. 16.6(d)(5).

The Court, on March 27, 2026, construed several claims more broadly than Samsonite requested. *See* Dkt. 93 at 11–13 (preamble), 16–19 (an outer surface), 20–22 (fixedly attached), 23–27 (surrounding bottom portion). More specifically, the court construed the preamble to be nonlimiting and rejected narrower constructions proposed by Samsonite for the terms outer surface, fixedly attached, and surrounding bottom portion. *Id.* By rejecting Samsonite's narrower claim constructions, the Court broadened the scope of prior art which anticipates (or renders obvious) the asserted patents. The Court also, applying its constructions, reset the priority date of three (of four) asserted patents from 2014 to 2019—opening up five additional years of prior art. This reset also qualifies several previously-accused Samsonite products as prior art. It is well settled that "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*,

129 U.S. 530, 537 (1889). In response—and within the 28-day window proscribed by Local Rule 16.6(d)(5)—Samsonite moves to amend its patent-related disclosures.

**B.** **Samsonite Acted with Reasonable Diligence in Moving to Amend**

In addition to moving to amend within the timeframe proscribed by the local rules, Samsonite's motion within a month of the Court's order is reasonably diligent. Amendments made within several months of new information or a court's order are "sufficient to show reasonable diligence." *See Abiomed*, 2020 WL 3868803, at *4 (amending "three months after learning of a new product and less than one month after the Court's ruling"); *Nuance Commc'ns*, 2012 WL 2427160, at *2. Less than a month before this motion, the court broadened the scope of permissible prior art by issuing broad claim constructions and resetting priority dates. Samsonite now, reasonably seeks to amend its patent disclosures less than a month later to include previously-accused products that are now prior art. *See Abiomed*, 2020 WL 3868803, at *4.

**C.** **There Is No Prejudice Because Fact Discovery Is Open, and the Court's Order Triggered Samsonites Amendment**

Courts disfavor an amendment when the amendment itself "would unfairly broaden the scope of the case." *Philips N. Am.*, 2021 WL 5417103, at *5 (no unfair prejudice if the amendment does "not substantially change" a party's infringement or invalidity theory). The local rules, however, suggest that even amendments that alter the scope of the case are permissible when made in response to court rulings. *See, e.g.,* L.R. 16.6(d)(5)(A) (permitting amendments in response to claim construction rulings).

The Court's recent rulings broadened the scope of available prior art. Now, within this new scope, Samsonite seeks to add several references to its patent-related disclosures. More specifically, it seeks to add references that qualify as prior art to the asserted patents based on new priority dates and/or anticipate (or render obvious) asserted claims based on the Court's broader

4

constructions. Because these amendments are within the scope of the Court's recent order, they do not unfairly broaden the scope of the case. *Philips N. Am.*, 2021 WL 5417103, at *5.

Regardless of any change to the scope of the case, Swissdigital is not unfairly prejudiced because it is already aware of the new references and has time to investigate Samsonite's amended patent disclosures. Courts consider the need for a new "case management schedule," "additional claim construction," or "further discovery" in determining prejudice. *See Nuance Commc'ns*, 2012 WL 2427160, at *2. Swissdigital previously accused the references Samsonite seeks to add (which are Samsonite products) of infringement. Swissdigital is, therefore, already aware of these references and is not prejudiced by their addition to Samsonite's contentions. Additionally, Samsonite's amendment does not change the schedule or claim construction. The schedule in this case permits 90 days of discovery and 60 days of depositions "after entry of the Court's ruling" on claim construction and summary judgment ruling. Dkts. 85–86. Swissdigital, therefore, is not prejudiced because (as of April 24) it has two months of fact discovery during which it can investigate any new references. Indeed, Swissdigital recently served six new deposition notices, and neither party has served an expert report or deposed an expert.

## V. CONCLUSION

For the above reasons, Samsonite respectfully requests leave to amend its patent-related disclosures.

Dated: April 24, 2026

Respectfully submitted,

By: */s/ Adam J. Kessel*
Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice* )
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice* )
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice* )
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

***Attorneys for Defendants***
***SAMSONITE GROUP S.A.; SAMSONITE***
***LLC; SAMSONITE COMPANY STORES,***
***LLC; and DIRECT MARKETING***
***VENTURES, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

/s/ *Adam J. Kessel*
Adam J. Kessel

## RULE 7.1 STATEMENT

Counsel attempted to confer with opposing counsel via email and phone.  At the time of filing, Swissdigital has not responded.

/s/ *Adam J. Kessel*
Adam J. Kessel