# EXHIBIT 25

| From: | sdraffin@keyhanillc.com |
|---|---|
| Sent: | Tuesday, April 28, 2026 1:07 PM |
| To: | Joon Chung |
| Cc: | fstephenson@keyhanillc.com; dkeyhani@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 |
| Subject: | RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production |

Hi Joon,

I think this underscores the fact that your motion to compel was premature.  To the extent the Court and the Local Rules allow for Defendants to file a reply, we oppose any extension to Defendants' deadline.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Tuesday, April 28, 2026 12:02pm
To: "fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>
Cc: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Scott Draffin" <sdraffin@keyhanillc.com>
Subject: RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production


Counsel,

Samsonite would like sufficient time to review Swissdigital's promised May 5 supplemental production and responses before filing its reply in support of its motion to compel.  Please advise whether Swissdigital opposes an one-week extension from the current deadline of May 6 to May 13.

Best,
Joon

From: Joon Chung <chung@fr.com>
Sent: Monday, April 27, 2026 1:53 PM
To: fstephenson@keyhanillc.com
Cc: dkeyhani@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Scott Draffin <sdraffin@keyhanillc.com>
Subject: RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Frances,

It looks like Darius left off Scott in his April 13 11:54PM ET email, and the parties have been going back and forth from there.  We have no visibility into Darius's reasons for leaving Scott off of his emails, and if you want him included in our responses, he should be included in your communications to us. That said, we will continue to include Scott in our communications going forward, as we have been doing for communications initiated by us.

1

Best,
Joon

---

**From:** fstephenson@keyhanillc.com <fstephenson@keyhanillc.com>
**Sent:** Monday, April 27, 2026 1:39 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** dkeyhani@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Scott Draffin <sdraffin@keyhanillc.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Hi Joon,

Please include Scott Draffin on all communications.

Best wishes,

Frances
-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Thursday, April 23, 2026 10:52am
To: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>
Cc: "fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>,
"kmosier@merchantgould.com" <kmosier@merchantgould.com>,
"ltittemore@merchantgould.com" <ltittemore@merchantgould.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>
Subject: RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

Samsonite intends to file a motion to amend its invalidity contentions to add additional prior art references in view of the Court's ruling regarding the priority date of the '137, '138, and '009 patents tomorrow.  Please let us know whether Swissdigital opposes the motion.

Best,
Joon

---

**From:** Joon Chung <chung@fr.com>
**Sent:** Tuesday, April 21, 2026 2:05 PM
**To:** dkeyhani@keyhanillc.com
**Cc:** fstephenson@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

I write to memorialize the parties' meet and confer earlier today.

2

- Swissdigital will provide its positions regarding the issues raised in Samsonite's motion to compel in Swissdigital's opposition next Monday.
- Swissdigital is collecting and plans to produce (1) sales information for Swissdigital-sold products, and (2) design information for those products, to the extent these things exist, in two weeks (i.e., by May 5).
- Swissdigital will produce responses and objections received from four of the seven subpoenaed third parties, as well as a single spreadsheet it has received to date in response and other document productions it receives from these third parties in the meantime, in two weeks (May 5).
- Samsonite is investigating and will provide Amazon IDs to the extent they exist; Swissdigital will also ask Amazon again for this information.
- Mr. Li's deposition will require an interpreter; Swissdigital is willing to be flexible/consider additional time as necessary to complete his deposition.
- Jessica Haslehurst is no longer with the Samsonite Defendants; Samsonite will investigate a last-known address.
- Swissdigital is not planning to amend its infringement contentions.

Best,
Joon

---

**From:** Joon Chung <chung@fr.com>
**Sent:** Tuesday, April 14, 2026 12:48 PM
**To:** dkeyhani@keyhanillc.com
**Cc:** fstephenson@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

We offered to meet and confer prior to filing the motion, and were met with silence by Swissdigital for longer than the 7-day period proscribed by Local Rule 37.1. Your earlier email proves Samsonite's point—if you conferred with your client on April 6, you had more than ample time to respond to our request to meet and confer and provide your position that you were investigating the issues raised in our April 1 and April 3 emails. In any case, as explained in my April 3 email, your confirmation that you only now started conferring with your client more than four months after we raised these issues only proves Samsonite's point—Swissdigital has not been diligent in collecting and producing discovery essential for Samsonite's case.

We are not available at the offered times, or otherwise this week. Regardless, you have already represented that a meet and confer would not be productive, so we do not see how a meet and confer would advance the issues raised in Samsonite's motion at this time. Samsonite's positions are set forth in detail in its motion, and Swissdigital can advise as to its positions at the opposition deadline if the Court declines to automatically grant Samsonite's motion. Samsonite will agree, however, to withdraw the motion if Swissdigital either (1) stipulates to the relief sought in Samsonite's motion, or (2) produces the requested information and documents prior to the requested deadline.

