# EXHIBIT H

## RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

From: sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
Sent: Mon, May 18, 2026 at 2:37 pm
To: Joon Chung
Cc: FRService-Samsonite-24cv11636, Bailey Benedict, Neil McNabnay, Adam Kessel, Ethan Kovar, Darius Keyhani, Frances Stephenson, kmosier@merchantgould.com, Susmita A. Gadre, ltittemore@merchantgould.com

Hi Joon,

My written notes from our meet in confer reflect that we raised issue with RFP No. 67.  As indicated in our May 4, 2026 email, having received no responsive documents, we will move to compel regarding these requests.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Friday, May 8, 2026 7:27pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "Ethan Kovar" <kovar@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "Susmita A. Gadre" <sgadre@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Subject: RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Counsel,

We have considered the issues discussed on the parties' meet and confer. We note that despite naming nearly every RFP in Swissdigital's second set of RFPs at the parties' meet and confer, you have included a new one in your email below (RFP No. 67). Nevertheless, we respond to all of your points below (as well as all other RFPs you raised on the call) as follows:

- RFPs for which information has already been provided
  - RFPs regarding product bundling (RFP No. 29) – as you know, Samsonite has already provided information about bundling of Accused Products, including an identification of which specific accused products have been sold as bundles, and provided sales data for all of those bundled product sales as well as the individual product sales. We fail to see how this information is otherwise relevant to this litigation.
  - RFP No. 30 requests the identification of material keys for accused products. As you are aware, Samsonite has already provided all of that information.
  - RFPs regarding financials (RFP No. 47, 83, 84, 85, 88-93) Samsonite has long-ago already provided its sales and cost information for the accused products, and provided a corporate representative to testify about Samsonite's financials. To the extent additional information is relevant (e.g., sales of accused products in 2018, which is relevant to invalidity of the continuation patents), Samsonite will produce that information subject to its objections.
- RFPs regarding Samsonite's formal and informal written policies (RFP Nos. 31, 50, 81) - Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFPs regarding consumer demand and market share/analysis for the accused products (RFP Nos. 58, 60, 61, 68, 69, 70, 71) – Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFPs regarding alleged efforts to affect sales of the accused products (RFP Nos. 33, 36) - Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFPs regarding design-around efforts (RFP No. 35) - Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFPs regarding corporate structure (RFP No. 77) - Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFPs regarding system changes (RFP No. 82) – as explained on the meet and confer, Samsonite has been, and will continue, its investigation into materials responsive to these requests. To the extent any responsive information exists after a reasonable investigation, Samsonite will produce those materials subject to its objections.
- RFP No. 32 – Swissdigital stated on the meet and confer that it wanted the identity of every third party Samsonite has ever sold product to- e.g., if a customer walked into a retail store and made a purchase. That is obviously overly burdensome (e.g., we will not look for receipts for every Samsonite bag ever sold in a retail store), and Samsonite will not provide that information. Swissdigital already has the sales data for all of the accused products.
- RFP No. 34 – as an initial matter, Samsonite has never agreed to produce documents in response to this request, and offered to meet and confer. As explained on the parties' April 21 meet and confer. Data regarding "top 20 products" is not relevant to any claim or defense in the case, and is unduly burdensome to collect in view of the needs of the case. *See* Fed. R. Civ. P. 26. You claimed this information is relevant to how Samsonite marketed the accused products before and after becoming aware of the issues, but the top 20 products sold is not relevant when we have already provided all sales data for the actual accused products from 2021-2025, i.e., the life of the patents. To the extent any sales trends existed prior to Samsonite's awareness of the patents, those trends are irrelevant to the actual sales of the products during the life of the patent, and any effect on demand would be reflected in future sales, i.e., the actual sales period for which Samsonite has already produced sales information. We have also provided the top **50** product information from 2022-2025, which is just as irrelevant, as a compromise. We will not provide information for 2019-2021.
- RFP No. 76 – Samsonite did not agree to produce in response to this RFP, but offered to meet and confer. Swissdigital did not explain the relevance of this information on the last meet and confer, and Samsonite declines to provide publicly available information about Samsonite's past litigation without some demonstrated reason or relevance for doing so.
- RFP No. 79 – Samsonite did not agree to produce in response to this RFP, but offered to meet and confer. Swissdigital did not explain the relevance of this information on the last meet and confer, and Samsonite declines to provide this information without demonstrated reason or relevance for doing so.
- RFP Nos. 40, 43, 46, 48, 62-66, 74, - these RFPs call for expert opinion and Samsonite's contentions. Samsonite will produce any materials it intends to rely on at the appropriate time in the schedule. To the extent any facts relevant to or underlying the expert opinions relevant to these RFPs exist, those will be produced and/or provided in interrogatory response form in due course.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Monday, May 4, 2026 7:18 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Bailey Benedict <benedict@fr.com>; Neil McNabnay

<McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; Ethan Kovar <kovar@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; kmosier@merchantgould.com; Susmita A. Gadre <sgadre@merchantgould.com>; ltittemore@merchantgould.com

**Subject:** RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Hi Joon,

We reiterate that we have reviewed Defendants' production and communicated to you the specific deficiencies that we have identified.

Without waiving any of the issues we identified in our previous emails or on our meet and confer, we specifically note that—based on our review—Defendants' production appears to be lacking anything responsive to the following requests:

- Request No. 31 (concerning Defendants' formal or informal policies and procedures for designating products with one or more Material Keys, SKUs, or any other internal identifiers);
- Request No. 33 (concerning Defendants' efforts to in any way affect the sales of any Accused Products before gaining awareness of the Patents-in-Suit);
- Request No. 34 (concerning Defendants' top 20 products sold for each of the three years before Defendants gained awareness of any of the Patents-in-Suit);
- Request No. 36 (concerning Defendants' efforts to delete, hide, or otherwise remove any marketing materials, advertising, webpages, or websites relating to any Accused Product);
- Request No. 43 (concerning Defendants' contention that consumers would not have purchased products from Swissdigital if the Accused Products were not available);
- Request No. 46 (concerning Defendants' contention regarding the customary industry portion of the profit or selling price for products covered by the Patents-in-Suit);
- Request No. 58 (concerning any actual or projected sales or market share of the Accused Products from 2018 to the present date);
- Request No. 60 (concerning consumer demand for the Accused Products);
- Request No. 61 (concerning any analyses of the potential costs, benefits, demand, and profits associated with including a USB Sheath feature on the Accused Products);
- Request No. 67 (concerning the effect of Defendants selling the Accused Products on demand for Defendants' other products);
- Request No. 68 (concerning the commercial success or popularity of the Accused Products);
- Request No. 69 (concerning the reasons why Defendants' customers have purchased or have not purchased the Accused Products);
- Request No. 70 (concerning a need or demand in the marketplace for bag or luggage products with USB charging capabilities); and
- Request No. 82 (concerning any changes to the system or systems by which Defendants maintain their product information, sales information, and other financial information).

Based on our review of Defendants' production, no responsive documents have been produced. If Defendants disagree with our assessment, please identify the Bates numbers for whatever documents Defendants contend are responsive. Otherwise we will move the compel regarding these requests.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Friday, May 1, 2026 5:56pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "Ethan Kovar" <kovar@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "Susmita A. Gadre" <sgadre@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Subject: RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies


Counsel,

We write to provide updates and to correct a few misstatements in your summary below.

As explained on the meet and confer, Samsonite is looking into Ms. Haslehurst's last known contact information and whether Samsonite is able, or required, provide it. Swissdigital delayed nearly a year after Mr. Guillermo's deposition to seek a deposition of Ms. Haslehurst, and has identified no discovery request to which Ms. Haslehurt's address would be responsive or relevant.  We cannot guarantee that we will respond by next week.

We have considered your position regarding the communications related to collection of Samsonite's financial information, and agree to perform a reasonable investigation into emails or other written communications, and will provide non-privileged communications relating thereto. To be clear, Samsonite's agreement to provide this information is not a representation that such written communications exist; but if any do, Samsonite agrees to produce them to the extent they are not privileged.

