# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SWISSDIGITAL USA CO., LTD.,

      Plaintiff,

      v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

**FILED UNDER SEAL**

## DEFENDANTS' MOTION FOR LEAVE TO SERVE SECOND AMENDED PATENT-RELATED DISCLOSURES

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 1

III.    LEGAL STANDARD................................................................................................. 4

IV.     ARGUMENT.............................................................................................................. 5

      A.      Samsonite Has Acted with Reasonable Diligence. .................................................. 5

      B.      There Is No Undue Prejudice to Swissdigital. ....................................................... 7

V.      CONCLUSION.......................................................................................................... 9

CERTIFICATE OF SERVICE ....................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
No. CV 16-10914-FDS, 2020 WL 3868803 (D. Mass. July 9, 2020) ...............................4, 6, 7

*MAZ Partners LP v. Shear*,
208 F. Supp. 3d 384 (D. Mass. 2016) ......................................................................................4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
2012 WL 2427160 (N.D. Cal. June 26, 2012) ...............................................................4, 5, 7, 8

*Philips N. Am. LLC v. Fitbit LLC*,
No. CV 19-11586-FDS, 2021 WL 5417103 (D. Mass. Nov. 19, 2021) ...............................4, 7

**Statutes**

35 U.S.C. § 102(b) .........................................................................................................................2, 5

**Other Authorities**

37 C.F.R. § 1.30 ...............................................................................................................................3

L.R. 16.6(d)(5) ...........................................................................................................................4, 5, 7

## I.    INTRODUCTION

Samsonite respectfully requests leave to supplement its patent-related disclosures in light of a recent 30(b)(6) deposition testimony from Plaintiff Swissdigital. This testimony exposed new prior art and may affect the effective priority date for three of the four asserted patents. In particular, during his May 26, 2026 deposition, Swissdigital's 30(b)(6) witness—and only fact witness—Mr. Zhijian Li identified offers for sale of bags embodying his alleged invention in November 2014 and early 2015, sales of those bags in 2015, and supposed "first" public disclosures of key claimed features in May 2018. Despite Samsonite discovery requests served at the beginning of fact discovery targeting this exact information, Swissdigital withheld these facts. These new disclosures have implications that may disqualify several of the prior art references Samsonite has been relying on as prior art, and provides some of the details regarding Swissdigital's own prior art products that featured in Samsonite's summary judgment motion filed over a year ago. Samsonite requests leave to supplement its invalidity contentions to (1) add this newly-disclosed Swissdigital prior art, and (2) to add pre-May 1, 2018 prior art to address the new testimony that Swissdigital publicly disclosed ventilation holes and interior pockets on that date.

## II.    BACKGROUND

Plaintiff Swissdigital asserts four patents[1] for bags with USB chargers against Defendant Samsonite. The Court recently ruled that three of those patents were entitled only to a priority date of April 29, 2019 (rather than Swissdigital's asserted November 2014 date). (ECF No 93.) The Court also found many of the asserted claims of the later patents invalid, but certain claims reciting ventilation features or a USB sheath inside a pocket remain in the case. *Id.* at 39. Immediately following that order, on April 24, 2026, Samsonite requested leave (which the Court granted) and

---

[1] U.S. Patent Nos. 10,574,071; 10,931,137; 10,931,138; and 11,601,009.

supplemented its invalidity contentions with prior art based on this newly-decided priority date. (*See* ECF Nos. 101, 111.) In particular, Samsonite added several of its own products, which were originally accused of infringement in this litigation, as prior art, since they were sold before April 19, 2019.

But Swissdigital moved the target again. Last week, at his May 26, 2026 deposition, Swissdigital's owner and sole 30(b)(6) deponent, Mr. Zhijian Li, testified that Swissdigital first offered for sale bags with ventilated or in-pocket USB chargers at the "Canton Fair" on May 1–5, 2018:

> "At the 2018 spring Canton Fair … [Swissdigital] launched updated products. One was a product that had the holes that could reduce the temperature and ventilate, those little holes. And the other one, the other new feature was the charging feature being placed in a pocket with a zip, and so it would be -- so the charging system would be placed in a pocket."

Ex. 1 (Li Tr.) at 217:17–218:13; *see also id.* at 19:17-20:7 (Canton Fair typically takes place from May 1–5). This testimony is Swissdigital's first disclosure of any display (and offer for sale) of bags with USB chargers before the April 29, 2019 priority date of the '137, '138, and '009 patents, despite Samsonite's interrogatories requesting such information.

