# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SWISSDIGITAL USA CO., LTD. | |
| *Plaintiff*, | |
| v. | Case No. 1:24-cv-11636-JEK |
| SAMSONITE GROUP S.A.;<br>SAMSONITE LLC; SAMSONITE<br>COMPANY STORES, LLC; and<br>DIRECT MARKETING VENTURES,<br>LLC; | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Swissdigital

USA Co., Ltd. ("Plaintiff" or "Swissdigital") hereby provides the following responses to the July

29, 2025 Interrogatories[1] of Defendants Samsonite Group S.A. ("Samsonite S.A."), Samsonite

LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("Samsonite Co. Stores"), and Direct

Marketing Ventures, LLC ("DMV") (collectively, "Defendants").

---

[1] Defendants incorrectly designate their July 29, 2025 Interrogatories as the "First Set" after previously serving their First Set on November 1, 2024. Further, Defendants incorrectly assert that their First Set "is separate from, and does not count toward, Local Rule 16.6(c)'s discovery event limitations." Swissdigital disagrees, as Swissdigital alone was granted leave to serve an initial round of discovery requests. Swissdigital will count all of Defendants' Interrogatories for the purpose of calculating whether Defendants exceed the discovery event limitations. Defendants have served eleven (11) of twenty-five interrogatories thus far, not accounting for interrogatories containing multiple interrogatories. Swissdigital maintains its objections to interrogatories containing multiple interrogatories and reserve its right to count each separate interrogatory for the purpose of calculating whether Defendants exceed the discovery event limitations.

12.     The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each asserted claim of the Asserted Patents that You contend Defendants have infringed or are infringing, describe in detail all facts and circumstances related to the earliest conception, making, using, selling, offering for sale, and disclosure of the subject matter of said claim, including without limitation: the first conception of the alleged invention and the first reduction to practice, including all diligence between conception and reduction to practice and an identification and description of all corroborating evidence; the first manufacture of the alleged invention; the first use of the alleged invention in the United States; the first public use of the alleged invention in the United States; the first offer for sale of the alleged invention in the United States; the first sale of the alleged invention in the United States; the first public disclosure or display (e.g., marketing or tradeshow); and the first disclosure by Plaintiff to any other Person. Your response to this Interrogatory should include without limitation: the date on which each such event occurred; the location where each such event occurred; the identity of each Person with knowledge of any of the foregoing; the price of any such offers or sales; and the identity of all documents (by production numbers) relating to any of the foregoing.

### RESPONSE:

Plaintiff objects to this interrogatory to the extent that it is vague and non-specific. Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff objects to the extent that this interrogatory is overly broad and

burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this interrogatory because it contains multiple interrogatories.   Plaintiff will count each of these separate interrogatories for purposes of determining the limit of interrogatories allowed by Defendant.  Plaintiff objects to the extent that this interrogatory seeks information that would require Plaintiff to draw a legal interpretation and/or legal conclusion to respond.  Plaintiff objects to the extent that this interrogatory seeks information that is protected under confidentiality obligations or agreements with third parties.  Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this interrogatory places the burden of fact-finding disproportionately on Plaintiff in contravention of Federal Rule of Civil Procedure 26 and 33, and information responsive to this interrogatory may be more appropriately obtained through other means, such as document production or deposition testimony.  Plaintiff objects to the extent that this request is premature with regard to disclosures required by Federal Rule of Civil Procedure 26(a)(2) and inconsistent with the Court's Scheduling Order (ECF No. 25).

Notwithstanding and subject to the General Objections and foregoing specific objections, Swissdigital states the following: Zhijian "Hunter" Li is the Person most knowledgeable of the topics contained in this interrogatory.  Pursuant to Federal Rule of Civil Procedure 33(d), Swissdigital will produce and identify business records responsive to this interrogatory, and Swissdigital identifies at least the following Bates numbered documents as responsive to this

interrogatory: SWISSDIGITAL001835–1858.  Discovery in this case is ongoing, and Swissdigital continues to investigate and will supplement its response to this interrogatory if necessary.

**INTERROGATORY NO. 2:**

Describe in complete detail the circumstances surrounding, substance of, and outcome of all instances, including by Complaint or any Communication, in which Plaintiff has asserted that any Person or Entity infringes any claim of the Asserted Patents or any Related Patent (e.g., the identity of the parties, the specific claims asserted to have been infringed, the allegedly infringing product or method, and the details of any action taken with regards to the allegedly infringing product or method). Your answer should include identification of all related Documents by production number.

**RESPONSE:**

Plaintiff objects to this interrogatory to the extent that it is vague and non-specific.  Plaintiff objects to the extent that this interrogatory seeks information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff objects to the extent that this interrogatory is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this interrogatory seeks information that is protected under confidentiality obligations or agreements with third parties.  Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that information responsive to this interrogatory may be more appropriately obtained

extent that this interrogatory seeks information that would require Plaintiff to draw a legal interpretation and/or legal conclusion to respond. Plaintiff objects to the extent that this interrogatory seeks information that is protected under confidentiality obligations or agreements with third parties. Plaintiff objects to the extent that this interrogatory seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to Defendants' definitions of "Swissdigital" and "Related Entities" for the reasons detailed in Plaintiff's Objections to Defendants' Definitions/Instructions, *supra*, and limits its response to the named plaintiff and information in its possession, custody, or control. Plaintiff further objects to the extent that this interrogatory misrepresents that an entity has a "relationship" with Swissdigital or a "role . . . in the conception, research, development, manufacture, marketing, distribution, licensing, ownership and/or sale of Asserted Patents and/or products embodying the Asserted Patents" or that a Person has "involvement, roles, and responsibilities" in Swissdigital.

Date: September 5, 2025

Respectfully submitted,

/s/ *Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
**SUNSTEIN LLP**
100 High Street

15

Boston, MA 02110
Phone: (617) 443-9292
ltittemore@sunsteinlaw.com
kmosier@sunsteinlaw.com

*ATTORNEYS FOR PLAINTIFF,*
*SWISSDIGITAL USA CO., LTD.*

16

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon Defendants' counsel of record via electronic mail on September 5, 2025.

*/s/ Scott M. Draffin*
Scott M. Draffin

17