# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SWISSDIGITAL USA CO., LTD.,

      Plaintiff,

      v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636-JEK

**JURY TRIAL DEMANDED**

## DEFENDANTS' SUPPLEMENTAL INVALIDITY AND NONINFRINGEMENT CONTENTIONS PURSUANT TO LOCAL RULE 16.6

Pursuant to Local Rule 16.6, Defendants Samsonite Group S.A., Samsonite LLC, Samsonite  Company Stores, LLC, and Direct Marketing Ventures, LLC (collectively "Defendants" or "Samsonite") provide this Supplement to its Preliminary Invalidity and Noninfringement Contentions with respect to the patents asserted by Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff"), namely U.S. Patent Nos. 10,574,071 (the "'071 patent"); 10,931,137 (the "'137 patent"); 10,931,138 (the "'138 patent"); and 11,601,009 (the "'009 patent") (collectively, the "Asserted Patents").

On March 27, 2026 the Court held that the priority dates of the '137, '138, and '009 patents are April 19, 2019.  Dkt. 93.  The court also construed several disputed terms and invalidated the following claims (collectively, "Invalidated Claims"):

- '138 Patent: 1, 2, 4, 8, 17, 19, 20, 21, 23

- '009 Patent: 1, 2, 4, 8, 17, 19, 20, 21, 29.

Samsonite supplements its contentions in response to this order, and incorporates its December 4, 2024, and any supplements or revisions thereto, as if fully set forth herein.

1

On an April 21, 2026 meet and confer between the parties, Swissdigital indicated that it does not intend to amend its infringement contentions following the Court's order.  Accordingly, Samsonite understands that Swissdigital continues to assert the Invalidated Claims.  Samsonite contends that the Invalidated Claims are invalid according to the Court's ruling, and thus cannot be infringed.

### A.    Identification of Prior Art

Defendants identify the additional references below.

| No. | System | Date of First Sale | Exemplary Supporting References |
|---|---|---|---|
| 98. | SXK Prime Expandable Backpack | At latest, July 30, 2018 | SAMSONITE5676-SAMSONITE5720; SAMSONITE19371-SAMONSITE19408; December 23, 2024 Swissdigital Infringement Contentions; October 24, 2025 Swissdigital Amended Infringement Contentions |
| 99. | SXK Slim Backpack | At the latest, August 2, 2018 | SAMSONITE5676-SAMSONITE5720; SAMSONITE19409-SAMSONITE19443; December 23, 2024 Swissdigital Infringement Contentions; October 24, 2025 Swissdigital Amended Infringement Contentions |

Defendants further identify as prior art any and all actual products and systems, as disclosed in identified supporting references, that were known, used, or sold prior to the applicable filing dates of the Asserted Patents, including April 29, 2019, the priority date of the '137, '138, and

2

'009 patents as determined by the Court. To the extent that such products and systems are as described in corresponding supporting references, those products and systems are invalidating for the same or similar reasons that the corresponding prior art publication is invalidating. In certain cases, due to the substantial relation between a publication and a corresponding product or system, the combination of such prior art should be treated as a single reference for purposes under 35 U.S.C. § 102.

### B.    Invalidity Due to Anticipation and/or Obviousness Under 35 U.S.C. §§ 102 and/or 103

Defendants provide their contentions regarding how the prior art anticipates and/or renders obvious the Asserted Claims in Exhibits E1-E6.

Defendants contend that certain prior art references below anticipate one or more Asserted Claims and that to the extent the identified prior art references do not anticipate the Asserted Claims, those claims are invalid as obvious under 35 U.S.C. § 103. Each anticipatory prior art reference, either alone or in combination with other prior art, also renders the Asserted Claims invalid as obvious. In particular, each anticipatory prior art reference may be combined with (1) information generally known to persons skilled in the art at the time of the alleged invention; and/or (2) any of the other anticipatory prior art references. To the extent that Plaintiff contends that any of the anticipatory prior art fails to disclose one or more limitations of the Asserted Claims, Defendants contend that any difference between the reference and the corresponding patent claims would have been obvious to one of ordinary skill in the art. Thus, all anticipation charts should be interpreted as both reflecting anticipation by the reference as well as invalidity due to single-reference obviousness, to the extent that Plaintiff contends that any limitation is absent from the cited art.

3

Dated: April 24, 2026

Respectfully submitted,

By: */s/ Wonjoon Chung*

Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice* )
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice* )
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice* )
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

***Attorneys for Defendants***
***SAMSONITE INTERNATIONAL S.A.;***
***SAMSONITE LLC; SAMSONITE COMPANY***
***STORES, LLC; and DIRECT MARKETING***
***VENTURES, LLC***

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I caused the foregoing document to be served upon all counsel of record via electronic mail.

_/s/ Wonjoon Chung_
Wonjoon Chung