# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSONITE INTERNATIONAL S.A.;<br>SAMSONITE LLC; SAMSONITE<br>COMPANY STORES, LLC; and DIRECT<br>MARKETING VENTURES, LLC,<br><br>  Defendants. | Civil No. 1:24-cv-11636<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES TO**
**SWISSDIGITAL USA CO., LTD.'S INITIAL INTERROGATORIES (Nos. 1-5)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsonite

International S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing

Ventures, LLC (collectively, "Samsonite" or "Defendants") hereby serve their Third Supplemental

Objections and Responses to Plaintiff Swissdigital USA Co., Ltd.'s ("Swissdigital" or "Plaintiff")

Initial Interrogatories (Nos. 1-5).

**RESERVATION OF RIGHTS**

Samsonite's supplemental responses to Swissdigital's Initial Interrogatories ("Responses")

are made in accordance with the Federal Rules of Civil Procedure and based on information

currently available to Samsonite.  Investigation and discovery are ongoing in this case.  Samsonite

responds to Swissdigital's Interrogatories without prejudice to Samsonite's right to supplement its

Responses.  Samsonite also reserves the right to produce or use any information or documents that

are discovered after service of these Responses in support of or in opposition to any motion, in

depositions, or at trial.  In responding to Swissdigital's Interrogatories, Samsonite does not waive

1

this term refers solely to products specifically identified in Swissdigital's Preliminary Infringement Contentions, Ex. B, containing a purported "Infringement Matrix." See Nov. 6, 2024 Email fr Draffin to Chung (confirming Exhibit B to Swissdigital's Contentions lays out specific Asserted Claims and Accused Products).

14.    Samsonite objects to the definition of "Sales Channels" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this litigation. Samsonite also objects to this definition as seeking information not within Samsonite's possession, custody, or control.

15.    Samsonite objects to the definition of "MSRP" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this litigation. Samsonite also objects to this definition as seeking information not within Samsonite's possession, custody, or control.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify by product name, SKU, and any other internally used methods of identification all Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products listed above) and have been made, used, offered for sale, or sold in the United States or imported into the United States by a Samsonite Group company or any other entity from February 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 1** *(served 12/2/24)***:**

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification "by product name,

10

SKU, and any other internally used methods of identification," "all Samsonite Group bag or luggage products that have a USB Sheath (including but not limited to the Accused Products listed above)." Samsonite objects to this Interrogatory to the extent it seeks information or documents that is a matter of public record, that is equally available to Swissdigital, and/or equally obtainable from more convenient sources. Samsonite objects to this Interrogatory as seeking information not within Samsonite's possession, custody, or control. Samsonite objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Samsonite responds to this Interrogatory as follows:

Samsonite's reasonable investigation has not identified any method of identifying the "bag or luggage products that have a USB Sheath" other than manually looking at each individual bag or luggage product sold. The burden for performing that analysis is substantially the same for Swissdigital as for Samsonite.

Pursuant to Fed. R. Civ P. 33(d), Samsonite has performed a reasonable investigation and, to the extent the information sought by this Interrogatory is not subject to objections, Samsonite has produced or will produce documents from which the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for Swissdigital as for Samsonite.

Investigation and discovery are ongoing in this case. These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information. Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

11

**1ST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1** *(served 12/30/24)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Samsonite identifies at least SAMSONITE00012216.

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**2ND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1** *(served 2/3/25)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Samsonite identifies at least SAMSONITE00012217, SAMSONITE00012218, SAMSONITE00012219, SAMSONITE00012220, SAMSONITE00012221, SAMSONITE 00012222, SAMSONITE00012223, SAMSONITE00012224, and SAMSONITE00012225-00160300.

SAMSONITE00012216 includes a list of all products Samsonite has sold in the United States since 2020, discovered after a reasonable investigation.  SAMSONITE00012217-12224 include catalog information for all of Samsonite's products discovered after a reasonable investigation, including links to images of products where available.

As previously explained, Samsonite does not track, and thus has no way of identifying "bag or luggage products that have a USB Sheath" other than a manual examination of each product. Each individual product sold by Samsonite can be identified by its SKU or "Material" number, located in column I of SAMSONITE00012216 and Columns A and G of SAMSONITE00012217-12224.  Matching the products in SAMSONITE00012216 to those in SAMSONITE00012217-

12224 allows viewing images of Samsonite's products sold in the United States since 2020 to determine whether a product is a "bag or luggage product" with a "USB sheath."

