# EXHIBIT 9

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSONITE GROUP S.A.; SAMSONITE LLC; SAMSONITE COMPANY STORES, LLC; and DIRECT MARKETING VENTURES, LLC, <br><br> Defendants. | Civil No. 1:24-cv-11636 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S 3rd NOTICE OF DEPOSITION OF SAMSONITE LLC UNDER FED. CIR. R. CIV. P. 30(b)(6)**

Pursuant to Federal Rules of Civil Procedure 26 and 30, Defendants Samsonite Group S.A. ("SGSA"), Samsonite LLC ("Samsonite LLC"), Samsonite Company Stores, LLC ("SCS"), and Direct Marketing Ventures, LLC ("DMV") (collectively, "Samsonite" or "Defendants") hereby respond to Plaintiff Swissdigital USA Co., Ltd.'s ("Swissdigital" or "Plaintiff") Third[1] Notice of Deposition of Samsonite LLC under Fed. R. Civ. P. 30(b)(6) (the "Notice") served April 20, 2026.

**RESERVATION OF RIGHTS**

Samsonite's objections and designations to Swissdigital's Notice are made in accordance with the Federal Rules of Civil Procedure and based on information currently available to Defendants. Investigation and discovery are ongoing in this case. Samsonite objects to the Notice without prejudice to Samsonite's right to supplement its objections and designations. In responding to the Notice, Samsonite does not waive any objections on the grounds of privilege, competency,

---

[1] Plaintiff previously served Notices of Deposition to Samsonite on February 7, 2025, and Amended Notices of Deposition on April 8, 2025. For the purposes of these Responses, Samsonite will refer to Plaintiff's February and April, 2025 Notices and Topics as "First" and "Second" respectively.

**TOPIC NO. 6:**

The Accused Products.

**RESPONSE TO TOPIC NO. 6:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding all aspects of the "Accused Products." Samsonite further objects to this Topic because it does not specify the information sought and thus is so broad as to make it impossible to adequately prepare and provide a witness to testify as to the full scope of the Topic. Samsonite further objects to this Topic as duplicative of other, more specific Topics in this Notice that address particular aspects of the Accused Products. Samsonite further objects to this Topic to the extent it seeks legal contentions, legal theories, or expert opinions. Samsonite further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available information concerning the design of the Accused Products, to the extent such information exists and is known or reasonably available to Samsonite. Samsonite will not prepare a witness to testify regarding products other than the Accused Products.

**TOPIC NO. 7:**

Demand for the Accused Products and for any bag or luggage product sold or offered for sale by Defendants that includes a USB Port.

**RESPONSE TO TOPIC NO. 7:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding "demand" for both the Accused Products and any bag or luggage product sold or offered for sale by Samsonite that includes a USB port without any reasonable limitation on time period, geography, or type of information sought. Samsonite further objects to this Topic as vague and ambiguous, including with respect to the term "demand," which is not defined and could encompass a wide range of concepts, including sales, revenues, marketing efforts, customer preferences, forecasts, or other metrics, and "Accused Products and for any bag or luggage product sold or offered for sale by Defendants that includes a USB Port." Samsonite further objects to this Topic as vague, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding "any bag or luggage product sold or offered for sale by Defendants that includes a USB Port" other than the Accused Products. Samsonite will not provide testimony for products other than the Accused Products. Samsonite further objects to this Topic to the extent it is duplicative of other Topics. Samsonite further objects to this Topic to the extent it seeks legal contentions, legal theories, or expert opinions more properly the subject of expert discovery.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available information concerning demand for the Accused Products, to the extent such information exists and is known or reasonably available to Samsonite. Samsonite will not prepare a witness to testify regarding products other than the Accused Products. Samsonite also will not

15

prepare a witness to testify regarding undefined or overly broad conceptions of "demand," or to provide expert analysis or interpretations of such information, and reserves all objections as to the scope of such inquiry.

**TOPIC NO. 8:**

The market for backpacks, luggage, and sporting bags.

**RESPONSE TO TOPIC NO. 8:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding "the market for backpacks, luggage, and sporting bags" generally, which encompasses an expansive universe of products and market dynamics far beyond those at issue in this case. Samsonite further objects to this Topic as vague, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding any "backpacks, luggage, and sporting bags" other than the Accused Products. Samsonite will not provide testimony for products other than the Accused Products. Samsonite further objects to this Topic as vague and ambiguous, including with respect to the term "market," which is not defined and could encompass a wide range of concepts, including market size, share, competitors, pricing, consumer demand, trends, or other economic analyses. Samsonite further objects to this Topic to the extent it seeks expert opinions or analyses more properly the subject of expert discovery. Samsonite further objects to this Topic to the extent it is duplicative of other Topics.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available information concerning the market for the Accused Products, to the extent

a witness to testify regarding privileged communications, legal advice, or attorney work product, and reserves all objections as to the scope of such inquiry.

**TOPIC NO. 10:**

Your actions and efforts, if any, to address the Samsonite Group's infringement or potential infringement of the Patents-in-Suit after becoming aware of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 10:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding "actions and efforts . . . to address" alleged infringement without any reasonable limitation on subject matter or scope. Samsonite further objects to this Topic as vague and ambiguous to the extent it seeks information regarding "actions and efforts . . . to address . . . infringement or potential infringement." Samsonite further objects to this Topic to the extent it seeks legal contentions or conclusions regarding infringement, knowledge, intent, or willfulness. Samsonite further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including communications with counsel, pre-suit or post-suit investigations, or information reflecting counsel's mental impressions, legal advice, or litigation strategy. Samsonite further objects to this Topic to the extent it is duplicative of other Topics.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available information concerning any actions taken by Samsonite, if any, in response to its awareness of the Patents-in-Suit, to the extent such information is known or reasonably

18

available to Samsonite. Samsonite will not prepare a witness to testify regarding privileged communications, legal advice, attorney work product, or litigation-related analyses, and reserves all objections as to the scope of such inquiry.

