**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.,

     Plaintiff,

     v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

     Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

**JOINT STATUS REPORT**

Defendants Samsonite Group S.A., Samsonite LLC, Samsonite Company Stores, LLC, and Direct Marketing Ventures LLC (collectively, "Samsonite") and Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital") met and conferred on June 4, 2026, and submit this Joint Status Report pursuant to the Court's instructions at the May 28, 2026 Status Conference.

**I.    RESOLVED ISSUES**

At the parties' conference, the parties were able to resolve the following issues.

**A.    Samsonite's Pending Motion to Compel (ECF No. 96)**

**1.    Swissdigital's Position**

Swissdigital indicated it is not withholding anything and has produced what it has found thus far.  Swissdigital agreed to further search for and provide any additional information in its possession, custody, and control or other relevant entities whose documents Mr. Li has access to relating to design and prototype information. Swissdigital also indicated that it would endeavor to obtain whatever relevant information it can from QZ New Hunter.  Swissdigital agreed that Mr. Zhijian Li ("Mr. Li") would further search his emails for additional information and proposed running keyword searches on Mr. Li's emails if Samsonite would provide search terms.

Swissdigital agreed to supplement its responses to Interrogatories Nos. 1, 3, and 25 as needed to detail additional information located by Mr. Li or, if additional information is not located, to describe Mr. Li's search.

Swissdigital agreed to supplement its interrogatory responses to Interrogatory Nos. 7 and 22 regarding corporate structure and identify relevant entities as well as the various entities Samsonite has inquired about, including those involved in the design, manufacture, sourcing, marketing, and/or sales of Swissdigital's products practicing the Asserted Patents, to the extent Swissdigital has any information regarding those entities.

Swissdigital has located sales information for 2015 and will promptly produce this information. Swissdigital did not have any sales in 2014 or any prior.

### 2. Samsonite's Position

Assuming Swissdigital timely follows through on its representations, Samsonite believes that the June 17, 2026 supplemental briefing ordered by the Court is no longer necessary, and the motion to compel may be moot.

### B. Samsonite's Additional Discovery Issues Arising from Zhijian Li's Deposition

### 1. Swissdigital's Position

Swissdigital agreed to produce all relevant agreements relating to assignment of the Chinese patent to Mr. Li and otherwise relating to ownership of the patents, provided that additional agreements can be located, and to the extent they have not already been produced.

Swissdigital proposed providing 5 additional hours for deposing Mr. Li, at a date to be agreed to by Mr. Li. During the parties' June 4 meet and confer, Samsonite agreed to accept 5 additional hours of testimony from Mr. Li to satisfy their request for additional time to depose Mr. Li.

### 2.     Samsonite's Position

Assuming Swissdigital timely follows through on its representations, Samsonite does not believe there are any further disputes to resolve relating to the above-described issues.

### C.     Swissdigital's Pending Motion for Extension of the Fact Depositions Deadline (ECF No. 112)

The parties agreed that Samsonite's response to Swissdigital's motion for extension of the fact depositions deadline should be extended until a later time, when the parties' remaining discovery disputes have been resolved.

## II.     UNRESOLVED ISSUES

The parties were unable to resolve the following issues, and thus seek the Court's assistance and respectfully request an in-person status conference.

### A.     Samsonite's Additional Discovery Issues Arising from Zhijian Li's Deposition

### 1.     Swissdigital's Position

Swissdigital agreed to produce additional documents in Swissdigital or related entities' possession, custody, or control relating to the prior global trademark litigation with Wenger, to the extent that they exist and in compliance with the laws of the applicable jurisdictions. Swissdigital agreed to promptly identify any confidentiality issues to the extent they arise.

Samsonite did not raise any issues regarding the Wenger patent litigation in the parties' June 4 meet and confer, and Swissdigital did not understand Samsonite to be requesting additional materials regarding the patent litigation, as reflected in Swissdigital's June 4 email to Samsonite memorializing Swissdigital's understanding of the parties' agreement.  Indeed, the Wenger patent litigation was disclosed in response to Samsonite's Interrogatories Nos. 2, 6, and 25 in September 2025, well in advance of Mr. Li's March 2026 deposition.

Swissdigital has already produced all relevant, non-public information relating to the Wenger patent litigation. Further, Samsonite has already subpoenaed Wenger S.A.'s U.S. licensee Group III International Inc. for relevant information and testimony. Accordingly, Swissdigital assumed Samsonite received all relevant information it sought regarding the Wenger patent litigation from Group III. To the extent there are additional documents Samsonite still seeks, Swissdigital is willing to meet and confer on this issue.

