**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SWISSDIGITAL USA CO., LTD.,

      Plaintiff,

      v.

SAMSONITE GROUP S.A.; SAMSONITE
LLC; SAMSONITE COMPANY STORES,
LLC; and DIRECT MARKETING
VENTURES, LLC,

      Defendants.

Civil No. 1:24-cv-11636

**JURY TRIAL DEMANDED**

**DEFENDANTS' OPPOSITION TO PLAINTIFF SWISSDIGITAL USA CO., LTD.'S**
**MOTION TO EXTEND THE FACT DEPOSITION DEADLINE (Dkt. 112)**

## TABLE OF CONTENTS

I.      Background ...................................................................................................................... 1

        A.      Procedural Posture ............................................................................................ 1

        B.      Samsonite Disclosed Its Relevant Witnesses Years Ago. .................................... 2

II.     Legal Standard ................................................................................................................ 2

III.    No Extension Is Necessary or Warranted for Depositions of Samsonite
        Witnesses, Because Swissdigital's Deposition Notices Are Untimely.............................. 3

IV.     No Good Cause Exists to Extend the Fact Deposition or Fact Discovery
        Deadline to Complete Swissdigital's Late-Noticed Depositions....................................... 5

V.      The Fact Deposition and Fact Discovery Deadline Should Be Extended
        Only as Necessary to Complete Zhijian Li's Outstanding, Timely-Noticed
        Deposition. ..................................................................................................................... 8

VI.     Conclusion ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borenstein v. Animal Found.*,
No. 2:19-cv-009885-CDS-NJK, 2024 WL 5683549 (D. Nev. Feb. 14, 2024) ..........................6

*Disability Law Ctr., Inc. v. Mass. Dep't of Corr.*,
No. 07-cv-10463-MLW, 2011 WL 13365600 (D. Mass. Feb. 4, 2011) ...........................3, 4, 8

*Dude v. Congress Plaza, LLC*,
No. 17-80522-CIV-Marra/Matthewman, 2019 WL 3937974 (S.D. Fla. Aug.
20, 2019) ......................................................................................................................................6

*Freiria Trading Co., Inc. v. Maizoro S.A. de C.V.*,
187 F.R.D. 47 (D.P.R. 1999) .......................................................................................................5

*Hebert v. Donahue*,
167 F.4th 1 (1st Cir. 2026) ...........................................................................................................3

*Jones v. J.C. Penney's Dept. Stores, Inc.*,
228 F.R.D. 190 (W.D.N.Y. 2005) ................................................................................................6

*O'Connell v. Hyatt Hotels of P.R.*,
357 F.3d 152 (1st Cir. 2004) ........................................................................................................3

*Odie v. Gen. Motors Corp.*,
131 F.R.D. 365 (D. Mass. 1990) ...............................................................................................4, 5

*P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*,
319 F.R.D. 65 (D.P.R. 2016) .....................................................................................................5, 6

*Pereira v. Narragansett Fishing Corp.*,
135 F.R.D. 24 (D. Mass. 1991) ....................................................................................................5

*Rosario-Diaz v. Gonzalez*,
140 F.3d 312 (1st Cir. 1998) ........................................................................................................3

*Swissdigital USA Co., Ltd. v. Samsonite Int'l S.A.*,
No. 6:23-cv-00196-ADA (W.D. Tex.) ..........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ..............................................................................................................2, 6

Fed. R. Civ. P. 30(d)(1) ...................................................................................................................9

ii

The circumstances have changed since Swissdigital filed its partly-agreed motion for extension of time. Specifically, Swissdigital unilaterally refused to take its (then timely-noticed) depositions of Samsonite's 30(b)(6) designees on its own requested dates, and subsequently served (1) untimely revised 30(b)(6) deposition notices attempting to set new, unagreed dates; and (2) additional untimely individual deposition notices for Samsonite fact witnesses known to Swissdigital for years. There is no good cause to extend the fact deposition or discovery[1] deadlines to permit Swissdigital to escape the consequences of its own decision to unilaterally abandon its duly noticed depositions. Meanwhile, Samsonite was unable to complete the deposition of Swissdigital's 30(b)(6) representative, Zhijian Li, despite diligent efforts. That deposition remains open. Samsonite thus submits that the fact deposition (and fact discovery) deadline should be extended, but ***only*** as necessary to complete Mr. Li's deposition.