To be clear, the request for *design* information for Swissdigital's products in my April 1 email is separate from the issues raised in the motion and Samsonite's November 3 email. If Swissdigital wishes to discuss that specific issue, we are available to meet and confer at next Tuesday, April 21, except for 2-3pm ET. We expect Swissdigital to agree to provide design information for all of its products that have been sold prior to 2019; we will otherwise be forced to seek assistance from the Court again.

Best,
Joon

3

**From:** dkeyhani@keyhanillc.com <dkeyhani@keyhanillc.com>
**Sent:** Monday, April 13, 2026 11:54 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Joon Chung <chung@fr.com>; fstephenson@keyhanillc.com; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel, We have a follow-up call scheduled with our client tomorrow morning to address the discovery issues raised, we can be available for a meet and confer tomorrow afternoon at any time after 3:30 pm ET or any time Wednesday except between 2-3:30 pm ET.   Please advise as to your availability.

Darius

-----Original Message-----
From: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Sent: Monday, April 13, 2026 8:50pm
To: "Joon Chung" <chung@fr.com>
Cc: "fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>, "FRService-Samsonite-24cv11636" <frservice-samsonite-24cv11636@fr.com>
Subject: RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Hi Joon,

We are very surprised that you filed Samsonite's motion to compel, particularly after raising the present issues in your April 1st email.  As noted in our April 3rd response, your email was our first indication that our November 14, 2025 letter did not resolve the discovery issues Samsonite had previously raised.

As stated on April 3rd, we needed to confer with our client regarding the issues you raised and Samsonite's present demands.  We conferred with Swissdigital on April 6th—the next business day—and our client indicated it would investigate Samsonite's discovery concerns.  We followed up with our client on Thursday, April 9, but have not heard back yet.  As our main point of contact with Swissdigital is presently overseas in China, and with the information being requested going back over eight years, it may take a bit more time.

Since we have not heard back from our client, a meet and confer would not yet be productive regarding Samsonite's recent demands.  We can tentatively schedule a meet and confer for this Thursday afternoon, April 16, at 1:00 p.m. Eastern, and we can confirm that date provided we get additional information from our client before then.  We believe it was unreasonable to file your motion to compel after we indicated that we required our client's input to respond to the

issues raised on April 1st.  Samsonite's motion is premature, and Samsonite has not allowed for the parties to meet and confer in good faith.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Monday, April 13, 2026 4:20pm
To: "fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>
Cc: "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Scott Draffin" <sdraffin@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>, "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>
Subject: RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production



Counsel,

Having received no response to the below, Samsonite will be filing a motion to compel the information requested in its November 3, 2025 letter under Local Rule 37.1.  Samsonite intends to file a request to file certain portions of the motion under seal, including (1) interrogatory responses regarding Samsonite's corporate structure, (2) Swissdigital-produced documents SWISSDIGITAL001887, SWISSDIGITAL001888, SWISSDIGITAL001889, SWISSDIGITAL001835 and related discussion, and (3) Samsonite's November 3, 2025 letter, which contains discussion of the documents in category (2).  We assume Swissdigital does not oppose the motion to file under seal, but please let us know if that is not the case.

Best,
Joon


**From:** Joon Chung <chung@fr.com>
**Sent:** Friday, April 3, 2026 6:11 PM
**To:** fstephenson@keyhanillc.com
**Cc:** Darius Keyhani <dkeyhani@keyhanillc.com>; Scott Draffin <sdraffin@keyhanillc.com>; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

Among other things, your November 14 letter indicated that Swissdigital would investigate and produce additional documents and/or supplement its interrogatory responses. Swissdigital has produced no documents or provided any supplemental responses since that date. While the parties agreed to push back the fact discovery deadlines pending the Court's order, that agreement did not absolve Swissdigital of its discovery obligations, or negate its promises to investigate its discovery deficiencies and provide additional responses.  Now, nearly five months after that responsive letter, your statement that you just now intend to confer with your client is insufficient with less than two months remaining before the parties must finish fact witness depositions.

Again, we reiterate our request that you provide your availability to meet and confer next week on the issues in Samsonite's November 3 letter.  If Swissdigital's position regarding its failure to produce design documentation for Swissdigital's sales of its own prior art products is anything other than an intent to promptly produce all

relevant documentation sufficient for Samsonite to determine when Swissdigital's prior art products were sold and the designs of those products, please also be prepared to explain Swissdigital's position on that meet and confer, as well. Samsonite will seek assistance from the court if needed.

We look forward to receiving your responses and objections to Samsonite's 30(b)(6) notice.

Best,
Joon

---

**From:** fstephenson@keyhanillc.com <fstephenson@keyhanillc.com>
**Sent:** Friday, April 3, 2026 4:00 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** Darius Keyhani <dkeyhani@keyhanillc.com>; Scott Draffin <sdraffin@keyhanillc.com>; kmosier@merchantgould.com; ltittemore@merchantgould.com; FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>
**Subject:** RE: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

[This email originated outside of F&R.]