As explained on the meet and confer, it is simply untrue that Samsonite has provided no response to Swissdigital's entire second set of RFPs. Your arbitrary reliance on timelines completely fails to account for the fact that Samsonite completed its substantial production of the most relevant documents and information early on, including sales, marketing, and design information for all accused products. Many of the RFPs in Swissdigital's second set of RFPs cover such information that has already been produced. As also explained on the call, many of the RFPs you have raised seek information relating to Samsonite's contentions and other matters that are properly the subject of expert reports. Much of the documentation relating to that has also already been produced, and/or will be produced in due course. Samsonite will, of course, produce all documents it intends to rely on in this litigation.

To the extent you are requesting that Samsonite identify documents responsive to RFPs by bates number, Samsonite declines. It is Swissdigital's responsibility to review Samsonite's production and identify the information it seeks, as well as to identify any specific alleged deficiencies it perceives in the production. As explained and as noted in your email, we will identify bates numbers in response to the pertinent interrogatories for our production to date, and will continue to supplement as more documents are produced.

Samsonite will not perform a wholesale investigation of its emails for emails responsive to Swissdigital's requests. As explained on the call, email collection and production is extremely burdensome and you have identified no justification for email discovery in this case. That said, we are not withholding all email communications; as explained above with respect to Samsonite's collection of financial information, we are willing to investigate email communications regarding specific items for which Swissdigital demonstrates relevance. If you have any authority that states that parties must automatically search for and produce emails regardless of any demonstrated relevance to the case or justification for proportionality, please (1) provide that authority, and (2) provide an explanation for why Swissdigital has, to date, produced no email communications of any kind.

Samsonite will not be able to provide its representatives on May 7-8.  Again, we are checking on availability and will let you know, but the witnesses will be available when they are available and we cannot guarantee your requested alternative dates.

As explained on the meet and confer, Samsonite will endeavor to provide its positions regarding the alleged deficiencies Swissdigital has raised by next Friday. That said, Swissdigital raised alleged deficiencies regarding approximately 50 RFPs for the first time yesterday. To the extent Samsonite cannot provide its position on all alleged deficiencies Swissdigital has raised by Friday, we will endeavor to provide at least a partial update.

Best,
Joon

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Thursday, April 30, 2026 6:42 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; Ethan Kovar <kovar@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; kmosier@merchantgould.com; Susmita A. Gadre <sgadre@merchantgould.com>; ltittemore@merchantgould.com
**Subject:** RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Hi Joon,

Thanks for hopping on the meet and confer with us today. Our understanding and positions are as follows.

Regarding Ms. Haslehurst's last known address, we believe a further one- to two-week delay on providing this readily available information is unacceptable. Please provide this information next week at the latest.

Regarding Defendants' position that attorney-client privilege extends to all documents, communications, and information regarding how sales information was pulled for this litigation/how the produced spreadsheets were created, we dispute this. We believe that any documents or communications that are administrative or provide technical instructions on what information to pull must be produced. We also believe that Swissdigital is entitled to know the specifics of what sales information was pulled and how it was pulled. Please confirm next week whether Defendants are willing to provide any further information responsive to these requests.

Regarding Defendants' top 20 products sold, Swissdigital seeks this information for the three years prior to Defendants' first awareness of the asserted

patents (November 2, 2021). While Defendants claim that the accused products are not part of the top 20 products for these years, Defendants have not actually determined what the top 20 products were. Further, Swissdigital contends that this information is relevant to its damages and lost profits analyses regardless of whether an accused product is included among Defendants' top 20 products.

We understand that Defendants will supplement their interrogatory responses that rely on Rule 33(d) and provides Bates ranges sometime this week or next.

Regarding Defendants failure to produce responsive documents subsequent to Defendants' September 29, 2025 boilerplate objections and responses to Swissdigital's Second Set of Requests for Production, Swissdigital noted a lack of meaningful response to this entire set of requests. We specifically took issue with RFP Nos. 29–33, 35–36, 40, 43, 46–48, 50, 58, 60–71, 74, 76–77, 79, 81–85, and 88–93.

To the extent that Defendants contend that they produced responsive documents prior to receiving this set of requests, please provide the Bates numbers for these purported responsive documents. If Defendants plan to produce and supplement their production, please provide Bates numbers for that supplement. If Defendants are withholding responsive documents, please identify what is being withheld and on what basis.