This new information may trigger an "intervening disclosure" exception in 35 U.S.C. § 102(b)(1)(B) that would reset the effective priority date of those patents to May 1, 2018, once again changing the scope of the available prior art. Samsonite does not admit that such a disclosure exists or that the exception applies.[2] Swissdigital bears the burden of showing that the inventor

---

[2] Notably, Swissdigital also testified for the first time that it allegedly destroyed materials about its pre-May 2018 products pursuant to a previously-unidentified settlement agreement (which it also refuses to produce), *except*, conveniently, the purported May 2018 materials it produced for the first time in hard copy at Mr. Li's deposition. Swissdigital still has not produced these materials electronically, despite promising to do so, and has consistently refused to provide metadata with its electronic productions that would help Samsonite to vet the source and date of its productions.

made an intervening disclosure, and it has not met that burden. *Cf.* 37 C.F.R. § 1.30. But Samsonite must amend its invalidity contentions to account for this new possibility.

At the same deposition, Mr. Li further testified that Swissdigital sold USB charging backpacks "shortly []after" a Canton Fair in November 2014 and ███████ in 2015. Ex. 1 (Li Tr.) at 44:19–25, 211:3–212:6, 45:12–46:15, 65:4–7. This testimony is the first time that Swissdigital has identified a product sold or offered for sale before 2016, despite Samsonite serving interrogatories directed to this information. Such a sale, alone or in combination with other prior art, could invalidate the remaining claims of the asserted patents, even in view of the newly disclosed May 2018 offers for sale.

Samsonite was not on notice of these trade show presentations, sales, or any intervening disclosure despite multiple discovery requests squarely directed to this information. For example, Samsonite's Interrogatory No. 1 requested the facts related to the first "public disclosure or display (e.g., marketing or tradeshow)" or "sale" of bags with USB sheaths including the "date" of each. Ex. 2 (2025-07-29 Samsonite Interrogatory No. 1). Samsonite specifically targeted potentially invalidating sales, presentations, or intervening disclosures by Swissdigital itself. Swissdigital provided no narrative response, and cited to a single document that did not identify any of the events Mr. Li testified about at his deposition. Ex. 3 (2025-09-05 Swissdigital Interrogatory Resp. No. 1). In fact, Mr. Li testified at his deposition that the only document Swissdigital cited to in response to this interrogatory showed ███████████████████ ███████ Ex. 1 (Li Tr.) at 213:10-17. If true, that testimony renders non-responsive the only document Swissdigital cited.

Samsonite thus requests leave to supplement its contentions with prior art that has become relevant and applicable to the asserted patents in view of these new disclosures.

3

### III.    LEGAL STANDARD

Local Rule 16.6(d)(5) permits amendment and supplementation of invalidity disclosures for good cause.  "[D]iscovery of material prior art that was not located despite diligent efforts" is an example of good cause.  *Id.*  Courts find good cause after considering "the moving party's diligence and any prejudice to the non-moving party."  *Philips N. Am. LLC v. Fitbit LLC*, No. CV 19-11586-FDS, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021).

To determine reasonable diligence, "the length of delay [is] the most important factor."  *Id*. This Court and others have found amendments within several months after learning new information "sufficient to show reasonable diligence."  *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 3868803, at *4 (D. Mass. July 9, 2020) (amending "three months after learning of a new product" was reasonably diligent); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding of diligence amending within a "few months").

Courts also find reasonable diligence when, as here, a moving party was unaware of information because a counterparty omitted it from a discovery response.  *Abiomed*, 2020 WL 3868803, at *3 (permitting amendment where a counterparty "chose not to disclose information" in a discovery response); *see MAZ Partners LP v. Shear,* 208 F. Supp. 3d 384, 387–38 (D. Mass. 2016).

To determine prejudice, courts consider whether the amendment "would unfairly broaden the scope of the case." *Philips N. Am.*, 2021 WL 5417103, at *5.  For example, "a party may move to add a new … [reference] without prejudicing the non-moving party if that addition would not substantially change the asserted [invalidity] theory."  *Cf. id.*; *Abiomed*, 2020 WL 3868803, at *4. Courts also consider whether the amendment would require extending the "case management

4

schedule," "additional claim construction," or "further discovery." *See Nuance Commc'ns*, 2012 WL 2427160, at *2.

## IV.    ARGUMENT

Samsonite's requested supplementation should be allowed because Samsonite has acted diligently, moving to amend its contentions just over a week after Mr. Li's deposition where new, highly relevant and previously withheld information came to light. There is also no prejudice to Swissdigital, because the prior art Samsonite seeks to add consists of evidence that Swissdigital was already aware of or is public.