Samsonite has also produced all of the image files found after a reasonable investigation corresponding to the images in SAMSONITE00012217-12224 at SAMSONITE00012225-00160300.

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**INTERROGATORY NO. 2:**

Identify each of the various Sales Channels by which each Defendant sells or has sold any of the products identified in response to Interrogatory No. 1 from February 2020 to the present, including as part of that identification the Sales Revenue obtained from each different channel to account for all total sales of said products from February 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 2** *(served 12/2/24)*:

Samsonite hereby restates and incorporates its General Objections as if fully set forth herein and further objects to this Interrogatory to the extent it seeks to require more of Samsonite than any obligation imposed by law.

Samsonite objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an identification of "each of the various Sales Channels by which each Defendant sells or has sold any of the products" and an identification of "the Sales Revenue obtained from each different channel to account for all total sales of said products."  Samsonite further objects to the use of the terms "Sales Channels" and "account for all total sales" in this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.

13

**1ˢᵀ SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2** *(served 12/30/24)***:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows: Pursuant to Fed. R. Civ. P. 33(d) Samsonite identifies at least SAMSONITE00012215.

SAMSONITE00012215 denotes Direct Marketing Ventures, LLC in column D as "Direct Marketing Ventures."  SAMSONITE00012215 denotes Samsonite LLC in column D as "US Wholesale."  SAMSONITE00012215 denotes Samsonite Company Stores, LLC in column D as "RCS."

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

**2ᴺᴰ SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its prior General and Specific Objections, Samsonite supplements its response to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d) Samsonite identifies at least SAMSONITE00160342.

Samsonite additionally incorporates by reference the May 1, 2025 deposition testimony of Guillermo Gomez and Aaron Holzinger as if fully set forth herein.  Samsonite also incorporates by reference Attachment A as if fully set forth herein.

Investigation and discovery are ongoing in this case.  These responses are based upon information currently available to Samsonite and are made without prejudice to Samsonite's right to use or rely on subsequently discovered information.  Samsonite specifically reserves the right to supplement, amend, modify, and/or correct these responses during discovery.

Dated:  May 20, 2025

Respectfully submitted,

By:  */s/ Bailey K. Benedict*
Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel:  (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice* )
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice* )
Texas Bar No. 24138134
kovar@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice* )
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE GROUP S.A.; SAMSONITE*
*LLC; SAMSONITE COMPANY STORES,*
*LLC; and DIRECT MARKETING*
*VENTURES, LLC*

22

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I caused the foregoing document to be served upon all counsel of record via electronic mail.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

# ATTACHMENT A

## Declaration of
## Guillermo Gomez de la Madrid

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

## DECLARATION OF GUILLERMO GOMEZ DE LA MADRID

I, Guillermo Gomez de la Madrid, hereby declare as follows:

1.  I am over 18 years of age and competent to make this declaration.

2.  I am the Senior Director of Finance for the Americas and the Head of Finance for the U.S. Wholesale Division at Samsonite LLC. I have been an employee of Samsonite LLC for more than 17 years.

3.  As the Senior Director of Finance for Americas and Head of Finance for the U.S. Wholesale Division at Samsonite LLC, I am generally responsible for financial planning and analysis for the Americas for the Samsonite Group, and for accounting, financial planning, analysis, and internal controls for the United States wholesale division of the Samsonite Group.

4.  Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge and work, and my review of corporate records maintained by Samsonite LLC in the ordinary course of business.

5.    I understand that the Plaintiff in the above-captioned litigation, Swissdigital USA Co., Ltd. ("Swissdigital"), has identified certain products that it accuses of infringing patents at issue in the litigation.

6.    The spreadsheet produced by Defendants in the above-captioned litigation with the Bates number SAMSONITE00160342 reflects the sales numbers for the products I understand that Swissdigital has identified as alleged infringing products from March 2020 to March 2025.

7.    I have verified to the best of my ability that the sales figures in SAMSONITE00160342 are accurate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 20, 2025.

Guillermo Gomez

2