**TOPIC NO. 11:**

Your actions and efforts, if any, to reduce, limit, cease, and/or divert sales in the United States of the Accused Products after becoming aware of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 11:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as vague and ambiguous to the extent it seeks information regarding "actions and efforts . . . to reduce, limit, cease, and/or divert sales in the United States." Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding "actions and efforts . . . reduce, limit, cease, and/or divert sales." Samsonite further objects to this Topic to the extent it seeks legal contentions or conclusions regarding infringement, knowledge, intent, or willfulness. Samsonite further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including communications with counsel or information reflecting counsel's mental impressions, legal advice, or litigation strategy. Samsonite further objects to this Topic to the extent it is duplicative of other discovery directed to Samsonite's knowledge of the Patents-in-Suit or alleged infringement and any related conduct.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available facts concerning any actions taken by Samsonite, if any, with respect to the

Accused Products, following its awareness of the Patents-in-Suit. Samsonite will not prepare a witness to testify regarding privileged communications, legal advice, attorney work product, or litigation-related analyses, and reserves all objections as to the scope of such inquiry.

**TOPIC NO. 12:**

Your actions and efforts, if any, to limit Defendants' liability and/or exposure in this Action for infringing or potentially infringing the Patents-in-Suit after becoming aware of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 12:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as vague and ambiguous to the extent it seeks information regarding "actions and efforts . . . to limit Defendants' liability and/or exposure in this Action for infringing or potentially infringing the Patents-in-Suit." Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, including, for example, insofar as it seeks testimony regarding "actions and efforts . . . to limit Defendants' liability and/or exposure in this Action for infringing or potentially infringing the Patents-in-Suit." Samsonite further objects to this Topic to the extent it seeks legal contentions or conclusions regarding infringement, knowledge, intent, or willfulness. Samsonite further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including communications with counsel and information reflecting counsel's mental impressions, legal advice, or litigation strategy. Samsonite further objects to this Topic to the extent it is duplicative of other Topics.

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

20

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available facts concerning any actions taken by Samsonite, if any, with respect to the Accused Products, following its awareness of the Patents-in-Suit. Samsonite will not prepare a witness to testify regarding privileged communications, legal advice, attorney work product, litigation strategy, or analyses concerning potential liability or exposure, and reserves all objections as to the scope of such inquiry.

**TOPIC NO. 13:**

Any other Samsonite Group products that include a USB Port of any kind.

**RESPONSE TO TOPIC NO. 13:**

Samsonite incorporates its General Objections and Specific Objections to Definitions as if fully set forth herein. Samsonite further objects to this Topic as vague and ambiguous to the extent it seeks information regarding "other Samsonite Group products" and "a USB Port of any kind." Samsonite further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks testimony regarding "other Samsonite Group products that include a USB Port of any kind." Samsonite further objects to this Topic because Samsonite has already produced information sufficient to identify all of its products with a USB port, and is not aware of any other USB port products. Samsonite further objects to this Topic to the extent it is duplicative of other Topics

Subject to and without waiving the foregoing General Objections, Specific Objections to Definitions, and Specific Objections to Topics, Samsonite responds as follows:

Samsonite will designate a witness to testify at a high level regarding non-privileged, reasonably available information concerning the Accused Products, to the extent such information exists and is known or reasonably available to Samsonite. Samsonite will not prepare a witness to testify regarding products other than the Accused Products.

21

Dated:  May 27, 2026                    **FISH & RICHARDSON P.C.**

                                        By:  */s/ Bailey K. Benedict*
                                        Adam J. Kessel
                                        Massachusetts Bar No. 661,211
                                        kessel@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        One Marina Park Drive
                                        Boston, MA 02210
                                        Tel:  (617) 542-5070
                                        Fax: (617) 542-8906

                                        Neil J. McNabnay (*Pro Hac Vice*)
                                        Texas Bar No. 24002583
                                        mcnabnay@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        1717 Main Street, Suite 5000
                                        Dallas, TX 75201
                                        Tel: (214) 747-5070
                                        Fax: (214) 747-2091

                                        Bailey K. Benedict (*Pro Hac Vice* )
                                        Texas Bar No. 24083139
                                        benedict@fr.com
                                        Ethan K. Kovar (*Pro Hac Vice* )
                                        Texas Bar No. 24138134
                                        kovar@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        909 Fannin Street, Suite 2100
                                        Houston, TX 77010
                                        Tel: (713) 654-5300
                                        Fax: (713) 652-0109

                                        Wonjoon Chung (*Pro Hac Vice* )
                                        Georgia Bar No. 396468
                                        chung@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        1180 Peachtree Street NE
                                        21st Floor
                                        Atlanta, GA 30309
                                        Tel: (404) 892-5005
                                        Fax: (404) 892-5002

                                        *Attorneys for Defendants*
                                        *SAMSONITE GROUP S.A.; SAMSONITE*
                                        *LLC; SAMSONITE COMPANY STORES,*
                                        *LLC; and DIRECT MARKETING*
                                        *VENTURES, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I caused the foregoing document to be served upon all counsel of record via electronic mail.


*/s/ Bailey K. Benedict*
Bailey K. Benedict