### 2. Samsonite's Position

Swissdigital agreed to search for and produce documents from the Wenger trademark and patent litigations at the parties' June 4, 2026 conference, but now contends that it need only produce documents from the Wenger trademark litigation, and refuses to produce relevant documents from the Wenger patent litigation that dealt with the same patents at issue in this litigation.

Documents and information from Swissdigital's prior global litigations with Wenger, including trademark litigation from approximately 2015–2018 and patent litigation from approximately 2021–2023, are relevant to the issues in this case. First, Swissdigital's principal and corporate representative, Mr. Li, testified that he may have kept marketing documents for relevant Swissdigital-sold products pursuant to an agreement settling the Wenger trademark litigation— documents that Swissdigital withheld because they relate to a trademark litigation. Any such documents that exist relate to Swissdigital-sold products predating the adjudicated priority date of three of the Asserted Patents in this case, and should have already been produced long ago. Second, Swissdigital asserted two of the same patents in the Wenger patent litigation that it asserts here, and any infringement or invalidity contentions from that litigation, as well as other statements Swissdigital made regarding the scope of, and Swissdigital's interpretation of, the patents in the Wenger litigation are highly relevant to Swissdigital's infringement allegations here.

While Swissdigital represents it has produced all "relevant" non-public information relating to the Wenger patent litigation, it has, to date, produced *none* other than a single settlement agreement. As the most basic example, Swissdigital has yet to produce any of its infringement contentions or Wenger's invalidity contentions from that litigation, which involved the same patents at issue here. To the extent Swissdigital is withholding such contentions based on relevance, that position is completely unjustified given the identity of patents at issue in the two cases, and any materials in Swissdigital or its counsel's possession must be produced.

Because Swissdigital objected to a broader subpoena, Samsonite's subpoena to Group III was limited in scope by a different judge in a different case. Samsonite also produced all documents Group III produced in response to Samsonite's subpoena to Swissdigital's counsel, and Swissdigital has thus always been fully aware of exactly what materials were produced, and what were not. Further, the Group III subpoena does not relieve Swissdigital's obligation to provide responsive discovery.

**B.      Swissdigital's Pending Motion to Compel (ECF No. 115)**

**1.      Swissdigital's Position**

Swissdigital's request that Samsonite identify its top 20 products for 2018 through 2021; Samsonite has refused to do so.  This information is relevant to Swissdigital's damages analysis, and Samsonite overstates its purported burden.

Regarding documents and communications relating to Samsonite's collection of financial information, Samsonite has represented that all responsive documents are privileged and are being withheld.  Swissdigital disputes this claim of privilege and seeks a privilege log to assess Samsonite's claim.

Regarding documents and communications responsive to Swissdigital's Second Set of Requests for Production, Samsonite contends that all responsive documents have been produced.

Swissdigital disputes this, as no responsive internal emails or messages from any Samsonite employee has been produced.  Samsonite confirms that no internal Samsonite emails have been produced.

Samsonite provided Amazon Vendor ID numbers on June 8, 2026, but noted that Samsonite does not normally track this information in the ordinary course of business.  Samsonite indicated that a full, complete list would be in the possession of Amazon, which automatically generates these ID numbers.  Swissdigital has requested a complete list of the ID numbers related to the products at issue and has requested that Samsonite indicates whether any ID numbers have been withheld or the search for these numbers have been limited in any way.  Swissdigital agrees its motion is partially resolved regarding Amazon Vendor IDs if Samsonite confirms the provided ID numbers are a complete list for the products at issue.

Swissdigital disputes the arguments advanced in Samsonite's June 10, 2026 response in opposition (ECF No. 131) and intends to file a reply on June 19, 2026.

### 2.    Samsonite's Position

Samsonite agreed to provide sales information for the Accused Products from 2018–2019. As explained in Samsonite's response to Swissdigital's motion to compel (ECF No. 131), Samsonite contends that the burden of producing top 20 product information for 2018–2021 outweighs any likely benefit.

Samsonite maintains that it has reviewed communications relating to collection of financial information for this litigation, and no non-privileged communications exist. Samsonite has agreed to provide a privilege log relating to such communications and submits that this agreement moots the parties' dispute.

Samsonite disputes that emails are properly the subject of Swissdigital's motion to compel, as—aside from the discussion of communications relating to collection of financial information—

the motion makes no mention of emails or ESI. Regardless, Samsonite agreed to consider specific, targeted requests for ESI discovery, as explained below with respect to ESI, and submits that this agreement moots the parties' dispute.

Samsonite provided the full list of Amazon Vendor ID numbers in its possession, custody, or control discovered after a reasonable investigation on June 8, 2026 as a courtesy, despite the fact that Samsonite does not normally track this information in the ordinary course of business. Samsonite has not withheld any Amazon IDs.