## I.      Background

### A.      Procedural Posture

On July 11, 2025, the Court heard the parties' claim construction disputes and Samsonite's pending summary judgment motion regarding the priority date and invalidity of certain claims of the Asserted Patents. Following the hearing, the Court reset the deadline for completion of fact depositions to 60 days after the Court's ultimate ruling on claim construction or Samsonite's motion for summary judgment, and the fact discovery deadline to 90 days after the same ruling. ECF No. 86. The Court entered a claim construction order and ruling on Samsonite's summary judgment on March 27, 2026. ECF No. 93. Accordingly, the fact depositions and fact discovery deadlines were May 26 and June 25, 2026, respectively.

---

[1] While Swissdigital does not request an extension of the fact discovery deadline, any extension to the fact depositions deadline would require a coextensive extension to the fact discovery deadline because today (June 25, 2026) is the current fact discovery cutoff. *See* ECF No. 86.

As detailed in the parties' June 12, 2026 joint report, Swissdigital unilaterally cancelled the depositions of Samsonite's 30(b)(6) representatives scheduled for June 4 and 5, and then re-served its 30(b)(6) notices as well as individual deposition notices of five individuals (Tracey Childs, Eric Galano, Nicole Kotsifakis, Jennifer Pogue, and Amy Ward) on June 2, 2026, after the May 26, 2026 fact depositions cutoff. ECF No. 136 (Joint Status Rpt.) at 10-11.

**B.    Samsonite Disclosed Its Relevant Witnesses Years Ago.**

Swissdigital re-filed the current litigation in the District of Massachusetts after suing Samsonite in the Western District of Texas on March 14, 2023. *See Swissdigital USA Co., Ltd. v. Samsonite Int'l S.A.*, No. 6:23-cv-00196-ADA (W.D. Tex.). In connection with a venue dispute in Texas, Samsonite disclosed the identities of individuals with knowledge regarding various aspects of the Accused Products, with the last such disclosure served December 4, 2023. Ex. 1 (Dec. 4, 2023 Samsonite 2nd Supp. Resp. to 1st Set of W.D. Tex. Interrogs.) (citing to App'x A throughout); Ex. 2 (App'x A to Samsonite W.D. Tex. Interrog. Resps.) (identifying individuals with knowledge regarding design, marketing, and financials). As particularly relevant here, every individual named in Swissdigital's June 2, 2026 individual deposition notices was identified by Samsonite on that date in 2023. *See* Ex. 2 (App'x A to Samsonite W.D. Tex. Interrog. Resps.) (listing Tracey Childs, Eric Galano, Nicole Kotsifakis, Jenn Pogue, and Amy Ward). In other words, Swissdigital has known of the individuals it now seeks to depose after the fact depositions deadline for ***more than two years***. Samsonite also identified three of these individuals again as having relevant knowledge in its initial disclosures in this case, on October 16, 2024. Ex. 3 (Oct. 16, 2024 Samsonite Init. Discls.) at 2-3 (listing Eric Galano, Jenn Pogue, and Nicole Kotsifakis).