Hi Joon,

Your email is the first indication that our November 14, 2025 letter did not resolve Samsonite's discovery issues raised in your November 3, 2025 letter.  We will need to confer with our client regarding the issues you have now raised and get back to you next week.

With respect to Samsonite's 30(b)(6) notice of deposition, Swissdigital will provide responses and objections but we note that there was no date on the notice and we will need to confer with our client as to his availability.

Kind regards,

Frances
-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Wednesday, April 1, 2026 2:44pm
To: "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Scott Draffin" <sdraffin@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Cc: "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>
Subject: Swissdigital v. Samsonite - Swissdigital's Deficient Discovery Responses and Production

Counsel,

I write regarding Swissdigital's ongoing failure to produce complete materials and information responsive to Samsonite's discovery requests.  Now that the Court has resolved the parties' claim construction disputes and Samsonite's motion for summary judgment, the parties' deadline to complete fact depositions is May 26, 2026, with close of fact discovery on June 25, 2026.

Samsonite has been and continues to be severely prejudiced by Swissdigital's failure to produce and provide information in response to Samsonite's discovery, including the items raised in Samsonite's November 3, 2025 letter, which must be addressed now given the looming discovery deadlines.

Swissdigital's production and discovery responses are additionally deficient with respect to at least Samsonite's RFP Nos. 18 and 19 (relating to documents regarding design activities on behalf of Swissdigital) and Interrogatory Nos. 1 (directed to Swissdigital's first public use and sale of its alleged invention), 17 (directed to each Swissdigital product that practices or embodies any Asserted Claim), 18 (directed to sales channels for Swissdigital's sales of practicing products), and 22 (description of manufacturing process for Swissdigital's process and all entities involved). Swissdigital has not produced the complete design information for the products it sold, nor has it provided explanations identifying which design files correspond to which product.

The relevance of these design documents is clear—now that the Court has found that Swissdigital's '137, '138, and '009 patents ("CIP Patents") are only entitled to an April 2019 priority date, Swissdigital's sales of products prior to that date constitute invalidating sales under 35 U.S.C. § 102.  Information regarding the specific design of Swissdigital's practicing products sold before the corrected priority date for the CIP Patents, including, *inter alia*, details enabling Samsonite to determine whether the products invalidate the claims of the patents, are indisputably relevant and critical to Samsonite's defenses.

Indeed, Samsonite has already been severely prejudiced by Swissdigital's refusal to provide relevant discovery on this subject, as Swissdigital unfairly used the deficiencies in its own production to argue the Samsonite lacked evidence regarding the design of products sold before the critical date of the CIP Patents.  The Court partially denied Samsonite's summary judgment motion for that sole reason.  *See* Dkt. No. 93 (MSJ Order) at 35-36.

To cure these deficiencies, Swissdigital **must** produce:

- All design documents for the products Swissdigital sold prior to the April 19, 2019, priority date.
- An updated version of SWISSDIGITAL001889 identifying **at least** the **month and year** of each sale of Swissdigital's products, as well as sales information for products sold by Swissdigital as far back as at least 2010.
- A mapping in response to Samsonite's interrogatories, explaining **at least**:
    - Which design files correspond to which specific product, model, or SKU in SWISSDIGITAL001889 or any other document produced in the future identifying sales of Swissdigital's products;
    - Any revision numbers, version history, and date ranges applicable to each file;
    - Whether each file represents the as-sold version of the product, and, if not, identification of the as-sold versions;
    - Identification and explanation of any missing or unavailable design files for products identified in SWISSDIGITAL001889 or any other document produced in the future identifying sales of Swissdigital's products.

Swissdigital's production to date remains incomplete and prejudicial to Samsonite's case without the above correlation and explanatory information, and any further delay is unjustified.

Additionally, Swissdigital has to date not provided any response to Samsonite's 30(b)(6) notice to Swissdigital, served December 16, 2025.  Please immediately provide Swissdigital's written responses and objections (if any) so that Samsonite may determine if it requires the assistance of the Court. Please also advise when Swissdigital intends to put up its corporate representative witness(es) for deposition so we may plan.

Please confirm, no later than **this Friday, April 3**, that Swissdigital will address the above-described deficiencies, or indicate whether Swissdigital refuses to provide any of the requested information, so that Samsonite may seek assistance from the Court.

Separately, please also provide your availability next week to meet and confer regarding the issues raised in our November 3, 2025 letter—including at least (1) information regarding Swissdigital's corporate structure and the relationships between Swissdigital's related entities; (2) information regarding Swissdigital's conception and reduction to practice of the alleged inventions, including any prototypes; (3) component cost information, or the identity of individuals or entities with component cost information in their possession; and (4) pre-2018 sales information for Swissdigital's products.  Samsonite intends to seek assistance from the Court on these issues in light of Swissdigital's November 14, 2025 response, which did not resolve any of Samsonite's concerns.

Best,
Joon

**Joon Chung**
Associate ∎ Fish & Richardson P.C.

**T:** 404 724 2805 | chung@fr.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

```
message.
*****************************************************************************************************
***********************
```