Defendants have indicated that they are withholding all email communications on the grounds that producing emails is overly broad and unduly burdensome. We dispute this, and demand that responsive emails be gathered and produced. To the extent that Defendants have not searched their emails for responsive documents and communications, Swissdigital contends that Defendants have failed to satisfy their discovery obligations under the Federal Rules of Civil Procedure, and this must be immediately remedied.

You have advised us that Defendants will be unable to produce any of the documents and information at issue by next Monday, so we will need to postpone the depositions noticed for next Thursday and Friday (each Defendants' 30(b)(6) representative(s) and Mr. Quartarone). Please let us know which of the alternative dates (i.e., June 4–5 or June 18–19) Defendants propose.

You have also advised us that Defendants could likely provide their position on the issues we raised on the call by next Friday. Please update us on Defendants' positions then so that we may seek the Court's assistance if needed.

Best,

Scott


-----Original Message-----
From: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Sent: Monday, April 27, 2026 4:58pm
To: "Joon Chung" <chung@fr.com>
Cc: "FRService-Samsonite-24cv11636" <frservice-samsonite-24cv11636@fr.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <mcnabnay@fr.com>, "Adam Kessel" <kessel@fr.com>, "Ethan Kovar" <kovar@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "Susmita A. Gadre" <sgadre@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Subject: RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Hi Joon,

Yes, lets meet and confer this Thursday at 1 p.m. ET as you suggested.  I will circulate a calendar invite and Zoom link.

Best,

Scott


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Monday, April 27, 2026 12:24pm
To: "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
Cc: "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "Ethan Kovar" <kovar@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "Susmita A. Gadre" <sgadre@merchantgould.com>, "ltittemore@merchantgould.com" <ltittemore@merchantgould.com>
Subject: RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies


Counsel,

As stated in my prior email, we will supplement our interrogatory responses with Bates numbers this week. As also stated in my prior email, you still have identified no specific deficiency in Samsonite's production, and we will discuss particular alleged deficiencies with you as they arise.

Regarding the top 20 products, Samsonite's top 20 selling products—which, again, do not include a single accused product—have no bearing on the issue you raise below regarding how Samsonite promoted or marketed the accused products.  Pulling data for 2020-2021 is unduly burdensome, and Samsonite will not provide that information.

We are available to meet and confer on these issues Thursday after 1pm ET.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Friday, April 24, 2026 8:41 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; Ethan Kovar <kovar@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; kmosier@merchantgould.com; Susmita A. Gadre <sgadre@merchantgould.com>; ltittemore@merchantgould.com
**Subject:** RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Hi Joon,

We wholly disagree with your characterization of Swissdigital's participation in the discovery process. As will be set out in detail in Swissdigital's opposition to Defendants' motion to compel, Swissdigital has fully complied with its discovery obligations under the Federal Rules of Civil Procedure and the Local Rules.

On the other hand, Defendants have failed to meet their obligations under the Rules. Most notably, while pointing fingers at Swissdigital, Defendants have only provided boilerplate objections and promises to search for and produce documents responsive to Swissdigital's Second Set of Request for Production served on August 29, 2026. As of today (over seven months later) Defendants have made no responsive production and now state that "Samsonite will continue its investigation for relevant information and produce." This is unacceptable.

To the extent Defendants represent that they previously produced responsive documents, they have not indicated or supplemented their responses to indicate which Requests they have produced responsive documents or provided the Bates numbers for those documents, and to the extent Defendants are withholding documents on some basis, they have not indicated or supplemented their responses accordingly. We request that Defendants immediately supplement their responses and indicate by Bates number responsive documents they claim to have produced, produce all responsive documents in their custody, and control, and indicate which documents they are withholding and on what basis.

We disagree with your characterization regarding Defendants' 2019-2021 sales records. We never indicated that we were satisfied with not receiving the requested sales records for Defendants' luggage/bag products (top 20) generating the highest revenue for these years. We stated that Defendants can begin producing the more recent, readily accessible records and that we would later revisit the sales records for the prior years. The sales records of Defendants' highest revenue generating products for the period prior to 2021 are highly relevant; Defendants claim to have become aware of Swissdigital's patents in 2021, and Defendants had control over how they decided to promote, market, and sell their infringing products after becoming aware of their infringement.