### A.    Samsonite Has Acted with Reasonable Diligence.

Samsonite timely moves to amend after Swissdigital disclosed new evidence.  Local Rule 16.6(d)(5) permits amendment and supplementation of invalidity disclosures for good cause, including a request following "discovery of material prior art … not discovered or located despite diligent efforts."  L.R. 16.6(d)(5).  It has been eight days since Zhijian Li testified about Swissdigital's offers for sale of products with ventilated or in-pocket USB chargers at the May 2018 Canton Fair.  Ex. 1 (Li Tr.) at 19:17-20:7, 217:17-218:13. This information could not have been discovered before Mr. Li's deposition, because Swissdigital never provided substantive responses to Samsonite's interrogatories targeting this information.

Mr. Li's testimony about trade show presentations, offers for sale, and sales may impact the effective priority date for several patents and alter the scope of the prior art.  Mr. Li's testimony may, for example, trigger the intervening disclosure exception in 35 U.S.C. § 102(b) that disqualifies prior art if an inventor made an intervening disclosure within one year of the priority date and before the art was first available.  Put simply, Mr. Li's statements may reset the effective priority date of several asserted patents to be nearly one year earlier and disqualify some of the art

on which Samsonite relies in its invalidity contentions.[3] *See* Ex. 4 (2026-04-24 Samsonite Supp. Inv. Cont.) at 2 (relying on products first sold on July 30, 2018—before the April 2019 priority date, but after Mr. Li's alleged May 2018 intervening disclosure).  Samsonite should be allowed leave to add prior art that accounts for Mr. Li's new testimony regarding these intervening disclosures.

Samsonite was diligent in pursuing this discovery.  Swissdigital withheld evidence of intervening disclosures until after Samsonite served its contentions, despite targeted discovery.  In response to Samsonite's interrogatory requesting the facts related to the first "public disclosure or display (e.g., marketing or tradeshow)" of bags with USB sheaths and the date of each such disclosure, Swissdigital, did not identify any of the offers for sale at trade shows or sales that Mr. Li testified about in his deposition, and never supplemented its response.  Ex. 3 (2025-09-05 Swissdigital Interrogatory Resp. No. 1).  Only at Mr. Li's deposition last week did Samsonite learn of these trade shows.  Samsonite's request for supplementation is due to Swissdigital's choice "not to disclose information," "not any lack of diligence" by Samsonite.  *Abiomed*, 2020 WL 3868803, at *3.

Similarly, Swissdigital only recently disclosed even earlier sales for the first time that likely invalidate the remaining asserted claims.  Mr. Li testified that Swissdigital sold USB charging backpacks ███████████████████████████ shortly after a Canton Fair in November 2014, ███ ████████ in 2015.  Ex. 1 (Li Tr.) at 44:19-45:10, 211:3-212:6, 45:12-46:15, 65:4-7.  This testimony was Swissdigital's first disclosure of the ███████████████████ product, or any sales

---

[3] While Mr. Li's alleged intervening statements may affect the scope of prior art, they do not affect or undermine the Court's ruling on the priority date of the '137, '138, and '009 patents.  Dkt. 93.

before 2016. Because the priority dates of the asserted patents are November 2014 and April 2019, such a sale could constitute invalidating prior art.

Mr. Li's testimony and new disclosures thus change the scope of acceptable prior art and warrant the requested supplementation. *Abiomed*, 2020 WL 3868803, at *3.

### B.    There Is No Undue Prejudice to Swissdigital.

Samsonite's supplementation will not unfairly prejudice Swissdigital because much of the prior art Samsonite seeks to add is already known to Swissdigital, discovery is open, and Swissdigital is the cause of any delay. Local Rule 16.6(d)(5) provides that contentions "may be amended and supplemented" to add "material prior art that was not [previously] located." L.R. 16.6(d)(5)(B). It follows that "a party may move to add a new … [reference] without prejudicing the non-moving party if that addition would not substantially change the asserted [invalidity] theory." *Cf. Philips N. Am.*, 2021 WL 5417103, at *5; *Abiomed*, 2020 WL 3868803, at *4. This is especially true when the additions will not force a new "case management schedule," "additional claim construction," or "further discovery." *See Nuance Commc'ns*, 2012 WL 2427160, at *2.