Samsonite submits that it has completed its production of documents and information responsive to Swissdigital's motion to compel, with the exception of the requested top 20 product information for 2018-2021. Given Swissdigital's refusal to withdraw the motion despite these representations, Samsonite submitted a response in opposition on June 10, 2026. *See* ECF No. 131.

**C.     Emails and ESI Discovery**

**1.     Swissdigital's Position**

Samsonite confirms that it has not produced any internal Samsonite emails. Swissdigital has requested that Samsonite provide email discovery relating to 15 search terms[1] from 5 custodians.[2] Swissdigital contends that a search of these custodians' emails using these search terms is highly likely to yield numerous relevant communications and ESI responsive to Swissdigital's previously served Sets of Requests for Production, which explicitly sought

---

[1] Swissdigital proposes the following search terms: ""Swissdigital"; "Swiss Digital"; "USB"; "charging"; "power bank"; "powerbank"; "patent"; "sheath"; "ZZUSB"; "infringe"; "infringing"; "071"; "137"; "138"; and "009." Swissdigital proposes searching for the last three digits of the patent numbers, as they are commonly referred to, and contends that searching only for the full eight-digit patent numbers may improperly narrow the search.

[2] Swissdigital proposes the following custodians involved with the accused products: Tony Quartarone (Sr. Director, Desing & Development); Jaimie Boss (VP, Product Marketing); Amy Ward (Design Director) Tracey Childs (Sr. Director, Product Marketing – Team Lead Samsonite); Nicole Kotsifakis (Sr. Director, Sourcing).

emails/ESI relating to Swissdigital's claims of willful infringement and damages, among other things. To the extent Samsonite argues that these emails/ESI request will discover communications that Samsonite claims to be privileged, Samsonite can detail those communications in a privilege log. But that is not a reasonable basis for Samsonite to not search for highly relevant terms (e.g., "patent" or "infringe"). Swissdigital asks that the Court order such a search, if necessary.

### 2. Samsonite's Position

Samsonite disputes that broad search-term based email discovery is appropriate at this late stage of discovery but nevertheless agreed to investigate certain of the requested search terms as appropriately limited in scope and relevance to the requested custodians. In particular, Samsonite searched all five of Swissdigital's requested custodians for emails pre-dating this lawsuit containing the terms "Swissdigital," "Swiss Digital," and all of the patent numbers for the patents-in-suit. Samsonite has completed that investigation, and will shortly be producing a handful of emails that hit on those terms, subject to a privilege review. Samsonite did not find, and is not currently withholding, any emails based on privilege. The remainder of Swissdigital's proposed terms are not narrow enough (e.g., "USB"), or will target privileged information (e.g., "patent" and "infringe").

### D. Depositions of Samsonite Witnesses

### 1. Swissdigital's Position

One week prior to the scheduled deposition dates of Samsonite's 30(b)(6) corporate representatives (June 4 and June 5), Swissdigital proposed pushing back these dates. Swissdigital explained that it would not move forward with the depositions given the numerous outstanding discovery issues, including but not limited to those identified in Swissdigital's Motion to Compel. Samsonite did not agree to postpone the depositions, but Swissdigital insisted, given Samsonite's

inadequate production.  Samsonite's designated 30(b)(6) witnesses admittedly live in the Mansfield area (where the depositions were to take place, at Samsonite's Mansfield headquarters), and given a week's notice of the postponement, there was no reason for anyone to travel anywhere.

A week before the scheduled depositions, Samsonite made multiple substantial, belated productions: producing documents on May 29, June 2, and June 5; serving supplemental interrogatory responses on June 2; and providing Samsonite's proposed second-amended invalidity contentions on June 3.  Even with Samsonite's last-minute supplemental discovery, there remain serious deficiencies in Samsonite's production, such as the lack of any internal Samsonite emails sought explicitly in each of Swissdigital's previously served Sets of Requests for Production, including Swissdigital's Second Set discussed in Swissdigital's pending Motion to Compel (ECF No. 115).  Swissdigital served updated notices of depositions and proposes taking the 30(b)(6) depositions on June 22 and 23, provided that the outstanding discovery issues are resolved by then.  These updated notices of deposition contain the same topics for examination as the previously served notices; no new deposition topics have been served.