**II.    Legal Standard**

The Court's scheduling order may only be modified for good cause. ECF No. 25 (Scheduling Order) at 4; *see also* Fed. R. Civ. P. 16(b)(4). The "good cause" standard "emphasizes

2

the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004*). Indifference by the moving party precludes any relief "irrespective of prejudice," because "such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id.* (citing *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). "[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Hebert v. Donahue*, 167 F.4th 1, 9-10 (1st Cir. 2026) (quoting *O'Connell*, 357 F.3d at 155). "In general, parties may not conduct fact discovery after the fact discovery deadline has passed." *Disability Law Ctr., Inc. v. Mass. Dep't of Corr.*, No. 07-cv-10463-MLW, 2011 WL 13365600, at *4 (D. Mass. Feb. 4, 2011).

### III.    No Extension Is Necessary or Warranted for Depositions of Samsonite Witnesses, Because Swissdigital's Deposition Notices Are Untimely.

Swissdigital has no pending timely-noticed deposition of any Samsonite witness. Swissdigital originally timely served its 30(b)(6) deposition notices on April 20, 2026. As explained in the parties' joint status report and in Samsonite's opposition to Swissdigital's motion to compel, Swissdigital requested, accepted, and then unilaterally walked away from the June 4 and 5 depositions of Samsonite's 30(b)(6) designees after Samsonite's counsel had traveled for the deposition and prepared Samsonite's witnesses. ECF No. 136 (Joint Status Rpt.) at 10; ECF No. 131 (Samsonite Opp'n to MTC) at 11-12. Samsonite previously agreed to an extension of the fact deposition deadline only to the extent necessary to "complete currently noticed depositions" at the time of the parties' conference—*i.e.*, until June 5. ECF No. 112-01 (Mot. for Extension, Ex. A (Email thread)) at 2 (May 15, 2026 Email fr Chung). With Swissdigital's refusal to take Samsonite's scheduled 30(b)(6) depositions on June 4 and 5, no timely-noticed depositions of Samsonite witnesses remained on the original fact deposition deadline of May 26, 2026. Accordingly, no extension is necessary to complete depositions of Samsonite's witnesses.

The deposition notices which Swissdigital served on June 2, 2026—*after* the May 26, 2026 fact depositions deadline had passed—do not justify an extension of any discovery deadline. On June 2, Swissdigital served untimely 30(b)(6) deposition notices listing deposition dates of June 22 and June 23, 2026, as well as five individual 30(b)(1) deposition notices for Samsonite witnesses. *See* ECF No. 136 (Joint Status Rpt.) at 10-11. There can be no dispute that all of these deposition notices were served after the fact deposition deadline of May 26. Swissdigital is not entitled to take any additional depositions of Samsonite witnesses, and Swissdigital's motion should be denied to the extent it seeks to extend the fact deposition and/or discovery deadline to take these late-noticed depositions. *Disability Law Ctr.*, 2011 WL 13365600, at *4-6 (granting protective order against 30(b)(6) depositions noticed after the close of fact discovery, ruling that the party on which the notice was served "will not be required to produce any Rule 30(b)(6) witness").

The fact that Swissdigital's motion for extension of time was pending before the fact depositions deadline does not excuse Swissdigital's failure to adhere to the Court's schedule or indeed to advance its case with any diligence. Regardless of the pending motion, "***until modified by the Court***," the Court's scheduling order "prohibited the plaintiff from filing or serving any further discovery unless and until the Court granted leave to the plaintiff to do so." *Odie v. Gen. Motors Corp.*, 131 F.R.D. 365, 366 (D. Mass. 1990) (emphasis added). In *Odie*, the court was faced with similar circumstances as those present here: the plaintiff filed a motion to extend discovery to take additional depositions, and then served additional notices of deposition after the fact depositions deadline, "[d]espite the fact that the Court had taken no action on the motion or scheduled a hearing." *Id.* The court granted sanctions against the plaintiff, admonishing plaintiff's

counsel for his "deliberate indifference to the provisions of the scheduling orders of this Court." *Id.* at 366–67.