We do not agree with you that responses to Swissdigital's Interrogatories 23 and 24 are privileged. We can discuss this matter on our meet and confer.

Thank you for agreeing to provide Bates number for documents responsive to Swissdigital's Interrogatories 4 and 11 identified by Swissdigital.

We would like to schedule a meet and confer regarding the above matters on Monday at 11 am or 12 pm Eastern, or Tuesday at 11 am, 12 pm, or 1 pm Eastern. Please advise as to your availability.

Best,

Scott

-----Original Message-----
**From:** "Joon Chung" <chung@fr.com>
**Sent:** Thursday, April 23, 2026 9:24pm
**To:** "sdraffin@keyhanillc.com" <sdraffin@keyhanillc.com>
**Cc:** "FRService-Samsonite-24cv11636" <FRService-Samsonite-24cv11636@fr.com>, "Bailey Benedict" <benedict@fr.com>, "Neil McNabnay" <McNabnay@fr.com>, "Adam Kessel" <Kessel@fr.com>, "Ethan Kovar" <kovar@fr.com>, "Darius Keyhani" <dkeyhani@keyhanillc.com>, "Frances Stephenson" <fstephenson@keyhanillc.com>, "Lisa M. Tittemore" <ltittemore@sunsteinlaw.com>, "kmosier@merchantgould.com" <kmosier@merchantgould.com>, "Susmita A. Gadre" <sgadre@merchantgould.com>
**Subject:** RE: Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

Counsel,

Samsonite addresses each purported deficiency raised in your email below:

- Response to Interrogatory No. 4: this interrogatory requests the location and custodian of marketing and advertising documents, and identification of knowledgeable individuals. Samsonite has fully responded to this interrogatory, including identifying the location of documents and relevant custodians. The citation to documents was meant to encompass marketing documents Samsonite produced long ago—indeed, Swissdigital spent a significant amount of time and effort going through those same

marketing materials last year to determine the full universe of accused products. That said, as Swissdigital appears to now be taking the position that it is not able to identify those same documents, Samsonite will supplement within the next week to specifically identify those same documents by Bates number.

- Response to Interrogatory No. 11: this interrogatory requests an identification of material keys for Samsonite products. Again, this was part of Samsonite's long-ago production which Swissdigital presumably referenced to determine the universe of accused products. Samsonite will supplement within the next week to identify the Bates numbers for those same documents.
- Response to Interrogatory No. 13: This interrogatory response incorporates by reference Samsonite's response to Interrogatory No. 10, which contains the top **50** products sold from 2022-20225. Samsonite has already been very accommodating by providing sales information for un-accused products and, as discussed in previous meet and confers between the parties, will not provide sales information for every product Samsonite has sold in those years. We trust this resolves your concerns.
- Response to Interrogatory No. 10: on the parties' August 20, 2025 met and confer, Samsonite explained to Swissdigital that, due to a Samsonite system change, it is unduly burdensome for Samsonite to pull sales data for products from 2020-2021. This is particularly so because Swissdigital's request for the "top 20" products would, in practice, require pulling data for every single product and comparing the sales data. On that meet and confer, Swissdigital confirmed it is "not looking for sales for every Samsonite product ever sold," and that data from 2022-2025 is sufficient for Swissdigital's purposes, which was to examine whether, "if these products do perform differently than the accused products," how that "affects damages analysis or valuation of the patents." If Swissdigital is now changing its position on that and is asking Samsonite to provide sales data for every product it has sold form 2020-2021, please provide your reasoning for the relevance of and justification for seeking this information.
- RFP No. 23: communications between Samsonite employees collecting sales data at attorneys' instruction is privileged. Swissdigital is entitled only to the data resulting from those interactions, i.e., that sales data. Samsonite will not produce communications between Mr. Gomez and Ms. Haslehurst, or any other individual who has collected documents at attorneys' instructions.
- Finally, regarding Samsonite's responses to Swissdigital's second set of RFPs, discovery is ongoing, and Samsonite will continue its investigation for relevant information and produce documents as they are identified. If there is a specific deficiency or category of documents Swissdigital wishes to raise, we can investigate particular issues. Otherwise, your accusation that Samsonite has not complied with its discovery obligations is not well taken, particularly in view of Swissdigital's complete failure to engage in the discovery process, as outlined, *e.g.*, in Samsonite's motion to compel.