The prior art Samsonite seeks to add consists of (1) Swissdigital's own products; (2) Samsonite products that Swissdigital accuses of infringement, and for which all the design documents have already been produced; and (3) products depicted in public sources that are equally as accessible to Swissdigital as they are to Samsonite. Swissdigital thus has always been aware of—or should have been aware of, if exercising reasonable diligence—the art Samsonite seeks to add. Further, because the prior art is similar in structure to the prior art Samsonite relied on previously, and simply predates Mr. Li's alleged May 2018 offers for sale, Samsonite's invalidity theories remain unchanged. *Philips N. Am.*, 2021 WL 5417103, at *5 (finding no prejudice where there is not "substantial[] change" in the invalidity theory).

7

There has also been no wasted discovery effort.  Fact discovery is open for another 22 days. Samsonite served its proposed amended contentions on Swissdigital on June 2, and informed Swissdigital that its 30(b)(6) witnesses would be prepared to testify as to any Samsonite products appearing in those contentions at their upcoming June 4 and June 5 depositions. Ex. 5 (2026-06-02 Email serving contentions). But Swissdigital unilaterally cancelled on the eve of those depositions. Swissdigital's refusal to take scheduled 30(b)(6) depositions, including on this topic, undercuts any argument it may have regarding prejudice. Ex. 6 (2026-06-02 Email re deposition scheduling). Moreover, expert discovery has not begun.[4]  In short, Samsonite's amendment causes no prejudice because it requires no "further discovery."  *See Nuance Commc'ns*, 2012 WL 2427160, at *2.

Further, any prejudice that may exist is of Swissdigital's own making.  Swissdigital withheld relevant information about disclosures and offers for sale of its products at trade shows until last week's deposition, despite Samsonite's discovery requests directly targeting this information served at the very beginning of fact discovery.  Ex. 2 (2025-07-29 Samsonite Interrogatory No. 1); *see also* Ex. 3 (2025-09-05 Swissdigital Interrogatory Resp. No. 1) (providing no substantive response). Given the opportunity to depose Samsonite witnesses regarding the products in these supplemental contentions, Swissdigital unilaterally cancelled the depositions over Samsonite's objections. Swissdigital cannot in one breath cry prejudice from supplemental contentions resulting from its own late disclosure of information, and in the next breath refuse 30(b)(6) testimony from Samsonite on these supplemental contentions.

---

[4] Swissdigital also recently filed a motion for extension of discovery deadlines. Dkt. 112.

## V.    CONCLUSION

For the foregoing reasons, Samsonite respectfully requests leave to serve its supplemental patent-related disclosures.

Dated: June 3, 2026                    Respectfully submitted,

By:  */s/ Adam J. Kessel*
        Adam J. Kessel
        Massachusetts Bar No. 661,211
        kessel@fr.com
        **FISH & RICHARDSON P.C.**
        One Marina Park Drive
        Boston, MA 02210
        Tel: (617) 542-5070
        Fax: (617) 542-8906

        Neil J. McNabnay (*Pro Hac Vice*)
        Texas Bar No. 24002583
        mcnabnay@fr.com
        **FISH & RICHARDSON P.C.**
        1717 Main Street, Suite 5000
        Dallas, TX 75201
        Tel: (214) 747-5070
        Fax: (214) 747-2091

        Bailey K. Benedict (*Pro Hac Vice*)
        Texas Bar No. 24083139
        benedict@fr.com
        Ethan K. Kovar (*Pro Hac Vice*)
        Texas Bar No. 24138134
        kovar@fr.com
        Nicholas J. Valencia (*Pro Hac Vice*)
        Texas Bar No. 24149774
        valencia@fr.com
        **FISH & RICHARDSON P.C.**
        909 Fannin Street, Suite 2100
        Houston, TX 77010
        Tel: (713) 654-5300
        Fax: (713) 652-0109

        Wonjoon Chung (*Pro Hac Vice*)
        Georgia Bar No. 396468
        chung@fr.com
        **FISH & RICHARDSON P.C.**
        1180 Peachtree Street NE, 21st Floor
        Atlanta, GA 30309
        Tel: (404) 892-5005
        Fax: (404) 892-5002

        ***Attorneys for Defendants***
        ***SAMSONITE GROUP S.A.; SAMSONITE***
        ***LLC; SAMSONITE COMPANY STORES,***
        ***LLC; and DIRECT MARKETING***
        ***VENTURES, LLC***

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Adam J. Kessel*
Adam J. Kessel


## RULE 7.1 STATEMENT

Counsel conferred with opposing counsel via email.  Swissdigital opposes the motion.

*/s/ Adam J. Kessel*
Adam J. Kessel

11