On June 2, Swissdigital also served notices of depositions on five Samsonite employees whose work relates to the Accused Products.  Swissdigital noticed these five short depositions for June 18 and June 19.  Swissdigital contends that these notices are timely and notes that its pending Motion for Extension of the Fact Depositions Deadline (Dkt. No. 112) asks that the deadline for all fact depositions be extended to June 25.  Contrary to Samsonite's counsel's representation below, Swissdigital's counsel never advised the Court that Swissdigital would not take any additional fact depositions in this case.  The Court specifically asked the parties "So there are no outstanding depositions that have been noticed as of now?"  May 28, 2026 Hr'g Tr. at 36. Swissdigital's counsel responded, noting the then-scheduled depositions and stating "that's all we

have at this point." *Id.* at 37.   This was not an indication by Swissdigital that it did not intend to take any additional fact depositions; rather, this was simply Swissdigital's counsel accurately answering the specific question posed by the Court.

Swissdigital is prepared to file a motion to compel production of Samsonite's 30(b)(6) representatives and the noticed Samsonite employees for depositions.  Swissdigital respectfully requests the Court's guidance how it would like Swissdigital to proceed.

### 2.     Samsonite's Position

Swissdigital accepted June 4 and June 5 deposition dates for Samsonite's 30(b)(6) corporate representatives, then unilaterally canceled the depositions the week of the deposition due to its pending motion to compel, after "proposing" to move back the depositions the Friday before. Swissdigital then re-served its 30(b)(6) deposition notices setting the dates for June 22–23, 2026, and served five new 30(b)(1) deposition notices on Samsonite witnesses on June 2, 2026 (after the deadline to complete fact depositions had passed).

Swissdigital had its chance to take the offered corporate representatives' depositions—on dates that Swissdigital requested, then accepted—and chose to walk away from those depositions for no legitimate reason. Samsonite and its counsel expended significant time and burden in traveling and preparing for the depositions, represented (correctly) that Samsonite's production with respect to the issues raised in Swissdigital's motion was complete, and were prepared to proceed with the depositions on the scheduled dates. Swissdigital did not raise the issue of "internal emails" that it now raises until the week of the deposition, and indeed any dispute relating to Samsonite internal emails is not properly within the scope of Swissdigital's pending motion to compel. Samsonite submits that it should not be forced to bear the burden and expense of another scheduled deposition of these witnesses due to Swissdigital's unilateral decision to walk away

10

from these depositions. Samsonite opposes any extension of the fact deposition deadline that would allow Swissdigital to take these depositions.

With respect to the five additional 30(b)(1) deponents Swissdigital noticed on June 2, 2026, Samsonite submits that Swissdigital knew the identity of these witnesses before this litigation even began due to information Samsonite provided in the Western District of Texas case that preceded this litigation. Samsonite identified these custodians in its initial disclosures in this case, served years ago. Swissdigital has offered no justification for its failure to notice these witnesses before the deadline for fact depositions had passed. Indeed, Swissdigital represented to this court mere weeks ago (before its belated service of these notices) that there were no other outstanding depositions at that time, despite knowing of these witnesses for years. May 28, 2026 Hr'g Tr. at 37 ("But that's all we have at this point."). Samsonite further notes that Swissdigital had the opportunity to depose Samsonite's corporate representatives regarding all of the aspects of the Accused Products to which these fact witnesses' testimony would be relevant, and unilaterally declined to take those depositions. Samsonite opposes any extension of the fact witness deposition deadline that would allow Swissdigital to take these late-noticed depositions.

Dated:  June 12, 2026

By:  */s/ Adam J. Kessel*

Adam J. Kessel
Massachusetts Bar No. 661,211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel:  (617) 542-5070
Fax: (617) 542-8906

Neil J. McNabnay (*Pro Hac Vice*)
Texas Bar No. 24002583
mcnabnay@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict (*Pro Hac Vice*)
Texas Bar No. 24083139
benedict@fr.com
Ethan K. Kovar (*Pro Hac Vice*)
Texas Bar No. 24138134
kovar@fr.com
Nicholas J. Valencia (*Pro Hac Vice*)
Texas Bar No. 24149774
valencia@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*Pro Hac Vice*)
Georgia Bar No. 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

*Attorneys for Defendants*
*SAMSONITE GROUP S.A.; SAMSONITE*
*LLC; SAMSONITE COMPANY STORES, LLC;*
*and DIRECT MARKETING VENTURES, LLC*

Respectfully submitted,

By:  */s/ Dariush Keyhani*

Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Scott M. Draffin (*pro hac vice*)

**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
sdraffin@keyhanillc.com

Lisa M. Tittemore (BBO # 567941)
Kevin R. Mosier (BBO # 703739)
Susmita A. Gadre (BBO # 705376)

**MERCHANT & GOULD P.C.**
75 State Street
Suite 2210, Floor 22
Boston, MA 02109
Phone: (857) 301-7610
ltittemore@merchantgould.com
kmosier@merchantgould.com
sgadre@merchantgould.com

*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.


/s/ *Susmita A. Gadre*
Susmita A. Gadre

13