Here, Swissdigital similarly cancelled the timely scheduled depositions of Samsonite's 30(b)(6) witnesses, then served additional deposition notices after the fact depositions deadline in violation of the Court's scheduling orders and without "obtain[ing] an amendment of those Orders before proceeding." *Id.* at 366. Swissdigital should not be granted an extension to the fact depositions deadline to take such late-noticed depositions.[2]

In short, because Swissdigital walked away from the originally scheduled depositions of Samsonite witnesses, and only served additional deposition notices after the fact deposition cutoff, there is no pending deposition of any Samsonite witness that justifies an extension of the fact deposition or fact discovery deadlines. Swissdigital's motion should thus be denied.

## IV.    No Good Cause Exists to Extend the Fact Deposition or Fact Discovery Deadline to Complete Swissdigital's Late-Noticed Depositions.

Even were the Court to consider Swissdigital's untimely deposition notices, there is no good cause for an extension because Swissdigital was not diligent in taking the depositions it now seeks. *See P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 319 F.R.D. 65, 69 (D.P.R. 2016) ("[T]he court's inquiry should end if the moving party was not diligent during the discovery process." (citation omitted)). In *P.R. Med.*, defendants—much like Swissdigital

---

[2] In fact, the Court may find it appropriate to impose monetary sanctions on Swissdigital and/or its counsel here, in the form of the attorneys' fees and expenses Samsonite and its attorneys incurred (1) in preparation for two extensive 30(b)(6) depositions which Swissdigital never took; and (2) in opposing Swissdigital's untimely deposition requests, including in drafting this opposition and preparing for and attending any future related hearings. *See Odie*, 131 F.R.D. at 366-67; *see also Freiria Trading Co., Inc. v. Maizoro S.A. de C.V.*, 187 F.R.D. 47, 49-50 (D.P.R. 1999) (imposing monetary sanctions, including attorney's fees, on plaintiff for disregarding the Court's scheduling order and for unilaterally cancelling depositions of defendant witnesses); *Pereira v. Narragansett Fishing Corp.*, 135 F.R.D. 24, 27-28 (D. Mass. 1991) (imposing monetary sanctions on plaintiff's counsel personally for failure to adhere to discovery deadlines in scheduling order, including reasonable attorney's fees).

here—sought to extend discovery after the fact discovery deadline, in order to comply with a court-ordered 30(b)(6) deposition. *P.R. Med.*, 319 F.R.D. at 67-68. As is the case here, the defendants in *P.R. Med.* agreed to dates for the 30(b)(6) deposition, then cancelled on the eve of the deposition. *Id.* at 68. The *P.R. Med.* court found that defendants' conduct failed to "reflect the level of due diligence required by Rule 16(b)'s 'good cause' standard," and denied the motion. *Id.* at 69–70. The Court should reach the same result here.[3]

Other courts also have denied extensions under similar circumstances. *E.g.*, *Jones v. J.C. Penney's Dept. Stores, Inc.*, 228 F.R.D. 190, 199 (W.D.N.Y. 2005) (awarding sanctions, where plaintiff's motion to extend the schedule was previously denied due to the plaintiff's failure to attend a scheduled deposition); *Dude v. Congress Plaza, LLC*, No. 17-80522-CIV-Marra/Matthewman, 2019 WL 3937974, at *4 (S.D. Fla. Aug. 20, 2019) (denying motion to compel deposition after fact discovery cutoff where the requesting party originally scheduled an electronic deposition, but unilaterally cancelled the deposition); *Borenstein v. Animal Found.*, No. 2:19-cv-009885-CDS-NJK, 2024 WL 5683549, at *4-5 (D. Nev. Feb. 14, 2024) (denying motion for reconsideration of a ruling denying motion to extend fact discovery where plaintiff subpoenaed a deposition, subsequently withdrew the subpoena, then failed to re-notice the deposition before the discovery cutoff); *see also id.* at *6 (rejecting arguments that defendants obstructed discovery, because "such efforts to muddy the waters fail to show that the months and months available to Plaintiff to take these depositions were insufficient had he exercised reasonable diligence").