If Swissdigital would still like to meet and confer, members of our team are traveling and we will provide our availability for a meet and confer next week.

Best,
Joon

---

**From:** sdraffin@keyhanillc.com <sdraffin@keyhanillc.com>
**Sent:** Wednesday, April 22, 2026 7:32 PM
**To:** Joon Chung <chung@fr.com>
**Cc:** FRService-Samsonite-24cv11636 <FRService-Samsonite-24cv11636@fr.com>; Bailey Benedict <benedict@fr.com>; Neil McNabnay <McNabnay@fr.com>; Adam Kessel <Kessel@fr.com>; Ethan Kovar <kovar@fr.com>; Darius Keyhani <dkeyhani@keyhanillc.com>; Frances Stephenson <fstephenson@keyhanillc.com>; Lisa M. Tittemore <ltittemore@sunsteinlaw.com>; kmosier@merchantgould.com; Susmita A. Gadre <sgadre@merchantgould.com>
**Subject:** Swissdigital v. Samsonite - Defendants' Discovery Deficiencies

[This email originated outside of F&R.]

Hi Joon,

We write to address a number of deficiencies in Defendants' discovery responses and request a meet and confer to discuss. Defendants have not provided sufficient responses to several interrogatories and have failed to produce documents responsive to Plaintiff's requests.

In particular, in response to Plaintiff's **Interrogatory No. 4**, served on June 27, 2025, and **Interrogatories Nos. 11 and 13**, served on August 29, 2025, Defendants claim that they will produce documents pursuant to Fed. R. Civ. P. 33(d) yet have not produced responsive documents nor identified documents by Bates number if responsive documents have already produced. With respect to Plaintiff's **Interrogatory No. 10**, served on June 27, 2025, Defendants fail to provide any information for 2020 and 2021. Further, in their supplemental response to Interrogatory No. 13, Defendants incorporate by reference their response to Interrogatory No. 10, but that response does not include any information relevant to 2019, 2020, or 2021.

With respect to Plaintiff's **Request for Production No. 23** (i.e., "documents and communications concerning the creation and review of the spreadsheets SAMSONITE00012215 and SAMSONITE00160342 . . . including but not limited to all documents and communications concerning pulling or retrieving information from Business Intelligence Business Objects ('BIBO')") and **Request for Production No. 24** (i.e., all communications between Guillermo Gomez and Jessica Haslehurst concerning this Action, the Accused Products, pulling or retrieving information from BIBO, instructions for pulling or retrieving information from BIBO, and/or the creation and subsequent review of the spreadsheets SAMSONITE00012215 and SAMSONITE00160342 produced in this action), both served on June 27, 2025, Defendants' position that they will "produce sales information for Accused Products" is wholly non-responsive to these requests, which specifically seek documents and communications relating to the creation of specific financial spreadsheets produced by Samsonite and communications between Guillermo Gomez and Jessica Haslehurst in connection with the

creation of these spreadsheets, among other things.  If your position is that you have already produced these documents, please identify the production by Bates number.

With respect to Samsonite's responses to **Plaintiff's Second Set of Requests for Production**, served on August 29, 2025, throughout their responses and objections, Defendants indicated that they will search for and produce documents yet have produced none and have not provided any supplemental responses to confirm whether all responsive documents have been produced or are being withheld.  Furthermore, the position taken in your November 7, 2025 email that the "reason Samsonite has not produced documents since [September 22, 2025] is because its production was already substantially complete by that time" is not tenable nor sufficient.  If your position is that you have already produced documents to any of these requests, please identify the production by Bates number or indicate that you have no responsive documents to the requests.  While the parties agreed to push back the fact discovery deadlines pending the Court's order on claim construction, Defendants must comply with their discovery obligations.

Please provide us your availability for a meet and confer tomorrow or Friday.

Best,

Scott

********************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
********************************************************************************************************************************


********************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
********************************************************************************************************************************


********************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
********************************************************************************************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*