---

[3] The *P.R. Med.* court notably dismissed the moving defendants' argument that they had become aware of new individuals with relevant knowledge, because defendants were required to disclose the relevant individuals in their initial disclosures. *P.R. Med.*, 319 F.R.D. at 69. Here, the individuals Swissdigital now seeks to depose were disclosed not only in Samsonite's initial disclosures, but also in discovery served in the precursor W.D. Tex. litigation back in *2023*. ECF No. 136 (Joint Status Rpt.) at 10-11. There can be no dispute that Swissdigital failed to exercise the required level of diligence here.

6

Nor does Swissdigital make any showing of good cause in its motion. The only alleged good cause Swissdigital identifies is the fact that, at the time Swissdigital filed the motion, the parties were working to schedule remaining fact depositions. ECF No. 112 (Mot. for Extension) at ¶ 6. Swissdigital further argues that it needed confirmation regarding which specific corporate representatives must be deposed. *Id.*, ¶ 8. But all of these issues are now moot. On May 20, two days **before** Swissdigital filed its motion, the parties agreed on a schedule for the depositions of Tony Quartarone and Jaimie Boss, Samsonite's 30(b)(6) representatives. Ex. 4 (May 22, 2026 Emails) at 1-2 (May 20, 2026 Email fr Draffin) (accepting June 4 and 5 for Messrs. Quartarone and Boss's depositions, respectively). Samsonite also confirmed two days later—the day Swissdigital filed its motion—that Messrs. Quartarone and Boss would be Samsonite's only corporate representatives. *Id.* at 1 (May 22, 2026 Email fr Chung) ("Samsonite confirms that Messrs. Quartarone and Boss will be its only corporate representatives"). With Swissdigital's failure to take those depositions, there is no good cause for an extension.

Any argument by Swissdigital that it was entitled to receive missing document productions identified in its motion to compel from Samsonite before proceeding with the scheduled 30(b)(6) depositions must also fail. There is no requirement that document production be completed prior to any deposition—in fact, the Court's schedule instructs the opposite, because the fact discovery deadline is separate from, and post-dates, the fact depositions deadline. *See*, *e.g.*, ECF No. 86. Nevertheless, Samsonite had produced over 140,000 documents by that point, and its production of the most relevant documents was substantially complete prior to the scheduled depositions, including in response to Swissdigital's motion to compel. *See* ECF No. 131-01 (Samsonite Opp. to Swissdigital MTC) at 2-4. To demonstrate the diligence required for an extension to the schedule, Swissdigital should have taken the 30(b)(6) depositions on the dates it requested and accepted,

7

using the substantial document productions Samsonite had already made by that point, and followed up on any purported deficiencies after the depositions. Swissdigital failed to do so.

At the parties' June 4, 2026 conference, Swissdigital's counsel also argued that Swissdigital refrained from noticing 30(b)(1) individual depositions of Samsonite's witnesses because it previously believed it would obtain the necessary information by other means. "In other words, [Swissdigital's counsel] argue[d] that taking the deposition[s] earlier in the case would have been useless to them." *Disability Law Ctr.*, 2011 WL 13365600, at *4. But that "do[es] not explain why they waited until [after the end of fact depositions] to notice the deposition[s]"— indeed, "[t]hey could have noticed the deposition [earlier], for example, to be taken shortly before fact discovery"—or here, before fact depositions—"closed." *Id.* Swissdigital has known about the individuals it now seeks to depose since ***October 2023***, and its delay is inexcusable. *See* Ex. 2 (App'x A to Samsonite W.D. Tex. Interrog. Resps.).

Swissdigital's lack of diligence in pursuing the depositions—both in failing to take the 30(b)(6) depositions on agreed-upon dates, and in failing to even serve its five new individual deposition notices until ***after*** the fact depositions cutoff—defeats its request for an extension.

## V.   The Fact Deposition and Fact Discovery Deadline Should Be Extended Only as Necessary to Complete Zhijian Li's Outstanding, Timely-Noticed Deposition.

On the other hand, good cause exists to extend the fact deposition (and, therefore, the fact discovery) deadline to allow Samsonite to complete the deposition of Zhijian Li. Samsonite timely served its 30(b)(6) notice on Swissdigital before the fact depositions cutoff, and Swissdigital designated Mr. Li on all topics in the notice. In stark contrast to Swissdigital, Samsonite diligently commenced with Mr. Li's deposition despite the Swissdigital discovery deficiencies identified in Samsonite's then-pending motion to compel (ECF No. 95), and despite the fact that Swissdigital only produced a total of 92 documents by the date of Mr. Li's deposition. Notably, Samsonite had

8

to wrestle answers from a witness who repeatedly gave non-responsive answers and wandered off topic. *E.g.*, Ex. 5 (Li Dep.) at 161:16-164:20 (in response to the question "Does Swissdigital receive customer feedback," providing a 3-page non-response accusing Samsonite of pushing Swissdigital products out of Best Buy). Swissdigital also produced 50 additional Chinese-language documents the morning of Mr. Li's deposition—documents which Samsonite nevertheless attempted to decipher and used in the deposition. But Samsonite was unable to complete Mr. Li's deposition within the agreed 9-hour timeframe, despite Samsonite's diligent efforts. Swissdigital has also agreed to provide Mr. Li for an additional 5-hour deposition. ECF No. 136 (Joint Status Rpt.) at 2.

Good cause thus exists to allow a limited, one-sided extension of the fact deposition and fact discovery deadline so that Samsonite may complete its deposition. *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

## VI. Conclusion

For the foregoing reasons, Samsonite respectfully requests that the Court deny Swissdigital's motion to extend the fact depositions and fact discovery deadline to allow Swissdigital to complete its late-noticed depositions, and allow Samsonite a unilateral extension to both deadlines to complete Mr. Li's deposition, only.

9

Dated:  June 25, 2026                              Respectfully submitted,

By:  */s/ Adam J. Kessel*
         Adam J. Kessel
         Massachusetts Bar No. 661,211
         kessel@fr.com
         **FISH & RICHARDSON P.C.**
         One Marina Park Drive
         Boston, MA 02210
         Tel:  (617) 542-5070
         Fax: (617) 542-8906

         Neil J. McNabnay (*Pro Hac Vice*)
         Texas Bar No. 24002583
         mcnabnay@fr.com
         **FISH & RICHARDSON P.C.**
         1717 Main Street, Suite 5000
         Dallas, TX 75201
         Tel: (214) 747-5070
         Fax: (214) 747-2091

         Bailey K. Benedict (*Pro Hac Vice*)
         Texas Bar No. 24083139
         benedict@fr.com
         Ethan K. Kovar (*Pro Hac Vice*)
         Texas Bar No. 24138134
         kovar@fr.com
         Nicholas J. Valencia (*Pro Hac Vice*)
         Texas Bar No. 24149774
         valencia@fr.com
         **FISH & RICHARDSON P.C.**
         909 Fannin Street, Suite 2100
         Houston, TX 77010
         Tel: (713) 654-5300
         Fax: (713) 652-0109

         Wonjoon Chung (*Pro Hac Vice*)
         Georgia Bar No. 396468
         chung@fr.com
         **FISH & RICHARDSON P.C.**
         1180 Peachtree Street NE, 21st Floor
         Atlanta, GA 30309
         Tel: (404) 892-5005
         Fax: (404) 892-5002

         ***Attorneys for Defendants***
         ***SAMSONITE GROUP S.A.; SAMSONITE***
         ***LLC; SAMSONITE COMPANY STORES,***
         ***LLC; and DIRECT MARKETING***
         ***VENTURES, LLC***

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

/s/ *Adam J. Kessel*
Adam J. Kessel

11